DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C. 20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

Attorneys for Defendants

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -7 AM 11: 16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER, )<br>)<br>        Plaintiff, )<br>)<br>V. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>        Defendant. )<br>_____ ) | No. A03-0263-CV (JKS)<br>(Consolidated)<br><br><br>FOURTH JOINT STATUS REPORT |

Fourth Joint Status Report            1



The Untied States with the consent of the parties hereto submits this joint report on behalf of all parties.

This is a consolidated proceeding. In Case No. A03-0263-CV, plaintiff Shearer seeks compensation pursuant to section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, ("section 120") for 21 parcels of property identified in Shearer's first amended complaint (Docket Entry No. 21). Alternatively, Shearer seeks to have the court quiet title to Shearer any parcels claimed by Shearer for which the United States is not required to pay just compensation for pursuant to section 120.1 Parcel 1 identified in this first amended complaint is 3.05 acres of the Doherty lode claim. In Case No. A03-0269-CV, the United States seeks to establish the amount of just compensation due for the taking pursuant to section 120 of the Act of November 14, 1997, of this 3.05 acres of the Doherty lode claim. There is no dispute among the parties that 3.05 acres of the Doherty lode claim was taken by the United States pursuant to section 120, and that Shearer is entitled to compensation for that taking.2 The disputes between Shearer and the United States relate to properties other than this 3.05 acres of the Doherty lode claim. These disputes have been put in issue in Case No. A03-0263-CV. Therefore, the report that follows relates to the proceedings and disputes related to

---

1   The United States contends that Shearer's Complaint (Docket Entry No. 21) contains no quiet title action, but presents claims only under Section 120. Therefore, as such alternative relief is not available in this action.

Fourth Joint Status Report                    2

Case No. A03-0263-CV.

## PROCEDURAL BACKGROUND

Previous joint status reports have acknowledged that previous stays were granted in this case to allow Mr. Shearer "to clear title issues (via longstanding State court actions) regarding property he claims compensation for" in this action. Since the Third Joint Status Report, Mr. Shearer states that he has been successful in completing and recording two settlements to resolve existing disputes between Mr. Shearer and third-parties regarding title issues (via longstanding state court actions) for property he claims compensation for in the above-captioned action against the United States. One settlement was with Michael Mark-Anthony and a separate settlement was with Red Top Mining Company. On March 18, 2005, Shearer states that he recorded the settlement documents available at that time and continued settlement progress on several settlement documents held in escrow pursuant to a purchase Option. On October 14, 2005, Shearer states that he recorded the documents held in escrow after fully exercising the purchase Option. Mr. Shearer has provided Government Defendants with a copy of these settlement documents, including both the recorded documents and those previously held in escrow but now recorded. Shearer states that On March 18, 2005, the state court

---

2   The United States contends it has already fully compensated Shearer for the taking of this 3.05 acres with the deposit of estimated just compensation in case no. A03-0269-CV.

Fourth Joint Status Report                3

also signed orders granting Shearer's Motion for Partial Summary Judgment in the state case which Shearer contends removed any cloud on Shearer's title that may have existed from the 1937 Option Agreement (between Shearer's predecessor Quigley and Red Top Mining Company successors, eventually United States.). These settlements acknowledge and Shearer states that previously recorded deeds explicitly state that conveyances by Red Top Mining Company to predecessors of United States were subject to the Quigley title (Shearer's predecessors).

On May 15, 2005, Shearer filed his First Amended Complaint (Docket Entry No. 21).

On May 11, 2005, the United States by mail served Mr. Shearer with a first discovery request.

On June 14, 2005, Mr. Shearer responded to the United States' discovery by sending a list of over 307 title related documents to Government Defendants.3 Shearer contends that he did provide earlier responses and was in compliance with the Order (Docket Entry No. 17).

Shearer also sent answers to Interrogatories and Requests for Admission. On June 20, 2005, the date on which production was to have occurred in Anchorage, Shearer sent updated copies of title chains (preliminary work product) that had been

---

3   The United States contends that pursuant to the Order (Docket Entry No. 17. Shearer was to have provided the United States by April 4, 2005: "a set of documents supporting his claimed chain of title." Shearer

Fourth Joint Status Report               4

requested and copies of most of the 307 documents to Government Defendants. Shortly thereafter, Shearer sent copies of all the remaining documents not available earlier, copies of documents from the BLM files on the claimed parcels, and copies of documents from the National Park Service (NPS) Tract files and Deed files that were in Mr. Shearer's possession. Mr. Shearer states they he has now provided copies of all documents in his possession that were requested in the United States First set of Interrogatories, First Requests for Production and First Requests for Admissions to Paul G. Shearer.

