Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034
(503) 697-4378

**FILED**

DEC 0 9 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER, ) | |
| ) | Case No. A03-0263 CV (JKS) |
| Plaintiff, ) | (Consolidated) |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| GALE A. NORTON, Secretary of the ) | |
| Interior, DEPARTMENT OF INTERIOR, ) | |
| and, NATIONAL PARK SERVICE, ) | **PLAINTIFF'S MOTION FOR** |
| ) | **RECONSIDERATION OF ORDER RE:** |
| Defendants. ) | **STAY OF PROCEEDINGS AS TO** |
| ) | **BANJO & PASS MINING CLAIMS** |

Plaintiff Paul Shearer moves for reconsideration in part of the Court's Order entered on December 2, 2005 (Docket 58). The Court's Order granted the Motion of the United States for Stay of Proceedings --Banjo and Pass Claims (Docket 49) before plaintiff had an opportunity to oppose the motion. The United States' motion was filed on November 16, 2005, and plaintiff had 18 days thereafter to oppose the motion. A timely opposition would have been due on Sunday December 4, 2005. Pursuant to Rule 6, Fed.R.Civ.Proc., this deadline would have been extended to the next business day, Monday December 5, 2005. The Court's entry of an order prior to plaintiff's having an opportunity to timely oppose the government's motion colorably denies him due process of law.

The government's motion contends the following: Shearer is not due any just

1

compensation for the Banjo and Pass mining claims ("claims") until their validity is determined; the United States has initiated a contest proceeding challenging the validity of the claims pursuant to enabling authority under the public land laws; the Department of Interior has primary jurisdiction over such administrative adjudications; therefore, government contends this action should be stayed with regard to any just compensation due on the claims until their validity is determined.

In the absence of this Section 120 action, plaintiff acknowledges that the government's contentions are well taken as a matter of law. However, the government's motion is grounded on the premise that the claims survived as public land entries after February 12, 1998. Shearer disagrees as a matter of law. *See* Shearer's Motion to Stay Validity Contest Hearing Before U.S. Bureau of Land Management Scheduled for August 8, 2005 (Docket 32).[1] Shearer's Motion demonstrates that he held a vested property right in the valid claims on the date of his consent under the Section 120 legislation, the United States had not challenged the validity of the claims as of the date of legislative taking, and the legislative taking of the "valid unpatented mining claims" extinguished them as a matter of law such that no public land entry survived for the Interior Department to administratively adjudicate in a later contest proceeding thereafter.

The government's motion to stay proceedings ignores the Section 120 legislation and the effect of the legislative taking upon the property status of the valid mining claims. Thus, none of the cases which the government cites refers to the Section 120 legislation or comparable

---

[1]     Although plaintiff subsequently withdrew his motion (Docket 37), the filing is still of record. Shearer incorporates his prior filing by reference in this Motion for Reconsideration as Exhibit A.

2

situations in which the United States has legislatively taken private property.[2] *Best* was a "straight" condemnation in which the United States sought to stay the condemnation simultaneous with initiation of the action for purposes of contesting validity. *Best* did not involve a legislative taking, nor a declaration of taking in which title had vested due to a deposit of estimated just compensation into court. This Court distinguished *Best* in a prior Section 120 action wherein the government attempted the same tactic of contesting validity to mining claims *after* February 12, 1998, whereas the government had previously determined the mining claims to be valid before the legislative taking under Section 120.[3]

Similarly, the two *Wieler* orders are altogether silent regarding Section 120, legislative taking, or declaration of taking with title vesting in the United States due to a deposit of just compensation. Without any explanation in the cited orders, it appears *Wieler* was an inverse condemnation action. Because title to the public land entry still vested in the United States, the government had jurisdiction in *Wieler* to contest validity, and hence, the existence of a compensable property interest. Shearer is aware that the trustee in the Gold King Mines bankruptcy consented to the Wielers' placer mining claims being taken under Section 120, however, the orders cited in the government's motion refer to separate lode claims.

