

FILED

DEC 1 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____
_____Deputy

Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034
(503) 697-4378

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER,         ) | |
|         ) | Case No. A03-0263 CV (JKS) |
|     Plaintiff,         ) | (Consolidated) |
|         ) | |
| vs.         ) | |
|         ) | |
| UNITED STATES OF AMERICA,         ) | |
| GALE A. NORTON, Secretary of the         ) | |
| Interior, DEPARTMENT OF INTERIOR,         ) | |
| and, NATIONAL PARK SERVICE,         ) | **PLAINTIFF'S CROSS MOTION FOR** |
|         ) | **PARTIAL SUMMARY JUDGMENT** |
|     Defendants.         ) | **RE: SECTION 120 CONSENT** |
|         ) | |

Plaintiff Paul G. Shearer hereby moves for partial summary judgment against the

defendant United States pursuant to Rule 56(b), Fed.R.Civ.Proc. on the issue of the validity of

his consent executed on February 12, 1998 with regard to Parcels 2-21 identified in his First

Amended Complaint. Shearer contends that his consent is valid as a matter of law and that there

are no genuine issues of material fact that preclude entry of summary judgment. Furthermore,

Shearer contends that the United States cannot show the existence of any evidence to support its

opposition to summary judgment on the validity of his consent.

Shearer's motion for partial summary judgment is being filed as a cross motion to the

United States' Motion for Partial Summary Judgment (Docket 39) before the Court. Shearer

incorporates by reference the argument in Parts I.A through I.C. in his Opposition to the Motion

1

64

of the United States for Partial Summary Judgment ("Opposition"), filed simultaneously herewith. Shearer's Opposition argument Parts I.A. through I.C contends that the legislative history to ANILCA and Section 120, along with an analysis of federal condemnation law regarding property descriptions and amendment to the pleadings to clarify or rectify problematic property descriptions, allows him to amend his pleadings in this Section 120 action to clarify the property interests subject of his consent, and the amendment operates to cure any objection regarding inadequacy of property description in his original consent. Accordingly, the First Amended Complaint adequately cures any purported deficiencies in the property description set forth in Shearer's Section 120 consent of February 12, 1998.

Shearer does not cross move for summary judgment in regard to the arguments presented in Parts I.D. and I.E. of his Opposition because these may present genuine issues of material fact. *See* Opposition, Argument Part IV. Since the existence of a genuine issue of material fact would preclude the entry of partial summary judgment in favor of the United States, Shearer does not rely on these arguments in support of the cross motion for partial summary judgment.

For all of the above reasons, then plaintiff Paul Shearer respectfully requests the Court enter partial summary judgment in his favor pursuant to Rule 56(b), Fed. R. Civ. Proc., as to the validity of his consent for a Section 120 taking of Parcels 2-21 identified in the First Amended Complaint.

DATED at Lake Oswego Oregon, this 16 day of December, 2005.

Plaintiff
Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034

2