Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034
(503) 697-4378

**FILED**

DEC 20 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>GALE A. NORTON, Secretary of the )<br>Interior, DEPARTMENT OF INTERIOR, )<br>and, NATIONAL PARK SERVICE, )<br>)<br>Defendants. )<br>_____) | Case No. A03-0263 CV (JKS)<br>(Consolidated)<br><br><br><br><br><br>**PLAINTIFF'S OPPOSITION TO**<br>**UNITED STATES' MOTION TO**<br>**STRIKE JURY DEMAND AND**<br>**MEMORANDUM IN SUPPORT OF**<br>**CROSS MOTION F.R.C.P. 39(b)** |

### INTRODUCTION

The United States has filed a Motion to Strike Jury Trial Demand (Docket 55). The motion contains two arguments: first, plaintiff Paul Shearer's jury demand pursuant to Fed.R.Civ.Proc. 38 is late, and therefore may not be allowed; and second, Shearer is not entitled to make a jury demand in this Section 120 action which incorporates by reference the Declaration of Takings Act, 40 U.S.C. §§ 3114-15.

Shearer after consulting counsel now acknowledges that his Jury Demand is late filed according to Fed.R.Civ.Proc. 38 and he should have filed a companion motion for leave to late file jury demand pursuant to Fed.R.Civ.Proc. 39(b). He does so presently and this memorandum

1

67

supports his cross motion. The Ninth Circuit imposes strict standards for discretionary acceptance of late filed jury demands. However, Shearer contends leave of this court is proper because he was proceeding without counsel when filing this action. He recalls phone calls with Justice Department counsel, Dean K. Dunsmore, in which Dunsmore represented that parties to a Section 120 action for just compensation may not demand a jury. Shearer now disagrees with Dunsmore's representation of the law and contends that representation was misleading.

Shearer disagrees with the United States that parties to a Section 120 action may not make a jury demand. This issue has been litigated at least three times before this Court and it has consistently ruled that parties to a Section 120 action may demand a jury pursuant to Fed.R.Civ.Proc. 71A(h) if the date of taking is that established in the legislation and not some earlier date of taking. Since Shearer has not plead an earlier date of taking in his First Amended Complaint, then he may demand a jury trial pursuant to Fed.R.Civ.Proc. 71A(h). Shearer made his late filed jury demand only after learning of the above prior rulings in this Court that would support Shearer's jury demand.

## ARGUMENT

### I. DISCRETIONARY LEAVE OF THIS COURT TO ALLOW SHEARER'S LATE JURY DEMAND IS APPROPRIATE.

Shearer's Jury Demand was filed on October 14, 2005 (Docket 41). For purposes of determining the timeliness of Shearer's jury demand, the last pleading filed in this action was the United States Answer to the First Amended Complaint (Docket 29, filed July 27, 2005). Accordingly, Shearer's jury demand was filed more than ten days after the last responsive pleading filed in this action, and pursuant to Fed.R.Civ.Proc. 38, Shearer's jury demand was late

filed. Without more, the United States could rightfully move to strike Shearer's late filed jury demand.

Fed.R.Civ.Proc. 39(b) confers discretion on the court to accept late filed jury demand "in an action in which such demand might have been made of right." The Ninth Circuit has stated "[t]hat discretion is narrow, however, and does not permit a court to grant relief when the failure to make timely demand results from an oversight or mere inadvertence."[1] The Ninth Circuit has moreover stated "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."[2] The cases indicate that parties represented by counsel who fail to understand the rules or incorrectly apply the rules to timely filing of a jury demand constitutes inadvertence and will not be excused for purposes of Civil Rule 39(b).[3] This outcome applies to litigants *pro per* who are not represented by counsel and who, in good faith, may make mistaken decisions regarding their legal rights.[4]

At the time of filing his Complaint in this action, plaintiff was not represented by counsel. *See* Declaration of Paul Shearer, attached as Exh. A. Shearer had discussions with the Justice Department about filing the Section 120 action within the statutory deadline and whether the property owner or the government should initiate the action. *Id.* ¶ 6. Shearer was aware of

---

[1] *Pacific Fisheries Corp. v. HIH Casualty & Gen. Ins. Ltd.,* 239 F.3d 1000, 1002 (9th Cir. 2001) (citing cases).

