FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 28 PM 1:53

DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C. 20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, GALE NORTON, Secretary of the Interior, the DEPARTMENT OF THE INTERIOR, the NATIONAL PARK SERVICE.<br>Defendants. | No. A03-0263-CV(JKS) (CONSOLIDATED)<br><br>MOTION OF THE UNITED STATES FOR A PARTIAL JUDGMENT ON THE PLEADINGS |

The United States moves the court pursuant to Fed. R. Civ. P. 12(c) for a judgment on the pleadings dismissing for lack of jurisdiction:

(1) The claim or claims stated in paragraphs 197 through and including 223 of the First Amended Complaint filed by Paul G. Shearer in Case No. A03-0263-CV(JKS)(D. Alaska);

(2) The claim or claims stated in paragraphs 180 through and including 193 of the First Amended Complaint fled by Paul G. Shearer in Case No. A03-0263-CV(JKS)(D. Alaska), and

(3) Any claims for Parcels 8, 9, 10, 16, 17, 18, and 21 as set forth in paragraphs 48, 49, 50, 56, 57, 58, and 61 of the First Amended Complaint filed by Paul G. Shearer in Case No. A03-0263-CV(JKS)(D. Alaska).

Dated this 28th day of December, 2005.

DEAN K. DUNSMORE
PAUL HARRISON
Attorneys for Defendants

DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C. 20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER<br><br>Plaintiff,<br><br>v. | No. A03-0263-CV(JKS)<br>(CONSOLIDATED) |
| UNITED STATES OF AMERICA, GALE NORTON, Secretary of the Interior, the DEPARTMENT OF THE INTERIOR, the NATIONAL PARK SERVICE.<br><br>Defendants. | POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE UNITED STATES FOR A PARTIAL JUDGMENT ON THE PLEADINGS |

In the First Amended Complaint (Docket Entry No. 21) ¶ 1, plaintiff Shearer describes his action as an:

> action pursuant to Public Law No. 105-83 to recover just compensation for mining claims and all interests in those mining claims taken by the National Park Service an agency of the Department of the Interior.

Jurisdiction over this action is invoked pursuant to "Section 120

of Public Law No. 105-83." *Id.* ¶ 2. The statutory references are to section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, which will hereinafter be referred to as Section 120. For the reasons that will be shown below, the claim or claims for compensation stated in paragraphs 180 through 193 and paragraphs 197 through and including 223 of the First Amended Complaint, and any claims for compensation for the interests described as Parcels 8, 9, 10, 16, 17, 18, and 21 as set forth in paragraphs 48, 49, 50, 56, 57, 58 and 61 of the First Amended Complaint are, as matter of law, not within the jurisdiction granted to this court by Section 120, and must be dismissed.[1]/ As defendants will show, the respective claims are either for alleged takings that Shearer alleges did not occur by operation of Section 120, or are claims for compensation for interests that are not subject to the provisions of Section 120 and cannot de deemed to have been taken under Section 120.

**SECTION 120**

Pursuant to Section 202(3) of the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. § 410hh-1, Mount McKinley National Park was expanded and established as the Denali National Park and Preserve on December 2, 1980. This expansion placed within the boundaries of the Denali National Park and

[1]/ Shearer's claim for compensation for a taking of Parcels 8, 9, 10, 16, 17, 18, and 21 are also subject to the Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) filed September 30, 2005. That motion seeks dismissal of claims for those interests and others on the grounds that there had been no consent to the taking of those properties as required by Section 120. If that motion is granted, then this motion will be moot with respect to Parcels 8, 9, 10, 16, 17, 18, and 21.

Preserve various patented and unpatented mining claims.

