Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034
(503) 697-4378



UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER,                    )<br>                                                  )<br>            Plaintiff,                         )<br>                                                  )<br>    vs.                                        )<br>                                                  )<br>UNITED STATES OF AMERICA,   )<br>GALE A. NORTON, Secretary of the )<br>Interior, DEPARTMENT OF INTERIOR, )<br>and, NATIONAL PARK SERVICE,   )<br>                                                  )<br>            Defendants.                    )<br>_____) | Case No. A03-0263 CV (JKS)<br>(Consolidated)<br><br><br><br><br><br>**PLAINTIFF'S PARTIAL OPPOSITION**<br>**TO UNITED STATES' MOTION FOR**<br>**PARTIAL JUDGMENT ON THE**<br>**PLEADINGS** |

## INTRODUCTION

The United States has filed a Motion for Partial Judgment on the Pleadings along with a memorandum of Points and Authorities in support of its Motion for Partial Judgment on the Pleadings (Docket 71). This motion seeks dismissal of several enumerated paragraphs in Shearer's First Amended Complaint on grounds these do not state a cause of action under the Section 120 legislation.

The First Amended Complaint was drafted and filed without the assistance of counsel. Shearer has conferred with counsel and understands that many of the paragraphs subject of the motion, with exceptions noted below, do not qualify for a claim for relief under Section 120. Accordingly, Shearer does not oppose the United States' motion with regard to the paragraphs

1

Shearer is willing to dismiss without prejudice (see lodged Order enclosed with this Opposition). However, Shearer does reserve his rights under the law to the extent that the averments in the paragraphs subject of the government's motion do pertain to other potential causes of action, regardless of whether a case or controversy concerning such cause(s) of action exists at this time.

Also, Shearer partially opposes the government's motion with regard to particular paragraphs because Shearer contends these properly pertain to a mining claim on which Shearer has consented for relief under Section 120. In some instances, Shearer's partial opposition is supported by the Declaration of Paul Shearer and attached exhibits, and hence, the government's Motion for Partial Judgment on the Pleadings is converted to one for partial summary judgment.

## OPPOSITION ARGUMENT

**¶¶ 48, 50 (Parcels 8 and 10: Banjo Mill, structures, personal property and Joseph Quigley Cabin).** The United States objects that the averments in paragraphs 48 and 50 pertain to property interests distinguishable from mining claims and therefore do not qualify for consent under Section 120. Paragraph 48 alleges Shearer's ownership in the Banjo Mill, structures and personal property. Paragraph 50 alleges ownership in the Joseph Quigley cabin, structures and homestead rights. Shearer partially opposes the government's motion to dismiss paragraphs 48 and 50 to the extent these pertain to property interests located on the Banjo unpatented mining claim included as Parcel 7 and separately plead as subject to Section 120 consent in the First Amended Complaint.

The Banjo Mill, Joseph Quigley cabin, and various structures are present on the Banjo claim. (See Shearer Declaration ¶ 7). Shearer asserts ownership of the Banjo Claim and has consented to taking of that claim (Parcel 7) (See Shearer Declaration ¶ 6). If Shearer's consent is

valid as to the Banjo Claim and Shearer's title is determined to vest a property interest on February 12, 1998, against the United States, then Shearer asserts as part of his claim for just compensation all value attributable to the Banjo Mill, Joseph Quigley Cabin, structures and improvements affixed and appurtenant to that mining claim.

The United States has recognized the Banjo Mill is located on the Banjo Claim and that Shearer has an ownership interest in the Banjo Mill suitable for acquisition. *See* Shearer Declaration ¶ 8.

