Section 120 case, counsel for the United States had no duty to disclose such a decision to Shearer. Shearer was proceeding pro se and in that capacity voluntarily chose to assume the risks associated with representing himself.[2]/

    The Final Decision in *United States v. 191.07 Acres of Land*, No. A98-0072-CV(JKS), of February 9, 2004, copy attached as Exhibit D to the Declaration of Paul G. Shearer, does not establish any right to trial by jury in a Section 120 action. Neither that case, nor the case of *Milan Martinek v. United States*, No. A98-0098-CV(JKS), with which it was consolidated, invoked the jurisdiction of the court under Section 120. *United States v. 191.07 Acres of Land* was commenced as a direct condemnation action with a Complaint in Condemnation (Exhibit 4 hereto) invoking the court's jurisdiction under 28 U.S.C. § 1358, and was accompanied by a Declaration of Taking (Exhibit 5 hereto). *Milan Martinek v. United States* was an inverse condemnation action that invoked the court's jurisdiction under 16 U.S.C. § 1910. Complaint in Condemnation for Inverse Condemnation and Just Compensation ¶ 3, Exhibit 6 hereto. Therefore, the court's Final Decision in that consolidated

---

[2]/    Counsel for the United States have routinely and consistently reminded Shearer from the very beginning that they (1) represent the United States and not Mr. Shearer, and (2) that they cannot give legal advice to Shearer. Further, counsel have also from the very beginning advised Mr. Shearer to seek private counsel.