FILED
U.S. DISTRICT COURT
DISTRICT OF ALASKA

2003 JAN 27 PM 3: 19

DAVID F. SHUEY
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
601 D. St. N.W. Rm 3422
Washington, D.C. 20004
202-305-0467
Facsimile: 202-305-0398


DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
907-271-5452
Facsimile: 907-271-5827


Attorneys for The United States

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| LARRY D. COMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. A01-341- CV(JKS ) |
| | ) | |
| V. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FEDERAL DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Plaintiff's Second Amended Complaint, (Docket Entry No. 32) includes a Jury Demand

(Second Amended Complaint at p. 7) for the determination of just compensation under Section 120

EXHIBIT  1
Page  1 of 9

of the Act of November 14, 1997 (Section 120, Pub.L. 95-83 § 120, 111 Stat. 1543, 1564-66), and this case has been scheduled for jury trial to commence on May 5, 2003. Minute Order from Chambers (Docket Entry No. 31) filed September 26, 2002. Since a plaintiff has a right to trial by jury only where that right is one of the express conditions of the United States' consent to be sued, and because Section 120 provides no such right, Plaintiff's demand for a jury must be denied.

DATED this 27th day of January 2003.

DAVID F. SHUEY
DEAN K. DUNSMORE

Attorneys for Federal Defendants

FED'L DEFS' MOTION
STRIKE JURY DEMAND                           -2-

EXHIBIT 1
Page 2 of 9

## FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Plaintiff seeks a jury trial in this case seeking just compensation for land legislatively taken by Section 120 of the Act of November 14, 1997 (Section 120, Pub.L. 95-83 § 120, 111 Stat. 1543, 1564-66). Since a plaintiff has a right to trial by jury only where that right is one of the express conditions of the United States' consent to be sued, and because Section 120 provides no such right, Plaintiff's demand for a jury must be denied.

### ARGUMENT

### I.     Absent Express Authorization There Is No Right To Trial By Jury In Actions Against The United States.

It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the United States. Galloway v. United States, 319 U.S. 372, 388-389, 63 S.Ct. 1077, 1086 (1941). Rather, a right to trial jury exists only where Congress has specifically authorized it. Lehman v. Nakshian, 453 U.S. 156, 101 S.Ct. 2698 (1981). The Supreme Court has recognized the general principle that the United States, as sovereign, "is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953 (1976). Thus, when Congress waives the United States' immunity from suit, as it has in Section 120, the plaintiff has a right to a trial by jury only where the right is expressly included in the terms of the United States' consent to be sued. Id. Like a waiver of immunity itself, which must be "unequivocably expressed," the limitations and conditions upon which the United States consents to be sued must be strictly observed and exceptions thereto are not to be implied. Soriano v. United States, 352 U.S. 270, 276

FED'L DEFS' MOTION
STRIKE JURY DEMAND                          -3-

EXHIBIT  1
Page  3  of  9

(1957).  See also United States v. Kubrick, 444 U.S. 111, 117-118 (1979) ; United States v. Sherwood, 312 U.S. 584, 590-591 (1941). [1]/

In those instances in which the Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial.  Jury trials are not available in the Court of Federal Claims for the broad range of cases against the United States founded either upon the Constitution, or any Act of Congress, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.  See 28 U.S.C. 1491; see also Glidden Co. v. Zdanok, 370 U.S. 530, 572, 82 S.Ct. 1459, 1484 (1962). [2]/  Thus, the appropriate inquiry for the Court here is whether Congress clearly and unequivocally departed from its usual practice in claims against the United States and granted a right to trial by jury in Section 120.

## II.    Section 120 Does Not Authorize Trial By Jury.

In enacting Section 120, Congress did not depart from its normal practice.  The structure of Section 120 clearly sets up a process for a legislative taking, and provides for the determination of just compensation for that legislative taking either by negotiated settlement or by judgment of the court.  With regard to the determination of compensation, Section 120 provides as follows:

---

[1]/    The waiver of sovereign immunity and any limitations on that waiver are to be strictly construed in favor of the government.  Lane v. Pena, 518 U.S. 187, 192 (1996); Ruckelshaus v. Sierra Club, 463 U.S. 680, 687 (1983); Campbell v. United States, 835 F.2d 193, 195 (9th Cir. 1987). Exceptions to the waiver are not to be implied.  Block v. North Dakota, 461 U.S. 273, 287 (1983); Wildman v. United States, 827 F.2d 1306, 1309 (9th Cir. 1987).

