Erik LeRoy, P.C.
500 L St., Ste 302
Anchorage, Alaska 99501
(907) 277-2006
(907) 277-2243 (facsimile)

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| LARRY D. COMPTON, bankruptcy trustee of the Daniel Ashbrook chapter 7 bankruptcy estate<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, GAIL NORTON, Secretary of the Interior, the DEPARTMENT of the INTERIOR, the NATIONAL PARK SERVICE.<br><br>Defendants. | Case No. 01-341 CV (JKS) |

## FIRST AMENDED COMPLAINT

( Public Law 105-83)

### Introduction

1. This is an action seeking resolution of a controversy concerning mining claims within the Kantishna Hills area of Denali National Park and Preserve. Plaintiff, Larry D. Compton is the chapter 7 trustee of Daniel Ashbrook. He brings this action on behalf of that bankruptcy estate pursuant to Pub. L. No. 105-83, to recover just compensation for mining claims taken by the National Park Service, an agency of the Department of the

Interior.

## Jurisdiction and Venue

2. Jurisdiction for this action lies in the U.S. District Court for Alaska pursuant to Section 120 of Pub. L. No. 105-83.

3. Venue is proper in the District of Alaska pursuant to Section 120 of Pub. L. No. 105-83. Because the property at issue is within this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred within this judicial district, venue is also appropriate under 28 U.S.C. §1391(b),(e).

## Parties

4. Plaintiff Larry D. Compton is the duly appointed chapter 7 trustee for Daniel Ashbrook case No. A95-00795-DMD in the United States bankruptcy Court for the District of Alaska.

5. Daniel Ashbrook is a resident of Alaska.

6. Defendant Gail Norton is the Secretary of the Department of the Interior. Defendant Nortton is responsible for administration of the mining laws, and laws and policies related to the National Parks, including Denali National Park and Preserve. Plaintiff brings this action against Secretary Norton in her official capacity as Secretary of the Interior.

7. Defendant Department of the Interior is the department of the federal government that has responsibility for overseeing public lands, including the National Park System, and for implementing section 120 of Public Law 105-83.

8. The National Park Service ("Park Service") is an agency of the Department of the

Interior and administers the National Park System, including Denali National Park and Preserve. (Defendants Norton, the Department of the Interior, the Park Service and the United States of America are referred to collectively as "the Government Defendants.")

### Claim

9. The Ashbrook bankruptcy estate owns valid, patented mining claims in the Kantishna Mining District, located in Denali National Park and Preserve, Alaska, issued under the authority of the 1872 Mining Law, 30 U.S.C. § 21 *et. seq.* The claims were located within the Denali National Park and Preserve and are know as Bueno, Moose #1, Moose #2, Taybo #3, Taybo #4 and Rainy #4 (The "Claims").

10. On November 14, 1997, Public Law 105-83 was signed into law. Section 120 of Public Law 105-83 provides that, if the owners of mining claims within the Kantishna Mining District consent, all right, title and interest in valid, patented mining claims is vested in the United States 90 days after passage of the act, *i.e.* on February 12, 1998. Public Law 105-83 also permits consenting claim owners to recover just compensation for the claims taken.

11. On February 10, 1998, in *In re Daniel E. Ashbrook*, Case No A95-00795-DMD, Plaintiff filed a motion under 11 U.S.C. §363 ("Motion") seeking an order approving the sale of The Claims.

12. The Motion was approved on October 24, 2001 and an Order approving the sale of the Bueno, Moose #1, Moose #2, Taybo #3 and Taybo #4 claims was entered on October 24, 2001 at docket entry 409. An Order approving the sale of the Rainy #4 claim was entered on October 24, 2001 at docket entry 410. Copies of those Orders

are attached to this complaint.

13. Section 120 authorizes the Ashbrook estate to file an action in the District Court for the District of Alaska seeking a determination of just compensation for the taking of its Claims. An action for a determination of just compensation under Section 120 of Pub. L. 105-83 is governed by the Declaration of Taking Act, 40 U.S.C. §§ 258 a-e, except where Section 120 provides rights inconsistent with the Declaration of Taking Act.

14. Section 120 further requires that "the United States shall deposit as soon as possible in the registry of the court the estimated just compensation, in accordance with the procedures generally described in the [Declaration of Taking Act], not otherwise inconsistent with this section." Accordingly, as soon as possible, the government must deposit in the registry of this Court the government's estimated just compensation for Ashbrook's Claims.

15. Pursuant to Public Law 103-85 and the Declaration of Taking Act, 40 U.S.C. §258a, the right to just compensation has vested and the Ashbrook estate is entitled to recover the value of the Claims.

16. Under the terms of the Declaration of Taking Act, 40 U.S.C. §§ 258a, 258e-1, and section 120 of Public Law 105-83, the Ashbrook estate is entitled to recover from the Government Defendants just compensation for the Claims and interests from the date that the Claims were taken by the federal government.

17. The date of taking under section 120 of Public Law 105-83 and applicable bankruptcy law, was November 5, 2001.


EXHIBIT 2
Page 4 of 6

18. The Government Defendants have determined the value of the Bueno, Moose 1, Moose 2, Taybo 3 and Taybo 4 claims to be $1,667,000, and the value of the Rainy 4 claim to be $78,000.

## Prayer for Recovery

Plaintiff respectfully requests that:

1. The Court enter judgment declaring that the Government Defendants are liable to Plaintiff in an amount equal to the just compensation for the taking of Bueno, Moose #1, Moose #2, Taybo #3 and Taybo #4 claims as of the date of taking and award Plaintiff just compensation for the loss of the property interest in an amount to be determined by the jury.

2. The Court enter judgment declaring that the Government Defendants are liable to Plaintiff in an amount equal to the just compensation for the taking of the Rainy #4 claim as of the date of taking and award Plaintiff just compensation for the loss of the property interest in an amount to be determined by the jury.

3. The Court enter judgment in favor of Plaintiff and against the Government Defendants, awarding interest on the sum determined to be just compensation for Plaintiff's Claims beginning on the date of taking and extending to the date of payment;

4. The Court order and direct Government Defendants to deposit immediately in the Court's account the estimated just compensation, $1,745,000, consistent with Section 120 of Pub. L. 105-83.

EXHIBIT 2
Page 5 of 6

5. That the Court order the immediate release to Plaintiff of such funds deposited with the Court.

6. The Court enter judgment in favor of Plaintiff and against the Government Defendants for Plaintiff's attorney fees and costs of this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

7. The Court award Plaintiff such further relief as the Court determines to be just and equitable.

### Jury Demand

Plaintiff demands trial by jury for all issues triable to a jury.

Dated January 16, 2002

_____
Erik LeRoy, P.C.
Attorney for Larry D. Compton
Chapter 7 trustee for Daniel Ashbrook