Lawrence V. Albert
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520-0934
Tel: (907) 243-2172

Arthur E. Neuman
Law Offices
3201 New Mexico Ave., N.W. Ste. 247
Washington, D.C. 20016-2756
Tel: (202) 364-0197

Co-Counsel for Plaintiff Milan Martinek

FILED
U.S. DISTRICT COURT
DISTRICT OF ALASKA
1998 APR -2 AM 11: 00

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MILAN MARTINEK, ) | Case No. A98-098 CV |
| Plaintiff, ) | |
| vs. ) | |
| UNITED STATES OF AMERICA, ) | **COMPLAINT FOR INVERSE CONDEMNATION AND JUST COMPENSATION** |
| Defendant. ) | |

COMES NOW plaintiff Milan Martinek, by and through his co-counsel, Lawrence V. Albert, Attorney at Law, and Arthur E. Neuman, Law Offices, who hereby complains and alleges against defendant United States of America as follows:

COMPLAINT
Martinek\Taking\Complain.pld                                 1

EXHIBIT 6
Page 1 of 16

## PARTIES

1. Plaintiff Milan Martinek is a resident of Palmer, Alaska.

2. Defendant United States of America is the sovereign and owner in fee interest of the real property subject of this proceeding.

## JURISDICTION

3. Section 11 of the Mining in the Parks Act ("MPA"), 16 U.S.C. § 1910, authorizes the holder of any patented or unpatented mining claim located within a unit of the National Park System to bring an action in the U. S. District Court to recover just compensation against the United States for compensable taking of real property.

4. Plaintiff has pending an action sounding in inverse condemnation under the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491 (1997), in the United States Court of Federal Claims regarding the real property interests subject of this proceeding. See Milan Martinek v. United States, No. 91-1303 L (Futey, J.) (U.S. Ct. Fed. Cl).

5. The parties have agreed to dismiss plaintiff's pending action, in pertinent part, upon notice that the United States has filed a Declaration of Taking in the U.S. District Court for the District of Alaska in regard to plaintiff's placer mining claims described herein. This Agreement is memorialized in the Joint Status Report Filed in Case No. 91-1303 L (U.S. Ct. Fed. Cl., filed Mar. 3, 1993), copy attached as Exh. A, and the court's Order approving the Joint Status Report, id., (filed Mar 5, 1998), copy attached as Exh. B.

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

COMPLAINT
Martinek\Taking\Complain.pld

2

EXHIBIT 6
Page 2 of 16

6.  The United States of America has implemented the parties' Joint Status Report and the court's Order approving same in Case No. 91-1303 L (U.S. Ct. Fed. Cl.) by filing a Complaint in Condemnation and Declaration of Taking against plaintiff and his real property interests in this court. See <u>United States of America v. 191.07 Acres of Land, More or Less, Situated in the Denali Borough, State of Alaska, and Milan Martinek</u>, No. A98-072 CV (JKS) (D.Alaska, filed Mar. 10, 1998).

7.  The Just Compensation Clause to the fifth amendment, U. S. Constitution authorizes an award of interest on the fair market value of property subject of direct or inverse condemnation.

8.  The Equal Access to Justice Act, 28 U.S.C. § 2412, authorizes an award of costs and attorneys fees to prevailing parties in actions in which the United States is a party.

9.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 regarding claims for relief arising in paragraphs three through eight of this Complaint.

**AVERMENTS COMMON TO ALL CLAIMS FOR RELIEF**

10. Plaintiff owns certain valid unpatented placer mining claims located within the Kantishna Hills of Denali National Park and Preserve. These claims are known as Alder Nos. 1-4, Yellow Pup Nos. 1,2 and 4, and Little Audrey Nos. 1-4, and are more particularly described in Exh. C (hereinafter "mining claims").

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

11. Plaintiff owns the mining claims free and clear of any liens or encumbrances and is not subject to any co-ownership interests or assertion of ownership interests by others.

