DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C.  20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL G. SHEARER | ) | |
| | ) | |
| Plaintiff, | ) | No. A03-0263-CV(JKS) |
| | ) | (CONSOLIDATED) |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| GALE NORTON, Secretary of the | ) | REPLY IN SUPPORT OF |
| Interior, the DEPARTMENT OF | ) | MOTION OF THE UNITED STATES |
| THE INTERIOR, the NATIONAL | ) | TO STRIKE JURY TRIAL DEMAND |
| PARK SERVICE. | ) | AND OPPOSITION TO PLAINTIFF'S |
| | ) | RULE 39(b) MOTION |
| Defendants. | ) | |

On October 14, 2005, plaintiff Paul Shearer filed Plaintiff's Jury Demand (Docket Entry No. 41). The United States moved (Docket Entry No. 55) to strike Shearer's jury trial demand

on the grounds that the demand was untimely made. Shearer filed an opposition to this motion and simultaneously moved under Fed. R. Civ. P. 39(b) for the court to exercise discretion and permit a trial by jury. Plaintiff's Opposition to United States' Motion to Strike Jury Demand and Memorandum in Support of Cross Motion F.R.C.P. 39(b) (Docket Entry No. 67), and Plaintiff's Motion for Leave to Accept Late Filed Jury Trial Demand Pursuant to Rule 39(b) Fed. Rules of Civil Procedure (Docket Entry No. 68).

Shearer concedes that his jury trial demand was untimely filed. Plaintiff's Opposition to United States' Motion to Strike Jury Demand and Memorandum in Support of Cross Motion F.R.C.P. 39(b) (Docket Entry No. 67) (hereinafter referred to as Plf's Opp) at 1-2. He, however, seeks leave to file a late jury trial demand. Shearer asserts two grounds for his position. One, he contends that he was deceived by counsel for the United States as to his alleged right to demand a jury trial. Two, he contends that this court has held that a jury trial can be demanded in this case. As will be shown below, both contentions are without merit.

## I. SHEARER WAS NOT DECEIVED

Shearer accompanies Plf's Opp and his Rule 39 cross-motion with the Declaration of Paul G. Shearer. A careful reading of that declaration shows that not only was Shearer not deceived by counsel for the United States, but that counsel for the United

States acted with full propriety with regard to plaintiff Shearer.

Shearer states that he was proceeding without counsel. Declaration of Paul G. Shearer ¶ 6. Proceeding in this manner, Shearer recalls a discussion with counsel for the United States during which he was made aware by counsel for the United States that the position of the United States is that parties are not entitled to a trial by jury on any issue in an action brought pursuant to section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66 (hereinafter referred to as Section 120). *Id*. ¶ 7. Shearer then states that based on the stated position of the United States, he "did not make a jury demand and checked a box in the Civil case Cover Sheet indicating no jury demand." *Id*.

Counsel's statement was in accord with the law. The United States has consistently taken the position that there is no jury trial right in an action brought pursuant to Section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66. At the time of the filing of Shearer's action, that position had been most recently set forth in *Larry D. Compton v. United States et al.*, No. A01-0341-CV(JKS), in Federal Defendants' Motion to Strike Plaintiff's Jury Demand filed

January 27, 2003, copy attached as Exhibit 1 hereto.[1]/ The *Compton* case, like this case, was an action brought solely under Section 120. *Compare* First Amended Complaint in *Compton*, (Exhibit 2 hereto) ¶ 2, *with* First Amended Complaint ¶ 2 (Docket Entry No. 21) in this case. Plaintiff in the *Compton* case, represented by counsel, did not oppose the Government's motion. Compton's Non-Opposition to Federal Defendant's Motion to Strike Jury Request, Exhibit 3 hereto: "Plaintiff's counsel has read the cases cited in Federal Defendant's Motion to Strike Jury Request, and, finding them, persuasive, does not oppose Federal Defendant's Motion."

    Shearer now states that he was not directly misled by counsel, but by the earlier position of the Justice Department. *Id.* ¶ 10. Shearer does not describe any positive action by counsel for the United States that allegedly deceived or misled him. Instead, he states that counsel for the United States "never disclosed to me that this Court had ruled juries may be demanded in Section 120 actions." *Id*. The problem with that contention is two fold. One, the court has not ruled that a there may be a jury trial in a Section 120 action, and none of the decisions cited by Shearer in Plf's Opp establishes any such right. Two, even if there had been a decision that a jury trial was permitted in a

---

[1]/    The court may take judicial notices of the proceedings in the *Compton* case. D. Ak. LR 7.1(c)(2).

