DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C.  20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL G. SHEARER | ) | |
| | ) | |
| Plaintiff, | ) | No. A03-0263-CV(JKS) |
| | ) | (CONSOLIDATED) |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| GALE NORTON, Secretary of the | ) | REPLY IN SUPPORT OF |
| Interior, the DEPARTMENT OF | ) | MOTION OF THE UNITED STATES |
| THE INTERIOR, the NATIONAL | ) | FOR A PARTIAL JUDGMENT ON |
| PARK SERVICE. | ) | THE PLEADINGS |
| | ) | |
| Defendants. | ) | |

   On December 28, 2005, the United States filed the Motion of the United States for a Partial Judgment on the Pleadings (Docket Entry No. 71). This motion seeks dismissal of certain claims stated in the First Amended Complaint (Docket Entry No. 21) filed by plaintiff Paul G. Shearer in Case No. A03-0263-CV(JKS). Shearer has filed a partial opposition to that motion.

Plaintiff's Partial Opposition to United States' Motion for Partial Judgment on the Pleadings (Docket Entry No. 74) which shall hereinafter be referred to as "Plf's Opp." The United States replies herein to that opposition.

In large part, Shearer in Plf's Opp misconstrues both the original motion of the United States, and the allegations of his First Amended Complaint. Plf's Opp also suffers from a great lack of clarity. The United States will attempt herein to sort out and interpret as best it can Shearer's objections within the context of the motion actually made by the United States. In order to do so, the United States will in the Argument that follows use the same organization and the identical headings as were utilized in the Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings (hereinafter referred to as "US P&As"), and address therein Shearer's objections, if any presented, with respect to the arguments presented by the United States.

**ARGUMENT**

I. SECTION 120 ONLY GRANTS JURISDICTION WITH RESPECT TO PROPERTY TAKEN BY OPERATION OF THAT STATUTE

The United States has shown that Shearer has only invoked the jurisdiction of this court under section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, (hereinafter be referred to as "Section 120"), US P&As at 3-4, 8, 12-13. Shearer does not contend in Plf's Opp that the court has jurisdiction under any statute other than Section 120. Shearer also does not dispute, as shown in the US P&As at 9-12, that jurisdiction under Section 120 is limited only to the

determination and awarding of just compensation for the legislative taking of patented and valid unpatented mining claims. Therefore, there appears to be no dispute herein between the parties as to the limited jurisdiction of the court.

## II. THE CLAIMS SET FORTH IN PARAGRAPHS 197-223 ARE NOT COVERED BY SECTION 120

The arguments set forth in the US P&As at 9-13 are directed to the allegations of the First Amended Complaint (Docket No. 21) that commence at page 37 and that consist of paragraphs 197 through and including paragraph 223 thereof. These paragraphs follow the heading or caption: "(Claim Continued) Claims of Taking Involving National Park Service Land Acquisition Procedures." As shown in the US P&As at 9-11, this portion of the First Amended Complaint alleges failures by the Park Service to comply with its established procedures regarding the acquisition of property. The First Amended Complaint specifically seeks damages for these alleged failures, as this portion of the First Amended Complaint concludes with the following allegation in paragraph 223 thereof: "Evidence for and the accumulative damages resulting from...the failure to follow National Park Service Procedures will be presented at trial."

The United States has shown that any claim for damages or compensation for any alleged failure of the Park Service to comply with its established procedures is not a claim within the limited jurisdiction of Section 120. US P&As at 9-12. Shearer's response to the arguments of the United States with respect to this claim are found in Plf's Opp at 6-9. Shearer does not actually respond to this showing. Instead, he addresses issues

not presented by the United States or that are not relevant to the claim for which dismissal is sought. Significantly, Shearer does not contend that the court has jurisdiction to award any damages or compensation for the alleged failure of the Park Service to comply with its procedures.[1]/ He, therefore, has implicitly conceded the validity of the Government's motion.

Rather than opposing dismissal of his claim for damages for alleged failures of the Park Service to comply with established procedures, Shearer contends that certain of the paragraphs of that claim are relevant to his claim of title or ownership of mining claims in 1998 for which he now seek compensation under Section 120. *E.g.* Plf's Opp at 7 (re: ¶¶ 200-202); 7-8 (re: ¶¶ 213-218). Shearer has already extensively pleaded the basis of his alleged ownership of the claims for which he seeks compensation. First Amended Complaint ¶¶ 65-179. Thus, these allegations are at best unnecessary, redundant and need not remain before the court for any purpose.

