IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PAUL G. SHEARER,

               Plaintiff,

     vs.

UNITED STATES OF AMERICA,
GALE NORTON, Secretary of the
Interior, the DEPARTMENT OF THE
INTERIOR, the NATIONAL PARK
SERVICE,

               Defendants.

Case No. 3:03-cv-00263-JKS

O R D E R

The Court has consolidated actions by the United States and Paul G. Shearer to determine the fair market value of certain patented and unpatented claims in the former Kantishna Mining District, which is now incorporated into Denali National Park. A number of pending motions will be addressed in this Order.

**I.  The Government's Motion for Partial Summary Judgment (Docket No. 39)**

The United States moves for partial summary judgment at Docket No. 39. The Motion is opposed (Docket No. 65), and the United States has replied (Docket No. 72). Oral argument would not be helpful. The Government argues that this Court's jurisdiction is controlled by section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, Stat. 1543, 1546-66. Under that section, the Government maintains, Congress sought to provide limited relief to owners of patented and unpatented mining claims within the Denali National Park that cannot be mined because of conflicts with environmental regulations. In the Government's view, relief is limited to owners who "consented" to the taking of their claims within the 90-day window established in the statute.

Although Congress did not establish the parameters of effective consent, the Government argues that any such consent would have to describe with particularity the mining claims to be surrendered to the Government, since the relief offered is payment of just compensation to the claim owners.  In the Government's view, Congress hoped the owners and the Government could reach settlements regarding the value of the claims, with judicial involvement required only in cases of serious disagreement.  Finally, the Government concludes Shearer sufficiently described Claim 1 in his notice of consent, but Claims 2 through 21 were not properly described and, thus, cannot be compensated.  Shearer concedes as much, but argues that the claims are adequately described in his amended complaint and the complaint should be viewed as an amendment of the consent.  The Government responds that Congress has only waived sovereign immunity and agreed to be sued where every "I" is dotted and every "T" is crossed and a failure to particularly describe each piece of property in the original consent within the 90-day time limit allowed is fatal and cannot thereafter be remedied.

The Government's concession that Congress has not prescribed a specific form of consent answers the Government's arguments.  An Environmental Impact Statement required by federal law and enforced by the federal courts established that mining and the Park were essentially incompatible.  Congress therefore offered to pay the owners the fair market value of their claims, upon surrender of the property.  Shearer accepted that offer as to all of his effected interests, with minor exceptions.  Thus, up to that point Congressional intent had been satisfied.  In essence, when Congress was faced with the problem of incorporating mining claims into Denali Park subject to environmental laws that substantially reduced the value of the claims, Congress left it to the courts to assure that the purposes for requiring consent were fulfilled.  A complete description of each effected claim will be necessary before those claims can be valued, but fixing a date at which Shearer describes his claims with particularity before they are valued by a court will meet that goal.  The Government has not argued that it would be prejudiced if valuation takes place in the near future.  Of course, valuation must be as of February 12, 1998 in order to conform to the statute.

Thus, to the extent that the cross-motions for partial summary judgment ask whether section 120 consent may be amended to describe the mining claims with particularity within a reasonable

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2003\A03-0263.009.wpd

time before judicial valuation occurs, the Court answers in the affirmative.  To that extent only, the Government's motion at Docket No. 39 is denied, and Shearer's Motion at Docket No. 64 is granted.  The Court expresses no opinion regarding whether the description of the claims in the amended complaint is sufficient to permit their valuation.  The Court recognizes that the Government has made alternate arguments regarding some of the claims and Shearer has conceded the force of those arguments and agreed to the dismissal of some of his claims.  Those claims will be dismissed without prejudice by stipulation of the parties.  The Court notes that some of these claims would also be covered by the Government's Motion for judgment on the pleadings, which the Court grants in the next section of this order.

## II.  The Government's Motion for Judgment on the Pleadings (Docket No. 71)

The Government moves for judgment on the pleadings at Docket No. 71.  The Government argues, in essence, that this Court's jurisdiction is bounded by section 120, and that Shearer is seeking damages for property that is not covered by section 120.  In his response, Shearer concedes most of the Government's arguments but seeks to preserve his rights, if any, to property that is not encompassed in section 120.  Docket No. 74.  Generally, when the Government condemns real property it must pay compensation for the property taken, including fixtures, but not moveables.  This rule has exceptions, but the existing record does not permit the Court to apply them at this stage of the litigation.  The Court will grant the Government's Motion with the provisos that (1) any claims dismissed will be dismissed without prejudice to Shearer seeking to pursue them in a more favored forum (and whether any such forum exists is a question the Court is not deciding), and (2) that this Court is not anticipating how Shearer's claims will be valued with regard to what is and what is not real property or personal property.[1]

