DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C.  20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

Attorneys for Defendants


            IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL G. SHEARER | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:03-cv-00263-JKS |
| | ) | (CONSOLIDATED) |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | POINTS AND AUTHORITIES |
| P. LYNN SCARLETT, Acting | ) | IN SUPPORT OF THE |
| Secretary of the | ) | MOTION OF THE UNITED STATES |
| Interior, the DEPARTMENT OF | ) | FOR PARTIAL SUMMARY JUDGMENT- |
| THE INTERIOR, the NATIONAL | ) | PARCELS 3, 14, 15 and 20 |
| PARK SERVICE. | ) | |
| | ) | |
| Defendants. | ) | |

     Plaintiff Paul G. Shearer in the First Amended

Complaint(Docket Entry No. 21) filed in *Paul G. Shearer v. United*

*States*, *et al.*, Case No. A03-0263 CV (JKS)(D. Alaska) seeks compensation in ¶¶ 43, 54, 55, and 60 for the alleged taking of certain properties which he has designated as Parcels 3, 14, 15, and 20. For the reasons that will be set forth in the Argument portion of this Points and Authorities, plaintiff Shearer's claims for compensation for each of these Parcels must be dismissed because Shearer did not own an interest in those properties on the date of taking, or the interest he claims to have owned is not an interest that is encompassed within the scope of section 120 of the Act of November 14, 1997.

STATEMENT

In the First Amended Complaint (Docket Entry No. 21) ¶ 1, plaintiff Shearer describes his action as an:

> action pursuant to Public Law No. 105-83 to
> recover just compensation for mining claims
> and all interests in those mining claims
> taken by the National Park Service an agency
> of the Department of the Interior.

Jurisdiction over this action is invoked pursuant to "Section 120 of Public Law No. 105-83." *Id*. ¶ 2. The statutory references are to section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, which will hereinafter be referred to as Section 120.

A. **Statutory Background.** Pursuant to Section 202(3) of the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. § 410hh-1, Mount McKinley National Park was expanded and

established as the Denali National Park and Preserve on December 2, 1980. This expansion placed within the boundaries of the Denali National Park and Preserve various patented and unpatented mining claims.

In part to solve some of the problems created by the inclusion of mining claims within the Denali National Park and Preserve, Section 120 was enacted. This section created a system by which "all current owners" of patented and valid unpatented mining claims within the Kantishna Mining District could consent to the legislative taking of their mining claims by the United States. 111 Stat at 1564-65:[1]/

> Notwithstanding any other provision of law, 90 days after enactment of this section there is hereby vested in the United States all right, title and interest in and to, and the right of immediate possession of, all patented mining claims and valid unpatented mining claims (including any unpatented claim whose validity is in dispute, so long as such validity is later established in accordance with applicable agency procedures) in the area known as the Kantishna Mining District within Denali National Park and Preserve, for which all current owners (or the bankruptcy trustee as provided hereafter) of each such

---

[1]/    Separate consent and approval provisions were made for mining claims involved in bankruptcy proceedings. 111 Stat. 1565. Since none of the properties that are the subject of Shearer's First Amended Complaint were at the times relevant herein involved in Bankruptcy Court proceedings, the Section 120 consent provisions for mining claims involved in bankruptcy are not applicable to this action.

> claim (for unpatented claims, ownership as
> identified in recordations under the mining
> laws and regulations) consent to such vesting
> in writing to the Secretary of the Interior
> within said 90-day period:

Section 120 also provided for payment of just compensation.

111 Stat. 1565:

> Provided further, That the United States
> shall pay just compensation to the aforesaid
> owners of any valid claims to which title has
> vested in the United States pursuant to this
> section, determined as of the date of taking:
> Provided further, That payment shall be in
> the amount of a negotiated settlement of the
> value of such claim or the valuation of such
> claim awarded by judgment, and such payment,
> including any deposits in the registry of the
> court, shall be made solely from the
> permanent judgment appropriation established
> pursuant to section 1304 of title 31, United
> States Code, and shall include accrued
> interest on the amount of the agreed
> settlement value or the final judgment from
> the date of taking to the date of payment,
> calculated in accordance with section 258a of
> title 40, United States Code:....

