PAUL G. SHEARER
1532 Meadows Dr
Lake Oswego, OR 97034

Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PAUL G. SHEARER          )
                         )
    Plaintiff,           )
                         )
    V.                   )     No. A03-0263-CV(JKS)
                         )     (CONSOLIDATED)
UNITED STATES OF AMERICA,)
GALE NORTON, Secretary of the )
Interior, the DEPARTMENT OF   )
THE INTERIOR, the NATIONAL    )
PARK SERVICE.            )
                         )
         Defendants.     )
_____)

**PAUL G. SHEARER
FOURTH RESPONSE TO**

UNITED STATES' FIRST SET OF INTERROGATORIES,
FIRST REQUEST FOR PRODUCTION AND
FIRST REQUESTS FOR ADMISSIONS
TO PAUL G. SHEARER

**PLANTIFF SHEARER'S RESPONSES** have been inserted in the **REQUEST FOR PRODUCTION below under the inserted heading of Answer or Response to each Interrogatory or Request.**

The United States of America submits1 to Paul G. Shearer, plaintiff in Paul G. Shearer v. United States, No. A03-0263-CV(JKS)(D. Alaska), and a defendant in *United States v. 3.05 Acres of Valid Patented Mining Claim et al.*, No. A03-0269-

---

[1]The United States has specifically aimed these requests at plaintiffs' assertion of ownership. The United States reserves the right to submit further requests for production and/or interrogatories related to other issues, such as valuation of the Claims allegedly taken.

-1-

Interrogatory 4. In accord with FRCP 26(a)(2)(A), please state the name, address and telephone number of each individual "who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence" related to your claims that you had any right, title or interest in the Claims as of, and at any point subsequent to, the enactment date of section 120.

**Answer:**
Same persons as identified above in Interrogatory 1.
Plaintiff will need additional clarification or explanation of Interrogatory 4 in order to provide a more specific answer and more specific list of people other than those identified in Interrogatory 1.

Interrogatory 5. Provide a complete listing of all the Claims in which Plaintiff held any right, title or interest that Plaintiff alleges was taken by the United States or by the National Park Service and for which Plaintiff seeks an award of compensation in this action. Plaintiff is requested in that list to (a) state the name of each Claim, (b) provide where applicable the United States Mineral Survey (U.S.M.S.) number and/or Bureau of Land Management Serial Number, (c) if the Claims are patented, the date of the patent, the name of the person or entity to whom the Patent was issued, and the patent number, and (d) if unpatented, the date of location or relocation, if applicable, the date or dates of location or relocation, and names of the locators and/or relocators.


EXHIBIT 1
Page 2 of 17

**Answer:**

Plaintiff includes by reference the definitions for Parcels 1-21 listed in Plaintiff's First Amended Complaint.

Plaintiff will update the definitions here with any of the above Claim information which may be missing from the First Amended Complaint or is otherwise unknown as soon as Plaintiff obtains that complete information.

Table for Parcels 1-21 (Answers for Interrogatory 5-10)(Third)

