PAUL HARRISON
UNITED STATES DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
P.O. Box 561 - Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

Dean K. Dunsmore
UNITED STATES DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-5827
Phone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER, <br>      Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> GALE NORTON, Secretary of the <br> Interior, the DEPARTMENT OF THE <br> INTERIOR, the NATIONAL PARK <br> SERVICE, <br>      Defendants. | Case No. A03-0263- CV (JKS) <br> (Consolidated) |

## SECOND DECLARATION OF CHARLES M. GILBERT

I, Charles M. Gilbert, of personal knowledge declare that the following is true and correct:

1.    Since 1990, I have worked as a Realty Officer and as the Chief of the Land

1

*Exhibit 6*
*Page 1 of 33*

Resources Program Center (formerly "Land Resources Division"), National Park Service

("NPS"), Alaska Region, United States Department of the Interior, Anchorage, Alaska.

2.    In my capacity as the Chief of the Land Resources Program Center, I oversee all the

functions of the Land Resources Program Center, including all components of land acquisition by

the Alaska Region of NPS.  As a result, I am familiar with the mining claims and other interests

Paul Shearer alleges were taken by NPS in this action.

3.    By letter dated February 12, 1998 to me, Paul Shearer ("Shearer") faxed NPS a copy

of A Consent for Taking under Section 120 ("Consent"), dated February 12, 1998.  A copy of the

Consent is attached as Attachment A to the Declaration of Charles Gilbert, which appears as

Exhibit 1 to the United States' Motion for Partial Summary Judgment dated September 30, 2005

in this action.  A copy of the February 12, 1998 letter from Shearer to me is attached hereto as

**Attachment A**.

4.    By letter dated February 18, 1998, I wrote to Shearer to acknowledge receipt of the

Consent.  A copy of the February 18, 1998, letter is attached hereto as **Attachment B**.  The letter

states in relevant part:

> This is to acknowledge receipt of an Individual Consent to Taking
> which was signed by you and affects Tract 12-117, Doherty.  In
> accordance with Section 120 of P.L. 105-83, and with the consent
> of the other owners, this should result in a taking of the affected
> property effective February 12, 1998, with the amount of
> compensation to be determined as prescribed by the terms of
> Section 120.

See Attachment B (emphasis supplied).

5.    I do not recall Shearer showing me or discussing with me any draft of the Consent

prior to my receipt of the February 12, 1998 Consent from him.

2

EXHIBIT 6
Page 2 of 33

6.    In the ordinary course of business, if NPS had received such a draft Consent from Shearer, the draft would have been placed in and maintained in the NPS files for the Land Resources Program Center.  A review of the records contained in these files has been conducted. The records do not contain any draft Consent from Shearer.

7.    By letter dated February 25, 1994, Shearer wrote to NPS to advise that he believed he had an undivided interest in certain mining claims in the Kantishna Mining District in Denali National Park & Preserve.  The letter stated in part:

> I am writing to inform you that I currently own an undivided interest in the following property:
>
> **(U.S.M.S. 1702) Doherty AND Keystone, Pennsylvania, Pitsburg [sic] Claims.**

A copy of the February 25, 1994 letter is attached hereto as **Attachment C**.

8.    At the time NPS received the February 25, 1994, letter from Shearer, NPS had received title evidence that the Keystone, Pennsylvania and Pittsburg mining claims ("KPP Claims") were owned by Viola and Larry Gross; Viva Smith; Viola Gross, as the Trustee of the Vivian Calhoun Revocable Trust; Richard Savell; and Mike Mark Anthony.  NPS was in the process of attempting to purchase the KPP Claims from these parties.

9.    NPS asked Shearer to remove the cloud on the title to the KPP Claims presented by his alleged interest in the claims by issuing quitclaims deeds to the parties from whom NPS was attempting to purchase the KPP Claims.  By statutory quitclaim deed dated April 23, 1994, Shearer granted whatever interest he had, if any, in an undivided 2/3 interest in the KPP Claims to Viola and Larry Gross; Viva Smith; Viola Gross, as the Trustee of the Vivian Calhoun Revocable Trust; and Richard Savell.  By statutory quitclaim deed dated April 27, 1994, Shearer

EXHIBIT 6
Page 3 of 33

granted whatever interest he had, if any, in an undivided 1/3 interest in the KPP Claims to Viola Gross. Copies of the April 23, 1994 and April 27, 1994 statutory quitclaim deeds are attached hereto as **Attachments D and E**, respectively.

9.    As Shearer had relinquished any interest he might have had in the KPP Claims by issuing the quitclaim deeds described above, NPS proceeded to purchase the KPP Claims by Warranty Deed dated August 11, 1994 from Viola and Larry Gross; Viva Smith; Viola Gross, as the Trustee of the Vivian Calhoun Revocable Trust; Richard Savell and Mike Mark Anthony. A copy of the August 11, 1994, Warranty Deed is attached hereto as **Attachment F**. Thus, NPS had no reason to believe Shearer had any interest at all in the KPP Claims after April 1994.

10.    In the years following receipt of the Consent from Shearer and prior to the filing of this lawsuit, I contacted Shearer a number of times to discuss resolving the issue of just compensation owed for the Section 120 taking of Shearer's interest in the Doherty claim, the only claim I understood to be covered by the Consent. Interest on the amount of just compensation owed was continuing to accrue since the February 12, 1998 taking date, and NPS was interested in bringing the just compensation issue to a conclusion as soon as possible. On behalf of NPS, in the summer of 2001, I made an offer to Shearer of an amount of just compensation. Shearer refused the offer.

