Title Document 21

| | | | |
|---|---|---|---|
| 21 | NONE 8/19/1937 | NOT RECORDED | Option 1937 |
| | Quigley  Fransen  Option 1937 | | |

000039

OPTION

THIS OPTION AGREEMENT, made and entered into in triplicate this 19th day of August, 1937

BY AND BETWEEN JOSEPH B. QUIGLEY and FANNIE QUIGLEY, his wife, hereinafter designated OPTIONORS

and B. FRANSEN and C. M. HAWKINS, hereinafter designated OPTIONEES,

WITNESSETH:

That for and in consideration of the mutual covenants and agreements hereinafter expressed and by each of the parties hereto to be well and truly kept and performed, said Optionors do hereby give and grant unto said Optionees the exclusive right, privilege and option to purchase all of the following lode mining claims formerly situated in the Kantishna Mining and Recording Precinct and now situated in the Fairbanks Mining and Recording Precinct, Fourth Judicial Division, Territory of Alaska, namely:

    All of the following patented lode mining claims, situate on the right limit of Moose Creek, on the divide between Euroka and Friday Creeks, known also as Quigley Hill:

        The Silver Pick Lode Claim
        The Silver Pick No. 2 Lode Claim
        The Little Annie Lode Claim
        The Little Annie No. 2 Lode Claim
        The Little Maude Lode Claim
        The Frances Lode Claim
        The Martha G. Lode Claim
        The Golden Eagle Lode Claim
        The Gold Dollar Lode Claim
        The Lucky Strike Lode Claim
        The Sulphide Lode Claim (except the placer mining rights therein)
        The Water Level Lode Claim
        The White Hawk Lode Claim
        The Red Top Lode Claim
        The Darling Lode Claim; and
        An undivided two-thirds (2/3) interest in The Polly Wonder Lode Claim

    An undivided two-thirds (2/3) interest in the following patented lode claims situated West of the above group of claims:

        The Keystone Lode Claim
        The Pennsylvania Lode Claim
        The Pittsburg Lode Claim

All of the following patented lode claims situated
on the left limit of Moose Creek:

The Bright Light Lode Claim
The Whistler Lode Claim

All of the following unpatented lode claims situated
East of the second group of claims above mentioned:

Banjo Lode Claim
Pas Lode Claim
Hard Rock Lode Claim
Tugboat Annie Lode Claim

Also all other lode claims located in the vicinity
of the claims hereinabove specifically mentioned, but not enumerated hereinabove, in
which said Optionors have or claim any interest
whatsoever.

Together with all dips, spurs and angles, and all
ledges, lodes and deposits of mineral-bearing
rock and earth contained therein, and all water
and water rights and all other privileges incident or appurtenant thereto.

It is hereby mutually agreed by and between the parties hereto that the consideration for this option shall be and is the sum of One Hundred Thousand Dollars ($100,000.00) in lawful money of the United States of America, payable as follows: Ten Thousand Dollars ($10,000.00) on or before the 1st day of September, 1937; and the sum of Ten Thousand Dollars ($10,000.00) each and every year thereafter on each succeeding 1st day of September until the full sum of One Hundred Thousand Dollars ($100,000.00) is fully paid. Each and all of said payments shall be made at the First National Bank of Fairbanks, Alaska, and none of said deferred payments shall bear interest.

In the event each and all of said payments are made at the time or times and in the manner hereinabove provided, but not otherwise, except as hereinafter provided, said Optionors agree to deliver to said Optionees a good and sufficient deed of all of the lode claims hereinabove described, but in the event that default is made by said Optionees in any of the payments above specified, then this Option shall be and become forfeited, at the option of Optionors, and all rights of said Optionees hereunder shall cease and determine and and and all payments theretofore

000041

EXHIBIT 10
Page 3 of 8

received by said Optionors in part payment of the option price hereinabove specified shall be retained by Optionors as liquidated damages.

