DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C. 20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, DIRK KEMPTHORNE, Secretary of the Interior,[1]/ the DEPARTMENT OF THE INTERIOR, the NATIONAL PARK SERVICE.<br><br>Defendants. | No. 3:03-cv-00263-JKS (CONSOLIDATED)<br><br>OPPOSITION OF THE UNITED STATES TO PLAINTIFF SHEARER'S MOTION TO STRIKE |

On June 28, 2006, the United States filed the Motion of the United States for Partial Summary Judgment-Parcels 3, 14, 15, and 20 (Docket Entry No. 84). Paul G. Shearer has responded to

[1]/ Substituted by operation of Fed. R. Civ. P. 25(d) for the former Acting Secretary, P. Lynn Scarlett.

defendants’ motion with a motion to strike. Plaintiffs’ Motion to Dismiss or Strike United States’ Motion for Partial Judgment-Parcels 3, 14, 15, and 20 (Docket Entry No. 88). For the reasons that follow, plaintiff Shearer’s motion should be denied. As the United States will explain, the basis for Shearer’s motion demonstrates his misunderstanding of the issues that were previously before and ruled upon by the court.

Plaintiff Shearer in his First Amended Complaint(Docket Entry No. 21), ¶¶ 41 through 61, filed in *Paul G. Shearer v. United States*, *et al.*, Case No. A03-0263 CV (JKS)(D. Alaska), seeks compensation for the alleged taking of certain properties which he has designated as Parcels 1 through and including 21. That taking is alleged to have occurred by operation of section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, (hereinafter be referred to as Section 120). Section 120 provides a mechanism by which all current owners of certain patented and valid unpatented mining claims located within the boundaries of the Denali National Park and Preserve can consent to their legislative taking and bring an action in this court to determine the amount of just compensation due for any such taking. 111 Stat 1564-65. A timely written consent to that taking is a prerequisite of Section 120. *Id*.

The motion of the United States (Docket Entry No. 84) seeks dismissal of Shearer’s claims for compensation for Parcels 3, 14, 15, and 20, as described in the First Amended Complaint ¶¶ 43, 54, 55, and 60 on one of two grounds. One, the alleged

property that was taken is not an interest subject to Section 120, or, two, plaintiff Shearer did not own an interest in the property alleged to be taken on the date of taking. It does not seek dismissal because of any failure to meet the timely consent requirement of Section 120.

Shearer contends that defendants' motion must be denied because it raises matters that he incorrectly states were previously presented and decided adversely to the United States in the Order (Docket Entry No. 78) filed April 4, 2006. Shearer is wrong.

The United States did file a motion that sought dismissal of all of his claims for a taking of any property except for the 3.05 acres of the Doherty Lode claim described as Parcel 1 in the First Amended Complaint ¶ 41. Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) filed September 3, 2005. That motion sought that dismissal on the grounds that Shearer had not timely consented as required by Section 120 to the taking of those properties. Points and Authorities in Support of Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) at 7-10. The United States contended that Shearer's consent did not sufficiently describe the properties subject to that consent. *Id*. That motion, if granted, would have dismissed Shearer's claims for compensation for Parcels 3, 14, 15 and 20.

Shearer opposed the Motion of the United States for Partial Summary Judgment (Docket Entry No. 39), and filed a cross motion for partial summary judgment that his section 120 consent

was valid. Plaintiffs' Cross Motion for Partial Summary Judgment Re: Section 120 Consent (Docket Entry No. 54) filed December 19, 2005. The court denied defendants' motion and granted Shearer's motion. Order (Docket Entry No. 78) at 2-3, 5, but in a very limited manner. The court stated:

> Thus, to the extent that the cross-motions for partial summary judgment ask whether section 120 consent may be amended to describe the mining claims with particularity within a reasonable time before judicial valuation occurs, the Court answers in the affirmative.

*Id.* at 2-3. *See also Id.* at 5.

The United States' prior motion for partial summary judgment alternatively sought dismissal of plaintiffs' claim for compensation for the alleged taking of Parcels 2, 4, 5, and 6 on grounds other than failure to comply with the consent requirement of Section 120. Points and Authorities in Support of Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) at 10-14. Those alternative arguments were not presented with respect to the properties now at issue: Parcels 3, 14, 15 and 20. This alternative motion was granted. Order (Docket Entry No. 78) at 3, 5.

