Paul G. Shearer
1532 Meadows Drive
Lake Oswego, OR 97034
(503) 697-4378

RECEIVED
OCT 10 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

United States DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>United States OF AMERICA, )<br>GALE A. NORTON, Secretary of the Interior, )<br>the DEPARTMENT of the INTERIOR, )<br>the NATIONAL PARK SERVICE. )<br>)<br>Defendants. )<br>_____ ) | Case No. A03-0263 CV (JKS)<br>(CONSOLIDATED) |

### PLAINTIFF'S MOTION FOR ENLARGMENT OF TIME

Plaintiff Paul G. Shearer moves the Court for an order granting him an enlargement of time in which to file a response to United States' Motion for Partial Judgment-Parcels 3, 14, 15, and 20 (Docket Entry No. 84). Shearer requests an enlargement until 14 days after receiving government's title documents and title chain to the subject property of the Motion (which Shearer has requested but has not yet received), but no sooner than a 28 day enlargement until November 6, 2006, for the reasons stated below.

In support of the above motion, plaintiff shows:

1. At the time of the previous request for enlargement, Shearer was still waiting for the United States to comply with the court ordered deadline to produce documents requested by

Plaintiff Motion For Enlargement Of Time        1

Shearer in his First and Second Discovery Requests. Although the United States filed a notice with the Court stating that they had provided a response to Shearer's Discovery requests, the United States did NOT respond by producing or identifying for Shearer the title documents he had requested regarding the subject property of the United States Motion for Summary Judgment (Docket Entry No. 84) or many of Shearer's other Interrogatories and Production Requests. Therefore Shearer is still waiting for the United States to produce these documents. Shearer has corresponded with the United States and they were unwilling to send Shearer copies of documents as agreed to by previous United States lead counsel, Paul Harrison, even though Shearer had kept his side of the agreement and at Shearer's own expense had made multiple copies of and labeled each of his documents as to each of the U.S.A Interrogatories and had mailed the copies of documents to United States to multiple offices (Dunsmore and Harrison).

2. Because the United States (Dunsmore) has been unwilling to copy and send documents to Shearer, despite a prior agreement between Shearer and United States (Harrison) that they would agree to copy and exchange documents by mail, Shearer was forced to travel to Alaska and review documents at the office of NPS, Department of Interior, Anchorage Alaska, on September 18, 2006. Shearer identified documents at that time and requested that copies be made and be mailed to Shearer via Fed Ex Ground at Shearer's expense using Shearer's Fed Ex account number. As of the date of the filing of this Motion, October 9, 2006, the United States has still not responded by mailing the copies of documents to Shearer. (See previous Shearer Motion for Enlargement paragraph 6-8 filed on August 7, 2006.)

3. Shearer will follow up his previous attempts when conferring with the United States and make one final attempt to compel the United States to produce the copies of documents as requested in Shearer's Discovery Requests.

4. Pursuant to Federal Rule 37, Shearer's will continue his final attempt to resolve discovery disputes which comes after several attempts to confer with United States and several requests by Shearer for United States to comply with the previous court order deadline to produce documents subject to Shearer's First and Second Production Requests. If Shearer is unsuccessful in his final attempt to secure the disclosure and documents requested without court action, then Shearer will, no later than November 6, 2006, commit to filing a Rule 37 motion to apply for an order compelling disclosure of the documents requested in Shearer's First and Second discovery requests for production.

**Shearer is therefore requesting, based on the reasons above, an enlargement of time until 14 days after he has received the title documents and title chain documents relevant to the subject property of the United States Motion for Summary Judgment (Docket Entry No. 84), either by voluntary compliance by United States or by forced compliance via a Rule 37 motion and order compelling disclosure of these documents.**

**Alternatively Shearer is requesting an enlargement of time to extend the current October 9 deadline no less than 28 days until November 6, 2006, due to unforeseen recent delays that have totaled a 28 day delay for the following reasons:**

5. An extra seven (7) days delay was needed when there was an enlargement of time granted to file the subject property BLM Contest Post-Hearing Reply Briefs, as well as extra days needed for Shearer to obtain an affidavit filed with his Reply Brief.

6. An extra seven (7) days delay was needed when Shearer had to extend his Alaska trip for one week in order to wait for good weather to complete the field work for appraisals on subject property to this case A03-0263. Shearer was able to meet with his Appraiser and travel to Kantishna to visit the subject property and get photos, videos, and other important data and evidence to complete the appraisal.

7. An extra fourteen (14) days delay was needed for Shearer to respond to several unforeseen United States motions filed in the subject property BLM Post-Hearing AA-71472. United States motions filed with BLM Office of Hearings and Appeals on August 26, 2006, required Shearer to devote from August 26 through October 9 to respond to those motions with a filing of Shearer's Opposition To Motions on October 9, 2006, the same due date for Shearer's response to United States' Motion for Partial Judgment-Parcels 3, 14, 15, and 20 (Docket Entry No. 84). Shearer reasonably gave the BLM motions a higher priority since this Federal case A03-0263 has been stayed with regard to the Banjo and Pass subject properties and cannot be completed until the BLM Contest Hearing briefing and motion practice is completed for the Banjo and Pass mining claims.

8. Finally on October 2, 2006, Shearer received a lengthy email from United States counsel Dean Dunsmore which discussed several issues regarding the property subject to United States' Motion for Partial Judgment-Parcels 3, 14, 15, and 20 (Docket Entry No. 84). Mr. Dunsmore recommended in that email that Shearer consult private counsel regarding the issues of that motion before filing Shearer's Opposition to Motion. The requested enlargement of time would also give Shearer that opportunity to consult with private counsel as recommended by United States counsel Mr. Dunsmore.

For the reasons stated above, plaintiff needs additional time to prepare and file a response to Motion of the United States for Partial Summary Judgment-Parcels 3, 14, 15, and 20 (Docket Entry No. 84).

For the reasons stated above, plaintiff requests to file a response to Motion of the United States for Partial Summary Judgment-Parcels 3, 14, 15, and 20 (Docket Entry No. 84) 14 days after receiving government's title documents and title chain to the subject property of the Motion (which Shearer has requested but has not yet received), but no sooner than a 28 day enlargement until November 6, 2006, for the reasons stated above.

Dated October 9, 2006

_____
Plaintiff
Paul G. Shearer
1532 Meadows Drive
Lake Oswego, OR 97034