DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>UNITED STATES OF AMERICA, )<br>P. LYNN SCARLETT, Acting )<br>Secretary of the )<br>Interior, the DEPARTMENT OF )<br>THE INTERIOR, the NATIONAL )<br>PARK SERVICE. )<br>)<br>Defendants. )<br>_____) | No. 3:03-cv-00263-JKS<br>(CONSOLIDATED)<br><br><br><br>RESPONSE OF THE UNITED STATES<br>TO PLAINTIFF'S MOTION FOR<br>ENLARGEMENT OF TIME |

Paul G. Shearer has once more moved (Docket Entry No. 98) for an enlargement of time in which to file a response to the Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15, and 20 (Docket Entry No. 84). Shearer's response to that motion was due to be filed by October 10, 2006. Order (Docket Entry Nos. 94, 96).[1]/ Shearer's motion is in the alternative. Shearer seeks an enlargement of time until 28 days after Shearer has received the "government's title documents and

---

[1]/   Technically, Shearer was granted an enlargement of time to October 9, 2006. That date, however, feel on a Federal holiday. Therefore, Shearer's response was due October 10th.

3:03-cv-00263-JKS
Response of US to Motion
For Enlg't of Time                    - 1 -

title chain to the property subject of the motion," **or** to November 6, 2006.

The United States does not oppose Shearer's request for an enlargement of time to November 6, 2006, in which to file a response to the Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15, and 20 (Docket Entry No. 84) as long as this is the last enlargement of time granted for this purpose. First, Shearer previously moved for and was granted a substantial enlargement of time to October 9, 2006, in which to file this response.[2]/ Plaintiff's Motion for Enlargement of Time (Docket Entry No. 92) filed August 9, 2006. Second, this is Shearer's second attempt to delay responding to the merits of the Government's motion. Order (Docket Entry No. 91) filed August 3, 2006. The time has come for Shearer's delaying tactics to be brought to an end.

The United States opposes any enlargement of time to respond to the Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15, and 20 (Docket Entry No. 84) contingent upon Shearer receiving the "government's title documents and title chain to the property subject of the motion." Any such documents are unnecessary for the preparation of a response the Government's motion. Further, the United States has already fulfilled its obligations to respond to discovery requests by Shearer, and it has produced the materials requested by Shearer in compliance with the Federal Rules of

---

[2]/   Under the local rules of this court, Shearer's response was originally due on July 18, 2006.

3:03-cv-00263-JKS
Response of US to Motion
For Enlg't of Time                    - 2 -

Civil Procedure. It has no further documents to produce at this time.[3]/

The United States also objects to misrepresentations made by Shearer in his motion. He incorrectly represents that the United States has refused to produce documents requested in his written discovery requests, and that the United States has failed to fulfill an agreement made to him by former lead counsel for the United States, Paul R. Harrison.

## II. SHEARER NEEDS NO ADDITIONAL DOCUMENTS

Shearer seeks to delay any response to the Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15, and 20 (Docket Entry No. 84) until he has received the "government's title documents and title chain to the property subject of the motion." Assuming the United States has any such documents which it has not produced,[4]/ the scope of the Government's motion is such that Shearer has no need for title documents and title chain in order to respond to that motion. That motion is based on facts shown in Shearer's responses to discovery and documents produced or identified by Shearer.

A. <u>Shearer's Motion Should Be Denied As Untimely</u>. As previously indicated, Shearer previously moved to enlarge the

---

[3]/   The United States attempted to avoid this dispute. Counsel has explained to Shearer at some length why he does not need the materials he now seeks in order to respond to the pending motion, and that the United States has properly responded to his discovery requests. *See* Exhibit 1 hereto.

[4]/   In Part D that follows, the United States will show that it has provided Shearer with any such documents that are in its possession.

3:03-cv-00263-JKS
Response of US to Motion
For Enlg't of Time

- 3 -

time for responding to the Government's motion for partial summary judgment until October 9, 2006. Plaintiff's Motion for Enlargement of Time (Docket Entry No. 92). If the documents Shearer now claims he needs were needed to respond to the Government's motion, Shearer should have made that request back in August when he filed his first motion for enlargement of time. Shearer certainly knew then that he might want to obtain further documents from the United States. Plaintiff's Motion for Enlargement of Time (Docket Entry No. 92) ¶ 8.