The United States previously noticed (Docket Entry No. 22) plaintiff Shearer for deposition. The United States moved both the date and location of that deposition within less than 48 hours of the deposition, and Shearer agreed to attempt to accommodate that move.4 However, plaintiff Shearer was not able to arrange in short notice for counsel to be present and therefore was not willing to answer questions under oath or to testify on the record at the deposition absent representation of Shearer by counsel. Shearer states that he had retained counsel to be present at the original location in Anchorage, Alaska, but Shearer represents that he was not able to retain counsel to be present at the deposition new location within

---

provided a list of recorded documents which he claimed supported his claim, but not the documents themselves. Therefore, the United States was compelled to serve written discovery.
4    The United States notes that by email dated June 13, 2005, Shearer notified counsel for the United States of a conflict with his deposition and requested that it be moved. In order to accommodate Shearer and the schedule of counsel for the United States the parties mutually agreed on moving both the date and place of this deposition.
Fourth Joint Status Report                 5

the short notice provided by United States. Shearer did appear at the scheduled deposition new location, and within the context of settlement discussions Shearer did answer questions as the parties exchanged information for over approximately three hours including questions from the United States off the record about various issues of this case. Shearer has since been able to obtain the advice of counsel. Shearer will continue to appear pro se, and has agreed to appear at a re-scheduled deposition to testify on the record without counsel present. United States has not re-noticed Shearer's deposition.

On July 19, 2005, Shearer filed a Motion to Vacate Deadline Of July 18, 2005, For Partial Summary Judgment Motions Regarding Determination Of Title And Request For Status Conference For Scheduling (Docket Entry No. 26). United States did not oppose this motion. The reasons stated by Shearer for vacating that earlier date for motions for partial summary judgment, which was established in the Third Joint Status Report, is because the completion of state court settlements took longer than anticipated after the Third Joint Status Report was filed, and no Answer had yet been filed by Government Defendants and no discovery plan had yet been agreed to which would allow Mr. Shearer to complete his discovery after receiving Government Defendants Answer and before filing Motions for Summary Judgment. Plaintiff Shearer contends that these events will also cause a delay of the dates for

the parties to retain and identify appraisal experts and to complete site visits of the claimed properties so they can be prepared to draft appraisals.

In the Third Joint Status Report (Docket Entry No. 16), the parties jointly requested that the court enter a schedule that would require the parties to identify and retain appraisal experts by August 1, 2005, and for those experts to have completed site visits of the claimed properties by August 31, 2005. This was included in the Order (Docket Entry No. 17). The United States, in compliance with the Order (Docket Entry No. 17), duly retained experts. Shearer states he has also retained experts and made site visits of the claimed properties in August. Shearer and the United Sates agree that the requests for site visits to all Parcels 1-21 in the earlier joint status report has turned out to be premature and an unreasonable burden for both parties since there are pending disputes as to whether parcels 2-21 were contained in Shearer's section 120 consent. Shearer contends that Parcels 2-21 will still be an issue in this case with respect to Shearer's alternative claim for relief of a quiet title stated in his First Amended Complaint. The United States contends that Shearer has presented no claim to quiet title.

On July 27, 2005, Government Defendants filed the United States of America's Answer to Plaintiff Paul Shearer's First Amended Complaint (Docket Entry No. 29).

On August 8 through 12, 2005, the BLM Office of Hearings and Appeals commenced the hearing for the Contest of the Mineral Validity of the Banjo and Pass mining claims (identified as Parcel 7 in Shearer's First Amended Complaint). Plaintiff Shearer had moved (Docket Entry No. 32) this court for an order staying those administrative proceedings, but later withdrew (Docket Entry No. 37) that motion stating that this was because the United States attempted to raise issues in the Opposition and lodged order that were not addressed in Shearer's original motion.

On December 2, 2005, the Administrative Law Judge (ALJ) continued that hearing and ordered the parties to submit briefs on or before Friday, January 6, 2006, on the issue of whether this hearing postponement "should continue until a ruling is issued on said motions pending in federal district court or whether the hearing should be rescheduled to commence regardless of the procedural posture of that federal litigation."