---

[2] *See* Docket 49 (citing *Best v. Humboldt Placer Mining Co.*, 371 U.S. 334, 337, 338-40 (1963); *United States v. Bagwell*, 961 F.2d 1450, 1456 (9th Cir. 1992); *Hoefler v. Babbitt*, 139 F.3d 726, 728 (9th Cir. 1998); and, *Eric E. Wieler, et al v. United States, et al*, No. A95-0421 CV (HRH), Order Motion for Stay of Proceedings (D.Alaska, filed Aug. 20, 2002)). *Wieler v. United States*, 364 F.Supp.2d 1057, 1067 (D.Alaska 2005);

[3] *See Arnold E. Howard, et al v. United States*, No. F98-0006CV (JKS) Order from Chambers (D.Alaska, filed Dec. 26, 2000), copy attached as Exhibit B.

The government's motion emphasizes that just compensation under Section 120 is only available for valid mining claims. That is true, and these mining claims were determined to be valid-- not once but twice-- in approved mineral reports prior to Shearer's consent under the Section 120 legislation.[4] By comparison, the government has not presented a scintilla of evidence to indicate that claim validity was challenged or contested *before* the date of legislative taking on February 12, 1998. *See* Docket 35. Since the validity of these claims was not formally contested by the Interior Department prior to February 12, 1998, and in fact the First and Second Half of Mineral Entry Final Certificates had issued on the claims,[5] then Shearer as owner of the claims had a vested property right on the effective date of taking pursuant to the Section 120 legislation.

The government's Response to Shearer's Motion to Stay Administrative Proceeding disagrees with Shearer that Section 120 operated to extinguish the claims. *See* Docket 35 ("Response"). However, the government's jurisdictional predicate relies erroneously on mining claims enrolled under Section 120 "whose validity is in dispute." Since the government has not adduced a scintilla of evidence disputing the validity of the Banjo and Pass mining claims prior to Feb. 12, 1998, the disputed mining claims provision in Section 120 does not apply to Shearer's claims, and the government's jurisdictional predicate disappears as a matter of law. The government's contentions regarding primary jurisdiction under the Administrative Procedure Act are therefore misplaced--after February 12, 1998, there was no public land entry

---

[4] *See* Declaration of Paul Shearer ¶¶ 5, 10-13 & Exhibits 4-8 thereto, attached as Exh. A to Shearer's Motion to Stay Validity Contest Hearing, Docket 32.

[5] *Id.* ¶¶ 8-9, & Exhs. 1-2 thereto, Docket 32.

4

to administratively adjudicate.

The Response also presents ample authority for the proposition that while title to mining claims is still vested in the Department of Interior, the government retains discretion to adjudicate the locator's rights, including validity and patenting under the public land laws. Again, however, the government's authority is distinguishable because the cases do not address legislative taking or declaration of taking in which just compensation has been deposited in the court. By comparison, *Shumway* and *Swanson* indicate that a mining claimant can acquire a vested property right against the United States on the date of taking and the government is precluded from later initiating a contest regarding the status of the public land entry, disputing validity or precluding issuance of a patent regardless of the Secretary of Interior's plenary authority. Simply stated, the Secretary of Interior does not have plenary authority to nullify vested property rights when Congress dictated that all "right, title and interest" in valid Kantishna mining claims vested in the United States by operation of law on February 12, 1998.

Shearer respectfully requests that the Court withhold ruling on the Motion of the United States for Stay of Proceedings--Banjo and Pass Claims until the briefing on the underlying motion for summary judgment is completed.

DATED this 9th day of December, 2005, At Lake Oswego, Oregon.