[2] *See Kletzelman v. Capistrano Unified Sch.Dist.,* 91 F.3d 68, 71 (9th Cir. 1996); *Wall v. Nat'l R.R. Passenger Corp.,* 718 F.2d 906, 910 (9th Cir. 1983); *accord, Pacific Fisheries, supra.*

[3] *E.g., Kletzelman, supra; Wall, supra.*

[4] *Kulas v. Flores,* 255 F.3d 780, 784 (9th Cir. 2001); *accord, Zivokic v. Southern*

the Justice Department position that parties to a Section 120 action are not entitled to a jury trial. *Id.* ¶ 7. Accordingly, Shearer did not make a jury demand, and checked a box in the Civil Case Cover Sheet indicating no jury demand. *Id.*

At the time, Shearer was unaware the jury trial issue had been litigated in prior Section 120 cases and this Court had ruled a party could make a jury demand. Shearer Decl. ¶ 8. Furthermore, Shearer was unaware to what extent that Dunsmore was Justice Department counsel in the prior Section 120 actions and had litigated the issue on behalf of the United States. *Id.* Shearer later became aware of these events upon speaking with counsel who was experienced in the prior Section 120 litigation. *Id.* ¶ 9. Counsel provided Shearer with a copy of two of the Orders this Court entered in the prior litigation. Counsel explained to Shearer that this Court's Orders indicated a jury demand could only be made for a Section 120 litigant if the date of taking was February 12, 1998, and no earlier date due to inverse condemnation. *Id.* After receiving this new information Shearer filed his jury demand.

Plaintiff submits that Dunsmore should have known at the time he had discussions with Shearer that this Court had ruled juries may be demanded in Section 120 actions and should have disclosed that to Shearer. Shearer Decl. ¶ 10. The United States should not be allowed to take advantage of deceptive representations of its attorneys when dealing with pro per litigants. Such tactics constitute "cause" beyond mere inadvertence and confer discretion upon this Court to grant Shearer's late filed jury demand.[5]

---

*Calif. Edison Co.* 302 F.3d 1080, 1087 (9th Cir. 2002).

[5]   *Cf. Ruiz v. Rodriguez,* 206 F.R.D. 501 (D.Calif. 2002) (Ninth Circuit's standard satisfied where party complied with all requirements of Civil Rule 38(b) but process server failed

4

## II. SHEARER MAY DEMAND A JURY TRIAL FOR A SECTION 120 TAKING OF PROPERTY ON FEBRUARY 12, 1998.

In two prior cases, this Court has ruled that a jury trial may be demanded for a condemnation case with declaration of taking pursuant to Rule 71A(h), Fed.R.Civ.Proc.[6] One of these cases was a section 120 action (*Howard*),[7] and the other case was brought pursuant to the general condemnation statute with a declaration of taking ("DT") (*191.07 Acres*).[8] In *Howard*, this Court stated "[i]f the miners fail to establish an earlier inverse condemnation, then just compensation will be determined in a proceeding governed by 40 U.S.C. § 257 and 258a and Federal Rule of Civil Procedure 71A. Whether just compensation should be determined by a jury or commissioners has yet to be decided, although this Court is leaning towards a jury trial."[9] In *191.07 Acres, supra,* this Court stated:

---

to serve the jury demand); *U.S. ex rel Schumer v. Hughes Aircraft,* 63 F.3d 1512 (9th Cir. 1995) (denying Civil Rule 39(b) motion because too late; declining to reach issue of alleged deception by former counsel to client on jury demand)

[6]   *See Arnold E. Howard, et al. v. United States,* Order from Chambers at 2, No. F98-0006 CV (JKS) (D.Alaska, filed Jan. 11, 2000), copy attached as Exh. B; *id.,* Order at 4 (D.Alaska, filed Jan. 25, 2000), copy attached as Exh. C; *United States v. 191.07 Acres of Land,* Final Decision at 21, No. A98-0072 CV (JKS) (D.Alaska, filed Feb. 7, 2004), copy attached as Exh. D

[7]   *Howard, supra,* Order from Chambers at 2; *id.,* Order at 4. At the time the *Howard* orders were issued that case was consolidated with *191.07 Acres of Land* on date of taking issues. Hence, the question of the court's jurisdiction over an earlier date of taking and its consequences for jury demand pursuant to Civil Rule 71A(h) applied to both cases. The Court noted the consolidated status of the cases in its Order from Chambers dated Jan. 11, 2000 (Exh. B).

[8]   *171.07 Acres of Land, supra.*

[9]   *Howard, supra,* Order at 4, Exh. C.