In part to solve some of the problems created by the inclusion of mining claims within the Denali National Park and Preserve, Section 120 was enacted. This section created a system by which "all current owners" of patented and valid unpatented mining claims within the Kantishna Mining District could consent to the legislative taking of their mining claims by the United States. 111 Stat at 1564-65:[2]/

> Notwithstanding any other provision of law, 90 days after enactment of this section there is hereby vested in the United States all right, title and interest in and to, and the right of immediate possession of, all patented mining claims and valid unpatented mining claims (including any unpatented claim whose validity is in dispute, so long as such validity is later established in accordance with applicable agency procedures) in the area known as the Kantishna Mining District within Denali National Park and Preserve, for which all current owners (or the bankruptcy trustee as provided hereafter) of each such claim (for unpatented claims, ownership as identified in recordations under the mining laws and regulations) consent to such vesting in writing to the Secretary of the Interior within said 90-day period:

Section 120 also provided for payment of just compensation. 111 Stat. 1565:

> Provided further, That the United States shall pay just compensation to the aforesaid

[2]/ Separate consent approval provisions were made for mining claims involved in bankruptcy proceedings. 111 Stat. 1565. Since none of the properties that are the subject of Shearer's First Amended Complaint were at the times relevant herein involved in Bankruptcy Court proceedings, the Section 120 consent provisions for mining claims involved in bankruptcy are not applicable to this action.

> owners of any valid claims to which title has vested in the United States pursuant to this section, determined as of the date of taking: Provided further, That payment shall be in the amount of a negotiated settlement of the value of such claim or the valuation of such claim awarded by judgment, and such payment, including any deposits in the registry of the court, shall be made solely from the permanent judgment appropriation established pursuant to section 1304 of title 31, United States Code, and shall include accrued interest on the amount of the agreed settlement value or the final judgment from the date of taking to the date of payment, calculated in accordance with section 258a of title 40, United States Code:....

If the parties could not agree to a settlement of the amount of just compensation due, Section 120 provides jurisdiction in this court to determine and award just compensation for this legislative taking. *Id*:

> Provided further, That the United States or a claim owner or bankruptcy trustee may initiate proceedings after said 90-day period, but no later than six years after the date of enactment of this section, seeking a determination of just compensation in the District Court for the District of Alaska pursuant to the Declaration of Taking Act, sections 258a-e of title 40, United States Code (except where inconsistent with this section), and joining all owners of the claim:....

It is this jurisdiction that Shearer invokes in the First Amended Complaint ¶ 2.

**ARGUMENT**

I. SECTION 120 ONLY GRANTS JURISDICTION WITH RESPECT TO PROPERTY TAKEN BY OPERATION OF THAT STATUTE

The language of Section 120 quoted above is specific. It provides for the legislative taking of patented and valid unpatented <u>mining claims</u> within the Kantishina Mining District for which all owners of those claims have timely consented to the

taking, and grants this court jurisdiction to determine (if the parties cannot agree on an amount) the amount of just compensation due for the taking. Further, as held in *Kantishna Mining Co. et al. v. Babbitt et al.*, No. F98-0007-CV(JKS)(D. Alaska), Order filed May 11, 2000,[3]/ the court's jurisdiction under Section 120 is only to determine the amount of compensation due for property that is taken by operation of Section 120. Jurisdiction is not granted under Section 120 for takings that may have occurred other than by operation of section 120. In *Kantishna Mining Co.*, the issue was whether Section 120 conferred jurisdiction over claims for a taking that occurred as an inverse taking, and not by operation of Section 120. The court concluded that the answer was no. This ruling was in complete conformance with the language of the statute and the law relating to waivers of sovereign immunity.

There is no question that Section 120 constitutes a waiver of sovereign immunity. It is well established that the government's waiver of immunity may not be implied, but must be express and unequivocal. *United States v. Nordic Village*, 503 U.S. 30, 33-34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied sub nom.*, 466 U.S. 958 (1984). Any waiver of sovereign immunity and any limitations on that waiver are to be strictly construed in favor of the government. *Lane v. Pena*, 116 S. Ct. 2092, 2096 (1996); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 687 (1983); *Lehman v. Nakshian*, 453 U.S. at 160-61; *Campbell*

---

[3]/ Copy attached as Exhibit 1 hereto.

*v. United States*, 835 F.2d 193, 195 (9th Cir. 1987). When Congress attaches conditions to legislation waiving sovereign immunity, those conditions must be strictly observed, and exceptions thereto are not to be implied. *Lane v. Pena; Block v. North Dakota*, 461 U.S. 273, 287 (1983); *Wildman v. United States*, 827 F.2d 1306, 1309 (9th Cir. 1987).