¶ **49 (Fannie Quigley Cabin and other structures).** The United States objects to the averments in paragraph 49 because these do not pertain to Shearer's ownership of a mining claim suitable for consent under Section 120. The averments in paragraph 49 pertain to the Fannie Quigley cabin, summer cabin, other structures, and homestead rights. Shearer partially opposes the government's motion to dismiss paragraphs 49 to the extent these pertain to property interests located on the mining claims included as Parcel 7, and possibly but are not limited to Parcels 13 and 19, all of which are mining claims separately plead as subject to Section 120 consent in the First Amended Complaint. Shearer obtained from the Fannie Quigley heirs and recorded an interest to all structures previously owned by Fannie Quigley on mining claims in Kantishna. Shearer represents that those structures are located on mining claims subject to his Section 120 consent. (See Shearer Declaration ¶ 9)

¶¶ **56, 57, 58 (Parcels 16, 17 and 18).** The United States objects to the averments in paragraphs 56-58 because these pertain to liens on mining claims rather than ownership of the mining claims themselves and consent of same under Section 120. Shearer agrees that these paragraphs may be dismissed from the First Amended Complaint.

3

**¶ 61 (Parcel 21: 3% Royalty Acquired from Red Top Mining Co).** The United States objects to the averments in paragraph 61 of the First Amended Complaint. These pertain to a 3% mineral royalty acquired by Shearer from Red Top Mining Co. and relating to mining claims identified in the 1937 Option Agreement. Shearer partially opposes the government's motion to dismiss paragraph 61 to the extent it may pertain to property interests of the mining claims included as Parcel 3, 11, 12, 13, 14, 19, 20 and separately plead as subject to Section 120 consent in the First Amended Complaint. Additionally this represents a remaining interest of additional mining claims that Shearer was consenting to United States to ensure that this final consent transferred 100% interest in those mining claims to United States. The United States did accept and acknowledge similar consent of mineral interests subject to Section 120 as evidenced by the consents and Transfers of Ownership recorded by the United States (Shearer's Declaration ¶¶ 10-12). If Shearer's consent is valid as to any of the above Parcels listed in this paragraph above and Shearer's title is determined to vest a property interest on February 12, 1998, against the united States, then Shearer asserts as part of his claim for just compensation all value attributable to Parcel 21 in paragraph 61 of the First Amended Complaint.

**¶¶ 180-193.** The United States objects that the averments in paragraphs 180-193 pertain only to access rights and do not show any consent for legislative taking under Section 120 or a claim for just compensation. Shearer agrees to dismiss paragraphs 182-186 and 188-193 for the reasons stated below, while retaining all of the access rights described therein. Shearer partially opposes the government's motion with regard to paragraphs 180, 181, 187, for the reasons stated below.

**¶ 180.** The United States Answer (Docket 29) admitted this paragraph with the response

"180. Admitted." Therefore the United States has admitted that: "180. Shearer did not consent any interest or forfeit any access rights to any property or access rights that he obtained after February 12, 1998, the date he signed the Individual Consent Declaration of Taking."

¶ 181. The United States does not address paragraph 181 explicitly but incorrectly includes paragraph 181 with the range of paragraphs that United States characterizes as only addressing "access". Instead Paragraph 181 deals directly with Section 120 consent since it addresses the provision in Section 120 that allows an owner to bring other owners into a Section 120 action in order to litigate the case. This is exactly the activity that Shearer pursued when he obtained a stay from this court to bring other owners into settlement negotiations and complete a settlement of all mining claims subject to this law suit and the Section 120 consents.

¶¶ 182-186. The United States objects that the averments in paragraphs 182-86 do not show any consent for legislative taking under Section 120 or a claim for just compensation thereunder. In these paragraphs, Shearer identifies the properties he retained and specifically elected to exclude from his consent dated February 12, 1998. The properties comprise a divided portion of the Doherty Claim (Approximately 7.1 acres not consented in Parcel 1), a divided portion of Rainy #5 Claim, a recorded easement and right of way across Rainy #4 Claim, a recorded Access Easement and Right of Way that extends from the Denali Park Road to and across Rainy#4 and Rainy#5 Placer Claims (M.S. 2430), and access to all retained properties. Shearer agrees that no averments in the First Amended Complaint as to these retained properties is necessary for the purpose of claiming Section 120 just compensation, and therefore agrees to dismissal of paragraphs 182-186 for the reasons above. Of course, Shearer reserves all legal rights with regard to his retained properties and retained access rights not enrolled under Section

120. Shearer also reserves his rights at law with regard to any actionable violation of his property rights for properties not taken under Section 120 and not incorporated in this lawsuit at this time.