[2]/    The Supreme Court has suggested that Congress' reluctance to provide for jury trials against the United States is due to its concern that juries "might tend to be overly generous because of the virtually unlimited ability of the Government to pay the verdict." Id.

EXHIBIT 1
Page 4 of 9

Provided further, That the United States shall pay just compensation to the aforesaid owners of any valid claims to which title has vested in the United States pursuant to this section, determined as of the date of taking: Provided further, That payment shall be in the amount of a negotiated settlement of the value of such claim or the valuation of such claim awarded by judgment, and such payment, including any deposits in the registry of the court, shall be made solely from the permanent judgment appropriation established pursuant to section 1304 of title 31, United States Code, and shall include accrued interest on the amount of the agreed settlement value or the final judgment from the date of taking to the date of payment, calculated in accordance with section 258a of title 40, United States Code: Provided further, That the United States or a claim owner or bankruptcy trustee may initiate proceedings after said 90-day period, but no later than six years after the date of enactment of this section, seeking a determination of just compensation in the District Court for the District of Alaska pursuant to the Declaration of Taking Act, sections 258a-e of title 40, United States Code (except where inconsistent with this section), and joining all owners of the claim: Provided further, That when any such suit is instituted by the United States or the owner or bankruptcy trustee, the United States shall deposit as soon as possible in the registry of the court the estimated just compensation, in accordance with the procedures generally described in section 258a of title 40, United States Code, not otherwise inconsistent with this section ....

Section 120 makes no mention whatsoever of a trial by jury. As a result, it fails to meet the requirement that the statute creating the cause of action must affirmatively and unambiguously grant the right to trial by jury. Lehman v. Nakshian, supra; Washington Int'l. Ins. Co. v. United States, 863 F.2d 877, 878-79 (Fed. Cir. 1988), K.L.K., Inc. v. United States Department of Interior, 35 F.3d 454 (9th Cir. 1994). Section 120's reference to and incorporation of the procedures of the Declaration of Taking Act, 40 U.S.C. §§ 258a-258e, likewise does not provide any evidence of Congressional intent to provide for a right to trial by jury: none of the provisions of 40 U.S.C. §§ 258a-258e make any mention whatsoever of trial by jury. [3]/ As a result, Section 120 provides no

---

[3]/    Sections 258a-258e (recodified at 40 U.S.C. 3114 et seq.) set out the procedures by which the United States may obtain immediate possession of property by the deposit of estimated compensation with the Court, which the landowner may withdraw. United States v. Miller, 317 U.S.



basis for plaintiff's request for trial by jury.

A right to trial by jury can not be assumed in the absence of express statutory authority.  In K.L.K., Inc. v. U.S., the plaintiff, the owner of several unpatented mining claims in Denali  National Park and Preserve, brought an inverse condemnation action against the Department of Interior (DOI) seeking just compensation for claims it alleged were taken pursuant to the  Mining in the Parks Act (MPA), 16 U.S.C. § 1910.   The MPA contained a congressional waiver of sovereign immunity and expressly provided that claims arising under § 1910 could be brought in the District Court.  Relying on Federal Rule 71A(h), which allows for trial by jury in direct condemnation actions,  the District Court ordered the issue of just compensation submitted to a jury.[4]/  DOI requested and received certification of the Order and the issue was appealed.  The Ninth Circuit reversed the District Court finding that the MPA itself contained no language providing for the issue of just compensation to go to a jury, and noting that there is no  right to a trial by jury in actions against the United States unless

_____

369, 383 (1943); United States v. Blankenship, 543 F.2d 1272, 1275 (9th Cir. 1976).  Sections 258a-258e apply to "any proceeding" brought by the United States for the acquisition of property, not just direct condemnation actions.  Here, the United States deposited estimated compensation for the various claims on May 20, 2002 (Docket Entry Nos. 18 & 19), the Trustee sought release of the deposited funds on the same date (Docket Entry No. 20), and the Court ordered partial release of the funds on May 22, 2002 (Docket Entry No. 23).

[4]/   Direct condemnation actions are brought pursuant to 28 U.S.C. § 1358 (see United States v. Miller, 317 U.S. at 380-81), which is neither referenced in nor referred to in Section 120.   28 U.S.C. §1358 states as follows:

> The district courts shall have original jurisdiction of all proceedings to condemn real estate for the use of the United States or its departments or agencies.