12. At all times pertinent, plaintiff has continued to hold the mining claims pursuant to requirements of the public land and mining laws.

   a) Plaintiff has consistently performed annual assessment work on the mining claims pursuant to the General Mining Law of 1872, 30 U.S.C. § 28 and 43 C.F.R. § 3851.1, *et seq.*, for those years in which such work was allowed and not in conflict with the MPA;

   b) Plaintiff, or his predecessor in interest, has filed notices of location of the mining claims and affidavits of annual labor with the U.S. Bureau of Land Management commencing in 1979 and annually thereafter pursuant to § 314(a),(b) of the Federal Lands Policy & Management Act of 1976 ("FLPMA"), 43 U.S.C. § 1744(a),(b) and 43 C.F.R. Parts 3830, 3833;

   c) For those years in which annual labor was not allowed to be performed, plaintiff instead filed notices of intention to hold mining claims (years 1986-1992) pursuant to FLPMA § 314(a)(1), 43 U.S.C. § 1744(a)(1), and 43 C.F.R. Part 3833; and

   d) Beginning in 1993, and continuously thereafter, plaintiff has paid the annual claim rental or maintenance fees required by federal law pursuant to Pub. L. No. 102-381, 106 Stat. 1374 (1992), for assessment years 1993-94, and pursuant to §

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

10101(a) of Pub. L. No. 103-66, 107 Stat 312, 405 (1993), and implementing regulations at 43 C.F.R. §§ 3833.0-3(e), 3833.1-5, for assessment years 1995-98.

13. A Mineral Report on the mining claims has been approved by the U.S. Bureau of Land Management. According to the Mineral Report, the government determined that valuable minerals exist on the mining claims in sufficient quantities and qualities to constitute a discovery within the meaning of the General Mining Law of 1872.

14. As a result of the BLM's approval of the Mineral Report for the mining claims, these are deemed valid under the public land and mining laws. Furthermore, the valid mining claims constitute real property protected under the Takings Clause of the fifth amendment to the U. S. Constitution.

### FIRST CLAIM FOR RELIEF
(Inverse Condemnation Pursuant to MPA)

15. Plaintiff realleges and incorporates by reference each and every allegation set forth above and further allege as follows:

16. With passage of ANILCA in 1980, the mining claims came under the jurisdiction and surface management authority of the National Park Service ("NPS") pursuant to ANILCA § 202(3), 16 U.S.C. §410hh-1(3), and the MPA. Under the MPA, mining claims may be mined only if the NPS approves a plan of operations pursuant to its surface management regulations promulgated at 36 C.F.R. Part 9A (1997).

17. In years 1980-1985 one or more of the mining claims were under lease and profitably mined. Thus, plaintiff was able to obtain approval from the NPS to

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

COMPLAINT
Martinek\Taking\Complain.pld                  5

EXHIBIT 6
Page 5 of 16

mine the claims.

18.  After 1985, plaintiff has been prohibited from mining their claims or engaging in any beneficial activity thereon due to NPS' regulatory authority under the MPA and other sources of police power. Specifically:

19.  On July 22, 1985, the U.S. District Court for the District of Alaska entered a preliminary injunction in Case No. J85-009 prohibiting the NPS from approving any mining plans of operations in the Wrangell St. Elias National Park & Preserve. The injunction was based upon the NPS' failure to incorporate procedures under the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq*, for assessment of cumulative effects of mining operations. The court's injunction voided all previously approved plans of operation in the Wrangell St. Elias Park & Preserve. On December 4, 1985, the injunction was amended to include all mining operations within the Kantishna Hills of Denali National Park & Preserve.

20.  A hardship exception in the Ninth Circuit's affirmance of the district court injunction authorized approval of mining plans on an individual basis. Pursuant to this authority, one or more plans of operation were submitted on the principal claim groups in Kantishna, including plaintiffs' claims, between 1986-87. The NPS nonetheless determined all plans submitted during 1986-87 to be incomplete due to insufficient information and therefore rejected same.

21.  In the spring of 1987, Mr. Toni Hinderman, a consulting geologist for a mining claimant was informed by Mr. Floyd Sharrock, NPS Chief of Mining &

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

COMPLAINT
Martinek\Taking\Complain.pld

6

EXHIBIT 6
Page 6 of 16

Minerals Branch, Alaska Regional Office, that the NPS had a "*sub rosa* agreement" with environmental groups to prohibit further mining activity in the Kantishna Hills.

22. On June 1, 1987, then Denali Park Superintendent Russell Cunningham informed plaintiff in writing that any mining plans of operations submitted during the pendency of the injunction would be rejected until the NPS completed its cumulative effects environmental assessment. Accordingly, plaintiff's plan of operations submitted to the NPS was rejected.