Section 120 case, counsel for the United States had no duty to disclose such a decision to Shearer. Shearer was proceeding pro se and in that capacity voluntarily chose to assume the risks associated with representing himself.[2]/

The Final Decision in *United States v. 191.07 Acres of Land*, No. A98-0072-CV(JKS), of February 9, 2004, copy attached as Exhibit D to the Declaration of Paul G. Shearer, does not establish any right to trial by jury in a Section 120 action. Neither that case, nor the case of *Milan Martinek v. United States*, No. A98-0098-CV(JKS), with which it was consolidated, invoked the jurisdiction of the court under Section 120. *United States v. 191.07 Acres of Land* was commenced as a direct condemnation action with a Complaint in Condemnation (Exhibit 4 hereto) invoking the court's jurisdiction under 28 U.S.C. § 1358, and was accompanied by a Declaration of Taking (Exhibit 5 hereto). *Milan Martinek v. United States* was an inverse condemnation action that invoked the court's jurisdiction under 16 U.S.C. § 1910. Complaint in Condemnation for Inverse Condemnation and Just Compensation ¶ 3, Exhibit 6 hereto. Therefore, the court's Final Decision in that consolidated

---

[2]/   Counsel for the United States have routinely and consistently reminded Shearer from the very beginning that they (1) represent the United States and not Mr. Shearer, and (2) that they cannot give legal advice to Shearer. Further, counsel have also from the very beginning advised Mr. Shearer to seek private counsel.

REPLY SUPPORT MOTION TO
STRIKE JURY DEMAND                          - 5 -

proceeding of February 9, 2004, did not address or determine the extent to which a jury trial could be held in a Section 120 action.

In *Arnold Howard v. United States*, No. F98-0006-CV(JKS)(Consolidated), Order filed January 25, 2000, at 4. (Exhibit C to Declaration of Paul G. Shearer) this court specifically declined to decide if there could be a jury trial in a Section 120 action. The court did state that it was "leaning toward a jury," but did not specifically rule on the issue. *Id*. That decision was also on reconsideration of the Order From Chambers filed in that same consolidated action on January 11, 2000, (Exhibit B to Declaration of Paul G. Shearer). Therefore, the statement in that earlier order that a jury would determine just compensation if the claim for an inverse taking failed, was replaced by this later non-decision.

The court in *Kantishna Mining Co. et al. v. Babbitt et al.*, No. F98-0007-CV(JKS)(D. Alaska), Order filed May 11, 2000, at 5 (Exhibit 7 hereto) also specifically declined "to reach the issue of whether section 120 authorizes a jury trial for claims taken pursuant to that statute."

Therefore, it is clear that Shearer was not deceived by any action of the United States or its counsel with respect to the jury trial issue. Instead, after being advised of the position of the United States and after electing not to seek advice of

REPLY SUPPORT MOTION TO
STRIKE JURY DEMAND                                - 6 -

counsel, Mr. Shearer deliberately decided not to demand a jury trial. Shearer, at best, merely made a good faith mistake of law. Such good faith mistakes even by pro se parties are not a sufficient grounds to grant a Rule 39(b) motion. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002). Accordingly, Plaintiff's Motion for Leave to Accept Late Filed Jury Trial Demand Pursuant to Rule 39(b) Fed. Rules of Civil Procedure (Docket Entry No. 68) should be denied.

II. SHEARER HAS FAILED TO SHOW THAT SECTION 120 PERMITS A JURY

Even if Shearer were to be permitted to file an untimely demand for a jury trial such a request must still be denied. Shearer has failed to establish a clear entitlement under the statute which is required to waive the usual rule that jury trial in suits against the United States is not authorized. See, Points and Authorities in Support of Motion fo the United States to Strike Jury Trial Demand, at 7-9.

Shearer's invocation of Fed. R. Civ. P. 71A as creating the right to a jury trial is misplaced. The decision in *KLK, Inc. v. U.S. Dept. of the Interior*, 35 F.3d 454, 456-57 (9th Cir. 1994), is particularly instructive on this issue. While *KLK, Inc.* involved an inverse taking under the Mining in the Parks Act, 16 U.S.C. § 1910, and not a legislative taking pursuant to Section 120, the Ninth Circuit's analysis of the applicability of Rule 71A to other types of taking actions is instructive.