### III. SHEARER'S CLAIMS REGARDING ACCESS RIGHTS ARE NOT COVERED BY SECTION 120.

The arguments set forth in the US P&As at 13-16 are directed to the allegations of the First Amended Complaint (Docket No. 21) that commence at page 32[2]/ and that consist of paragraphs 180

---

[1]/  Shearer agrees that paragraphs 203-212 of the First Amended Complaint that allege specific failures by the Park Service may be dismissed. Plf's Opp at 7. Shearer also agrees that to the extent the First Amended Complaint may be alleging a claim for any taking prior to the February 12, 1998 taking date of Section 120, any such claim may be dismissed. *Id*.

[2]/  Incorrectly referenced in US P&As at 13 as starting on page 35.

through and including paragraph 192 thereof. These paragraphs follow the heading or caption: "(Claim Continued) Mining Claims and Access Rights Not Subject to Individual Consent Declaration of Taking." As the United States has shown, in these allegations Shearer is neither contending that any interest in property has been taken from him, nor presenting a claim for compensation. Shearer is alleging only that he has certain access rights to property for which he did not consent to any taking or forfeiture, and which rights have not been affected by or are included in his Section 120 consent. First Amended Complaint ¶¶ 180, 182, 185, 187-191. Shearer concludes with the allegation that he has the "right to receive the same quality and quantity of access to property he retained in his" Section 120 consent and which he has under law. *Id.* ¶¶ 192-193.

To the extent these allegations are intended to present a claim by Shearer for a determination of these allegedly retained rights, the United States seeks dismissal of this claim for lack of jurisdiction. US P&As at 14-16. Section 120 only confers jurisdiction to determine and award compensation for the legislative taking of patented and valid unpatented mining claims. *Id*. at 14-15. Therefore, the court does not have jurisdiction in this action to determine what rights Shearer may or may not have retained. Further, even if section 120 did grant such jurisdiction, there is no case or controversy regarding any such rights. *Id*. at 15-16. Shearer does not plead that there is any actual current dispute between the parties with respect to any such retained access rights.

Again, Shearer does not specifically address the motion of

the United States and the specific claim to which that motion is addressed. Plf's Opp at 4-6. He does, however, agree that paragraphs 182-186 and 188-193 of that claim may be dismissed. *Id*. at 4. This would leave only the allegations of paragraphs of 180, 181 and 187 of that complaint before the court. None of these allegations state claims that are within the court's jurisdiction.

    Paragraph 180 alleges:[3]/

> Shearer did not consent any interest or forfeit any access rights to any property or access rights he obtained after February 12, 1998, the date he signed the Individual Consent Declaration of Taking."

This, of course, does not present a claim separate and apart from that stated for "Mining Claims and Access Rights Not Subject to Individual Consent Declaration of Taking." Even if it did, as shown in the US P&As at 4-8, Section 120 is specifically limited to any legislative taking which occurs by operation of that statute. In this instance, that taking would occur on February 12, 1998. Since paragraph 180 pertains to rights allegedly obtained subsequent to February 12, 1998, the court clearly lacks jurisdiction over any claim that might be stated in paragraph 180 since it explicitly pertains to rights acquired after that date.

    The allegations of paragraph 181 are similar. Shearer alleges therein:

> Shearer claims however that Deeds conveyed to Shearer and Assignments to Shearer after the

---

[3]/ As Shearer correctly notes (Plf's Opp at 4-5), the United States has admitted this allegation. Therefore, even if this allegation presented a claim for relief, it does not present one upon which there is an existing case or controversy.

> date of February 12, 1998, can be used for
> the purpose of quieting title to property
> interests that Shearer did claim to own and
> consent on February 12, 1998, by way of the
> Individual Consent Declaration of Taking.

Again, this allegation does not present a claim separate and apart from that stated for "Mining Claims and Access Rights Not Subject to Individual Consent Declaration of Taking." It is merely a legal conclusion that is incorrect. Any post February 12, 1998 acquisition by Shearer of any mining claim or interest therein does not permit him to seek compensation for any taking on February 12, 1998, of the mining claim at issue in this proceeding. Only the owner of property on the date of taking, not an earlier or later date, is entitled to just compensation for the taking. *United States v. Dow*, 357 U.S. 17, 20 (1958); *Danforth v. United States*, 308 U.S. 271, 284 (1939). Further, any purported assignment of claims for compensation are invalid. *United States v. Dow*, 357 U.S. at 20:

> it is well established,...that the Assignment
> of Claims Act prohibits the voluntary
> assignment of a compensation claim against
> the Government for the taking of property.