_____

[1]  This Court has already attempted to value a number of Kantishna unpatented mining claims in just compensation actions.  In those cases both parties were represented by highly skilled lawyers.  The hard fought disputes have been an education in the valuation of mining claims.  No one has been able to come up with any comparable sales to support an inference of what such a claim in the Kantishna Mining District would have been worth in 1998.  By default, valuation has depended upon the fact that the government has always owned the fee, and that the value of a mining claim is based upon the ore that could be extracted and sold at a profit.  This Court has

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2003\A03-0263.009.wpd

**III.  The Government's Motion to Strike Jury Demand (Docket No. 55)**

The Government moves to strike Shearer's jury demand.  Docket No. 55.  The Government points out that Shearer's demand was not timely.  Shearer agrees and concedes that Fed. R. Civ. P. 38 is not applicable, but asks this Court to exercise discretion and allow the jury demand to be filed pursuant to Fed. R. Civ. P. 39.  Docket No. 68.  Both parties recognize that past Ninth Circuit authority has imposed strict limits on the discretion trial courts have been allowed to excuse failure to timely file a jury demand.  The parties have not discussed the United States Supreme Court decision arguably undermining that authority, *Pioneer Investment Services v. Brunswick Association*, 507 U.S. 380 (1993).

Further, the parties seem to agree that if this case is a straight condemnation case, Rule 71A(h) would allow the Court discretion to permit a jury, but if it is an inverse condemnation no jury trial would be allowed.  *See KLK, Inc. v. United States Dep't of the Interior*, 35 F.3d 454, 456-57 (9th Cir. 1994).  Since this case is neither a straight condemnation nor an inverse condemnation, but rather, a section 120 case, the parties should focus their arguments on that statute in light of

---

received an extensive education in the valuation of mining claims and its views have changed as it has learned to fully appreciate the difficulties of valuing Kantishna claims.  At the present, the Court is of the view that the fair market value of an unpatented mining claim is akin to a "rent" or "royalty."  That is, the net present value as of the date of valuation of a stream of royalties a producer or operator would pay the "owner" of the claim for the right to mine the claim until the ore is exhausted.  For purposes of valuation the ore would be extinguished or exhausted when it could not longer be extracted at a sufficient income to pay all costs, including the royalty cost, and return a profit to the operator.  In other words, a claim would not be exhausted until the cost of further mining outweighed the operator's opportunity cost, as opportunity cost is defined in the economic literature.  This Court's reason for viewing valuation in this way is discussed in detail in the *United States v. 191.07 Acres of Land*, 3:98-cv-78-JKS, litigation and will not be repeated here.  The Court notes, however, that the *191.07 Acres of Land* case is on appeal and it is possible that the Ninth Circuit will agree with Mr. Martinek that the fair market value of a mining claim is the market value of the expected sale of its ore less the cost of extracting and marketing it, reduced to net present value.  04-35131 (argued and submitted February 9, 2006).  While such a view would be a first in the valuation of mining properties, we must await a decision from the circuit before commenting further.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2003\A03-0263.009.wpd        4

Supreme Court and Ninth Circuit cases dealing with a right to jury trial where the statute establishing jurisdiction is silent.

### IV.  Filing Consolidated Motions

The Court has established a new case management and electronic case filing system (CM-ECF).  For purposes of record keeping, the system frowns on joint oppositions and replies because it hopes to compartmentalize motions (motion, opposition, reply).  The Court will permit the joint replies at this time, without prejudice to requiring separate pleadings in the future.


**IT IS THEREFORE ORDERED**:

The Government's Motion at **Docket No. 39** is **DENIED,** except as to those claims Shearer agrees should be dismissed.  Those claims are 2, 4, 5, 6, 16, and 17.  Shearer's Motion at **Docket No. 64** is **GRANTED**, only to the extent it seeks a ruling that inadequately described mining claims, for which the owner consents to seek section 120 compensation, may be corrected within a reasonable time after the expiration of the 90-day limit on filing a consent and before valuation takes place.  The Government's Motion for partial judgment on the pleadings at **Docket No. 71** is **GRANTED**, without prejudice to Shearer pursuing any claims he has to property not covered by section 120 in an appropriate forum.  The Government's Motion to strike Shearer's jury demand at **Docket No. 55** and Shearer's Motion to Accept late-filed jury demand at **Docket No. 68** are **DENIED,** without prejudice to renewal focused on (1) this Court's discretion to allow a Rule 39 request for jury trial in light of recent Supreme Court and Ninth Circuit authority, and (2) the right to jury trial, if any, in a just compensation case where jurisdiction depends upon section 120.  The Motion to file consolidated oppositions and replies at **Docket No. 70** is **GRANTED**.

Dated at Anchorage, Alaska, this 31st day of March 2006.


                                        /s/ James K. Singleton
                                        **JAMES K. SINGLETON, JR.**
                                        United States District Judge




ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2003\A03-0263.009.wpd