If the parties could not agree to a settlement of the amount
of just compensation due, Section 120 provides jurisdiction in
this court to determine and award just compensation for this
legislative taking. *Id*:

> Provided further, That the United States or a
> claim owner or bankruptcy trustee may
> initiate proceedings after said 90-day
> period, but no later than six years after the
> date of enactment of this section, seeking a
> determination of just compensation in the
> District Court for the District of Alaska
> pursuant to the Declaration of Taking Act,
> sections 258a-e of title 40, United States

                    Code (except where inconsistent with this
                    section), and joining all owners of the
                    claim:....

It is this jurisdiction that Shearer invokes in the First Amended

Complaint ¶ 2.

     B. **Shearer's Claims**. Plaintiff Shearer alleges in his First

Amended Complaint(Docket Entry No. 21), ¶¶ 43, 54, 55, and 60,

filed in *Paul G. Shearer v. United States*, *et al.*, Case No. A03-

0263 CV (JKS)(D. Alaska), a claim for compensation for the

alleged taking of certain properties which he has designated as

Parcels 3, 14, 15, and 20.  The specific facts relevant to

Shearer's claims for compensation for Parcels 3, 14, 15 and 20

are set forth in the arguments pertaining specifically to those

properties.

     With respect to all properties for which Shearer sought

compensation including Parcels 3, 14, 15 and 20, defendants

served written discovery that sought identification of the basis

of Shearer's claim of title to these properties. See Paul G.

Shearer's Fourth Response to United States' First Set of

Interrogatories, First Requests for Production and First Requests

for Admissions to Paul G. Shearer, relevant excerpts attached as

Exhibit 1 hereto. As part of his responses to these requests,

Shearer provided title chain document lists in spread sheet form.

*Id.* at 5, 9. These spreadsheets included a listing by assigned

document number (Exhibit 2 hereto) of all documents identified by

Shearer. *Id.* at 9. Shearer also provided separate spreadsheets listing chain of title documents for specific Parcels.[2]/ *Id.* Attached as Exhibits 3 and 4 hereto are the spreadsheets provided by Shearer for Parcels 14 and 20, respectively.

Defendants will in the arguments that follow show that with respect to Parcels 3, 14, 15 and 20, Shearer either held no interest in these properties on the alleged date of taking, or the interest he claims to have held was not a compensable interest within the Court's jurisdiction under Section 120.

**ARGUMENT**

**I. THE CLAIM FOR COMPENSATION FOR PARCEL 3
MUST BE DISMISSED**

Shearer's claim for Parcel 3 is described in the First Amended Complaint ¶ 12 at 12, as "MS 1705 Sulphide Lode."[3]/ Shearer does not, however, claim to own the Sulphide Lode Claim, but instead he alleges the "[o]wnership of placer mining rights." *Id.* As defendants will show below, Shearer's claim for compensation for Parcel 3 must be dismissed because it seeks compensation for an alleged interest that is not within the scope

---

[2]/   While the latter spread sheets also list all documents referenced by Shearer, this listing is divided into various segments. The most significant is the first portion captioned "Deeds - Convey Interest (required)." This lists the documents through which Shearer claims he obtained his alleged ownership interests.

[3]/   "MS" refers to the United States Mineral Survey Number (U.S.M.S.).

of the court's limited jurisdiction under Section 120.

The language of Section 120 quoted at 3-5, *supra*, is specific. It provides for the legislative taking of "patented **mining claims** and valid unpatented **mining claims**" (emphasis added) within the Kantishna Mining District for which all owners of those claims have timely consented to the taking, and grants this court jurisdiction to determine (if the parties cannot agree on an amount) the amount of just compensation due for the taking. Further, as held in *Kantishna Mining Co. et al. v. Babbitt et al.*, No. F98-0007-CV(JKS)(D. Alaska), Order filed May 11, 2000,[4]/ the court's jurisdiction under Section 120 is only to determine the amount of compensation due for property that is taken by operation of Section 120. Jurisdiction is not granted under Section 120 for takings that may have occurred other than by operation of Section 120. In *Kantishna Mining Co.*, the issue was whether Section 120 conferred jurisdiction over claims for a taking that occurred as an inverse taking, and not by operation of Section 120. The court concluded that the answer was no. This ruling was in complete conformance with the language of the statute and the law relating to waivers of sovereign immunity.