| P | USMS BLM# | Claim | Patent Dates Numbers | Patentee Or Locate Name | Interest 2/12/1998 Shearer consent | GrantorBy 2/12/1998 | Date Latest recorded | Interest 2/12/1998 Other USA |
|---|---|---|---|---|---|---|---|---|
| 1 | 1702 | Doherty | 9/9/26 984956 | J.Quigley | 100% 13 acres | JQuigley | 2/11/94 2/28/94 | 0% |
| 2 | 1747 | Galena | 11/24/28 1021237 | McGonagal | 3%mineral | MMA | 3/18/05 | 0% |
| 3 | 1705 | Sulphide | 9/9/1926 984958 | J.Quigley | placer | JQuigley | 2/11/94 2/28/94 | lode |
| 4 | ? | LuckyGulch 1 (IronGulch?) | Unknown 984958? | unknown | 1/2 | JQuigley | 2/28/94 8/7/95 | ? |
| 5 | ? | TrailLode 4 Assoc. | unknown | unknown | 100% | JQuigley | 2/28/94 8/7/95 | ? |
| 6 | ? | BrokenBow1 BrokenBow2 Friday Cr. | unknown | unknown | 100% | JQuigley | 2/28/94 8/7/95 | ? |
| 7 | 54240 54241 | Banjo Pass | none | J.Quigley | 100% | JQuigley FQuigley | 2/11/94 8/7/95 | 0% |
| 8 | 54240 | Banjo Mill | None | J.Quigley | 100% | JQuigley FQuigley | 2/11/94 8/7/95 | 0% |
| 9 | ? | FQuigley Cabins | unknown | unknown | 100% | Quigley FQuigley | 2/28/94 8/7/95 | 0% |
| 10 | 54240 | JQuigley Cabins | unknown | unknown | 100% | JQuigley | 2/11/94 2/28/94 | 0% |
| 11 | 360 360 361 361 361 362 | SilverKing MerryWidow JupiterMar Chloride Waterloo Chlorine | 6/6/1914 6/6/1914 6/6/1914 6/6/1914 6/6/1914 4/14/1914 411892 411893 398114 | J.Quigley J.Quigley J.Quigley J.Quigley J.Quigley J.Quigley | 1/6 1/6 1/6 1/6 1/6 1/6 | JQuigley JQuigley JQuigley JQuigley JQuigley JQuigley | 2/11/94 2/28/94 | 5/6 5/6 5/6 5/6 5/6 5/6 |
| 12 | 1706 1706 | Friday Star | 9/9/1926 984959 | J.Quigley | 100% 100% | JQuigley | 2/11/94 2/28/94 | 0% 0% |
| 13 | 1703 | PollyWonder | 10/6/1927 1008217 | J.Quigley | 1/3 | JQuigley | 2/11/94 2/28/94 | 1/2 |
| 14 | 1702 | Pittsburg Pennsylvania Keystone | 9/9/1926 984956 | J.Quigley | 1/3 comp 1/3 comp 1/3 comp | JQuigley deed 1/3 | 2/28/94 5/2/94 | 1/2+1/3 1/2+1/3 1/2+1/3 |
| 15 | All | All | All | J.Quigley | 2%mineral | JQuigley | 8/7/95 | 95% |
| 16 | 1702 1703 1706 | Lien | 8/9/1945 10/6/1927 9/9/1926 984956 1008217 984959 | J.Quigley | $2000+6% | FQuigley | 8/7/95 | 0% |
| 17 | All | Lien | 9/11/1942 | J.Quigley | $5000+6% | JQuigley Deacon | 2/11/94 | 0% |
| 18 | All | Lien | 11/4/1944 | J.Quigley | $5139+6% | FQuigley | 8/7/95 | 0% |
| 19 | 1703 | PollyWonder | 10/6/1927 1008217 | J.Quigley | 1/6 | JQuigley | 2/28/94 | 1/2 |
| 20 | 1702 | Pittsburg Pennsylvania Keystone | 9/9/1926 984956 | J.Quigley | 1/6 comp 1/6 comp 1/6 comp | JQuigley deed 2/3 (Option) | 2/28/94 4/25/94 | 1/2+1/6 1/2+1/6 1/2+1/6 |
| 21 | All | All | All | J.Quigley | 3%mineral | RTMC | 2/28/94 | 0% |

Interrogatory 6. For each Claim listed in response to Interrogatory 5 above, state (a) when Plaintiff acquired any right, title or interests, (b) describe the nature and extent of the interest so acquired, and (c) identify the person or entity from whom Plaintiff acquired such interests.

**Answer:**

(a) when Plaintiff acquired any right, title or interests
    See Exhibit A: Title Chain Documents

(b) describe the nature and extent of the interest so acquired
    Plaintiff includes by reference the definitions for Parcels 1-21 listed in Plaintiff's First Amended Complaint.

(c) identify the person or entity from whom Plaintiff acquired such interests
    See Exhibit A: Title Chain Documents

**See Table (Answers for Interrogatory 5-10)**

Interrogatory 7: For each Claim listed in response to Interrogatory 5 above, if Plaintiff did not own 100% of the right, title or interest in the Claim on February 12, 1998, for each such Claim (a) state the amount or percentage of the interest held by Plaintiff on February 12, 1998, and (b) identify all persons or entities known to Plaintiff who held interests in any said Claim or Claims on February 12, 1998.