11.    In the ensuing years, I continued to contact Shearer about the need to resolve the issue of just compensation owed for Shearer's interest in the Doherty claim by either filing a lawsuit under Section 120 or otherwise settling the issue. In July 2003, Shearer informed NPS Realty Specialist Diane Wohlwend, who in turn informed me by a July 18, 2003, e-mail message, that Shearer understood NPS was awaiting a counteroffer from him, but he wanted to discuss

4

EXHIBIT 6
Page 4 of 33

settlement with NPS of all of the claims covered by the Shearer Consent, not just the Doherty acreage. This surprised me greatly. As explained in Paragraphs 7 through 9 of the Declaration of Charles Gilbert attached to the United States' Motion for Partial Summary Judgment dated September 30, 2005, NPS believed Shearer only consented to a portion of the Doherty claim.

12.    When Ms. Wohlwend told Shearer NPS did not know what claims he was talking about other than the Doherty parcel, he said he was referring to the properties in the 1937 Option between Joe and Fannie Quigley and E. Fransen and M. Hawkins. A copy of the 1937 Option is attached hereto as **Attachment G**. I was astonished to learn this, as none of these claims were listed in the Shearer Consent.

13.    By letter dated April 22, 2005 to the Department of Justice, Shearer identified for the first time the specific claims and other interests he contends were taken by NPS pursuant to his February 12, 1998 Consent. Because Shearer marked this letter as Confidential and Not Admissible, the letter is not being provided as an attachment to this declaration.

I declare under penalty of perjury that the foregoing is correct.

Executed this 27 day of December, 2005.

Charles M. Gilbert

5

EXHIBIT 6
Page 5 of 33

February 12, 1998

Chuck Gilbert
copy: Virginia Slator
Land Resources Division
National Park Service
2525 Gambell Street, Room 107
Anchorage, AK  99503-2892
907-257-2510 FAX
907-271-4143 FAX

Mr. Gilbert,

I am faxing the enclosed Consent for Declaration of Taking before 12:00pm midnight February 12, 1998, as required by NPS.  I will fax a copy to the NPS office fax, and if there are any problems I may also fax a copy to the solicitor office fax.

I will then mail the Consent postmarked on February 12, 1998, as requested by NPS.

Thanks,

Paul Shearer
1532 Meadows Dr.
Lake Oswego, OR  97034

internetemail: paulsh@sequent.com

(503) 697-4378  Home
(503) 578-3174  Work
(503) 578-3228  Fax

Attachment  A

EXHIBIT  6
Page  6  of  33

*DWohlwend 2/18/98*

L1425(AKRD-L)
DENA 12-117


Paul G. Shearer                                           FEB 18 1998
1532 Meadows Drive
Lake Oswego, OR 97034

Dear Mr. Shearer:

This is to acknowledge receipt of an Individual Consent to Taking which was signed by
you and affects Tract 12-117, Doherty. In accordance with Section 120 of P. L. 105-83,
and with the consent of the other owners, this should result in a taking of the affected
property effective February 12, 1998, with the amount of compensation to be determined
as prescribed by the terms of Section 120. Your cooperation and assistance in this matter
is appreciated.

Please direct further communication on this matter to:

                    Regina L. Sleater, Esquire
                    Office of the Regional Solicitor
                    4230 University Drive, Suite 300
                    Anchorage, Alaska 99508

                    Telephone: 907-271-4131
                    Fax: 907-271-4143


Sincerely,

/ S /

Charles M. Gilbert
Chief, Land Resources Program Center

cc:    Regina L. Sleater
bcc:  Dean K. Dunsmore

DWOHLWEND:dw:2/18/98
ACKNOWLEDGMENT 12-117


Attachment  B

*EXHIBIT 6*
*Page 7 of 33*

February 25, 1994

Boyd L. Sponaugle, Jr.
Land Resources Division
National Park Service
2525 Gambell Street, Room 107
Anchorage, AK 99503-2892

Dear Boyd,

I am writing to inform you that I currently own an undivided interest in the following property:

**(U.S.M.S. 1702) Doherty AND Keystone, Pennsylvania, Pitsburg Claims.**

I have recently purchased and recorded ALL interest to the following Deed(s).

Sept 8, 1948    Deed.
Don A. Fowler (Grantor), Robert Deacon (Grantee)
Vol. 36 Pages 547-549, Recorder's File No. 109,915

Feb 6, 1963    Estate of Robert Deacon,
Robert Deacon (Grantor), Robert Zoppi (Grantee)
Probate No. 62-152P

Feb 7, 1994    Corrective Quitclaim Deed
Robert Zoppi (Grantor), Paul G. Shearer (Grantee)
Book 0840 Page 012

Feb 28, 1994    Executrix Quitclaim Deed (Doherty)
Shirley Rogers (Grantor), Paul G. Shearer (Grantee)
Book 0842 Page 246

Feb 28, 1994    Executrix Quitclaim Deed (All other claims)
Shirley Rogers (Grantor), Paul G. Shearer (Grantee)
Book 0842 Page 261

Since these deeds include an interest in U.S.M.S. 1702: Pitsburg (sometimes spelled Pittsburg), Pennsylvania, and Keystone claims, please be advised of my ownership in this property and please contact me with all the information related to your proposed purchase of this property.

Attachment C

EXHIBIT 6
Page 8 of 33

Please contact the title company handling this transaction and inform them of my purchase and undivided interest in the above property. I will also write to Fairbanks Title and request an updated title report to this property.

Also, please send me all title information that you have relating to U.S.M.S. 1702: Pitsburg, Pennsylvania, and Keystone Lode claims.