Said Optionors shall, on the date hereof, in order more effectually to carry out the terms hereof, make, execute and place in escrow with the First National Bank of Fairbanks, Alaska, a good and sufficient deed of each and all of the lode mining claims hereinabove described, running to said Optionees, said deed to be held by said Bank and delivered to said Optionees upon the full payment by them of the total option price hereinabove specified, and not otherwise.

Upon the execution of this agreement by all of the parties hereto, said Optionees may enter upon and take possession of each and all of the above described lode mining claims and interest therein, and may thereafter, during the life of this agreement, explore, prospect, mine and operate each and all of said properties or any part thereof, provided, however, that said Optionees shall pay to said Optionors at the First National Bank of Fairbanks, Alaska, ten per cent. (10%) of the gross amount of all gold and other precious metals extracted as the result of said mining operations. Such payment or payments shall be made within sixty (60) days after the date of shipment of all ores or concentrates to any smelter, and said Optionors shall have free access to all smelter returns and to all memorandum concerning said shipments in the possession of said Optionees, and shall also have free access at all times to the mining operations conducted by Optionees upon said properties, or any of them. Such payment or payments aforesaid from the gross amount of recovery from said mining operations shall first be applied as a credit upon the last installment of Ten Thousand Dollars ($10,000.00) due under the terms of this contract and when such last installment has been fully paid such payment or payments shall be applied as a credit upon the next preceding installment and so on backwards upon each installment

-3-

of Teh Thousand Dollars ($10,000.00) due under the terms of this contract, and in the event of the forfeiture or cancellation or surrender of this contract by Optionees, each and all of said payments theretofore made shall be retained by said Optionors as liquidated damages.

It is mutually agreed by and between the parties hereto that said Optionees shall pay to Optionors for a period of thirty (30) years from the date hereof, in addition to the original option price hereinabove set forth, two per cent.(2%) of the gross amount of all gold and other precious metals extracted as the result of mining operations upon said lode claims and interests therein hereinabove described, provided, however, that said Optionees shall have the right, privilege and option at any time within said period to pay to said Optionors, in lieu of said two per cent. (2%) of the gross amount produced from said properties, a lump sum of Fifty Thousand Dollars ($50,000.00) in cash, lawful money of the United States of America. Upon payment of said lump sum of Fifty Thousand Dollars ($50,000.00) aforesaid, in addition to the original option price of One Hundred Thousand Dollars ($100,000.00) by said Optionees to Optionors, all right, title and interest of whatsoever kind and nature of said Optionors in and to each and all of the properties hereinabove described shall be extinguished and the same shall vest absolutely in said Optionees.

Optionees, in the conduct of their mining operations upon said properties hereinabove described shall have the right to use all rails, gas and powder belonging to Optionors now located upon said properties free of charge and without any cost or expense whatsoever to said Optionees. They also shall have free use of the assay outfit and all equipment connected therewith now used in connection with the development of said properties, by Optionors, until such time as said Optionors or either of them may require the same and such assay outfit shall be delivered by Optionees or either of them to Optionors or either of them upon request.

Optionors, during the life of this agreement, reserve the right to the use and occupancy of a small frame house upon the

-4-

Banjo Lode Claim for the use of Joseph B. Quigley, and also one cabin and cache on the Red Top Lode Claim, for the use and occupancy of Fennie Quigley.

All work, labor and improvements of every kind or nature whatsoever upon said properties shall be done at the expense of Optionees, and Optionors shall in nowise be liable therefore, and Optionees hereby agree to keep all of said properties free and clear from all encumbrances whatsoever, especially from the liens of mechanics, laborers, materialmen and others and they will post notices of non-liability of said Optionors to that effect upon any and all claims worked, developed or operated by them. Such notices shall be furnished for said purposes by Optionors.