The United States also filed a separate motion for partial judgment on the pleadings seeking the dismissal of Shearer's claims for compensation for the alleged taking of the properties identified in the First Amended Complaint ¶¶ 42, 44-46, 48-49, 50, 56-60, as Parcels 8, 9, 10, 16, 17, 18, and 21. Motion of the United States for a Partial Judgment on the Pleadings (Docket Entry No. 71) filed December 30, 2006. This motion was

not directed to the Parcels 3, 14, 15, and 20 now at issue. The motion for partial judgment on the pleadings was granted. Order (Docket Entry No. 78) at 5. Thus, the court has so far dismissed Shearer's claims for compensation for the alleged taking of Parcels 2, 4, 5, 6, 8, 9, 10, 16, 17, 18, and 21.

As shown above, the only issue that was presented to and previously addressed by the court with respect to Parcels 3, 14, 15 and 20 was the issue of whether Shearer's Section 120 consent may be amended to include these properties. Determination of that issue does not establish that Shearer is entitled to any compensation for these properties under Section 120. There are other prerequisites that must also be met. Any such claim for compensation may be brought under Section 120 only for "patented mining claims and valid unpatented mining claims." 111 Stat. 1564. Shearer must also have been the owner of these properties on the date of taking, not an earlier or later date. *United States v. Dow*, 357 U.S. 17, 20 (1958); *Danforth v. United States*, 308 U.S. 271, 284 (1939). That taking date must be February 12, 1998. Order (Docket Entry No. 78) at 2.

The Government's current motion for partial summary judgment seeks dismissal of Shearer's claim for compensation for Parcels 3 on the grounds it is not a property within the scope of Section 120. Points and Authorities in Support of Motion of the United States for Partial Summary Judgment-Parcels 3, 14, 15, and 20 (Docket Entry No. 85) at 6-9. Dismissal of Shearer's claim for compensation for Parcels 14 and 20 is sought on the grounds that Shearer owned no interest in these Parcels on the

date of taking. *Id.* 9-11. Dismissal of Shearer's claim for compensation for Parcel 15 is sought on the grounds that Shearer's claimed interest in that property is not an interest within the scope of Section 120 and, in any event, his alleged interest expired before February 12, 1998. *Id.* at 11-13. As already shown above, none of these issues were previously presented to or decided by the court as to these properties.

Finally, Shearer raises an issue that shows either that he does not understand or misreads the court's Order (Docket Entry No. 78). Shearer contends that the Government's motion is improper because the Order (Docket Entry No. 78) required the parties to stipulate as to which of Shearer's claims were dismissed. The court's order contained no such requirement or condition. The court did use the phrase "by stipulation of the parties" in the Order at 3. However, in the context of that order, that statement only recognized that in the briefings of the parties on the Government's motions the parties were in agreement that Shearer's claims for compensation for certain Parcels were not proper Section 120 claims and should be dismissed. The court did not require or even suggest that the parties enter into a stipulate to identify those claims in order to effect the dismissal. That dismissal was made in the concluding "**IT IS THEREFORE ORDERED**" portion of page 5 of that Order.

For the foregoing reasons, Shearer's motion to strike must be denied. Further, since other than his motion to strike, Shearer has not filed an opposition to the Motion of the United

States for Partial Summary Judgment-Parcels 3, 14, 15, and 20 (Docket Entry No. 84), or sought any enlargement of time or stay of any obligation to respond to that motion, the court may treat it as unopposed. D. Ak. LR 7.1(d)(2). The United States has clearly shown that there are no disputed issues of material fact related to those claims, and that it is entitled to judgment as a matter of law.

Dated this 31st day of July 2006.

/s/ Dean K. Dunsmore
DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C. 20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of 2006 a copy of the foregoing OPPOSITION OF THE UNITED STATES TO PLAINTIFF SHEARER'S MOTION TO STRIKE was served by placing said copy in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Anchorage, Alaska.

Paul G. Shearer
Kathryn A. McCready
1532 Meadows Drive
Lake Oswego, Oregon 97034

/s/ Dean K. Dunsmore
Dean K. Dunsmore