    B. <u>Parcels 3 and 15</u>. With respect to the properties Shearer has identified as Parcels 3 and 15, the United States seeks dismissal of Shearer's claims for compensation for a taking of those properties on the grounds that the Court has not been granted jurisdiction over these claim. As shown in the Points and Authorities in Support of Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15 and 20 (Docket Entry No. 6-9, 11-13), the interests which Shearer alleged were taken were not "patented mining claims or valid unpatented mining claims."[5]/ Section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, under which Shearer has brought his claims in this Court, is specific. It provides for the legislative taking of and thus of jurisdiction in this court for only "patented **mining claims** and valid unpatented

---

[5]/    The United States has also shown that the interest Shearer alleges he held in Parcel 15 expired by its express terms prior to 1998. Points and Authorities in Support of Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15 and 20 at 12-13.

3:03-cv-00263-JKS
Response of US to Motion
For Enlg't of Time      - 4 -

**mining claims**." 111 Stat. at 1564 (emphasis added).

Title documents and chains of title with respect to Parcels 3 and 15 are simply not relevant to the pending motion of the United States. For the purposes of that motion, it is implicitly assumed that Shearer held the interests he claims.

C. Parcels 14 and 20. Parcels 14 and 20 are the same patented lode mining claims: the Pittsburg, Pennsylvania and Keystone Lode Claims (hereinafter referred to as the "PPK claims"). First Amended Complaint(Docket Entry No. 21) ¶¶ 54 & 60. The only difference is that plaintiff Shearer defines Parcel 14 as a one-third interest in the PPK claims, and Parcel 20 as another one-sixth interest in the same claims. *Id*.

The law is well established. A claim for just compensation for the taking of property by the United States may only be brought by a person or entity holding an interest in that property on the date of the alleged taking. *United States v. Dow*, 357 U.S. 17, 20 (1958); *Danforth v. United States*, 308 U.S. 271, 284 (1939). The United States has moved for dismissal of Shearer's claims for compensation for a taking of the PPK claims on February 12, 1998 (the date of any taking under Section 120 of the Act of November 14, 1997) on the grounds that materials provided by Shearer show that he did not own an interest in those claims in 1998.

The United States has shown that by Statutory Quitclaim deeds dated April 23, 1994 and April 27, 1994, Shearer conveyed 100% of whatever interest he may have held in the PPK claims to certain private individuals. Points and Authorities in Support

3:03-cv-00263-JKS
Response of US to Motion
For Enlg't of Time
- 5 -

of Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15 and 20 at 9-10. Five months later these grantees from Shearer conveyed the PPK claims to the United States by Warranty Deed dated August 11, 1994. *Id*. at 10. Further the chains of title submitted by Shearer in response to written discovery of the United States show that he does not claim to have acquired any interest in the PPK claims after his execution of the two April 1994 quitclaim deeds. Thus, based on Shearer's own responses to discovery, the United States contends that there is no genuine dispute that Shearer did not own an interest in the PPK claims on February 12, 1998.

Any title documents or chains of title (assuming there were any such documents) from the United States are not needed by Shearer in order to respond to the Government's motion for partial summary judgment. First, any documents related to possible claims of title to the PPK claims prior to Shearer's April 1994 quitclaim deeds are not relevant or material to the Government's motion. The Government's motion is not based on any contention that Shearer did not hold an interest in the PPK claims at the time of his April 1994 quitclaim deeds. That motion implicitly assumes Shearer held some interest in the PPK claims prior by April 1994, and relies on the fact that Shearer had by means of two quitclaim deeds conveyed whatever interest he had, if any, in the PPK claims to third parties who subsequently conveyed the same claims to the United States.

Second, any title documents or chains of title pertaining to the period of time after Shearer's April 1994 deeds are also

3:03-cv-00263-JKS
Response of US to Motion
For Enlg't of Time

- 6 -

not needed by Shearer in order for him to respond to the Government's motion. That motion is based on Shearer's responses to discovery that show that he does not claim to have acquired any interest in the PPK claims between the time of the April 1994 deeds and February 12, 1998.

Further, Shearer is uniquely situated so as to have personal knowledge as to whether he acquired any interest in the PPK claims subsequent to his execution of the 1994 quitclaim deeds. He, of all persons, has the best and even the exclusive knowledge of his own transactions. If Shearer acquired any such interests after 1994, it is a simple matter for him to submit affidavits or other proof of that fact in conformance with Fed. R. Civ. P. 56(e). No additional documentation from the United States is needed in order for Shearer to respond to the Government's present motion regarding the PPK claims.[6]/

D. <u>The United States Has Produced Any Documents It Has</u>. The United States previously addressed Shearer's claims regarding discovery responses in the Response of the United States to Plaintiff's Motion for Enlargement of Time (Docket Entry No. 93) fled August 10, 2006, at 2-4. As shown in that response and Exhibit 1 thereto, the United States properly responded to Shearer's written requests for production, and made the documents requested available for Shearer's examination.