Mr. Shearer's position is that the administrative contest hearing and any outcome from the hearing is not relevant to this case if this Court concludes that the Banjo and Pass mining claims are subject to legislative taking pursuant to Section 120 that these public land entries were extinguished upon the legislative taking

Fourth Joint Status Report                 8

effective on February 12, 1998, that as of that date the claims had been found valid and there was no dispute as to their validity, and that as a consequence, the U.S. Department of Interior has no public land entries to adjudicate in the OHA proceeding. Shearer now plans to offer this position to the court in a Motion for Partial Summary Judgment.

The United States contends that both by operation of section 120 and the primary jurisdiction of the Department of the Interior, the agency must first determine if the Banjo and Pass claims are valid before this court can proceed with any adjudication pertaining to those claims. Therefore, the United States alternatively moved (Docket Entry No. 49) on November 16, 2005, to stay proceedings in this action with respect to the Banjo and Pass mining claims pending a final determination of the agency on the validity of those claims.

This court by Order (Docket Entry No. 57) filed December 2, 2005, granted the Motion of the United States for Stay of proceedings – Banjo and Pass Claims, (Docket Entry No. 49) and ordered that "[n]o decision on plaintiff's claims for compensation will be made as to those matters under Administrative review until that review is completed and the agency had ruled on the validity of the claims." The ALJ will be duly informed by counsel for the National Park Service of this ruling, and that the position of the United States is that the hearing before the

Fourth Joint Status Report				9

agency on the validity of the Banjo and Pass claims must be recommenced. Shearer plans to file a Motion for Reconsideration of the Order (Docket Entry No. 57) and provide for the court the reasons he would have included in an Opposition, since the court ruled before Shearer's Opposition was due to be filed.

On September 14, 2005, Mr. Shearer filed his First Set of Interrogatories, First Request for Production and First Requests for Admissions to the United States of America. The United States has as of this date not provided to Mr. Shearer responses to this first set of discovery requests.5

On September 27, 2006, Mr. Shearer sent his third Settlement Proposal to the Government Defendants. Mr. Shearer maintains that settlement between the parties is achievable and should be pursued at this point in the case. The United States has duly considered the settlement offers presented by Plaintiff Shearer. However, the United States has informed plaintiff Shearer that so many issues remain regarding his claim of ownership to and liability of the United States regarding all but Parcel 1 as identified in the First Amended Complaint (Docket Entry No. 21) ¶ 41 at 11, that effective settlement discussions are premature.

On October 31, 2005, Mr. Shearer filed his Second Set of Interrogatories, Second Request for Production and Second Requests for Admissions to the United

---

5   There is no dispute that the United States has not filed substantive responses to Shearer's first and second discovery responses. The court in its Order (Docket Entry No. 57) has stayed the obligation of the United States to

Fourth Joint Status Report           10

States of America. The United States has as of this date not provided to Mr. Shearer responses to this second set of discovery requests. Shearer contends this second set of discovery requests was specifically directed to claims that the United States was making in its Motion for Partial Summary Judgment and therefore Shearer needed these responses to complete his opposition to that motion.

The parties are still in agreement that this action should be bifurcated into two substantive phases: whether the United States is liable under section 120 for any property other than Parcel 1 as identified in the First Amended Complaint (Docket Entry No. 21) ¶ 41 at 11 and then the amount of the liability (*i.e.* the fair market value of the property) of the United States for any property taken by section 120. In the first phase, Shearer may show that Shearer retained a valid interest in several parcels which had not been bought by the United States and Shearer consented these interests to the United States via a section 120 consent or alternatively is still the owner of the interest if the United States does not pay just compensation via the section 120 consent. The United States may show among other things that it already owns several of the parcels for which Shearer presents claims for compensation, that plaintiff Shearer did not hold title to the properties for which he claims compensation other than for 3.05 acres of the Doherty lode claim that are not in dispute, that plaintiff seeks compensation for interests that are not

compensable under section 120, that plaintiff Shearer presents claims for compensation that are not within the jurisdiction of this Court or that Shearer has presented no claim to quiet or determine title in this action. Thus, the Court may be called upon to rule on title and other issues. Shearer's two discovery requests filed on September 14 and October 31 requested the United States to produce evidence of its claims of ownership mentioned above, but as of this date the United States has not yet provided responses to Shearer's two discovery requests so Shearer has not been able to examine the United States title evidence.