_/s/ Paul D. Shearer_
Plaintiff
Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034

5

Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034
(503) 697-4378

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER, ) | Case No. A03-0263 CV (JKS) |
| Plaintiff, ) | (Consolidated) |
| vs. ) | |
| UNITED STATES OF AMERICA, et al, ) | |
| Defendants. ) | |

## MOTION TO STAY VALIDITY CONTEST HEARING BEFORE U.S. BUREAU OF LAND MANAGEMENT SCHEDULED FOR AUGUST 8, 2005

Plaintiff moves the Court for an order to stay a Hearing by the U.S. Department of Interior Office of Hearings and Appeals ("OHA"), Hearing Division, in Contest AA-71472, and set for August 8, 2005. The OHA proceeding is a validity contest concerning the Banjo lode claim (BLM Serial No. FF 54240) and the Pass lode claim (BLM Serial No. FF-54241). These claims are located within Mineral Survey No. 2510, Secs. 5 and 8, T16S, R17W, Fairbanks Meridian, Denali National Park and Preserve, Alaska.

Plaintiff's First Amended Complaint separately pleads the Banjo and Pass mining claims as subject to legislative taking pursuant to Section 120 of Pub. L. No. 105-83, effective February 12, 1998 ("Section 120"). See First Amended Complaint ¶¶ 47, 196. Plaintiff contends that all right, title and interest to the Banjo and Pass claims vested in the United States on February 12,

Motion To Stay Validity Contest Hearing          1

Exhibit  A  page  1  of  7

1998. Plaintiff therefore contends these public land entries were extinguished upon the legislative taking, and plaintiff's property was merged into a claim for just compensation under Section 120. As a consequence, the U.S. Department of Interior has no public land entries to adjudicate in the OHA proceeding, and plaintiff respectfully requests that the proceeding be stayed pending this Court's determinations in the Section 120 action.

The OHA contest proceeding is based on a 2002 mineral report that finds the Banjo and Pass mining claims lack discovery of a valuable mineral deposit and are therefore invalid under the Mining Law of 1872. Declaration of Paul Shearer ("Declaration") ¶ 15, Exhibit 9. The purpose of the contest proceeding is to determine validity of the Banjo and Pass mining claims according to rules of practice and procedure before an OHA administrative law judge. *Id.* ¶ 16, Exhibit 10. Plaintiff has filed with OHA a request to stay the contest proceeding for the same reasons advanced in this motion, *id.* ¶ 20, Exhibit 13 paragraphs 2-9, but his application has been denied by the hearing officer. *Id.* ¶ 21, Exhibit 14.

In 1989, a mineral patent application was initiated with the U.S. Bureau of Land Management for the Banjo and Pass mining claims. Declaration ¶ 4. This patent application was regularly processed with the following results: a First Half Final Mineral Entry Certificate ("FHFC") was issued, *id.* ¶ 8, Exhibit 1; purchase monies were paid, *id* ¶ 8; mineral reports were approved in 1994 and 1995, *id.,* Exhibits. 4, 5; mineral survey was completed and approved; the Second Half Final Mineral Entry Certificate issued in 1995, *id.,* Exhibit 2; and, through August 1996, the Bureau of Land Management ("BLM") recommended issuance of mineral patent to the U.S. Department of Interior in Washington. D.C. *Id.* ¶, Exhibits 6, 7, 8.

Subsequent to BLM's 1996 formal submissions, the Department of Interior never

Motion To Stay Validity Contest Hearing                 2

Exhibit _A_ page _2_ of _7_

contested or otherwise challenged the mineral patent application, nor the validity of the Banjo and Pass mining claims, prior to plaintiff's consent under Section 120 and the legislative taking of these properties on February 12, 1998. Declaration ¶ 14, 15.

## ARGUMENT

### A. The Banjo and Pass Mineral Patent Application Vested a Property Right as of February 12, 1998, the Date of Taking under Section 120.

The mineral patent application on the Banjo and Pass mining claims vested property rights in Shearer on the effective date of taking due to well established principles of public land law. *See, e.g., United States v. Shumway*, 199 F.3d 1093 (9th Cir. 1999) (J. Kleinfeld); *Swanson v. Babbitt*, 3 F.3d 1348 (9th Cir. 1993). *Shumway* represents the most recent decision of the Ninth Circuit regarding the property status of a mineral patent application. In that case, the owners of millsites associated with public land mining claims had applied for mineral patent on the millsites. The applicants had received the First Half Mineral Entry Final Certificate (FHFC) from the Secretary of Interior. *Id.* at 1096. Writing for the court, Judge Kleinfeld described the nature of the Shumways' property rights at that juncture:

> As the Bureau of Land Management's 1991 internal manual explains . . . . issuance of the "First Half of the Final Certificate," such as the Shumways obtained, "confirms equitable title is vested in the applicant, subject to the confirmation of a discovery of a valuable mineral deposit by a mineral examiner."
>
> . . . . In law, the word "claim" in connection with the phrase "mining claim" represents a federally recognized right in real property. The Supreme Court has established that a mining "claim" is not a claim in the ordinary sense of the word--a mere assertion of a right--but rather is a property interest, which is itself real property in every sense, and not merely an assertion of a right to property. *Benson Mining & Smelting Co. v. Alta Mining & Smelting Co.*, held that once the owners of mining claim applied of

Motion To Stay Validity Contest Hearing          3

Exhibit _A_ page _3_ of _7_

> a patent and paid the fees, and the right to a patent existed, they had "full equitable title" . . . .

*Shumway, supra,* at 1099-1100 (footnote citation omitted).

The Banjo and Pass mining claims qualified for mineral patent in like manner to the millsite entries reviewed in *Shumway*: The Interior Department issued the FHFC personally signed by the Secretary of Interior, and the purchase money under the General Mining Law of 1872 has been paid. Declaration ¶ 8. Moreover, by comparison to the millsite application in *Shumway,* the Interior Department issued two mineral reports, first in 1994 and later in 1995, finding the Banjo and Pass mining claims to be valid under the General Mining Law of 1872. *Id.*. ¶ 5, 10, Exhibits 4, 5. Additionally, the BLM Alaska State office actually signed the Second Half Final Mineral Entry Certificate on the Banjo and Pass mineral patent application in March 1995 and forwarded this to Washington D.C. *Id.* ¶ 9, Exhibit 2. This event had yet to occur in the Shumways' mineral patent application. *Cf. Shumway, supra* at 1096-97.

*Shumway* compared an earlier Ninth Circuit decision, *Swanson v. Babbitt*, 3 F.3d 1348 (9th Cir. 1993), in describing the property rights the Shumways had secured in their pending millsite patent application. In *Swanson*, the mining claimant also had a pending mineral patent application. However, the BLM had formally challenged the applications and a contest ensued. *Swanson, supra* at 1350. While the contest was pending, Congress enacted legislation that withdrew the mining claimants' right to obtain a patent in the area in question. *Id.* at 1351. The applicant contended he had a vested property right in the mineral patent at the time of legislative withdrawal. The Ninth Circuit disagreed, holding that the application had not vested a property right since the government had initiated its contest prior to the legislative withdrawal. *Id.* at

Motion To Stay Validity Contest Hearing                 4

Exhibit __A__ page __4__ of __7__

1353-54; accord, *Shumway*, supra at 1102.

*Shumway* distinguished *Swanson* for the proposition that a mineral patent application will vest property rights in the applicant so long as the government does not formally contest the application. *Shumway, supra* at 1102. Following this precedent, Shearer submits that the Banjo and Pass mineral patent application did vest property rights as of the effective date of taking under Section 120: after the BLM had determined more than once that the mineral patent application on the Banjo and Pass mining claims was in order, in full compliance under the public land laws, and qualified for issuance of mineral patent, at no time prior to February 12, 1998, did the Interior Department formally challenge the mineral patent application or determine that the application was deficient under the public land laws. *See* Declaration ¶¶ 8-14, Exhibits 4, 5, 6, 7, 8.

*Shumway* acknowledges that the government retains the right to challenge patent applications until the matter is finally adjudicated. *See Shumway, supra* at 1102 (citing *Swanson, supra* at 1353). Yet *Swanson* separately recognized the legislative withdrawal of patenting worked a taking if a mining claimant had vested rights to issuance of a mineral patent. *Swanson, supra* at 1353. Shearer submits that the vested property right recognized in *Swanson* on the date of legislative withdrawal is analogous to the vested property right that Kantishna mining claimants possess on the date of legislative taking under the Section 120 legislation. By comparison to *Swanson*, the validity contest against the Banjo and Pass mining claims was not commenced until July 21, 2003, over five years after legislative taking of the claims under Section 120. Declaration. ¶ 16, Exhibit 10. Accordingly, Shearer has a vested right in mineral patent on the Banjo and Pass mining claims as of February 12, 1998.