> If the Court determined that the property had not been taken until March 10, 198, the matter would have proceeded as a straight condemnation case and, since a jury trial had been requested, the Court would have either submitted the question of just compensation to a jury or, in its discretion, would have empaneled a team of commissioners to determine just compensation.

In both cases, the Court stated that a party's right to jury trial is predicated upon the date of taking established by the government's condemnation and not an earlier date of taking sounding in inverse condemnation. Also, the Court explained that the party's jury demand under Civil Rule 71A(h) is not unqualified and subject to the court's discretion to ordering trial by commission instead. Thus, a jury demand made pursuant to Civil Rule 71A(h) is not grounded on the Seventh Amendment nor on a statutory waiver of sovereign immunity.[10]

The above discussion disposes of the government's argument that a jury demand may not be made in this Section 120 action. The government's argument about the Seventh Amendment and waiver of sovereign immunity is irrelevant, *see* U.S. Memo at 7-8, because Shearer is not demanding a jury trial pursuant to the Seventh Amendment, but instead Civil Rule 71A(h). *See* Docket 41. The law is well established that Civil Rule 71A(h) is not grounded on the Seventh Amendment,[11] the Court understands this principle,[12] and the government is obviously familiar with this well settled law.

---

[10]   *191.07 Acres of Land, supra,* Final Decision at 21 n.19.

[11]   *See, e.g., U.S. v. Reynolds,* 397 U.S. 14, 17 (1970).

[12]   *See 191.07 Acres of Land, supra,* Final Decision at 21 n. 19 (stating "Congress has provided for a limited right to jury trial in condemnation cases to determine just compensation" and citing 12 C. Wright, A. Miller & R. Marcus, *Fed. Prac. & Proc.: Civil 2d* § 3051 (1997)).

The government appears to be arguing that suits brought under the Declaration of Takings Act ("DTA")[13] are not governed by Civil Rule 71A, and that parties to a DTA action may not make a jury demand pursuant to Civil Rule 71A(h). Such argument has no basis in law and is contradicted by established authority,[14] including the prior rulings of this Court.[15] Moreover, Civil Rule 71A includes provisions relating to DT actions and the Supreme Court has acknowledged that Rule 71A applies to the DTA.[16]

The government also contends that Civil Rule 71A(h) applies only to traditional eminent domain proceedings, and by inference, not to condemnation accompanied by a DT.[17] This argument is wrong because a DT does not exist without a condemnation action, and thus, an action brought pursuant to the DTA is a form of condemnation action.[18] The government's implied argument is also inconsistent with the Advisory Committee's intentions that Rule 71A

---

[13]   40 U.S.C. §§ 3114-15.

[14]   *See, e.g., U.S. v. 21.54 Acres of Land,* 491 F.2d 301, 303-04 (4th Cir. 1973) (condemnation with DT; case tried to jury pursuant to Fed.R.Civ.Proc. 71A); *U.S. v. Theimer,* 199 F.2d 502-04 (10th Cir. 1955) (condemnation with DT; appellate court reviews history of Rule 71A and remands for jury trial due to demand made).

[15]   *See supra* Note 6.

[16]   *See* Fed.R.Civ.Proc. 71A(i)(3) (condemnation action may not be dismissed if government has taken title or possession to property), 71A(j) (upon deposit of estimated just compensation into court, distribution to authorized persons allowed); *Kirby Forest Industries, Inc. v. U.S.,* 467 U.S. 1, 5 & nn. 3-4 (1984). *See also* 12 C. Wright, A. Miller & R. Marcus, *Fed. Prac. & Proc.: Civil 2d* § 3054 (1997) (discussing Rule 71A practice under the DTA).

[17]   U.S. Memo at 9 ("Rule 71A(h) is also applicable only to traditional condemnation actions," citing *KLK, Inc. v. U.S.,* 35 F.3d 454, 457 (9th Cir. 1994)). *KLK* is not persuasive authority for the government's proposition because that case was silent about the DTA and availability of jury trial under the DTA. *See KLK, supra.*

provide a uniform set of procedures governing all federal condemnation actions.[19]

Finally, the government relies on *KLK* for the proposition "the right to trial by jury must clearly be provided for in the legislation creating the cause of action . . . ."[20] The government reasons that since Section 120 does not expressly authorize a jury trial, then none may be had. However, *KLK* was reviewing the mining claimant's right to jury trial under the Mining in the Parks Act ("MPA").[21] The Ninth Circuit's requirement of a statutory right to jury trial referred to congressional waiver of sovereign immunity grounded in an express statutory command. Since no such waiver is present in the MPA, *KLK* ruled the mining claimant had no statutory right to jury trial.[22]