Section 120 provided jurisdiction to award compensation for takings effected by that statute -- takings of patented and valid unpatented mining claims by operation of that statute. The language of Section 120 certainly does not expressly or unequivocally provide jurisdiction to award compensation for any other types of taking. Therefore, Section 120 must, as the court held in the *Kantishna Mining Co.* case, be interpreted as not conferring jurisdiction in this court to determine and award compensation for the taking of property other than patented and unpatented mining claims taken by operation of Section 120.

This court might have jurisdiction over taking claims brought pursuant to other statutes. It could have jurisdiction over claims for which no more than $10,000.00 is sought under 28 U.S.C. § 1346(a)(2), or for takings as result of actions under the Mining in the Parks Act, 16 U.S.C. § 1910. Shearer does not invoke this court's jurisdiction under either of these statutes. Moreover, as will be shown in the arguments that follow, even if Shearer had brought claims under either of these two statutes, the claims addressed therein would not be within this court's jurisdiction under either of those statutes.

II. THE CLAIMS SET FORTH IN PARAGRAPHS 197-223 ARE NOT COVERED BY SECTION 120

On page 37 of the First Amended Complaint (Docket No. 21), Shearer starts new allegations under the heading: "(Claim Continued) Claims of Taking Involving National Park Service Land Acquisition Procedures." This claim is then set forth in paragraphs 197 through and including paragraph 223 of the First Amended Complaint. For the reasons that follow, the allegations of paragraphs 197 through 223 do not set forth any claim within the jurisdiction of the court.

A. Shearer's Claims Are Not Section 120 Claims. In paragraph 197 Shearer makes it clear that these allegations are alternative and anticipatory in nature. He alleges that his "list of consented Claims included some mining claims and interests" which the United States "may claim to have taken...on a date earlier than February 12, 1998." As he also alleges paragraph 197, February 12, 1998, is the "date of taking" under section 120.[4]/ As is indicated in *Kantishna Mining Co. et al. v. Babbitt et al.*, No. F98-0007-CV(JKS)(D. Alaska), Order filed May 11, 2000, if the alleged taking is earlier than the Section 120 legislative taking date of February 12, 1998, then jurisdiction does not lie before the court under section 120.

Further, the events upon which Shearer relies to constitute

---

[4]/ The reference pleaded by Shearer is to Public Law 103-85. However, this is clearly a typographical transposition of numbers, and was certainly intended to be Pub. L. No. 105-83. Pub. L. No. 103-85, Act of September 21, 1993, 107 Stat. 928, designates National POW/MIA Recognition Day, and has nothing whatsoever to do with mining claims or other property within the Denali National Park and Preserve.

the taking (or to create any liability in the United States to pay compensation) are also not Section 120 actions. First, it is alleged that the Park Service did not follow "all of" its "Land Acquisition Procedures" set forth in "paragraphs 200-217." First Amended Complaint ¶ 199. In paragraphs 200 through 217, Shearer alleges that while "on or about February 7, 1994," he notified the Park Service that he had acquired an interest "in certain Claims," id . ¶ 200-203; the Park Service did not "obtain" proper "Preliminary Title Evidence," *id.* ¶ 204; "did not follow standard procedures for handling Title Exceptions," *id.* ¶ 205; "did not follow standard procedures for conduct of negotiations, *id.* ¶ 206; "did not establish early contact with Plaintiff or Plaintiff's predecessors," *id.* ¶ 207; "did not follow the standard procedure of providing at initial contact the pamphlet entitled 'Progress, Property, and Just Compensation,'" *id.* 208; "did not send to Plaintiff or Plaintiff's predecessors all of the required contact notices, including but not limited to....," *id.* ¶ 209; "did not present to Plaintiff or attempt to obtain an Individual Offer to Sell Real Property or obtain Plaintiff's agreement to sell prior to delivering to Plaintiff a Warranty Deed and instructing Plaintiff to sign and return the Warranty Deed," *id.* ¶ 210; "did not prepare Warranty Deeds in compliance with" established requirements, *id.* ¶ 211; "did not prepare as part of the Warranty Deed which was sent to the Plaintiff the required citation of true consideration and the receipt thereof," *id.* ¶ 212; "NPS requested Plaintiff to convey his interest...to the United States," *id.* ¶ 213; "NPS employees, NPS agents, and others conspired to take Plaintiff's interest for the benefit of