¶ **187.** The United States Answer (Docket 29) admits that Shearer did not specifically consent any of his access to the Doherty mining claim as part of his Section 120 consent of that property. Shearer therefore partially opposes dismissing this paragraph 187 since it deals with Section 120 consent.

¶¶ **188-193.** The United States objects to the averments in paragraphs 187-193 on similar grounds, i.e. these do not show a consent for legislative taking under Section 120 nor a claim for just compensation. Rather paragraphs 188-193 concern access rights to various retained properties within the Kantishna Hills. Shearer agrees that any rights of access plead in paragraphs 188-193 can be dismissed without altering Shearer's claims for just compensation to parcels subject of his consent under Section 120. Therefore Shearer agrees to dismiss paragraphs 188-193 while retaining all of the access rights described therein. Note that United States Answer (Docket 29) did not explicitly deny any of Shearer's paragraphs 188-193. Shearer reserves all of his access rights to retained property pursuant to ANILCA §§ 1109, 1110, 16 U.S.C. §§ 3169-70, the Fifth Amendment and any other applicable authority.

¶¶ **197-199.** The United States objects to paragraphs 197-199 because these allege an earlier date of taking for properties under which Shearer asserts consent under Section 120. The United States relies on an Order the Court entered in the companion Section 120 action, *Kantishna Mining Co v. Babbitt* as authority for the proposition that an earlier date of taking may not be plead in a Section 120 action. While Shearer disagrees with the government's

interpretation of the KMC Order, Shearer recognizes to a date of taking of February 12, 1998, with regard to Parcels 1-21 identified in his First Amended Complaint. Therefore, to the extent ¶¶ 197-199 erroneously sound in an earlier date of taking, Shearer agrees to dismissal of these averments.

**¶¶ 200-202.** The United States seeks dismissal of paragraphs 200-202 because these allege events only and do not constitute a taking of properties on which Shearer has validly consented under Section 120. The United States' interpretation of these paragraphs is mistaken. Shearer set forth the averments in paragraphs 200-202 as foundation to prove his title to Parcels 2-21 subject of his consent. Shearer therefore opposes dismissal of the paragraphs 200-202 from the First Amended Complaint. See previous Declaration of Paul Shearer ¶¶ 3-10, 26-28, attached as Exhibit to Shearer Opposition to Motion of the United States for Partial Summary Judgment on Consent (Docket 65).

**¶¶ 203-212.** The United States objects to paragraphs 203-212 because the averments therein are not cognizable under Section 120. In other words, the averments do not impact Shearer's consent to a taking under Section 120 and for which just compensation is sought in the First Amended Complaint. Shearer agrees to dismiss paragraphs 203-212 given that such dismissal does not limit his claims under Section 120. However, Shearer reserves his rights at law with regard to any actionable violation of his property rights for properties not taken under Section 120 and not incorporated in this lawsuit at this time.

**¶¶ 213-218.** The United States objects to the averments in paragraphs 213 and 217 on the same grounds as paragraphs 203-212. However Shearer partially opposes motion to dismiss paragraphs 213-218 since these paragraphs deal with the ownership issues of property consented

under Section 120 and specifically address United States knowledge prior to February 12, 1998, of Shearer's ownership interests that he consented under Section 120 on February 12, 1998. The averments in these paragraphs show United States' prior actions and communication with Shearer with regard to property interests owned by Shearer. Thus the paragraphs show actual notice by the United States of Shearer's asserted ownership of consented Parcels 2-21. This issue has also been joined by Shearer in his Opposition to Motion of United States for Partial Summary Judgment on Consent, (Docket 65). See Shearer Declaration ¶¶ 3-10, 26-28, attached as Exhibit to that Opposition.) Therefore Shearer opposes dismissing these paragraphs 213-218. Shearer has submitted a First and Second Request For Production related to Shearer's prior communication with the United States regarding the consented ownership interests addressed in paragraph 213-218 but the United States has refused to produce a response to Shearer's production requests.