The right to ask for a trial by jury in actions arising under 28 U.S.C. § 1358 is found in Fed. R. Civ. P. 71A(h), which similarly is not referenced in or referred to in Section 120.  In K.L.K., Inc., 35 F.3d at 457, the Ninth Circuit found that Rule 71A(h) applied only to direct condemnation actions.



that right is expressly contained in the United States' consent to be sued.  K.L.K, supra, at 456, 458.

In addition to determining that the MPA did not expressly provide for trial by jury, the Ninth Circuit also addressed the District Court's assumption that Congress must have intended the jury trial provisions of FRCP 71A, which can be invoked in direct condemnation actions, to apply to the inverse taking under the MPA.  The Ninth Circuit found that the District Court's reliance on FRCP Rule 71A was misplaced.  While K.L.K. involved an inverse taking under the MPA and not a legislative taking pursuant to Section 120, the Ninth Circuit's analysis of the applicability of FRCP 71A to other types of taking actions is relevant here.

In finding that the District Court had erred in applying the jury trial provision of FRCP 71A to an inverse taking, the Ninth Circuit noted that while the concept of "just compensation" is the same in direct and inverse condemnation proceedings " the actions are sufficiently different so that procedures applicable to one type of action do not necessarily apply to the other." K.L.K.., 35 F3d. at 457.   The Court states these differences as follows:

> For example, in an inverse condemnation action, just compensation is based on the value of the land at the time it is seized, while in traditional condemnation, the land is valued at the time condemnation proceeding occurs.  United States v. Clarke, 445 U.S. 253, 258, 100 S.Ct. 1127, 1130, 63 L.Ed.2d 373 (1980).  More importantly, because the government has already taken possession of the land in an inverse condemnation proceeding, it is obligated to accept the price determined, whereas in a traditional condemnation proceeding the government is not committed to buying the property if the price is too high.   United States v. 156.81 Acres, 671 F.2d 336, 339 (9th Cir.), cert. denied, 459 U.S. 1086, 103 S.Ct. 569, 74 L.Ed.2d 931 (1982).  Thus, because the proceedings differ in ways that have a significant effect on the obligations of the parties and the outcome of the case, it is improper to assume that Congress intended to give landowners the same rights in inverse condemnation actions as they have in traditional condemnation actions.

Id.  Here, the same considerations for not allowing a jury trial  apply.  The United States is already in possession of the property taken pursuant to Section 120 as provided in the statute.  The amount

EXHIBIT 1
Page 7 of 9

of compensation owed will be based on the value of the property as of the date of the legislative taking, November 5, 2001, and not as of the date of trial as in a direct condemnation.[5]/ Similarly, the United States must accept and pay the amount of just compensation determined for the legislative taking, and is precluded from not going forward with the acquisition of the property as it may in a direct condemnation when the jury verdict is too high. As a result, the very same factors that persuaded the Ninth Circuit not to assume that Congress intended the procedures for a direct condemnation to apply to an inverse condemnation are present in the legislative taking before the Court. Accordingly, this Court should also not assume that Congress intended the jury trial provisions of Rule 71A to apply to a legislative taking.[6]/

---

[5]/    The value of the property taken is to be ascertained as of the date of the taking (i.e. the date of entry into possession of the property). United States v. Clarke, 445 U.S. 253, 258 (1980); United States v. Miller, 317 U.S. 369, 374 (1943).

[6]/    As the Supreme Court held in Lehman v. Nakshian, 453 U.S. 156, 168 (1981), a plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted the right by statute. In a case decided after K.L.K., Inc., the Supreme Court reiterated that principle:

> A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign. ... A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text; the unequivocal expression of elimination of sovereign immunity that we insist upon is an expression in the statutory text.

Lane v. Pena, 518 U.S. 187, 192 (1996), citing United States v. Nordic Village, Inc., 503 U.S. 30, 33-34, 37 (1992).

EXHIBIT    1
Page   8   of   9

**Conclusion**

For the foregoing reasons, Defendants respectfully request the Court to strike the Plaintiff's

request for a jury trial.

DATED this 27ᵗʰ day of January 2003.

for DAVID F. SHUEY
DEAN K. DUNSMORE

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27ᵗʰ day of January 2003, a copy of the foregoing Federal
Defendants' Motion to Strike Plaintiff's Request for Jury was served by United States mail, first class,
postage paid to the following:

Erik LeRoy
Ward Merdes

LORRAINE CARTER
Secretary

FED'L DEFS' MOTION                              -9-
STRIKE JURY DEMAND

EXHIBIT 1
Page 9 of 9