23. Also in 1987 and years subsequent, individual mining claimants were verbally informed by different NPS personnel that they would never be allowed to mine again in the Kantishna Hills regardless of plan submittals.

24. In the summer of 1989, Alaska Senator Ted Stevens invited staff of the Interior Appropriations Subcommittees to visit Kantishna mining claimants along with NPS officials regarding disposition of the Kantishna mining claims. Following these field sessions, the Conference Committee on Appropriations gave specific guidance to the NPS regarding its surface management authority:

> [T]he Service is directed to work with the mining applicants on a cooperative basis, and at early strategies, to minimize expenses in developing mining plans operation which comply with existing and new regulations. *Resource protection by frustration is not an acceptable strategy.* For example, if mining is clearly not permissible in certain proposed areas or circumstances, then a speedy rejection is preferable to a protracted maze of administrative hurdles whose successful completion holds no likely benefit to the applicant (emphasis added).

H. Conf. Rep. No. 101-264, 101st Cong. 1st. Sess. 27-28 (1989).

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

COMPLAINT
Martinek\Taking\Complain.pld                             7

EXHIBIT 6
Page 7 of 16

25. In January 1991, the district court's injunction was lifted upon the NPS' submittal of a NEPA Record of Decision regarding cumulative effects assessment of mining operations in the Kantishna Hills. In pertinent part, the Final Environmental Impact Statement ("FEIS") prepared by the NPS found significant adverse effects to the environment of the Kantishna Hills occurred due to pre-existing mining activity, and that approval of new mining activity would only add to existing cumulative adverse effects. The FEIS specifically stated that new plans of operation "would probably not be approved without appropriate potentially extensive mitigation or other operation requirements."

26. During the period of the injunction (1985-1990), at least eight mining plans of operations were submitted on behalf of different claim holders in the Kantishna Mining District. The NPS did not approve any of the plan submittals. Of the eight plans submitted, NPS further determined that all but one contained insufficient information upon which NPS could conduct a review for compliance with 36 CFR Part 9A.

27. During the pendency of the injunction, K.L.K., Inc. submitted a mining plan in 1987 which, after several revisions and reviews, NPS determined to be administratively complete. However, NPS did not review K.L.K.'s plan on the merits until the injunction was lifted (Jan. 1991) and the NEPA cumulative effects assessment was available to NPS. In July 1991, the NPS formally rejected the K.L.K. plan submittal on grounds that proposed mining operations resulted in surface disturbance to resource

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

COMPLAINT
Martinek\Taking\Complain.pld                                8

EXHIBIT 6
Page 8 of 16

values, such surface disturbance would violate resource protection goals established for Denali Park, and yield cumulative adverse effects on the environment.

28.   NPS' denial of the K.L.K. plan in July 1991 was tantamount to an official policy prohibiting further operations in the Kantishna Hills because placer mining could not economically occur without significant disturbance of surface resources.

29.   In 1991 and subsequent years, plaintiff and other Kantishna claim owners have submitted one or more plans of operations to the NPS. All of the plan submittals have been determined by the NPS to be administratively incomplete due to insufficient information and analysis and have been rejected on this ground. With the exception of the K.L.K. plan, the NPS' refusal to formally rule on plaintiff's and other plan submittals from 1990 to the present suggests it has disregarded the will of Congress as set forth in the 1989 Conference Committee Report.

30.   Since imposition of the 1985 injunction to the present, the NPS has formulated and maintained a *de facto* policy to stifle and frustrate plaintiff and all other Kantishna claim owners from realizing any economic value on their mining claims. Thus the NPS deliberately engaged in a pattern of dilatory tactics that prevented plaintiff and all other Kantishna claim owners from receiving a formal determination on the merits of their plan submittals. The NPS' dilatory tactics manifested its intent to prohibit mining operations in the Kantishna Hills without paying just compensation therefor.

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

31. Due to the NPS' pattern of dilatory tactics and its intent to prohibit mining, it would be an exercise in futility for plaintiff or any other Kantishna mining claimant to attempt formal compliance with NPS' requirements for submittal of administratively complete plans of operations. Hence, plaintiff has ripened a claim for relief notwithstanding his failure to exhaust administrative remedies or NPS' failure to formally reject one or more of their plan submittals on the merits.