In finding that the District Court had erred in applying the jury trial provision of Rule 71A to an inverse taking, the Ninth Circuit noted that while the concept of "just compensation" is the same in direct and inverse condemnation proceedings "the actions are sufficiently different so that procedures applicable to one type of action do not necessarily apply to the other." *KLK, Inc.*, 35 F.3d. at 457. The Court states these differences as follows:

> For example, in an inverse condemnation action, just compensation is based on the value of the land at the time it is seized, while in traditional condemnation, the land is valued at the time condemnation proceeding occurs. *United States v. Clarke*, 445 U.S. 253, 258, 100 S.Ct. 1127, 1130, 63 L.Ed.2d 373 (1980). More importantly, because the government has already taken possession of the land in an inverse condemnation proceeding, it is obligated to accept the price determined, whereas in a traditional condemnation proceeding the government is not committed to buying the property if the price is too high. *United States v. 156.81 Acres*, 671 F.2d 336, 339 (9th Cir.), *cert. denied*, 459 U.S. 1086, 103 S.Ct. 569, 74 L.Ed.2d 931 (1982). Thus, because the proceedings differ in ways that have a significant effect on the obligations of the parties and the outcome of the case, it is improper to assume that Congress intended to give landowners the same rights in inverse condemnation actions as they have in traditional condemnation actions.

*Id.*

Here, the same considerations for not allowing a jury trial apply. The United States is already in possession of the property

taken pursuant to Section 120 as provided in the statute. The amount of compensation owed will be based on the value of the property as of the date of the legislative taking, February 12, 1998, and not as of the date of trial as in a direct condemnation.[3]/ Similarly, the United States must accept and pay the amount of just compensation determined for the legislative taking, and is precluded from not going forward with the acquisition of the property as it may in a direct condemnation when the jury verdict is too high. As a result, the very same factors that persuaded the Ninth Circuit to assume that Congress did not intend the procedures for a direct condemnation to apply to an inverse condemnation are present in the legislative taking before the Court. Accordingly, the court should also not assume that Congress intended the jury trial provisions of Rule 71A to apply to a legislative taking.[4]/

---

[3]/   The value of the property taken is to be ascertained as of the date of the taking (i.e. the date of entry into possession of the property). *United States v. Clarke*, 445 U.S. 253, 258 (1980); *United States v. Miller*, 317 U.S. 369, 374 (1943).

[4]/   As the Supreme Court held in *Lehman v. Nakshian*, 453 U.S. 156, 168 (1981), a plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted the right by statute. In a case decided after *KLK, Inc.*, the Supreme Court reiterated that principle:

> A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text.  Moreover, a waiver of the Government's sovereign immunity

(continued...)

CONCLUSION

For the foregoing reasons and for the reasons already stated in the Points and Authorities in Support of Motion of the United States to Strike Jury Trial Demand, the Motion of the United States to Strike Jury Trial Demand (Docket Entry No. 55) should be granted and Plaintiff's Motion for Leave to Accept Late Filed Jury Trial Demand Pursuant to Rule 39(b) Fed. Rules of Civil Procedure (Docket Entry No. 68) should be denied.

Dated this 18th day of January, 2006.

                               /s/ Dean K. Dunsmore
                              DEAN K. DUNSMORE
                              U.S. DEPARTMENT OF JUSTICE
                              Environment & Natural Resources
                               Division
                              801 B Street, Suite 504
                              Anchorage, Alaska 99501-3657
                              Telephone: (907) 271-5452
                              Facsimile: (907-271-5827
                              Email: dean.dunsmore@usdoj.gov

---

[4]/    (...continued)
will be strictly construed, in terms of its scope, in favor of the sovereign. ... A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text; the unequivocal expression of elimination of sovereign immunity that we insist upon is an expression in the statutory text.

*Lane v. Pena*, 518 U.S. 187, 192 (1996), citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 37 (1992).

```
                              PAUL HARRISON
                              U.S. DEPARTMENT OF JUSTICE
                              Environment & Natural Resources
                               Division
                              P.O. Box 561 - Ben Franklin Station
                              Washington, D. C.  20044
                              Telephone: (202) 305-0299
                              Facsimile: (202) 514-8865
                              Email: paul.harrison@usdoj.gov

                              Attorneys for Federal Defendants
```

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th day of January, 2006 a copy of the foregoing Reply in Support of Motion of the United States to Strike Jury Trial Demand and Opposition to Plaintiff's Rule 39(b) Motion together with attached exhibits was served by placing said copy in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Anchorage, Alaska.

```
    Paul G. Shearer
    Kathryn A. McCready
    1532 Meadows Drive
    Lake Oswego, Oregon 97034
```

/s/Dean K. Dunsmore