Thus, contrary to Shearer's contentions (Plf's Opp at 5), this allegation has no relevance to the extent of his Section 120 consent.

In paragraph 187 Shearer alleges:

> Shearer did not consent any of his interest
> to his access to the Doherty mining claim.
> Therefore Shearer did not consent his access
> to all of Skyline Drive (aka Quigley Ridge
> Road). Such access beginning at the Denali
> Park Road on the Galena mining claim.

In response to this allegation the United States admitted "that Mr. Shearer did not specifically consent 'any of his access to

the Doherty mining claim.'" United States of America's Answer to Plaintiff Paul Shearer's First Amended Complaint (Docket Entry No. 29) ¶ 187. Shearer opposes dismissal of "of this paragraph 187 since it deals with Section 120 consent." Plf's Opp at 6. However, within the context of the First Amended Complaint, paragraph 187 does not present a claim for relief and is relevant only to Shearer's claim of retained access rights. Since the court lacks jurisdiction under Section 120 to determine any such rights, any claim presented by paragraph 187 should be dismissed.

IV. MISCELLANEOUS ADDITIONAL CLAIMS NOT COVERED BY SECTION 120.

The United States has moved for a judgment on the pleadings dismissing certain claims by Shearer for compensation for specific parcels of property. US P&As at 16-18. Shearer has identified 21 parcels as properties for which he seeks compensation. First Amended Complaint ¶¶ 41-61. The United States seeks dismissal in its motion for partial judgment on the pleadings of Shearer's claims for compensation for Parcels 8, 9, 10, 16, 17, 18, and 21.[4]/

**Parcels 16, 17, 18**: The interest described as Parcels 16, 17, and 18 are liens. Shearer agrees that his claim for compensation for these parcels may be dismissed. Plf's Opp at 3.

**Parcel 8**: Parcel 8 is identified as the Banjo Mill and

---

[4]/ The United States has separately moved for a summary judgment dismissing Shearer's claims for compensation for Parcels 2-21 by reason of Shearer's failure to timely consent to the taking of these parcels. Motion of the United States for Partial Summary Judgment (Docket Entry No. 39). The current motion of judgment on the pleadings; therefore, presents alternative basis for the dismissal of Shearer's claims for compensation for the specific parcels at issue.

REPLY MOTION FOR PARTIAL
JUD'T ON THE PLEADINGS                    - 8 -

personal property. First Amended Complaint ¶ 38. The United States moved to dismiss any claim for compensation for this property because Section 120 only provides for the taking of and confers jurisdiction only with respect to patented and valid unpatented mining claims, and Parcel 8 is not a mining claim. Shearer only partially opposes this motion. Plf's Opp. 2.

Shearer implicitly agrees that under Section 120 there has been no separate and independent taking of the property described as Parcel 8. Instead, he claims that he is entitled to be compensated for this property to the extent that it is located on the Banjo Lode Claim for which he separately seeks compensation as Parcel 7. First Amended Complaint ¶ 47. Shearer contends that he is entitled to compensation for "all value attributable to the Banjo Mill, Joseph Quigley Cabin, structures and improvements affixed and appurtenant to that mining claim." Plf's Opp at 3. If there has been a taking of the Banjo Lode Claim by operation of Section 120,[5]/ Shearer will be entitled to compensation for the value of that claim including any affect any improvements on that property have on the value of the Banjo lode claim. *United States v. 91.90 Acres of Land*, 586 F.2d 79, (8th Cir. 1978), *cert. denied*, 441 U.S. 944 (1979):

---

[5]/   The United States contends in the Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) that there has been no such taking. The validity of the Banjo lode claim is also challenged in the ongoing administrative contest proceedings. Order (Docket Entry No. 57) filed December 2, 2005, *reconsideration denied*, Order From Chambers (Docket Entry No. 63) filed December 14, 2005. If that claim is ultimately found to be invalid, then Shearer would also have held no compensable interest in that property.