There is no question that Section 120 constitutes a waiver of sovereign immunity. It is well established that the

---

[4]/    Copy attached as Exhibit 5 hereto.

government's waiver of immunity may not be implied, but must be express and unequivocal. *United States v. Nordic Village*, 503 U.S. 30, 33-34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied sub nom.*, 466 U.S. 958 (1984). Any waiver of sovereign immunity and any limitations on that waiver are to be strictly construed in favor of the government. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 687 (1983); *Lehman v. Nakshian*, 453 U.S. at 160-61; *Campbell v. United States*, 835 F.2d 193, 195 (9th Cir. 1987). When Congress attaches conditions to legislation waiving sovereign immunity, those conditions must be strictly observed, and exceptions thereto are not to be implied. *Lane v. Pena; Block v. North Dakota*, 461 U.S. 273, 287 (1983); *Wildman v. United States*, 827 F.2d 1306, 1309 (9th Cir. 1987).

Section 120 provided jurisdiction to award compensation for takings effected by that statute -- takings of patented and valid unpatented mining claims by operation of that statute. The language of Section 120 does not expressly or unequivocally provide jurisdiction to award compensation for the taking of any other types of interests. Therefore, Section 120 must, as the court held in the *Kantishna Mining Co.* case, be interpreted as not conferring jurisdiction in this court to determine and award compensation for the taking of property other than patented and

valid unpatented mining claims taken by operation of Section 120.

Therefore, the court lacks jurisdiction under Section 120 over

Shearer's claim for compensation for the alleged taking of

"[o]wnership of placer mining rights" in the Sulphide Lode Claim.

## II. THE CLAIMS FOR COMPENSATION FOR PARCELS 14 AND 20 MUST BE DISMISSED

Parcels 14 and 20 are the same patented lode mining claims:

the Pittsburg, Pennsylvania and Keystone Lode Claims (hereinafter

referred to as the "PPK claims"). First Amended Complaint(Docket

Entry No. 21) ¶¶ 14 & 20. The only difference is that plaintiff

Shearer defines Parcel 14 as a one-third interest in the PPK

claims, and Parcel 20 as another one-sixth interest in the same

claims. *Id.* As will be shown herein, the documents produced by

plaintiff Shearer show that he conveyed the entire interest in

the PPK claims he may have held to persons who in turn conveyed

their entire interests in those claims to the United States.

Consequently, there is no dispute that Shearer does not hold any

interest in the PPK claims for which he is entitled to any

compensation.

As set forth in the Second Declaration of Charles M. Gilbert

¶ 9 on page 3 and the second ¶ 9 on page 4 and attachments D and

E to that declaration, plaintiff Paul G. Shearer executed

Statutory Quitclaim Deeds on April 23, 1994, and April 27, 1994,

conveying any interests Shearer held in the PPK claims to other

persons.[5]/ The April 23, 1994 deed conveyed "an undivided 2/3 interest" in the PPK claims to Viola Gross, Larry Gross, Viva E. Smith, Viola Gross, Trustee for the Vivian E. Calhoun Revocable Trust, and Richard D. Savell.[6]/ Exhibit 6 hereto at 10-11. The April 27, 1994 deed conveyed "an undivided 1/3 interest" in the PPK claims to Viola Gross. *Id*. at 12-13.[7]/ Therefore, by April 27, 1994, Shearer had conveyed 100% (2/3 + 1/3 = 100%) of any interest he may have held in the PPK claims. Exhibit 6 at 10-13. The grantees on plaintiff Shearer's April 1994 deeds plus one additional individual, Mike R. Mark Anthony, by Warranty Deed dated August 11, 1994, conveyed the PPK claims to the United States. *Id*. at 14-26.[8]/

---

[5]/    A copy of this declaration with all attachments is attached as Exhibit 6 hereto. The original of this declaration was attached as Exhibit 1 to the Reply in Support of the Motion of the United States for Partial Summary Judgment and Opposition to Plaintiffs' Cross Motion (Docket Entry No. 72) filed December 30, 2005.

[6]/    A copy of this deed has been designated by plaintiff Shearer as Document No. 184. Exhibit 4 at 1. The copy of that deed as produced by Shearer is attached as Exhibit 7 hereto. The date listed on Exhibit 4, April 25, 1994, is the date of the recording of this deed. Exhibit 7 at 3.

[7]/    A copy of this deed has been designated by plaintiff Shearer as Document No. 185. Exhibit 3 at 1. The copy of that deed as produced by Shearer is attached as Exhibit 8 hereto. The date listed on Exhibit 3, May, 2, 1994, is the date of the recording of this deed. Exhibit 8 at 3.