- 15 -


EXHIBIT 1 Page 5 of 17

**Answer:**

See percentage of claim represented by Parcels 1-21 listed in Plaintiff's First Amended Complaint.

**See Table (Answers for Interrogatory 5-10)**

Interrogatory 8: If Plaintiff is relying on the consent of any person or entity other than the consent of the Plaintiff alleged in paragraph 13 of the Complaint (Docket Entry No. 1) filed by Plaintiff in *Paul G. Shearer v. United States*, No. A03-0263-CV(JKS)(D. Alaska), and in paragraphs 1 and 2 at page 5 of the Counter Claim in the Answer, Counter Claim, and Cross Claim of Defendant Paul G. Shearer and Spouse (Docket Entry No. 13) filed in *United States v. 3.05 Acres of Valid Patented Mining Claim et al.*, No. A03-0269-CV(JKS)(D. Alaska), to meet the prerequisite consent required in Section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, for the taking of any of the Claims listed in response to Interrogatory 5, for each Claim identify each such person or entity.

**Answer:**

For some Parcels 1 and 3-21 consented by Plaintiff, there are additional consents on record by other parties (RTMC and Michael Mark-Anthony). Plaintiff agrees he has acquired all interest in any awards to those consents by other parties for the purpose of quieting title, however Plaintiff is not relying on



Interrogatory 11: If there is any personal property on any of the Claims listed in response to Interrogatory 5 above, describe that property and state the name of the Claim on which it is located.

**Answer:**

(Note this Answer is being amended in the Fourth Response.)

Sulphide Claim: Mining equipment.

Banjo Claim: Mining Equipment (except equipment part of Mill).

Note the Banjo Mill and Buildings consented by Plaintiff is considered by Plaintiff to be real property consented to NPS and eligible for compensation under Section 120. Alternatively if the Banjo Mill and Buildings was not consented, then Plaintiff retains his ownership interest in the Banjo Mill and Buildings.

Note the Fannie Quigley Cabin consented by Plaintiff is considered by Plaintiff to be real property consented to NPS and eligible for compensation under Section 120. Alternatively if the Fannie Quigley cabin was not consented, then Plaintiff retains his ownership interest in the Fannie Quigley Cabin.

FIRST REQUESTS FOR PRODUCTION

A written response to the following requests for production is to be served within thirty days. FRCP 34(b).

Unless Plaintiff otherwise provides the United States with copies of the foregoing requested documents or the parties agree on another time and place of production, the foregoing documents should be produced for inspection and copying at 10:00 a.m. on

June 20, at the Office of the Environment and Natural Resources Division, United States Department of Justice, 801 B Street, Suite 504, Anchorage, Alaska 99501.

Request 1. A copy of each document described, identified or relied upon in answering the foregoing interrogatories, and in responding to the Requests for Admission that follow.

Request 2. Any and all title reports, title insurance materials, lawyer's title opinions or other documents concerning whether or not Plaintiff had any right, title or interest in the Claims for which Plaintiff seeks an award of compensation in this consolidated action.

Request 3. Any and all correspondence, including but not limited to letters, memoranda, electronic mail, within the past ten years that was prepared by or for Plaintiff or his agents or representatives that concerns the ownership, title, right or interests of the Claims.

Request 4. With respect to the allegations of paragraph 9 of the Complaint (Docket Entry No. 1) filed by Plaintiff in *Paul G. Shearer v. United States*, No. A03-0263-CV(JKS)(D. Alaska), produce all "deeds and assignments" or "any other form of conveyance" through which Plaintiff acquired any interest in the Claims and for which Plaintiff seeks an award of compensation in this action.

Request 5. With respect to the allegations of paragraphs 1 and 2 at page 5 of the Counter Claim in the Answer, Counter Claim, and Cross Claim of Defendant Paul G. Shearer and Spouse (Docket Entry No. 13) filed in *United States v. 3.05 Acres of Valid Patented Mining Claim et al.*, No. A03-0269-CV(JKS)(D. Alaska), produce all "deeds and assignments" or "any other form of conveyance" through which Plaintiff acquired any interest in the Claims and for which Plaintiff seeks an award of compensation in this action.