As always, please call me if you have any questions regarding the above matters.

Yours,


Paul Shearer

1532 Meadows Drive
Lake Oswego, OR 97034

(503) 697-4378 Home
(503) 578-3174 Work
(503) 578-3228 FAX


Exhibit __2__ page __2__ of __2__

EXHIBIT  6
Page  9  of  33

USMS 1702

1563

BK0851PG002

- 1 -

## STATUTORY QUITCLAIM DEED
### (A.S. 34.15.040)

THIS STATUTORY QUITCLAIM DEED (this "Deed"), given this __23__ day of __APRIL__, 1994, by PAUL G. SHEARER ("Grantor"), whose address is 1532 ~~~~, Meadows Drive, Lake Oswego, Oregon 97034, to the following persons (collectively referred to herein as "Grantees") as tenants in common unless otherwise specified:

VIOLA GROSS and LARRY W. GROSS, husband and wife whose address is 1569 Block Road, Gridley, California 95948, taking and holding an undivided 51% interest in the undivided 2/3 interest described below as tenants by the entirety,

VIVA E. SMITH, whose address is 1569 Block Road, Gridley, California 95948, taking and holding an undivided 8% interest in the undivided 2/3 interest described below,

VIOLA GROSS, TRUSTEE OF THE VIVIAN E. CALHOUN REVOCABLE TRUST, whose address is 1569 Block Road, Gridley, California 95948, taking and holding an undivided 8% interest in the undivided 2/3 interest described below, and

RICHARD D. SAVELL, whose address is P.O. Box 2683, Fairbanks, Alaska 99707, taking and holding an undivided 33% interest in the undivided 2/3 interest described below,

### WITNESSETH:

THAT for and in consideration of $10.00 and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and subject to the exclusion set forth below, Grantor does hereby CONVEY and QUITCLAIM to the Grantees all of his rights, titles, and interests (if any) in and to the following described real property formerly within the Kantishna Mining and Recording District, Territory of Alaska, and now within the Fairbanks Recording District, State of Alaska, TO HAVE AND TO HOLD FOREVER:

An undivided 2/3 interest in the following patented lode claims situated east of the right limit of Moose Creek, on the divide between Eureka and Friday Creeks, known also as Quigley Hill (said undivided 2/3 interest being the same 2/3 interest that was quieted to Viola Gross by Judgement and Decree Quieting Title recorded March 23, 1982 in Book 252, Page 713.):

Keystone Lode Claim          (U.S.M.S. 1702)
Pennsylvania Lode Claim      (U.S.M.S. 1702)
Pitsburg Lode Claim          (U.S.M.S. 1702)
    (sometimes referred to as
    Pittsburgh Lode, or
    Pitsburgh Lode, or
    Pittsburg Lode)

Attachment D

EXHIBIT 6
Page 10 of 33

BK0851FG003

-2-

Together with all dips, spurs, and angles, and all ledges, lodes and deposits
of mineral-bearing rock and earth contained therein, and all water and
water rights and all other privileges incident or appurtenant thereto.

EXCLUDING, HOWEVER, from the conveyance made hereby, all rights, titles,
and interests (if any) currently held by Grantor (by virtue of his ownership of an
interest in the Doherty claim (U.S.M.S. 1702) but not otherwise) in and to those lands
included within both the Pitsburg Lode claim (U.S.M.S. 1702) and the
Doherty Lode claim (U.S.M.S. 1702).

GIVEN on the date first set forth above.

*Paul G. Shearer*

PAUL G. SHEARER

ACKNOWLEDGEMENT

This is to certify that on this the 23 day of April, 1994, before me, the
undersigned, a Notary Public in and for the State of Oregon, duly
commissioned and sworn, personally appeared PAUL G. SHEARER, to me known to be
the individual described in and who executed the foregoing instrument and acknowledged
the said instrument to be his free act and deed.

*Sharon Kay Driesner*

NOTARY PUBLIC

OFFICIAL SEAL
SHARON KAY DRIESNER
NOTARY PUBLIC-OREGON
COMMISSION NO 022188
MY COMMISSION EXPIRES DEC 7, 1997

94-8932
18-
4C2-

FAIRBANKS REC. DISTRICT
REQUESTED BY *Paul Shearer*

'94 APR 25 AM 10 20
548207

EXHIBIT 6
Page 11 of 33

## STATUTORY QUITCLAIM DEED
### (A.S. 34.15.040)

THIS STATUTORY QUITCLAIM DEED (this "Deed"), given this __27__ day of __APRIL__, 1994, by PAUL G. SHEARER ("Grantor"), whose address is 1532 Meadows Drive, Lake Oswego, Oregon 97034, to VIOLA GROSS ("Grantee"), whose address is 1569 Block Road, Gridley, California 95948.

### WITNESSETH:

THAT for and in consideration of $10.00 and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and subject to the exclusion set forth below, Grantor does hereby CONVEY and QUITCLAIM to the Grantee all of his rights, titles, and interests (if any) in and to the following described real property formerly within the Kantishna Mining and Recording District, Territory of Alaska, and now within the Fairbanks Recording District, State of Alaska, TO HAVE AND TO HOLD FOREVER:

> **An undivided 1/3 interest in the following patented lode claims situated east of the right limit of Moose Creek, on the divide between Eureka and Friday Creeks, known also as Quigley Hill (said 1/3 interest being the 1/3 interest that was not quieted to Viola Gross by Judgement and Decree Quieting Title recorded March 23, 1982 in Book 252, Page 713.):**

| | |
|---|---|
| **Keystone Lode Claim** | **(U.S.M.S. 1702)** |
| **Pennsylvania Lode Claim** | **(U.S.M.S. 1702)** |
| **Pitsburg Lode Claim** | **(U.S.M.S. 1702)** |
| **(sometimes referred to as** | |
| **Pittsburgh Lode, or** | |
| **Pittsburgh Lode, or** | |
| **Pittsburg Lode)** | |