All mining and development work done upon said properties or either of them by Optionees must be done in a workmanlike and minerlike manner, with due regard to the development and preservation of said properties as a workable mine or mines and all tunnels, shafts, drifts, winzes and stopes shall be kept in a proper condition to enable further mining thereof, and the same shall be properly timbered and kept free from waste, so as to be available for future use in the development of said properties.

Upon the forfeiture, cancellation or surrender of this Option by Optionees, they shall not remove any equipment, tools, supplies or machinery belonging to them from said properties nor any buildings erected thereon, all of which shall be deemed to be the property of Optionors.

Optionors during the life hereof agree to do and perform upon all of the unpatented lode mining claims hereinabove described sufficient assessment work to hold the same under the existing laws and to record proper affidavits thereof in the Fairbanks Mining and Recording Precinct within the time prescribed by law.

It is further agreed by and between the parties hereto that any violation of any covenant or agreement hereincontained by said Optionees on their part to be performed shall work a forfeiture of all their rights under this agreement and all payments of every kind theretofore made by them shall as a result of such

-5-

000044

EXHIBIT 10
PAGE 6 of 8

violation become forfeited to Optionors as liquidated damages and said Optionors shall be thereafter entitled to reenter and take possession of each and all of the properties hereinabove described and to eject and remove said Optionees therefrom with or without process of law.

Optionors do hereby expressly authorize and empower the First National Bank of Fairbanks, Alaska, to accept and receive any and all payments by Optionees under the terms of this agreement, whether in cash or from ten per cent. (10%) of the gross output, and all such monies so received shall be immediately distributed by said Bank to each of the Optionors herein, in the following portions: To Joseph B. Quigley, one-half (1/2) thereof, and to Fannie Quigley, one-half (1/2) thereof.

Time is of the essence of this agreement and the same, and all the terms thereof, shall inure to and bind the heirs, executors, administrators, successors or assigns of either said Optionors or either of them or said Optionees or either of them.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals on the day and year first hereinabove written.

Executed by Joseph B. Quigley in the presence of:

CECIL H. CLEGG

DOROTHY RUSSELL

Executed by Fannie Quigley in the presence of

J. C. WINTER

E. C. JACOBS

Executed by E. Fransen and C. M. Hawkins in the presence of:

CECIL H. CLEGG

DOROTHY RUSSELL

J. B. Quigley (Seal)
Joseph B. Quigley

Fannie Quigley (Seal)
OPTIONORS

E. Fransen (Seal)

C. M. Hawkins (Seal)
OPTIONEES

000045

EXHIBIT 10
Page 7 of 8

UNITED STATES OF AMERICA )
Territory of Alaska      ) ss.
Fourth Judicial Division )

    THIS IS TO CERTIFY That on the 19th day of August, 1937, before me, the undersigned, a Notary Public in and for the Territory of Alaska, personally came JOSEPH B. QUIGLEY, E. FRANZEN, and O. W. HASKINS, to me known to be the persons described in and who executed the foregoing OPTION, and they acknowledged to me that they signed and sealed the same as their free and voluntary acts and deeds, for the uses and purposes therein mentioned.

    WITNESS my hand and official seal the day and year in this certificate first written.

                        CECIL H. CLEGG
                        Notary Public in and for the
                        Territory of Alaska, resid-
                        ing at Fairbanks, Alaska.

                        My commission expires
                        April 30th, 1938.

UNITED STATES OF AMERICA )
Territory of Alaska      ) ss.
Fourth Judicial Division )

    THIS IS TO CERTIFY That on the 25th day of August, 1937, before me, the undersigned, a Notary Public in and for the Territory of Alaska, personally came FANNIE QUIGLEY, to me known to be the person described in and who executed the foregoing OPTION and she acknowledged to me that she signed and sealed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

    WITNESS my hand and official seal the day and year in this certificate first written.

                        J. C. WINTER
                        Notary Public in and for
                        the Territory of Alaska,
                        residing at Fairbanks,
                        Alaska

                        My Commission expires
                        April 27, 1940.