---

[6]/   To the extent Shearer may have claimed compensation for his 1994 conveyances of the PPK claims, First Amended Complaint (Docket Entry No. 21) ¶¶ 215-216, that claim has already been dismissed. Order (Docket Entry No. 78) filed April 4, 2006, at 5. Therefore, any further production of documents is not needed or appropriate for that claim.

3:03-cv-00263-JKS
Response of US to Motion
For Enlg't of Time                - 7 -

Further, Shearer has since the filing of that response examined at least some of the documents made available to him.[7]/

Shearer contends that he had an agreement with former lead counsel for the United States, Paul R. Harrison, that the United States would copy and provide to him all materials sought by Shearer. Mr. Harrison is no longer employed with the Government. However, undersigned counsel has contacted Mr. Harrison. Mr. Harrison has confirmed that he made no such general agreement with Shearer. Mr. Harrison indicated only that if Shearer's request was not unduly large and burdensome, the United States would likely copy at its own expense materials requested by Shearer. *See also* the Government's objections to the manner and place of production in response to Shearer's requests for production, Exhibits 2 and 3 hereto, at 2 and 8, respectively:

> There is no duty on the defendants to actually copy materials and deliver them to plaintiff Shearer. That may be done as a matter of courtesy and convenience, but is not required. However, to the extent the United States does not find it unduly burdensome, the United States generally expects it will elect to provide copies to Shearer.

The United States has, in fact, recently provided Shearer with over 600 pages of documents it has received from other sources.

---

[7]/ Counsel understands that Shearer examined these documents for about 3 to 4 hours, following which he noted that he wanted copies made for him of approximately 5 feet of materials. Shearer has not made arrangements for the copying of any of this material. The United States is prepared to deliver these materials for copying to any copying service of Shearer's choice for copying at Shearer's expense. Counsel for the United States on October 2, 2006, also by email made Shearer an offer regarding that copying. Shearer has not responded to that offer.

3:03-cv-00263-JKS
Response of US to Motion
For Enlg't of Time
- 8 -

Exhibits 4 and 5 hereto.

Further, with respect to any materials that might be relevant to the pending Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15, and 20 (Docket Entry No. 84), the Government has already provided Shearer with copies of any such materials held by the United States. The United States has fully informed Shearer of the basis for the Government's contention that Shearer did not hold a compensable interest in the PPK claims on February 12, 1998, and the basis of the Government's claim that it had acquired the PPK claims from other persons. Exhibit 2 at 4-13.

The United States also informed Shearer that it had not yet performed any title analysis regarding the PPK claims and has no title chain of the PPK claims to produce. Exhibit 1 at 1; Exhibit 3 at 5-6. The United States has no obligation to produce that which it does not have. It is Shearer who is claiming to own an interest in the PPK claims that was taken by the United States. The burden is on Shearer to prove he held any such interest. The United States has no duty to offer any proof whatsoever. Thus, the United States is not obligated to expend its resources preparing an analysis or chain of title for the PPK claims no matter how much Shearer might prefer that it do so. There certainly is no such need where the record shows that Shearer conveyed any interest he had in the PPK claims prior to 1998.

3:03-cv-00263-JKS
Response of US to Motion
For Enlg't of Time

- 9 -

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Enlargement of Time (Docket Entry No. 98) should only be granted in part. Shearer should only be granted a final enlargement of time to and including November 6, 2006, in which to file and serve his response to the merits of the Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15, and 20 (Docket Entry No. 84).

Dated this 20th day of October 2006.

/s/ Dean K. Dunsmore
DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of October 2006 a copy of the foregoing Response of the United States to Plaintiff's Motion for Enlargement of Time together with a proposed Order and accompanying Exhibits were served by placing said copy in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Anchorage, Alaska.

Paul G. Shearer
Kathryn A. McCready
1532 Meadows Drive
Lake Oswego, Oregon 97034

/s/ Dean K. Dunsmore
Dean K. Dunsmore

3:03-cv-00263-JKS
Response of US to Motion
For Enlg't of Time                - 10 -