Shearer reserves the right to argue that any issues dealing with title issues be resolved by the State court since that court has already made its decisions based on extensive review of written evidence, testimony, and trials held to resolve the title issues. Therefore, the parties agree that discovery and voluntary disclosures be limited at this time to matters pertaining to liability, Shearer contends this would include any title issues, and issues involving section 120 consent. Once, liability is determined, if any, the parties would propose a schedule for the discovery and exchange of appraisal reports or other written evidence establishing value, including expert witness testimony.

## DISPUTED ISSUES OF FACT AND LAW

I. **Liability Issues**

**Shearer's Contentions**

With regard to the March 18, 2005, state court orders granting Shearer's Motion for Partial Summary Judgment in the state case. Shearer contends that the state court did have the necessary proceedings, facts and background to fully adjucate the motion and that the court had the opportunity to review the facts when making the ruling to grant the motion in Shearer's favor. Shearer contends this order removed any cloud on Shearer's title that may have existed from the 1937 Option Agreement (between Shearer's predecessor Quigley and Red Top Mining Company successors, eventually United States.) Shearer contends that the state orders in the state case are binding on the parties in that case and their successors. Shearer also states that deeds conveyed by Red Top Mining Company to predecessors of United States explicitly stated that the conveyances were subject to the Quigley title which was never obtained by the United States with regard to Shearer's claimed parcels. Shearer contends that the United States knew about these state cases and the subject property being disputed and could have filed to intervene in the state court cases but decided not to do so.

**United States' Position**

The United States was not a party in the State court proceedings to which plaintiff Shearer refers, and is, therefore, not bound by any determinations made therein. The determinations in the State court proceedings were also entered in settlement and compromise, and not upon full adjudication. The United States, therefore, does not agree that any cloud on plaintiff Shearer's title to all properties put at issue by the First Amended Complaint (Docket Entry No. 21) have been removed in those proceedings.

## II.     Parcels 2-21 Consent

**Plaintiff's Contentions.**

Shearer contends that his consent explicitly stated that he consented all of his patented and unpatented claims in Kantishna except for two explicitly named parcels that were withheld from the consent. Shearer also claims an assignment of just compensation through a settlement with regard to the section 120 consents by Red Top Mining Company and Michael Mark-Anthony. Shearer contends that the United States can recognize and honor the assignment of rights and it is in the best interest of the United States to do so. Shearer has provided the United States all the settlement documentation and conveyances as evidence that there are no disputes between the parties as to who has the legal rights to receive the section 120 just

compensation awards. Shearer also contends that he cannot respond to that motion until he has received response to written discovery he has served on the United States. The court has established December 16, 2005 as the due date for Shearer's response to Docket Entry No. 39. Order (Docket Entry No. 57).

Shearer has served two sets of written discovery on the United States. The Court by Order (Docket Entry No. 57) filed December 2, 2005, has stayed the obligation of the United States to respond to this discovery until forty-five days after it has ruled on the Government's motion for Summary Judgment (Docket Entry No. 39).

**United States Position**

The United States on September 30, 2005, moved (Docket Entry No. 39) for a partial summary judgment dismissing plaintiff Shearer's claim for compensation under section 120 for any properties other than for 3.05 acres of the Doherty lode claim. The United States contends that the required section 120 consent for taking submitted by Shearer did not include any property other than the 3.05 acres of the Doherty lode claim. The United States also contends that rights to just compensation cannot be assigned. The United States, therefore, seeks dismissal of Shearer's claim for compensation for Parcels 2-21 as identified in the First Amended Complaint (Docket Entry No. 21.)

Pending Motions:

The following motions are currently pending:

Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) filed September 30, 2005. Shearer's response to this motion is due December 16, 2005. Shearer anticipates filing a cross motion for summary judgment when he responds to Docket Entry No. 39.

Motion of the United States to Strike Jury Trial Demand (Docket Entry No. 55) filed November 30, 2005. This motion seeks to strike Shearer's demand for jury trial (Docket Entry No. 41) filed on October 14, 2005. Shearer's response to this motion is due December 19, 2005.

Given the foregoing, the parties request that the Court defer establishing a schedule for any further proceedings in this case until it has ruled on the Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) as well as Cross-Motions for Partial Summary Judgment to be filed by Shearer in response to the United States motion.

Dated this 7th day of December, 2005.

DEAN K. DUNSMORE
PAUL HARRISON
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of December, 2005 a copy of the foregoing was served by placing said copy in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Anchorage, Alaska.

Paul G. Shearer
Kathryn A. McCready
1532 Meadows Drive
Lake Oswego, Oregon 97034


*Lorraine A. Carter*

Lorraine A. Carter