Motion To Stay Validity Contest Hearing          5

Exhibit __A__ page __5__ of __7__

B.  **The Legislative Taking under Section 120 Terminated the Mining Claims, and therefore the Interior Department Has No Further Jurisdiction.**

By the plain terms of the legislation, this court has exclusive jurisdiction over actions brought pursuant to the Section 120. If an effective consent was manifested within the 90 day period after enactment, then all right, title and interest in the Banjo and Pass mining claims vested in the United States on February 12, 1998. Due to the taking arising directly by operation of statute, Section 120 effectuated a "legislative taking" of the Banjo and Pass mining claims on February 12, 1998. *E.g., Forest Products Industries, Inc. v. United States,* 467 U.S. 1, 5 (1984). In prior Section 120 actions, this court has recognized the date of taking to be February 12, 1998. Additionally, the United States has recognized that Section 120 works a legislative taking of property.

The Section 120 legislation incorporates the Declaration of Taking Act ("DTA"), 40 U.S.C. §§ 3114-16 in regard to procedures for determining just compensation for mining claims taken thereunder. Once a condemnation action has commenced pursuant to a DTA and title to the property taken has vested in the United States, issues of title in the action are thereby concluded and the proceeding is one for just compensation only against the United States. *E.g., Covered Wagon, Inc. v. C.I.R.,* 369 F.2d 629 (8th Cir. 1966); *United States v. Burnette,* 103 F.Supp. 645, 650 (W.D.N.C. 1952). *See generally,* 6A Nichols on Eminent Domain § 27.08[1][b] (3d ed. 1998). Since Congress expressly incorporated DTA jurisprudence into Section 120, then legislative taking of the Banjo and Pass mining claims converted these property interests into an action for just compensation.

As a consequence of the legislative taking of the Banjo and Pass mining claims, no public

Motion To Stay Validity Contest Hearing                6

Exhibit _A_ page _6_ of _7_

land entry remains to adjudicate before the Office of Hearing and Appeals of the Department of Interior. The former Banjo and Pass mining claims, whether valid unpatented claims or claims with a vested property right to a mineral patent, ceased to exist on February 12, 1998. For the reasons stated above, Shearer contends that a property right in a mineral patent for the Banjo and Pass mining claims vested with the legislative taking.

Section 120 does contain a proviso that unpatented mining claims whose validity was subject of a dispute may be taken with the government having the right to adjudicate validity thereafter. However, there is absolutely no evidence that the government initiated a validity contest or otherwise disputed the validity of the Banjo and Pass mining claims prior to February 12, 1998. Therefore, the Section 120 proviso is unavailing to the United States.

Continuing with the validity contest proceeding is therefore irrelevant as a matter of law. Moreover, continuing with the OHA proceeding is a waste of governmental resources.

## CONCLUSION

Plaintiff Paul Shearer respectfully requests this court enter an order staying the Contest calendared before the U.S. Department of Interior, Office of Hearing and Appeals, and concerning the Banjo and Pass mining claims. This court has exclusive jurisdiction over the subject property pursuant to consent entered under Section 120 of Pub. L. No. 105-83 because the public land entries were legislatively taken on February 12, 1998.