*KLK* also rejected Civil Rule 71A(h) as a source of authority for a jury trial under the MPA: "Congress gave no indication that it considered the Rule or any of its proscribed procedures in enacting § 1910. Thus, Rule 71A(h) does not provide any indication of congressional intent to provide a jury for the determination of just compensation under § 1910."[23] The innuendo in the government's argument is that *KLK*'s statutory requirement for jury trial

---

[18] *See, e.g., United States v. Dow*, 357 U.S. 17, 20-21 (1958).

[19] *See* 12 C. Wright, A. Miller & R. Marcus, *supra,* § 3041 (discussing history of Rule 71A); *Kirby Forest Industries, supra* at 4 n.2 (noting Advisory Committee's intentions).

[20] U.S. Memo at 8 (quoting *KLK, supra* at 458).

[21] 16 U.S.C. § 1910.

[22] *KLK, supra* at 456-57.

[23] *Id.* at 457.

applies to Civil Rule 71A itself. *See* U.S. Memo at 8. However, *KLK* nowhere states that Civil Rule 71A(h) is suspect as a source of authority for jury trials in condemnation.[24] No court has ever has ever made a such ruling. Such a rule contradicts *Reynolds* and a half century of precedent authorizing jury demands under Rule 71A(h) in condemnation as well as DT actions.[25]

The statutory basis for Shearer's jury demand are the repeated references in Section 120 to the just compensation action being conducted according to the DTA.[26] The legislative history to Section 120 is clear on this point: "this section . . . . incorporat[es] the procedures and jurisprudence under the Declaration of Takings Act."[27] Since, Civil Rule 71A applies to the DTA and condemnation proceedings accompanied by a DT, then parties to a Section 120 actions may make a jury demand pursuant to Civil Rule 71A(h). This Court has so held in *Howard*, and the government has offered no persuasive argument for overruling this Court's Orders in *Howard*.

---

[24]   *See KLK, supra* at 457.

[25]   *See Reynolds, supra;* 12 C.Wright, A. Miller & R. Marcus, *supra,* § 3051; Note 13 *supra*

The ultimate response to the government's argument about statutory requirement for jury trial is that the Rules Enabling Act would have to be rejected as a source of authority for Rule 71A(h), s*ee* Fed.R.Civ.Proc. 71A, Advis. Comm. Note, subsections (a), (h). The Rules Enabling Act contains no enabling authority for jury trials. *See* 28 U.S.C. § 2072. Thus, the government's argument proves too much because it would invalidate Rule 71A(h). Ironically, the history to the rulemaking indicates the Justice Department advocated jury trials in all condemnation actions. *Id.*

[26]   The Section 120 legislation is contained within the Department of Interior & Related Agencies Appropriations Act of 1998. *See* Pub. L. No. 105-83, § 120, 111 Stat. 1543, 1564-65 (1997).

[27]   H. Conf. Rep. No. 105-337 at 77, 105th Cong., 1st Sess (1997), *reprinted in* 1997

9

## CONCLUSION

For all of the above reasons, then, plaintiff Paul G. Shearer respectfully requests that the United States Motion to Strike Jury Demand be denied. Additionally, plaintiff respectfully requests that his Motion for Leave to Accept Late Filed Jury Demand be accepted.

DATED this 19 day of December, 2005, At Lake Oswego, Oregon.

*/s/ Paul Shearer*
Plaintiff
Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034

---

U.S. Code, Cong. & Admin. News 2183-84.

CERTIFICATE OF SERVICE

I certify that on **DECEMBER 19** 2005 a copy of the above documents was served by placing said copies in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the **US POSTAL** mail at **PORTLAND**, Oregon.

*Paul Shearer*
Paul G. Shearer

Addressee(s):

**ALASKA AIR - COURIER**
US District Court
Clerk of Court
222 W. 7th Ave #4
Anchorage, AK 99513-7564
907-677-6100


Paul Harrison (copy)
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 561 – Ben Franklin Station
Washington, D.C. 20044
Email: paul.harrison@usdoj.gov
202-305-0299
202-514-8865 FAX


Dean K. Dunsmore (copy)
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, AK 99501-3657
Email: dean.dunsmore@usdoj.gov
907-271-5452
907-271-5827 FAX

1