NPS without paying any compensation," *id.* ¶ 214; "NPS requested Plaintiff to convey certain deeds to third parties to facilitate conveyance to NPS, but did not pay Plaintiff compensation after Plaintiff conveyed the deeds as requested by NPS," *id.* ¶ 215; "NPS and NPS agents made multiple requests for the Plaintiff to convey interests which the Plaintiff then conveyed for the benefit of NPS," and "did not pay Plaintiff compensation for the conveyance of these interests...." *id.* ¶ 216; and "NPS did not retain specific records in the files on land tracts purchased which NPS knew, or should have known, might be requested during discovery in court actions involving takings cases, *id.* ¶ *217*.

Shearer also alleges that the "NPS removed, or allowed to be removed, historic 'No Trespassing' signs which had been identified as physical evidence in prior Alaska State Superior Court cases...." *Id.* ¶ 218. Shearer also alleges that with respect to Parcels 11, 12 and 13,[5]/ that the Park Service knew or should have known who the owners ("including Shearer's predecessors") of these properties were, how to contact those persons, and that the persons representing themselves to the Park Service as owning these properties and with whom the Park Service negotiated did not own these properties. *Id.* ¶¶ 219-222.

Shearer then concludes with the allegation that "evidence for and the accumulative damages resulting from...the failure to follow National Park Service Procedures will be presented at trial." *Id.* ¶ 223.

It is clear that any claim or claims presented by Shearer in

---

[5]/ Identified in the First Amended Complaint ¶¶ 51-53.

paragraphs 197 through 223 of the First Amended Complaint are neither for a taking of patented or unpatented mining claims by operation of Section 120, nor for compensation based on any taking by operation of Section 120. Since Shearer's action brought this action under Section 120 only, the court must dismiss any claims stated in paragraphs 197 through 223 for want of jurisdiction.

B. The Court Would Not Have Jurisdiction Under Other Statutes. Nor would the court have jurisdiction to award damages for any failure of the Park Service to follow its procedures. First, any jurisdiction the court would have to review agency actions is found in the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. Shearer does not invoke the court's jurisdiction under the APA. Moreover, the only remedies authorized by the APA do not include the awarding of any monetary compensation. 5 U.S.C. § 706.

Even if the alleged failure of the Park Service to follow established procedures could in this instance constitute a taking (and the United States denies that they could), the general jurisdiction of this court over any such claim is limited to claims that do not exceed $10,000.00. 28 U.S.C. § 1346(a)(2). As Shearer's allegations regarding the value of mining claims in paragraphs 224 through 228 of the First Amended Complaint show, he seeks compensation in excess of $10,000.00. Therefore, this court would lack jurisdiction over such claims under 28 U.S.C. § 1346(a)(2).

The properties at issue are within an unit of the National Park System. The court could have jurisdiction to award

compensation in amounts in excess of $10,000.00 under 16 U.S.C. § 1910. *KLK, Inc. v. United States Dept. of the Interior*, 35 F.3d 454, 455-56 (9th Cir. 1994). However, that jurisdiction is limited to any loss suffered "by operation of this Chapter" [Chapter 39 of the United States Code, 16 U.S.C. § 1901-1912, the Mining in the Parks Act] or by order or regulations issued pursuant thereto...." 16 U.S.C. § 1910. Plaintiff does not plead that any of the alleged failures or actions in paragraphs 197 through 223 of the First Amended Complaint were taken under the Mining in the Parks Act, or were taken in any orders or regulations issued thereunder.

Therefore, the court clearly lacks jurisdiction over the claims stated in paragraphs 197 through 223 of the First Amended Complaint, and must dismiss those allegations.