¶¶ **219-220.** The United States objects to the averments in paragraphs 219 and 220 on the same grounds as paragraphs 199-218. Paragraphs 219-220 concern Parcel 11 identified in the First Amended Complaint. This parcel comprises six patented mining claims known as Silver King Lode Claim, Merry Widow Lode Claim, Jupiter-Mars Lode Claim, Chloride Lode Claim, Waterloo Lode Claim, and Chlorine Lode Claim. Shearer asserts an undivided 1/6 ownership interest in these mining claims for which the United States has already purported acquired the fee interest. The First Amended Complaint consents to a Section 120 taking as to the six mining claims comprising Parcel 11. Because the United States already claims title to these claims, Shearer's consent pertains to a residual interest which completes the ownership for purposes of Section 120 consent. (See Shearer Declaration ¶¶ 10-12.)

Shearer has produced as a response to the United States Request For Production the title chain and title documents to show Shearer's interest in Parcel 11. (See Shearer Declaration ¶¶ 3-5). Shearer has also served a First and Second Request For Production to the United States requesting evidence of its assertion of title but as of this date the United States has refused to produce any response to Shearer's requests for production to support their claims of title to Parcel 11.

If Shearer's consent to an undivided 1/6 ownership in Parcel 11 is deemed to fall outside of Section 120, then Shearer reserves his rights as a matter of law to his 1/6 undivided ownership interest in the six mining claims included in Parcel 11. Specifically, Shearer reserves his rights to quiet title to his undivided 1/6 ownership interest and perfect this ownership interest against the United States.

**¶¶ 221-223.** The United States objects to the averments in paragraphs 221 and 222 on the same grounds as paragraphs 199-218. Paragraphs 221-222 concern Parcel 12 and 13 identified in the First Amended Complaint. This parcel comprises patented mining claims known as Friday Lode Claim, Star Lode Claim, and Polly Wonder Lode Claim. With Parcel 12 and 13 Shearer asserts an ownership interest in Friday and Star mining claim, and with parcel 13 Shearer asserts an undivided 1/3 ownership interest in the Polly Wonder mining claim for which the United States has already purported acquired the fee interest. The First Amended Complaint consents to a Section 120 taking as to the ownership interests in mining claims comprising Parcel 12 and 13. Because the United States already claims title to these claims, Shearer's consent pertains to a residual interest which completes the ownership for purposes of Section 120 consent. (See Shearer Declaration ¶¶ 10-12)

Shearer has produced as a response to the United States Request For Production the title chain and title documents to show Shearer's interest in Parcel 12 and 13 (See Shearer Declaration ¶¶ 3-5). Shearer has also served a First and Second Request For Production to the United States requesting evidence of its assertion of title but as of this date the United States has refused to produce any response to Shearer's requests for production to support their claims of title to Parcel 12 and 13.

If Shearer's consent to an ownership interest in Parcel 12 and to a 1/3 undivided ownership interest in Parcel 13 is deemed to fall outside of Section 120, then Shearer reserves his rights as a matter of law his ownership interests in the mining claims included in Parcel 12 and 13. Specifically, Shearer reserves his rights to quiet title to his ownership interest and perfect this ownership interest against the United States.

## CONCLUSION

For all of the above reasons, then plaintiff Paul Shearer respectfully requests that the Court deny the Motion of the United States for Partial Summary Judgment on the Pleadings.

DATED at Lake Oswego, Oregon, this 16 day of January, 2006.

_____
Plaintiff
Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034

CERTIFICATE OF SERVICE

I certify that on ___1/17___ 2006 a copy of the above documents was served by placing said copies in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the _US POSTAL_ mail at _PORTLAND_, Oregon.

_____
Paul G. Shearer

Addressee(s):

AK AIRLINE COURIER
US District Court
Clerk of Court
222 W. 7th Ave #4
Anchorage, AK 99513-7564
907-677-6100


Paul Harrison (copy)
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 561 – Ben Franklin Station
Washington, D.C. 20044
Email: paul.harrison@usdoj.gov
202-305-0299
202-514-8865 FAX


Dean K. Dunsmore (copy)
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, AK 99501-3657
Email: dean.dunsmore@usdoj.gov
907-271-5452
907-271-5827 FAX

1