32. Through its pattern of coercive conduct, regulatory reviews, and dilatory tactics, the NPS has effectuated a regulatory taking of plaintiff's mining claims without just compensation in violation of the Takings Clause to the fifth amendment, U.S. Constitution. Since the NPS is an agency of the Executive Branch, the United States is liable for the regulatory taking of plaintiff's mining claims.

33. Plaintiff is authorized to sue for just compensation in this court due to the NPS' regulatory taking of his mining claims pursuant to MPA § 11, 16 U.S.C. § 1910.

34. Plaintiff alleges a date of taking on June 1, 1987, or such other date to be proven at trial.

35. Plaintiff's claim of an earlier date of taking is expressly preserved by § 120 of Pub. L. No. 101-512, 104 Stat.1915, 1937 (1990). This provision authorizes Kantishna mining claimants to file an action for inverse condemnation against the United States at least until December 31, 1999.

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

36. Plaintiff seeks just compensation in the amount of $37,377,580.00 for Alders Nos. 1-4, $4,667,236.00 for Yellow Pup Nos. 1, 2 and 4, and $76,351,811.00 for Little Audrey Nos. 1-4, for a total of $118,396,627.00 or such other sum to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Taking by Acquisition "Otherwise" under Enabling Authority)

37. Plaintiff realleges and incorporate by reference each and every allegation set forth above and further allege as follows:

38. Pursuant to ANILCA § 1302(a), 16 U.S.C. § 3192(a), Congress authorized the Secretary of Interior to "acquire by purchase, donation, exchange, *or otherwise,*" any lands located within units of the National Park System in Alaska (emphasis added).

39. The lands acquisition authority "otherwise" by the Secretary of Interior has been judicially interpreted to constitute a taking by the National Park Service where it exercises "positive and effectual steps to prevent exploitation" of property rights.

40. The NPS' pattern of coercive conduct, imposition of regulatory authority, and dilatory tactics from 1985 to the present has resulted in an acquisition "otherwise" of plaintiff's mining claims under ANILCA § 1302(a) following the rule of decision in Drakes Bay Land Co. v. United States, 424 F.2d 574 (Ct. Cl. 1970).

41. The NPS' acquisition "otherwise" of plaintiff's mining claims is a taking without just compensation.

COMPLAINT
Martinek\Taking\Complain.pld                                11

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

42. Plaintiff is authorized to sue for just compensation in this court due to the NPS' taking of their mining claims pursuant to MPA § 11, 16 U.S.C. § 1910.

43. Plaintiff seeks just compensation in the amount of amount of $37,377,580.00 for Alders Nos.1- 4, $4,667,236.00 for Yellow Pup Nos. 1, 2 and 4, and $76,351,811.00 for Little Audrey Nos. 1-4, for a total of $118,396,627.00, or such other sum to be proven at trial.

### THIRD CLAIM FOR RELIEF
(Compound Interest on Fair Market Value of Property Taken)

44. Plaintiff realleges and incorporates by reference each and every allegation set forth above and further allege as follows:

45. The legislation authorizes an award of accrued interest on the amount of any judgment entered in plaintiff's favor from the date of taking to the date of payment pursuant to the DTA, 40 U.S.C. § 258a, *et seq.*

46. The DTA was amended in 1986 to specify the accrued interest on just compensation awards. According to 40 U.S.C. § 258e-1, as amended, interest shall be calculated annually according to the accepted auction price for the last auction of 52 week United States Treasury Bills settled immediately before the date of taking, and settled immediately before the beginning of each additional year.

47. Notwithstanding the DTA provision for calculating accrued interest, the courts have determined interest accrual on just compensation awards to be determined according to the Just Compensation Clause to the fifth amendment, U.S. Constitution.

COMPLAINT
Martinek\Taking\Complain.pld                              12

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

EXHIBIT 6
Page 12 of 16

Case 3:03-cv-00263-TMB   Document 75-8   Filed 01/18/2006   Page 13 of 16

48. Furthermore, compound interest on a just compensation award will be available if the property taken was income producing and used for commercial purposes consistent with the property owner's investment backed expectations under the fifth amendment Takings Clause.

49. Plaintiff seeks a just compensation award of $118,396,627.00, or such other sum to be proven at trial, from June 1, 1987, until date of payment.