REPLY MOTION FOR PARTIAL
JUD'T ON THE PLEADINGS                    - 9 -

> The landowner is also entitled to have the fact finder take into consideration all factors of value that would affect the market value of the property. From the landowner's standpoint, a factor of value would be anything that would induce a reasonable seller to demand more for the property and would induce a reasonable buyer to pay more on account of the existence of the value factor.
>
> It must be kept in mind, however, that the landowner is not entitled to have all factors affecting the value of his property added together and to have the total of the additions taken as the reasonable market value of the land. For example, improvements on a farm are an element or factor of value that must be considered in determining what the farm is worth on the market. But, it is firmly settled that one does not value the farmland as one factor and then the value of the improvements as another factor and then add the two values to determine market value.

Therefore, the claim stated by Shearer in paragraph 47 of the First Amended Complaint for a taking of the Banjo Lode Claim encompasses any value to be associated with the properties identified as Parcel 8. The independent claim stated for the value of the improvements described as Parcel 8 is both unnecessary and improper, and should be dismissed, accordingly.

**Parcels 9 & 10**: Parcel 9 is described as the "Fannie Quigley Cabin, summer cabin, other structures, homestead and homestead rights." First Amended Complaint ¶ 49. Parcel 10 is described as the "Joseph B. Quigley cabins, other structures, homestead and homestead rights." *Id*. ¶ 50. Because these properties are not mining claims, the United States moved for dismissal of these claims for the same reasons it moved for dismissal of the claim for Parcel 8 discussed above. Shearer, for the same reasons advanced for with respect to Parcel 8, only partially opposes

dismissal of his claim for compensation for Parcels 9 and 10. Plf's Opp at 2-3.

Shearer describes Parcels 9 and 10 as being located on the Banjo Lode Claim (Parcel 7, First Amended Complaint ¶ 47), and/or on the Polly Wonder Lode Claim (Parcels 13 and 19, First Amended Complaint ¶¶ 53, 59).  Plf's Opp at 2-3. To the extent that the properties identified as Parcels 9 and 10 affect the value of Parcels 7, 13 and 19, for the reasons already stated above with respect to Parcel 8, the independent claim stated for the value of Parcels 9 and 10 is both unnecessary and improper, and should be dismissed.

**Parcel 21**: The interest Shearer describes as Parcel 21 is a royalty or income interest in certain mineral rights. Plf's Opp ¶ 61; US P&As at 18. This interest is clearly not a patented or valid unpatented mining claim; and therefore, is not within the scope of Section 120. Shearer previously conceded this fact. Plaintiff's Opposition to Motion of the United States for Partial Summary Judgment (Docket Entry No. 65) at 20: "A royalty interest would not suffice for purposes of Section 120 legislation." Therefore, any claim for compensation for the interest Shearer designates as Parcel 21 must be dismissed.

Shearer only partially opposes dismissal on this claim. Plf's Opp at 4. He seeks to preserve these allegations "to the extent it may pertain to property interests of the mining claims identified as Parcel 3,[6]/ 11, 12, 13, 14, 19, 20, and separately

---

[6]/   Shearer has already agreed that his claim for compensation fo the   interest   he   identifies   as   Parcel   3   may   be   dismissed.
(continued...)

plead as subject to Section 120 consent...." *Id*. As already shown above with respect to Parcel 8, all factors affecting the market value of these Parcels would be included in any determination of the value of those claims. Therefore, a statement of an independent claim stated for the value of Parcel 21 is also unnecessary and improper, and should be dismissed.

With respect to Parcel 21, Shearer also contends (Plf's Opp at 4 and Declaration of Paul G. Shearer ¶¶ 10-12) that a Section 120 consent may extend to only a partial ownership interest. That issue is not presently before the court on the motion of the United States, and need not and should not be addressed by the court at this time. However, as shown in the Declaration of Charles M. Gilbert that is attached as Exhibit 1 hereto, Shearer's contentions are based on a misreading of the documents upon which he relies.

---

[6]/   (...continued)
Plaintiff's Opposition to Motion of the United States for Partial Summary Judgment (Docket Entry No. 65) at 20-21.

CONCLUSION

For the foregoing reasons and for the reasons previously stated in the Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings, the Motion of the United States for a Partial Judgment on the Pleadings (Docket Entry No. 71) should be granted.

Dated this 27th day of January 2006.

/s/ Dean K. Dunsmore
DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C.  20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 27th day of January 2006 a copy of the foregoing **Reply in Support of Motion of the United States for a Partial Judgment on the Pleadings** with attached Exhibit was served by placing said copy in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Anchorage, Alaska.

    Paul G. Shearer
    Kathryn A. McCready
    1532 Meadows Drive
    Lake Oswego, Oregon 97034


/d/ Dean K. Dunsmore
Dean K. Dunsmore