[8]/    A copy of this deed has been designated by plaintiff Shearer as Document No. 192. Exhibit 3 at 1, 4 at 1. The copy of that
(continued...)

In the chains of title submitted by plaintiff Shearer, Exhibits 3 at 1 and 4 at 1 hereto, Shearer does not claim any conveyance of title to him of the PPK claims after execution by him of the April 1994 deeds. Therefore, there is no dispute that plaintiff Shearer did not own any interest in the PPK claims after April 27, 1994. Shearer's claims for compensation for any interests in the PPK claims must, accordingly, be dismissed. Shearer clearly held no interest in the PPK claims on February 12, 1998, the date of taking under Section 120. Only the owner of property on the date of a taking, not an earlier or later date, is entitled to just compensation for the taking. *United States v. Dow*, 357 U.S. 17, 20 (1958); *Danforth v. United States*, 308 U.S. 271, 284 (1939).

### III. THE CLAIMS FOR COMPENSATION FOR PARCEL 15 MUST BE DISMISSED

Parcel 15 is described by plaintiff Shearer as the "2% mineral rights held by Joseph B. Quigley and Fannie Quigley." First Amended Complaint (Docket Entry No. 21) ¶ 55. Shearer alleges a "taking of rights or property values in the form of income from mineral rights owned by Joseph B. And Fannie Quigley or their assignees." *Id*. This alleged interest is claimed for the

---

[8]/    (...continued)
deed as produced by Shearer is attached as Exhibit 9 hereto. The date listed on Exhibits 3 and 4, August 30, 1994, is the date of the recording of this deed. Exhibit 9 at 14.

"subject property of the Quigley 1937 Option Agreement." A copy of this 1937 option is listed by Shearer as Document No. 21. Exhibit 2 hereto at 1. A copy of Document No. 21 as produced by Shearer is attached as Exhibit 10 hereto.

This 1937 option provided for the "exclusive right, privilege and option to purchase" certain listed patented and unpatented mining claims. Exhibit 10 at 2-3. This option provided for the total sale price of $100,000.00 for the properties to be paid over a period of ten years. *Id.* at 3.

The rights for which Shearer seeks compensation as Parcel 15 are the rights set forth on page 4 of the 1937 option (Exhibit 10 at 5):

> It is mutually agreed by and between the parties hereto that said Optionees **shall pay** to Optionors **for a period of thirty (30) years from the date hereof**, in addition to the original option price hereinabove set forth, two per cent. (2%) of the gross amount of all gold and other precious metals extracted as the result of mining operations upon said lode claims and interests therein hereinabove described, provided, however, that said Optionees shall have the right, privilege, and option at anytime within said period to pay to said Optionors, in lieu of said two per cent. (2%) of the gross amount produced from said properties, a lump sum of Fifty Thousand Dollars ($50,000.00) in cash, lawful money of the United States of America. (Emphasis added)

On its very face, this 2% right was, by its terms, only for thirty years. As this option was dated August 19, 1937, this

right expired on August 19, 1967.[9]/ This right no longer existed on the Section 120 taking date of February 12, 1998. Therefore, with respect to Parcel 15 there was nothing to be taken by the United States on that date. Further, even if this 2% mineral right had in some manner continued until February 12, 1998, that right is not a patented or unpatented mining claim. As already shown at 7-9, *supra*, Section 120 only confers jurisdiction to award compensation for the taking of patented or valid unpatented mining claims, and not for any other, lesser mineral interests. Therefore, the court lacks jurisdiction over any claim by plaintiff Shearer for compensation for any taking of Parcel 15.

---

[9]/     Further, plaintiff Shearer also pleads that this 1937 option terminated no later than November 24, 1979. First Amended Complaint ¶¶ 36, 66. Thus, even under Shearer's theory, this right to 2% also expired on that date. That too is well before February 12, 1998.

CONCLUSION

For the foregoing reasons, plaintiff Shearer's claims for compensation designated in the First Amended Complaint (Docket Entry No. 21) as Parcels 3, 14, 15 and 20 must be dismissed.

Dated this 28th day of June 2006.

/s/ Dean K. Dunsmore_____
DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C.  20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of June 2006 a copy of the foregoing was served by placing said copy in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Anchorage, Alaska.

    Paul G. Shearer
    Kathryn A. McCready
    1532 Meadows Drive
    Lake Oswego, Oregon 97034

A copy was also served electronically on:

    Paul G. Shearer


/s/ Dean K. Dunsmore
Dean K. Dunsmore