Request 6: All documents consulted and/or relied upon by Plaintiff in responding to these Interrogatories, Requests for Production, and Requests for Admission.

**Response to FIRST REQUESTS FOR PRODUCTION Requests 1-6:**
    **Regarding all Requests 1-6: (See Exhibit A)**
        **Exhibit A: Title Chain Document List and copies**
        **Exhibit A: Title Chain for each Parcel.**
Regarding Requests 1-2, 4-6.

Plaintiff is sending copies of the documents sighted above in Interrogatories 2-3 as title documents that are in the possession and control of the Plaintiff.

United States already has copies of documents sighted above that are in the possession and control of the NPS and therefore the documents identified as such are assumed to already be in the possession and control of the United States.


EXHIBIT 1
Page 9 of 17

Regarding Request 3 and 6.

Regarding documents that may still be in Plaintiff's possession which include any and all correspondence, including but not limited to letters, memoranda, electronic mail, within the past ten years that was prepared by or for Plaintiff or his agents or representatives that concerns the ownership, title, right or interests of the Claims; and that culminated in a recorded document conveying said ownership, title, right or interests of the Claims; then the intent of those preliminary or supporting documents is represented by the final recorded document. Plaintiff is relying on evidence of the recorded document and is producing all such recorded documents to be sent to Government Defendants. Plaintiff will, upon Request from Government Defendants, make all such earlier supporting documents (that culminated in producing a final recorded document) identified in Request 3 and 6 accessible to Government Defendants to review and copy under the same terms that Government Defendants made documents accessible to Plaintiff to review and copy at the location of the documents.

### REQUESTS FOR ADMISSION

A written response to the following requests for admission is to be served within thirty days.[2] FRCP 34(a).

---

[2] For the purposes of the following requests for admissions, the phrase "100% interest" means that Plaintiff held the full right, title or interest and that no other person or entity held right, title or interest in the Claims.


EXHIBIT 1
Page 10 of 17

**DENIED.**

Plaintiff acquired 100% interest in Pass unpatented lode mining claim (BLM Serial No. FF-54241) no later than August 7, 1995. Plaintiff quieted title with later conveyances.

Request 7: Admit that Plaintiff does not in *Paul G. Shearer v. United States*, No. A03-0263-CV(JKS), or by counterclaim in *United States v. 3.05 Acres of Valid Patented Mining Claim*, No. A03-0269-CV(JKS), seek just compensation for a taking of the Pass unpatented lode mining claim (BLM Serial No. FF-54241).

**Response:**

**DENIED.**

Plaintiff seeks just compensation for a taking of the Pass unpatented lode mining claim (BLM Serial No. FF-54241). Alternatively if Government Defendants deny the consent, Plaintiff seeks to retain ownership and complete the Patent.

Request 8: Admit that Plaintiff did not acquire an interest in Sulphide lode claim (U.S.M.S. 1705) until January 20, 2005.

**Response:**

**DENIED.**

Plaintiff acquired interest in Sulphide lode claim (U.S.M.S. 1705) as early as February 7, 1994.


EXHIBIT 1
Page 11 of 17

Request 9: Admit that Plaintiff did not acquire a 100% interest in Sulphide lode claim (U.S.M.S. 1705) until January 20, 2005.

**Response:**

**DENIED.**

Plaintiff acquired 100% interest in Sulphide lode claim (U.S.M.S. 1705), as to the placer rights, as early as August 7, 1995. Plaintiff quieted title with later conveyances.

Request 10: Admit that Plaintiff did not acquire an interest in Galena lode claim (U.S.M.S. 1747) until January 20, 2005.

**Response:**

**DENIED.**

Plaintiff acquired interest in Galena lode claim (U.S.M.S. 1747) access as early as February 7, 1994.

Request 11: Admit that Plaintiff did not acquire a 100% interest in Galena lode claim (U.S.M.S. 1747) until January 20, 2005.

**Response:**

**ADMITTED.**


EXHIBIT 1
Page 12 of 17

reserves all of his rights of access across the Galena lode claim (U.S.M.S. 1747.)