**Together with all dips, spurs, and angles, and all ledges, lodes and deposits of mineral-bearing rock and earth contained therein, and all water and water rights and all other privileges incident or appurtenant thereto.**

**EXCLUDING, HOWEVER, from the conveyance made hereby, all rights, titles, and interests (if any) currently held by Grantor (by virtue of his ownership of an interest in the Doherty claim (U.S.M.S. 1702) but not otherwise) in and to those lands included within both the Pitsburg Lode claim (U.S.M.S. 1702) and the Doherty Lode claim (U.S.M.S. 1702).**

Attachment  E

EXHIBIT 6
Page 12 of 33

GIVEN on the date first set forth above.

*Paul G Shearer*

PAUL G. SHEARER

ACKNOWLEDGEMENT

This is to certify that on this the _27th_ day of _April_, 1994, before me, the
undersigned, a Notary Public in and for the State of _Oregon_, duly
commissioned and sworn, personally appeared PAUL G. SHEARER, to me known to be
the individual described in and who executed the foregoing instrument and acknowledged
the said instrument to be his free act and deed.

NOTARY PUBLIC

Return To;     Paul Shearer
               1532 Meadows Dr.
               Lake Oswego, OR  97034

> OFFICIAL SEAL
> KELLE J. KEYS
> NOTARY PUBLIC-OREGON
> COMMISSION NO. 020640
> MY COMMISSION EXPIRES DEC. 13. 1996

9 4-9 9 3 7

18/C2 -

FAIRBANKS REC. DISTRICT
REQUESTED BY *Paul G Shearer*

'94 MAY 2 AM  11:20
        550501

EXHIBIT  6
Page 13 of 33

BK 0871 PG 728

E7159 FTA32563

## WARRANTY DEED

THIS DEED, made this /1*th* day of AUGUST , 1994, by and between VIOLA GROSS, 1569 Block Road, Gridley, California 95948; VIOLA GROSS, TRUSTEE, VIVIAN E. CALHOUN REVOCABLE TRUST, 1569 Block Road, Gridley, California 95948; LARRY W. GROSS, 1569 Block Road, Gridley, California 95948; VIVA E. SMITH, 2050 Springfield Drive, Unit 305, Chico, California 95928; RICHARD D. SAVELL, 4105 Billy's Lane, Fairbanks, Alaska 99709; and MIKE R. MARK ANTHONY, 2622 Lovejoy Drive, Anchorage, Alaska 99508, hereinafter referred to as the Grantors, and the UNITED STATES OF AMERICA, hereinafter referred to as the Grantee.

## WITNESSETH:

WHEREAS, the Grantors are the owner of certain real property situate in the Fairbanks Recording District, Fourth Judicial District, State of Alaska. Said property, containing 53.95 acres, more or less, is located within the boundaries of Denali National Park and Preserve and identified as Tract 12-118; and,

Attachment F

EXHIBIT 6
Page 14 of 33

BK0871PG729

WHEREAS, the Act of December 2, 1980, Public Law 96-487, as amended, the Alaska National Interest Lands Conservation Act, authorizes the Grantee, through the Secretary of the Interior, to acquire lands and interests therein within the boundaries of Denali National Park and Preserve.

NOW THEREFORE, in consideration of the sum of FOUR HUNDRED AND THIRTEEN THOUSAND DOLLARS $413,000.00, the receipt and sufficiency whereof is hereby acknowledged, the said Grantors do hereby grant, bargain, sell, and convey with Warranty Covenants unto the Grantee and its assigns, in fee simple, forever, the following described property:

> Those patented lode mining claims known as KEYSTONE, PITTSBURG and PENNSYLVANIA LODE MINING CLAIMS designated by the Surveyor General as Mineral Survey Number 1702 embracing a portion of the unsurveyed public domain in the Kantishna Mining District, being more particularly described in that certain patent from The United States of America to Joseph B. Quigley dated September 9, 1926 recorded April 20, 1929 in Book 2, Page 62, Records of the Fairbanks Recording District, Fourth Judicial District, State of Alaska.

> NOT TO INCLUDE THE PORTION OF THE PITTSBURG LODE THAT OVERLAPS WITH THE DOHERTY LODE AS SHOWN ON SAID MINERAL SURVEY 1702

TOGETHER with the hereditaments and appurtenances unto and to the Grantee and its assigns, forever, in fee simple, free and clear of all liens and encumbrances; the Grantors release and

EXHIBIT 6
Page 15 of 33

quitclaim unto the Grantee and its assigns all right, title and interest which the Grantors may have in the banks, beds and waters opposite to or fronting upon said land, and in any alleys, roads, streets, ways, strips, gores, or railroad rights-of-way abutting or adjoining said lands, and in any means of ingress and egress appurtenant thereto.

SUBJECT, however, to existing easements for public roads and highways, public utilities, railroads and pipelines.

TO HAVE AND TO HOLD the said premises together with all and singular the rights and privileges thereto belonging unto the said Grantee and its assigns in fee simple forever.

THE SAID GRANTORS covenant that they have the right to convey said land; that they have done no act to encumber the same; that the said Grantee shall have quiet and peaceful possession of the same, free and clear of any and all encumbrances; that they will warrant generally the property hereby conveyed; and that they, the said Grantors, will execute such further assurances of the said land as may be requisite.