DATED this 31 day of July, 2005, at Oswego, Oregon

_____
Plaintiff
Paul G. Shearer
1532 Meadows Drive
Lake Oswego, OR 97034

Motion To Stay Validity Contest Hearing          7

Exhibit __A__ page __7__ of __7__

MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

*Howard v. United States*
Case No. F98-0006 CV (JKS)

By: THE HONORABLE JAMES K. SINGLETON
Deputy Clerk: Patty Demeter, Case Management: 677-6124*

PROCEEDINGS:    ORDER FROM CHAMBERS

FILED DEC 26 2000 UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

Arnold E. Howard and others (collectively "Howard") brought this action seeking just compensation for the taking of certain unpatented mining claims in the Kantishna Hills north of Anchorage and south of Fairbanks. The area is now part of the National Park System. The claims have previously been determined to be valid by the United States, and the Government so stipulated for purposes of this action. Howard disagreed with the Government on the date of taking and so a separate hearing was scheduled to resolve that issue. Ultimately, the parties agreed on a date of taking, mooting the scheduled hearing. The Court has scheduled this case for trial on July 23, 2001, to determine the fair market value of the claims in question. The Government has now filed a series of related motions seeking to abort that trial. *See* Docket Nos. 218 (Mot.); 223 (Opp'n); 226 (Reply); 219 (Mot.); 223 (Opp'n); 226 (Reply). Specifically, the Government seeks to withdraw its stipulation regarding validity, stay all proceedings pending an administrative challenge to validity, and amend its pleadings to contest validity. *See, e.g.*, Docket Nos. 218; 219.

The Government relies primarily on *Best v. Humboldt Placer Mining Co.*, 371 U.S. 334, 335-40 (1963), for the proposition that the institution of condemnation proceedings regarding unpatented mining claims does not prevent the Government from revisiting the issue of validity in a separate, but concurrent administrative proceeding. The Court has reviewed *Best* and finds it distinguishable. In *Best*, the case had not proceeded as far as this case has proceeded, no prior determination of validity had been made, and the Government had not stipulated to the validity of the claims. To allow the Government to shift position at this late date would be extremely unfair to Howard, who no doubt has expended significant funds in preparing this case for trial. The Court is not convinced that Howard misled the Government, resulting in an erroneous prior determination of validity. The Court is also unpersuaded by the Government's estimate of the costs of mining in Kantishna, having carefully considered and rejected similar arguments in the related case of *Kantishna Mining Co., et al. v. Babbit, et al.*, F98-0007 CV (JKS). In conclusion, this case has simply moved to far along to permit the amendments requested, allow the Government to contest validity and defer Howard's right to a trial to determine fair compensation, all of which would severely prejudice Howard. The Government will have to live with the positions it has taken in this case.

**IT IS THEREFORE ORDERED:**

The request for oral argument at **Docket No. 227** is **DENIED**. The motion to file amended answers at **Docket No. 218** is **DENIED**. The motions to withdraw stipulation and for a stay at **Docket No. 219** are **DENIED**.

Entered at the direction of the Honorable James K. Singleton, United States District Court Judge.

DATE: December 26, 2000

\*   ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE INDICATED CASE MANAGER.

Any request for other information or for clarification, modification, or reconsideration of this order, or for extension of time must be made in the form of a motion. *See* FED. R. CIV. P. 7(b)(1); D. Ak. LR 7.1(I). No one should telephone, fax, or write to chambers regarding pending cases. The Judge's secretary and law clerks are not permitted to discuss any aspect of this case, provide any information, or communicate with any person, including litigants, lawyers, witnesses, and the general public regarding pending cases.

F98-0006--CV (JKS)
-----------------------------------------------
L. ALBERT
D. DUNSMORE (AUSA)

Exhibit __B__ page __1__ of __1__

# CERTIFICATE OF SERVICE

I certify that a copy of the above documents was mailed, by first class mail, Express mail or FedEx, addressed to the persons at the addresses stated below on December 9, 2005.

Copy was also sent by email on December 9, 2005 to Paul Harrison and Dean Dunsmore.

_____
Paul G. Shearer

Addressee(s):

US District Court
Clerk of Court
222 W. 7th Ave #4
Anchorage, AK 99513-7564
907-677-6100


Paul Harrison (copy)
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 561 – Ben Franklin Station
Washington, D.C. 20044
Email: paul.harrison@usdoj.gov
202-305-0299
202-514-8865 FAX


Dean K. Dunsmore (copy)
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, AK 99501-3657
Email: dean.dunsmore@usdoj.gov
907-271-5452
907-271-5827 FAX