## III. SHEARER'S CLAIMS REGARDING ACCESS RIGHTS ARE NOT COVERED BY SECTION 120.

On page 35 of the First Amended Complaint (Docket No. 21), Shearer starts a new allegation under the heading: "(Claim Continued) Mining Claims and Access Rights Not Subject to Individual Consent Declaration of Taking." This claim is then set forth in paragraphs 180 through and including paragraph 193 of the First Amended Complaint. In these allegations, Shearer is neither contending that any interest in property has been taken from him, nor presenting a claim for compensation. Instead, Shearer alleges that he has certain access rights to property for which he did not consent to any taking or forfeiture. First Amended Complaint ¶¶ 180, 182, 185, 187-190. Shearer further alleges that he did not consent to the taking or forfeiture of

any access rights guaranteed by the Alaska National Interest Lands Conservation Act (ANILCA). *Id.* ¶ 191. Shearer also claims the "right to receive the same quality and quantity of access to property he retained in his" Section 120 consent and which he has under law. *Id.* ¶¶ 192-193. Presumably Shearer seeks a determination of these retained rights.

The only basis for jurisdiction alleged and invoked by Shearer in this action is Section 120. *Id.* ¶ 2. Section 120, however, as already shown in Part I at 6-8, *supra.*, only gives the court jurisdiction to determine the amount of and award just compensation for the takings effected by that statute. 111 Stat. 1565:

> United States or a claim owner ... may initiate proceedings ... seeking a determination of just compensation in the District Court for the District of Alaska pursuant to the Declaration of Taking Act, sections 258a-e of title 40....

Therefore, any claim by Shearer regarding these allegedly retained access rights must be dismissed for want of jurisdiction.

Even if Section 120 had granted the court jurisdiction to address these retained access rights, jurisdiction would still be absent for lack of an active case or controversy regarding these alleged access rights.[6]/ Shearer does not allege that federal

---

[6]/ It is a plaintiff's burden to show that the court has subject matter jurisdiction; not the burden of a defendant to show that the court does not have jurisdiction. *FW/PBS, Inc. v. Dallas*, 493 U.S. 213, 231 (1990); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Scott v. Breeland*, 792 F.2d 925, 927 (9th cir. 1986); *Aleut League v. Atomic Energy Comm'n*, 337 F. Supp. 534, 536 (continued...)

defendants have in any way refused to recognize or denied Shearer any right to use the access he alleges he has retained. Further, to the extent Shearer contends he has access rights under ANILCA, these rights are subject to the regulations in 36 C.F.R. part 36 and in particular 36 C.F.R. § 36.10 *et seq.* Shearer does not allege that he ever applied for or was denied access under these regulations.

It is elemental that an actual or threatened injury to a Shearer is a prerequisite to standing and to jurisdiction of the Court to entertain plaintiff's action. A party invoking the jurisdiction of the court must have "a personal stake in the outcome of the controversy" *Baker v. Carr*, 369 U.S. 186, 204 (1962). This is a threshold jurisdictional question. *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *McMichael v. Napa County*, 709 F.2d 1268, 1269 (9th Cir. 1983). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. at 560. A party invoking the Court's jurisdiction must show that he or she has suffered an actual or threatened injury as a result of the actions of a defendant. *Valley Forge Christian College v. Americans United for Separation*

---

6/ (...continued)
(D. Alaska, 1971). Once jurisdiction is challenged the presumption, until proven otherwise by a plaintiff, is that the court lacks subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981), *cert. denied*, 455 U.S. 968, *rehearing denied*, 456 U.S. 939 (1982); *People of the State of California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

*of Church & State, Inc.*, 454 U.S. 464, 471-72 (1982); *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 39 (1976); *Warth v. Seldin*, 422 U.S. at 498-99.

Thus, even if Section 120 granted jurisdiction over claims regarding access rights, the First Amended Complaint fails to allege any actual or threatened injury to Shearer, or show the existence of any actual case or controversy between Shearer and the federal defendants with respect to his alleged access rights. Therefore, the claims stated in paragraphs of 180 through and including paragraph 193 of the First Amended Complaint must be dismissed for lack of jurisdiction.