50. Pursuant to either the DTA or the Just Compensation Clause, plaintiff is entitled to accrued interest, compounded according to appropriate conventions, on a just compensation award of $118,396,627.00, or such other sum to be proven at trial, minus the sum deposited into court ($91,000.00), or $118,305,627.00, from June 1, 1987, to date of payment.

51. If plaintiff's just compensation award is $118,396,627.00, the date of taking is June 1, 1987, a 52 week Treasury Bill auction concluded simultaneously thereon was 7.0%, and interest accrual is compounded annually, then the accrued interest on plaintiff's just compensation award through March 10, 1998 amounts to $40,140,399 on the Alder Nos. 1-4 claims, $5,012,222 on the Yellow Pup Nos. 1,2 and 4 claims, and $81,995,468 on the Little Audrey Nos. 1-4 claims.

## FOURTH CLAIM FOR RELIEF
(Award of Costs and Attorney's Fees under EAJA)

52. Plaintiff realleges and incorporates by reference each and every allegation set forth above and further allege as follows:

COMPLAINT  
Martinek\Taking\Complain.pld           13


EXHIBIT 6
Page 13 of 16

53. Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq*, prevailing parties in actions in which the United States is an adverse party may be entitled to an award of costs and attorney's fees.

54. In order to obtain an award of costs and attorneys' fees under EAJA, the government's position must not be substantially justified. Additionally, in condemnation proceedings, the property owner is a prevailing party for EAJA purposes only if the amount of the final judgment is at least as close to the highest valuation of the property established at trial by the property owner as it is to the highest valuation established at trial by the government.

55. Plaintiff will be the prevailing party in terms of his valuation of the mining claims to be established at trial against the government's low-ball valuation of $91,000.00.

56. The government's position on valuation of the mining claims is not substantially justified due, inter alia, to its refusal to undertake exploration sampling of the claims, or its refusal to authorize plaintiff to undertake appraisal sampling through professionally recognized procedures.

57. The government's position denying any taking prior to commencement of this action is not substantially justified due, inter alia, to its pattern of dilatory tactics, disregard of the will of Congress, and bad faith generally.

58. Therefore, plaintiff requests an award of costs and attorneys fees in addition to any just compensation award entered against the United States pursuant to

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

EAGA in amounts to be determined at trial.

WHEREFORE, plaintiff Milan Martinek prays for relief as follows:

1. That plaintiff recover a judgment against the United States pursuant to 16 U.S.C. § 1910 for a just compensation award of $37,377,580.00 for Alders Nos.1- 4, $4,667,236.00 for Yellow Pup Nos. 1, 2 and 4, and $76,351,811.00 for Little Audrey Nos. 1-4, for a total of $118,396,627.00, or such other sum to be proven at trial.

2. That the court enter an order or merge into final judgment a date of taking or acquisition otherwise of plaintiff's mining claims, and that such date shall be June 1, 1987, or such other date to be determined at trial.

3. That plaintiff recover a judgment against the United States pursuant to 40 U.S.C. § 258e-1 or the Just Compensation Clause of the fifth Amendment, U.S. Constitution, in the amount of accrued interest on his just compensation award, minus sums deposited into court, which sum is estimated to be $40,140,399 on the Alder Nos. 1-4 claims, $5,012,222 on the Yellow Pup Nos. 1,2 and 4 claims, and $81,995,468 on the Little Audrey Nos. 1-4 claims.; that such accrued interest in the judgment be calculated from the date of taking to date of payment; and that such accrued interest in the judgment be compounded periodically.

4. That plaintiff be awarded costs and attorney's fees as prevailing party in any of his substantive claims for relief against the United States, and that such cost and/or attorney fee award be added to any judgment entered in plaintiff's favor for just compensation and accrued interest thereon.

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

5.  For such further relief that the court deems just and equitable in the premises.

DATED at Anchorage, Alaska, this 2d day of April, 1998.

LAWRENCE V. ALBERT
Attorney at Law
Co-Counsel for Plaintiff Milan Martinek

*/s/ Lawrence V. Albert*

ARTHUR E. NEUMAN
Law Offices
Co-Counsel for Plaintiff Milan Martinek

By: */s/ Lawrence V. Albert*
Lawrence V. Albert

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

COMPLAINT
Martinek\Taking\Complain.pld

16

EXHIBIT 6
Page 16 of 16