Request 13: Admit that Plaintiff did not hold a 100% right, title or interest in the Polly Wonder Lode Claim (U.S.M.S. 1703) as of February 12, 1998.

**Response:**

**DENIED.**

Plaintiff acquired 100% interest in Polly Wonder Lode Claim (U.S.M.S. 1703), as to Parcel 13 and 19, no later than August 7, 1995. Plaintiff quieted title as to Quigley heirs with later conveyances. Plaintiff consented his rights to bring an action to quiet title against the USA in exchange for the rights to seek compensation pursuant to section 120, as of February 12, 1998.

Request 14: Admit that Plaintiff did not hold a 100% right, title or interest in the Pittsburg Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

**Response:**

**DENIED.**

Plaintiff acquired 100% interest in Pittsburg Lode Claim (U.S.M.S. 1702), as to rights to bring action to receive compensation for Parcels 14 and 20, no later than August 7, 1995.


EXHIBIT 1
Page 13 of 17

Plaintiff consented those rights in exchange for the rights to seek compensation pursuant to section 120, as of February 12, 1998.

Request 15: Admit that Plaintiff did not hold a 100% right, title or interest in the Pennsylvania Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

**Response:**

**DENIED.**

Plaintiff acquired 100% interest in Pennsylvania Lode Claim (U.S.M.S. 1702), as to rights to bring action to receive compensation for Parcels 14 and 20, no later than August 7, 1995. Plaintiff consented those rights in exchange for the rights to seek compensation pursuant to section 120, as of February 12, 1998.

Request 16: Admit that Plaintiff did not hold a 100% right, title or interest in the Keystone Lode Claim (U.S.M.S. 1702), as of February 12, 1998.

**Response:**

**DENIED.**

Plaintiff acquired 100% interest in Keystone Lode Claim (U.S.M.S. 1702), as to rights to bring action receive compensation for

- 30 -

EXHIBIT 1
Page 14 17

Parcels 14 and 20, no later than August 7, 1995. Plaintiff consented those rights in exchange for the rights to seek compensation pursuant to section 120, as of February 12, 1998.

Request 17: Admit that Plaintiff did not hold a 100% right, title or interest in the Silver King Lode Claim (U.S.M.S. 360) as of February 12, 1998.

**Response:**

**DENIED.**

Plaintiff acquired 100% interest in Silver King Lode Claim (U.S.M.S. 360), as to a 1/6 interest (Parcel 11), no later than the last deed conveyed on July 21, 1995 (recorded on August 7, 1995 in document number 1995-013369-0, Book 913 Page 285). Plaintiff consented his right, title, and interest in this 1/6 interest (Parcel 11) as well as his right to bring action against USA to defend the rights they warranted to the Patentee as the named grantee "and to their heirs and assigns forever", in exchange for the rights to seek compensation pursuant to Section 120, as of February 12, 1998.

IN WITNESS WHEREOF I have hereunto set my hand this 27 day of June, 2005.

_____Paul G. Shearer_____
PAUL G. SHEARER

### ACKNOWLEDGMENT

STATE OF OREGON        )
                       ) ss.
COUNTY OF WASHINGTON   )

THIS IS TO CERTIFY that on this 27 day of June, 2005, personally appeared before me PAUL G. SHEARER, to me known to be the individual described in and who executed the within Instrument and acknowledged that he executed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN UNDER MY HAND and official seal the day and year last above written.

_____ 06/27/05
Notary Public, State of Oregon
My commission expires: 9.23.07



OFFICIAL SEAL
ANGELA ALLEN
NOTARY PUBLIC-OREGON
COMMISSION NO. 372949
MY COMMISSION EXPIRES SEPTEMBER 23, 2007

EXHIBIT 1
Page 16 of 17

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29 day of June 2005 a copy of the foregoing with Exhibit 1 was served by email followed by placement in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Portland, Oregon.

DEAN K. DUNSMORE
PAUL HARRISON
Attorneys for the United States

Paul G. Shearer

EXHIBIT 1 SENT BY EMAIL

EXHIBIT 1
Page 17 of 17