The acquiring Federal Agency is the National Park Service, U. S. Department of the Interior.

EXHIBIT 6
Page 16 of 33

BK0871PG731

IN WITNESS WHEREOF, the said Grantor, VIOLA GROSS has hereunto set her hand and seal the day and year first written above.

_Viola Gross_

VIOLA GROSS

ACKNOWLEDGEMENT

This is to certify that on the this _____ day of _____, 1994, before me, the undersigned, a Notary Public in and for the State of _____, duly commissioned and sworn, personally appeared VIOLA GROSS, to me known to be the individual described in and who executed the foregoing instrument and acknowledged the said instrument to be her free act and deed.

_____

NOTARY PUBLIC

My Commission expires: _____

_See attached_

Page 4 of 9

EXHIBIT 6
Page 17 of 33

0871PG732

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

No. 5907

State of _CALIFORNIA_

County of _BUTTE_

On _AUG 11, 1994_ before me, _SHARON E. ZUNINO - NOTARY PUBLIC_,
        DATE                                    NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared _VIOLA GROSS_ ,
                                    NAME(S) OF SIGNER(S)

☐ personally known to me **- OR -** ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

SHARON E. ZUNINO
Comm. # 987533
NOTARY PUBLIC - CALIFORNIA
Butte County
My Comm. Expires Jun. 18, 1997

_Sharon E. Zunino_
SIGNATURE OF NOTARY

## ━━━━ OPTIONAL ━━━━

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

### CAPACITY CLAIMED BY SIGNER

☒ INDIVIDUAL
☐ CORPORATE OFFICER

_____
        TITLE(S)

☐ PARTNER(S)        ☐ LIMITED
                    ☐ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____
_____
_____

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)
_____
_____

### DESCRIPTION OF ATTACHED DOCUMENT

_WARRANTY DEED_
TITLE OR TYPE OF DOCUMENT

_9_
NUMBER OF PAGES

_AUGUST 11, 1994_
DATE OF DOCUMENT

EXHIBIT _6_
Page _18_ of _33_

_____
SIGNER(S) OTHER THAN NAMED ABOVE

©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184

0871 PG 733

IN WITNESS WHEREOF, the said Grantor, VIOLA GROSS, TRUSTEE
of the VIVIAN E. CALHOUN REVOCABLE TRUST, has hereunto set her
hand and seal the day and year first written above.


*Viola Gross Trustee*
_____
VIOLA GROSS, TRUSTEE
VIVIAN E. CALHOUN REVOCABLE TRUST


ACKNOWLEDGEMENT


This is to certify that on the this      day of           , 1994,
before me, the undersigned, a Notary Public in and for the State
of _____, duly commissioned and sworn, personally
appeared VIOLA GROSS, TRUSTEE of the VIVIAN E. CALHOUN REVOCABLE
TRUST, to me known to be the individual described in and who
executed the foregoing instrument and acknowledged the said
instrument to be her free act and deed.


_____
NOTARY PUBLIC

My Commission expires:   _____

*See attached*

Page 5 of 9

EXHIBIT 6
Page 19 of 33

BK0871PG734

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

No. 5907

State of *CALIFORNIA*

County of *BUTTE*

On *AUG 11, 1994* before me, *SHARON E. ZUNINO - NOTARY PUBLIC*
DATE                          NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared *VIOLA GROSS*
NAME(S) OF SIGNER(S)

☐ personally known to me - **OR** - ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

SHARON E. ZUNINO
Comm. # 967533
NOTARY PUBLIC - CALIFORNIA
Butte County
My Comm. Expires Jun. 18, 1997

PWR1

WITNESS my hand and official seal.

*Sharon E Zunino*
SIGNATURE OF NOTARY

━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

## CAPACITY CLAIMED BY SIGNER

☐ INDIVIDUAL
☐ CORPORATE OFFICER

_____
TITLE(S)

☐ PARTNER(S)     ☐ LIMITED
                 ☐ GENERAL
☐ ATTORNEY-IN-FACT
☒ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____
_____
_____

**SIGNER IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)

_____
_____

## DESCRIPTION OF ATTACHED DOCUMENT

*WARRANTY DEED*
TITLE OR TYPE OF DOCUMENT

*9*
NUMBER OF PAGES

*AUGUST 11, 1994*
DATE OF DOCUMENT

EXHIBIT 6
Page 20 of 33

_____
SIGNER(S) OTHER THAN NAMED ABOVE

©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184

IN WITNESS WHEREOF, the said Grantor, LARRY W. GROSS, has hereunto set his hand and seal the day and year first written above.

_Larry W Gross_

LARRY W. GROSS

ACKNOWLEDGEMENT

This is to certify that on the this        day of        , 1994, before me, the undersigned, a Notary Public in and for the State of _____, duly commissioned and sworn, personally appeared LARRY W. GROSS, to me known to be the individual described in and who executed the foregoing instrument and acknowledged the said instrument to be his free act and deed.