IV. MISCELLANEOUS ADDITIONAL CLAIMS NOT COVERED BY SECTION 120.

In the Motion of the United States for Partial Summary Judgment (Docket Entry No. 39), filed September 30, 2005, the United States has shown that Shearer's claims for compensation for properties identified in the First Amended Complaint ¶¶ 42-61, as Parcels 2-21 must be dismissed because Shearer did not consent under Section 120 to the taking of those properties. In the alternative, even if Shearer had consented to the taking of those properties, Shearer's claims for compensation for the alleged taking of some of those properties must also be dismissed as a matter of law on other grounds.[7]/

---

[7]/ The United States may have additional defenses to the claims addressed below. Since the United States has moved for a judgment on the pleadings, it is limiting its arguments herein to matters shown in the allegations in the First Amended Complaint, that may be addressed by the court under Fed. R. Civ. P. 12(c) without reference to evidence.

**Parcels** 16, 17 & 18: For each of the properties identified by Shearer as Parcels 16, 17, and 18, the interest allegedly held by Shearer and taken by the United States is described as an "Ownership interest in liens....," First Amended Complaint ¶ 16, or "Ownership interest of a lien on subject property....," *id.* ¶¶ 17, 18. The language of Section 120 quoted at 5, *supra.* is, however, clear. It provides only for the vesting "in the United States all right, title and interest in and to, and the right of immediate possession of, all patented mining claims and valid unpatented mining claims" for which "all current owners" have timely consented. 111 Stat. 1564 (emphasis added). Section 120 does not provide for the consent to the taking and the vesting of title and interest in the United States in any interests other than mining claims. Therefore, Section 120 does not operate to take any interests Shearer may hold in liens to any property, or to provide the court jurisdiction to award compensation for the value of any such liens. Thus, this claim must be dismissed for both failure to state a claim upon which relief can be granted and for want of jurisdiction.

**Parcel 8**: The property identified as Parcel 8 is the Banjo Mill and personal property. First Amended Complaint ¶ 48. The interest allegedly owned is described as "[o]wnership" of "Banjo Mill, structures, and personal property" and "salvage rights and all other rights associated with personal property." *Id.* As already shown above, Section 120 only provides for the taking of patented and valid unpatented mining claims, and gives the court jurisdiction to award compensation for the taking of mining claims only. It does not provide for the taking of the property

identified as Parcel 8, nor confer jurisdiction to determine and award compensation for any taking of Parcel 8.

**Parcels 9 & 10**: Parcel 9 is described as the "Fannie Quigley Cabin, summer cabin, other structures, homestead and homestead rights." First Amended Complaint ¶ 49. Parcel 10 is described as the "Joseph B. Quigley cabins, other structures, homestead and homestead rights." First Amended Complaint ¶ 50. These too are not mining claims. Therefore, for the reasons already shown above, Shearer's claim for compensation for Parcels 9 and 10 must be dismissed.

**Parcel 21**: Parcel 21 is described as "[m]ining interests in the subject property of the Quigley 1937 Option Agreement" of which the interest allegedly taken is the "3% mineral rights held originally by RTMC."[8]/ First Amended Complaint ¶ 61. This interest is then further described as:

> The taking of rights or property values in the form of income from mineral rights owned by RTMC or their assignees: Government Defendants interference with mining resulted in the taking of mining income.

*Id.*

This, too, does not present a claim for compensation for the taking of a mining claim.[9]/ Therefore, any claim for compensation for Parcel 21 must be dismissed.

---

[8]/ RTMC refers to the Red Top Mining Company. First Amended Complaint ¶ 14.

[9]/ Shearer has also admitted in Plaintiff's Opposition to Motion of the United States for Partial Summary Judgment (Docket Entry No. 65) at 20, that the consent to the taking of "A royalty interest would not suffice for purposes of Section 120 legislation."

CONCLUSION

For the foregoing reasons, the court must dismiss the claims stated in paragraphs 180 through 193 and 197-223 of the First Amended Complaint, and dismiss the claims for compensation for the property identified as Parcels 8, 9, 10, 16, 17, 18 and 21.

Dated this 28th day of December, 2005.

DEAN K. DUNSMORE
PAUL HARRISON
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of December 2005 a copy of the foregoing Motion of the United States for a Partial Judgment on the Pleadings together with attached Exhibit were served by placing said copy in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Anchorage, Alaska.

Paul G. Shearer
Kathryn A. McCready
1532 Meadows Drive
Lake Oswego, Oregon 97034

Lorraine A. Carter