_____
NOTARY PUBLIC

My Commission expires:  _____

_See Attached_

Page 6 of 9

EXHIBIT 6
Page 21 of 33

BK0871PG736

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

No. 5907

State of _CALIFORNIA_

County of _BUTTE_

On _AUG 12, 1994_ before me, _SHARON E. ZUNINO - NOTARY PUBLIC_

DATE                                    NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared _LARRY W. GROSS_ ,

NAME(S) OF SIGNER(S)

☐ personally known to me - OR - ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

SHARON E. ZUNINO
Comm. # 987533
NOTARY PUBLIC - CALIFORNIA
Butte County
My Comm. Expires Jun. 18, 1997

_Sharon E Zunino_

SIGNATURE OF NOTARY

━━━━━━━━━ **OPTIONAL** ━━━━━━━━━

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

**CAPACITY CLAIMED BY SIGNER**

☒ INDIVIDUAL
☐ CORPORATE OFFICER

_____
TITLE(S)

☐ PARTNER(S)        ☐ LIMITED
                    ☐ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____
_____
_____

**SIGNER IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)
_____
_____

**DESCRIPTION OF ATTACHED DOCUMENT**

_WARRANTY DEED_

TITLE OR TYPE OF DOCUMENT

_9_

NUMBER OF PAGES

_AUG 11, 1994_

DATE OF DOCUMENT

EXHIBIT 6
Page 22 of 33

SIGNER(S) OTHER THAN NAMED ABOVE

©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184

BK0871PG737

IN WITNESS WHEREOF, the said Grantor, VIVA E. SMITH, has hereunto set her hand and seal the day and year first written above.

*Viva E Smith*

VIVA E. SMITH

ACKNOWLEDGEMENT

This is to certify that on the this         day of              , 1994, before me, the undersigned, a Notary Public in and for the State of _____, duly commissioned and sworn, personally appeared VIVA E. SMITH, to me known to be the individual described in and who executed the foregoing instrument and acknowledged the said instrument to be her free act and deed.

_____

NOTARY PUBLIC

My Commission expires: _____

*See Attached*

Page 7 of 9

EXHIBIT 6
Page 23 of 33

0871 PG 738

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

No. 5907

State of _CALIFORNIA_

County of _BUTTE_

On _AUG 11, 1994_ before me, _SHARON E. ZUNINO - NOTARY PUBLIC_
<br>DATE
<br>NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared _VIVA E. SMITH_
<br>NAME(S) OF SIGNER(S)

☐ personally known to me - OR - ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

SHARON E. ZUNINO
Comm. # 987533
NOTARY PUBLIC - CALIFORNIA
Butte County
My Comm. Expires Jun. 18, 1997

_Sharon E Zunino_
<br>SIGNATURE OF NOTARY

═══════════ OPTIONAL ═══════════

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

### CAPACITY CLAIMED BY SIGNER

☒ INDIVIDUAL
<br>☐ CORPORATE OFFICER

_____
<br>TITLE(S)

☐ PARTNER(S)    ☐ LIMITED
<br>☐ GENERAL
<br>☐ ATTORNEY-IN-FACT
<br>☐ TRUSTEE(S)
<br>☐ GUARDIAN/CONSERVATOR
<br>☐ OTHER: _____
<br>_____
<br>_____

SIGNER IS REPRESENTING:
<br>NAME OF PERSON(S) OR ENTITY(IES)
<br>_____
<br>_____

### DESCRIPTION OF ATTACHED DOCUMENT

_WARRANTY DEED_
<br>TITLE OR TYPE OF DOCUMENT

_9_
<br>NUMBER OF PAGES

_AUGUST 11, 1994_
<br>DATE OF DOCUMENT

EXHIBIT _6_

Page _24_ of _33_

_____
<br>SIGNER(S) OTHER THAN NAMED ABOVE

©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184

BK0871PG739

IN WITNESS WHEREOF, the said Grantor, RICHARD D. SAVELL, has hereunto set his hand and seal the day and year first written above.

_____
RICHARD D. SAVELL

**ACKNOWLEDGEMENT**

This is to certify that on the this 29th day of AUGUST, 1994, before me, the undersigned, a Notary Public in and for the State of ALASKA, duly commissioned and sworn, personally appeared RICHARD D. SAVELL, to me known to be the individual described in and who executed the foregoing instrument and acknowledged the said instrument to be his free act and deed.

_____
NOTARY PUBLIC

My Commission expires:  26Sep95

Page 8 of 9

EXHIBIT 6
Page 25 of 33

BK 0871 PG 740

IN WITNESS WHEREOF, the said Grantor, MIKE R. MARK ANTHONY, has hereunto set his hand and seal the day and year first written above.

_____
MIKE R. MARK ANTHONY


ACKNOWLEDGEMENT


This is to certify that on the this 22nd day of August, 1994, before me, the undersigned, a Notary Public in and for the State of Alaska _____, duly commissioned and sworn, personally appeared MIKE R. MARK ANTHONY, to me known to be the individual described in and who executed the foregoing instrument and acknowledged the said instrument to be his free act and deed.

_____
NOTARY PUBLIC
State of Alaska

My Commission expires: November 28, 1995


After recording, return deed to the grantee, United States of America, in care of:

National Park Service
Land Resources Division
2525 Gambell Street
Anchorage, Alaska 99503-2892

9 4-1 9 8 1 2
5/ CC

FAIRBANKS REC. DISTRICT
REQUESTED BY ETA

'94 AUG 30  AM 8 56

Page 9 of 9

EXHIBIT 6
Page 26 of 33

## O P T I O N

THIS OPTION AGREEMENT, made and entered into in trip-
licate this 19th day of August, 1937

BY AND BETWEEN   JOSEPH B. QUIGLEY and FANNIE QUIGLEY,
his wife, hereinafter designated OPTIONORS

and E. FRANSEN and C. M. HALKINS, hereinafter designated
OPTIONEES,

W I T N E S S E T H:

That for and in consideration of the mutual covenants
and agreements hereinafter expressed and by each of the parties
hereto to be well and truly kept and performed, said Optionors do
hereby give and grant unto said Optionees the exclusive right,
provilege and option to purchase all of the following lode mining
claims formerly situated in the Kantishna Mining and Recording
Precinct and now situated in the Fairbanks Mining and Recording
Precinct, Fourth Judicial Division, Territory of Alaska, namely:

All of the following patented lode mining claims,
situate on the right limit of Moose Creek,
on the divide between Eureka and Friday
Creeks, known also as Quigley Hill:

The Silver Pick Lode Claim
The Silver Pick No. 2 Lode Claim
The Little Annie Lode Claim
The Little Annis No. 2 Lode Claim
The Little Maude Lode Claim
The Frances Lode Claim
The Bertha G. Lode Claim
The Golden Eagle Lode Claim
The Gold Dollar Lode Claim
The Lucky Strike Lode Claim
The Sulphide Lode Claim (except the placer
        mining rights therein)
The Water Level Lode Claim
The White Hawk Lode Claim
The Red Top Lode Claim
The Darling Lode Claim; and
An undivided two-thirds (2/3) interest in
        The Polly Wonder Lode Claim

An undivided two-thirds (2/3) interest in the follow-
ing patented lode claims situated East of the
above group of claims:

The Keystone Lode Claim
The Pennsylvania Lode Claim
The Pittsburg Lode Claim

Attachment  G

000040

EXHIBIT 6
Page 27 of 33

6

All of the following patented lode claims situated
on the left limit of Moose Creek:

The Bright Light Lode Claim
The Whistler Lode Claim

All of the following unpatented lode claims situated
East of the second group of claims above men-
tioned:

Banjo Lode Claim
Pac Lode Claim
Hard Rock Lode Claim
Tugboat Annie Lode Claim

Also all other lode claims located in the vicinity
of the claims hereinabove specifically men-
tioned, but not enumerated hereinabove, in
which said Optionors have or claim any interest
whatsoever.

Together with all dips, spurs and angles, and all
ledges, lodes and deposits of mineral-bearing
rock and earth contained therein, and all water
and water rights and all other privileges in-
cident or appurtenant thereto.

It is hereby mutually agreed by and between the parties

hereto that the consideration for this option shall be and is the

sum of One Hundred Thousand Dollars ($100,000.00) in lawful money

of the United States of America, payable as follows:  Ten Thousand

Dollars ($10,000.00) on or before the 1st day of September, 1937;

and the sum of Ten Thousand Dollars ($10,000.00) each and every year

thereafter on each succeeding 1st day of September until the full

sum of One Hundred Thousand Dollars ($100,000.00) is fully paid.

Each and all of said payments shall be made at the First National

Bank of Fairbanks, Alaska, and none of said deferred payments

shall bear interest.

In the event each and all of said payments are made

at the time or times and in the manner hereinabove provided, but

not otherwise, except as hereinafter provided, said Optionors agree

to deliver to said Optionees a good and sufficient deed of all of

the lode claims hereinabove described, but in the event that de-

fault is made by said Optionees in any of the payments above

specified, then this Option shall be and become forfeited, at the

option of Optionors, and all rights of said Optionees hereunder

shall cease and determine and and all payments theretofore

-2-

EXHIBIT 6
Page 28 of 33

000041

received by said Optionors in part payment of the option price here-
inabove specified shall be retained by Optionors as liquidated
damages.

Said Optionors shall, on the date hereof, in order more
effectually to carry out the terms hereof, make, execute and place
in escrow with the First National Bank of Fairbanks, Alaska, a good
and sufficient deed of each and all of the lode mining claims here-
inabove described, running to said Optionees, said deed to be held
by said Bank and delivered to said Optionees upon the full payment
by them of the total option price hereinabove specified, and not
otherwise.

Upon the execution of this agreement by all of the
parties hereto, said Optionees may enter upon and take possession
of each and all of the above described lode mining claims and interest
therein, and may thereafter, during the life of this agreement, ex-
plore, prospect, mine and operate each and all of said properties
or any part thereof, provided, however, that said Optionees shall
pay to said Optionors at the First National Bank of Fairbanks,
Alaska, ten per cent. (10%) of the gross amount of all gold and
other precious metals extracted as the result of said mining
operations.  Such payment or payments shall be made within sixty
(60) days after the date of shipment of all ores or concentrates
to any smelter, and said Optionors shall have free access to all
smelter returns and to all memorandum concerning said shipments in
the possession of said Optionees, and shall also have free access
at all times to the mining operations conducted by Optionees upon
said properties, or any of them.  Such payment or payments afore-
said from the gross amount of recovery from said mining operations
shall first be applied as a credit upon the last installment of
Ten Thousand Dollars ($10,000.00) due under the terms of this
contract and when such last installment has been fully paid such
payment or payments shall be applied as a credit upon the next
preceding installment and so on backwards upon each installment

-3-

EXHIBIT 6
Page 29 of 33

000042

of Teh Thousand Dollars ($10,000.00) due under the terms of this contract, and in the event of the forfeiture or cancellation or surrender of this contract by Optionees, each and all of said payments theretofore made shall be retained by said Optionors as liquidated damages.

It is mutually agreed by and between the parties hereto that said Optionees shall pay to Optionors for a period of thirty (30) years from the date hereof, in addition to the original option price hereinabove set forth, two per cent.(2%) of the gross amount of all gold and other precious metals extracted as the result of mining operations upon said lode claims and interests therein hereinabove described, provided, however, that said Optionees shall have the right, privilege and option at any time within said period to pay to said Optionors, in lieu of said two per cent. (2%) of the gross amount produced from said properties, a lump sum of Fifty Thousand Dollars ($50,000.00) in cash, lawful money of the United States of America.  Upon payment of said lump sum of Fifty Thousand Dollars ($50,000.00) aofresaid, in addition to the original option price of One Hundred Thousand Dollars ($100,000.00) by said Optionees to Optionors, all right, title and interest of whatsoever kind and nature of said Optionors in and to each and all of the properties hereinabove described shall be extinguished and the same shall vest absolutely in said Optionees.

Optionees, in the conduct of their mining operations upon said properties hereinabove described shall have the right to use all rails, gas and powder belonging to Optionors now located upon said properties free of charge and without any cost or expense whatsoever to said Optionees.  They also shall have free use of the assay outfit and all equipment connected therewith now used in connection with the development of said properties, by Optionors, until such time as said Optionors or either of them may require the same and such assay outfit shall be delivered by Optionees or either of them to Optioners or either of them upon request.

Optionors, during the life of this agreement, reserve the right to the use and occupancy of a small frame house upon the

-4-

EXHIBIT 6

Page 30 of 33

000043

Banjo Lode Claim for the use    Joseph B. Quigley, and also one cabin and cache on the Red Top Lode Claim, for the use and occupancy of Fennie Quigley.

All work, labor and improvements of every kind or nature whatsoever upon said properties shall be done at the expense of Optionees, and Optionors shall in nowise be liable therefore, and Optionees hereby agree to keep all of said properties free and clear from all encumbrances whatsoever, especially from the liens of mechanics, laborers, materialmen and others and they will post notices of non-liability of said Optionors to that effect upon any and all claims worked, developed or operated by them. Such notices shall be furnished for said purposes by Optionors.

All mining and development work done upon said properties or either of them by Optionees must be done in a workmanlike and minerlike manner, with due regard to the development and preservation of said properties as a workable mine or mines and all tunnels, shafts, drifts, winzes and stopes shall be kept in a proper condition to enable further mining thereof, and the same shall be properly timbered and kept free from waste, so as to be available for future use in the development of said properties.

Upon the forfeiture, cancellation or surrender of this Option by Optionees, they shall not remove any equipment, tools, supplies or machinery belonging to them from said properties nor any buildings erected thereon, all of which shall be deemed to be the property of Optionors.

Optionors during the life hereof agree to do and perform upon all of the unpatented lode mining claims hereinabove described sufficient assessment work to hold the same under the existing laws and to record proper affidavits thereof in the Fairbanks Mining and Recording Precinct within the time prescribed by law.

It is further agreed by and between the parties hereto that any violation of any covenant or agreement hereincontained by said Optionees on their part to be performed shall work a forfeiture of all their rights under this agreement and all payments of every kind theretofore made by them shall as a result of such

-5-

EXHIBIT 6
Page 31 of 33

violation become forfeited to Optionors as liquidated damages and said Optionors shall be thereafter entitled to reenter and take possession of each and all of the properties hereinabove described and to eject and remove said Optionees therefrom with or without process of law.

Optionors do hereby expressly authorize and empower the First National Bank of Fairbanks, Alaska, to accept and receive any and all payments by Optionees under the terms of this agreement, whether in cash or from ten per cent. (10%) of the gross output, and all such monies so received shall be immediately distributed by said Bank to each of the Optionors herein, in the following portions:  To Joseph B. Quigley, one-half (1/2) thereof, and to Fannie Quigley, one-half (1/2) thereof.

Time is of the essence of this agreement and the same, and all the terms thereof, shall inure to and bind the heirs, executors, administrators, successors or assigns of either said Optionors or either of them or said Optionees or either of them.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals on the day and year first hereinabove written.

Executed by Joseph B. Quigley
in the presence of:

_CECIL H. CLEGG_

_DOROTHY RUSSELL_

Executed by Fannie Quigley in
the presence of

_J. C. WINTER_

_R. C. JACOBS_

Executed by E. Fransen and
C. M. Hawkins in the presence of

_CECIL H. CLEGG_

_DOROTHY RUSSELL_

_J. B. Quigley_ (Seal
Joseph B. Quigley

_Fannie Quigley_ (Seal
OPTIONORS

_E. Fransen_     (Seal)

_C. M. Hawkins_     (Seal)
OPTIONEES

EXHIBIT  6
Page  32 of  33

000045

UNITED STATES OF AMERICA )
Territory of Alaska )ss.
Fourth Judicial Division )

THIS IS TO CERTIFY That on the 19th day of August, 1937, before me, the undersigned, a Notary Public in and for the Territory of Alaska, personally came JOSEPH B. QUIGLEY, E. FRANZEN, and O. W. HARKINS, to me known to be the persons described in and who executed the foregoing OPTION, and they acknowledged to me that they signed and sealed the same as their free and voluntary acts and deeds, for the uses and purposes therein mentioned.

WITNESS my hand and official seal the day and year in this certificate first written.

CECIL H. CLEGG
Notary Public in and for the
Territory of Alaska, resid-
ing at Fairbanks, Alaska.

My commission expires
April 30th, 1938.

UNITED STATES OF AMERICA )
Territory of Alaska )ss.
Fourth Judicial Division )

THIS IS TO CERTIFY That on the 25th day of August, 1937, before me, the undersigned, a Notary Public in and for the Territory of Alaska, personally came FANNIE QUIGLEY, to me known to be the person described in and who executed the foregoing OPTION and she acknowledged to me that she signed and sealed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

WITNESS my hand and official seal the day and year in this certificate first written.

J. C. WINTER
Notary Public in and for
the Territory of Alaska,
residing at Fairbanks,
Alaska

My Commission expires
April 27, 1940.

EXHIBIT 6
Page 33 of 33

000046