U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C.  20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL G. SHEARER | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:03-cv-00263-JKS |
| | ) | (CONSOLIDATED) |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| P. LYNN SCARLETT, Acting | ) | |
| Secretary of the | ) | |
| Interior, the DEPARTMENT OF | ) | |
| THE INTERIOR, the NATIONAL | ) | |
| PARK SERVICE. | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' RESPONSES TO PLAINTIFF PAUL G. SHEARER'S FIRST
SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION AND
FIRST REQUESTS FOR ADMISSIONS TO UNITED STATES OF AMERICA

Defendants respond herein to PLAINTIFF PAUL G. SHEARER'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION AND FIRST REQUESTS FOR ADMISSIONS TO UNITED STATES OF AMERICA as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**Objection to manner and place of discovery of requested production.** Plaintiff Shearer requests that copies of all the documents and materials he has requested be produced to him by mail and sent to an address in Lake Oswego, Oregon, or that they be physically made available for examination and copying in Lake Oswego, Oregon. Defendants duty under the Federal Rules of Civil Procedure is (1) to state whether the requested materials will be produced, and (2) to make those materials available to plaintiff Shearer for his inspection and copying. Fed. R. Civ. P. 34. Any copying, however, is at the requestor's expenses. There is no duty on the defendants to actually copy of materials and deliver them to plaintiff Shearer. That may be done as a matter of courtesy or convenience, but is not required. However, to the extent that United States does not find it to be unduly burdensome, the United States generally expects it will elect to provide copies to Shearer.

Producing the requested materials for physical inspection in Lake Oswego, Oregon, would be unduly burdensome to the defendants. The Park Service has a substantial amount of documentary materials that is subject to the plaintiff Shearer's production requests that are held in the offices of the National Park Service, at the offices of the National Park Service, Alaska Region, 240 West 5th Avenue, Anchorage, Alaska 99501. Additional materials are also held in the BLM Public room in Anchorage,

Alaska. It would be unduly burdensome for the United States to transport documents to any location outside of there present location in Anchorage, Alaska.

**GENERAL OBJECTION**: Plaintiff Shearer's requests for production seek in part information with respect to the properties identified as Parcels 1 through and including Parcel 21 described in paragraphs 41-61 of the First Amended Complaint (Docket Entry No. 21) filed in *Paul G. Shearer v. United States, et al.*, Case No. A03-0263 CV (JKS)(D. Alaska). Pursuant to the Order (Docket Entry No. 78) filed April 4, 2006, plaintiff Shearer's claims with respect to Parcels 2, 4, 5, 6, 8, 9, 10, 16, 17, 18 and 21 have been dismissed. Therefore, defendants will not be providing responses herein specifically with respect to Parcels 2, 4, 5, 6, 8, 9, 10, 16, 17, 18 and 21, and objects to all requests for production that which seeks production of materials specific solely to these Parcels as unduly burdensome, not relevant or material to the claims remaining in this proceeding, and not reasonably calculated to lead to the discovery of relevant, material or admissible evidence.

Defendants also object to all discovery to the extent it seeks information specific only to Parcel 1, the 3.05 Acres of the Doherty lode claim. There is no dispute between the parties that the United States did not hold title to this property until it was taken on February 12, 1998, by operation of section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66. Therefore, to the extent that Shearer's requests for production seek information specific solely to Parcel 1, those requests are unduly burdensome, and do not seek information that

120 was never given, and plaintiff Shearer did not own a compensable interest in this property.

**Request 36**: Admit that USA did not hold a 100% right, title or interest in the Pittsburg Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

Response: Denied. The United States acquired full and complete interest in the Pittsburg claim by warranty deed dated August 11, 1994. See Declaration of Charles M. Gilbert, Exhibit 1 to Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) filed September 30, 2005, ¶ 8 and Attachment D thereto.

**Request 37**: Admit that Plaintiff did hold a right, title or interest in the Pittsburg Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

Response: Denied. As set forth in the response to Request 36 above which is incorporated herein by reference, the United States held full title and interest in the Pittsburg Lode Claim as of February 12, 1998. Further, plaintiff Shearer, by the time the United States acquired title to the Pittsburg Lode Claim, had conveyed any interests he may have held in the Pittsburg Lode Claim to the grantors of this property to the United States. Second Declaration of Charles M. Gilbert ¶ 9 on pages 3-4 and Attachments D and E thereto, attached as Exhibit 1 to Reply in Support of Motion of the United States for Partial Summary Judgment and Opposition to Plaintiff's Cross Motion (Docket Entry

No. 72) filed December 30, 2005.

**Request 38**: Admit that no person or party other than USA and Plaintiff held a right, title or interest in the Pittsburg Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

Response: Denied as written. It is admitted that the United States owned full title and interest in the Pittsburg Lode Claim as of February 12, 1998. It is also admitted that plaintiff Shearer now claims to own an interest in the Pittsburg Lode Claim on that same date, and that the defendants are not aware that any other person or entity claims to own an interest in the Polly Wonder Lode Claim on February 12, 1998.

**Request 39**: Admit that Plaintiff consented to USA any of Plaintiff's right, title or interest in the Pittsburg Lode Claim (U.S.M.S. 1702) as of February 12, 1998, with a Section 120 consent.

Response: Denied. Plaintiff Shearer's consent did not include the Pittsburg Lode Claim.

**Request 40**: Admit that USA sent to Plaintiff the letters and Warranty Deed from Plaintiff to USA marked as document number 180b in Plaintiff's Responses to USA First Discovery Request. Also admit that this Warranty Deed included in the subject property the Pittsburg Lode Claim (U.S.M.S. 1702).

DEFS' RESPONSE FIRST
SHEARER DISCOVERY                  - 55 -

EXHIBIT 2
Page 5 of 20

Response: Denied as written. It is admitted that the National Park Service sent to plaintiff Shearer the following letters and that copies of these have been included by plaintiff Shearer as Document Number 180b:

    a. Letter dated June 7, 1993, from Charles M. Gilbert,

    b. Letter of June 24, 1993, from Boyd L. Sponaugle, Jr.,

    c. Letter dated July 22, 1993, from Boyd L. Sponaugle, Jr.

    d. Letter of February 28, 1194, from Charles M. Gilbert, and

    e. Letter of April 5, 1994, from Boyd L. Sponaugle, Jr.

It is also admitted that the Letter of April 5, 1994, from Boyd L. Sponaugle, Jr., enclosed a proposed Warranty Deed from Paul G. Shearer as grantor and the United States as grantee, which would have conveyed to the United States any interest held by Shearer in the Keystone, Pennsylvania and Pittsburg Lode Mining Claims.

**Request 41**: Admit that Plaintiff in *Paul G. Shearer v. United States*, No. A03-0263-CV(JKS) is owed just compensation for a taking of the Pittsburg Lode Claim (U.S.M.S. 1702).

Response: Defendant objects to this request to the extent it may seek an admission of liability for any alleged taking under any statute other than section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, as unduly burdensome, not relevant or material to the claims remaining in this proceeding, and not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Plaintiff Shearer's claim for compensation is brought in this action only pursuant to section 120.

Defendants deny that plaintiff Shearer is entitled to compensation for a taking of the Pittsburg Lode Claim under section 120. The consent to any such taking required by section 120 was never given, and plaintiff Shearer did not own a compensable interest in this property on February 12, 1998.

**Request 42**: Admit that USA did not hold a 100% right, title or interest in the Pennsylvania Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

Response: Denied. The United States acquired full and complete interest in the Pennsylvania Lode Claim by warranty deed dated August 11, 1994. See Declaration of Charles M. Gilbert, Exhibit 1 to Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) filed September 30, 2005, ¶ 8 and Attachment D thereto.

**Request 43**: Admit that Plaintiff did hold a right, title or interest in the Pennsylvania Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

Response: Denied. As set forth in the response to Request 42 above which is incorporated herein by reference, the United States held full title and interest in the Pennsylvania Lode Claim as of February 12, 1998. Further, plaintiff Shearer, by the time the United States acquired title to the Pennsylvania Lode Claim, had conveyed any interests he may have held in the Pennsylvania Lode Claim to the grantors of this property to the

United States. Second Declaration of Charles M. Gilbert ¶ 9 on pages 3-4 and Attachments D and E thereto, attached as Exhibit 1 to Reply in Support of Motion of the United States for Partial Summary Judgment and Opposition to Plaintiff's Cross Motion (Docket Entry No. 72) filed December 30, 2005.

**Request 44**: Admit that no person or party other than USA and Plaintiff held a right, title or interest in the Pennsylvania Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

Response: Denied as written. It is admitted that the United States owned full title and interest in the Pennsylvania Lode Claim as of February 12, 1998. It is also admitted that plaintiff Shearer now claims to own an interest in the Pennsylvania Lode Claim on that same date, and that the defendants are not aware that any other person or entity claims to own an interest in the Pennsylvania Lode Claim on February 12, 1998.

**Request 45**: Admit that Plaintiff consented to USA any of Plaintiff's right, title or interest in the Pennsylvania Lode Claim (U.S.M.S. 1702) as of February 12, 1998, with a Section 120 consent.

Response: Denied. Plaintiff Shearer's consent did not include the Pennsylvania Lode Claim.

**Request 46**: Admit that USA sent to Plaintiff the letters and Warranty Deed from Plaintiff to USA marked as document number

180b in Plaintiff's Responses to USA First Discovery Request. Also admit that this Warranty Deed included in the subject property the Pennsylvania Lode Claim (U.S.M.S. 1702).

Response: Denied as written. It is admitted that the National Park Service sent to plaintiff Shearer the following letters and that copies of these have been included by plaintiff Shearer as Document Number 180b:

    a. Letter dated June 7, 1993, from Charles M. Gilbert,

    b. Letter of June 24, 1993, from Boyd L. Sponaugle, Jr.,

    c. Letter dated July 22, 1993, from Boyd L. Sponaugle, Jr.

    d. Letter of February 28, 1194, from Charles M. Gilbert, and

    e. Letter of April 5, 1994, from Boyd L. Sponaugle, Jr.

It is also admitted that the Letter of April 5, 1994, from Boyd L. Sponaugle, Jr., enclosed a proposed Warranty Deed from Paul G. Shearer as grantor and the United States as grantee, which would have conveyed to the United States any interest held by Shearer in the Keystone, Pennsylvania and Pittsburg Lode Mining Claims.

Request 47: Admit that Plaintiff in *Paul G. Shearer v. United States*, No. A03-0263-CV(JKS) is owed just compensation for a taking of the Pennsylvania Lode Claim (U.S.M.S. 1702).

Response: Defendant objects to this request to the extent it may seek an admission of liability for any alleged taking under any statute other than section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, as unduly burdensome, not relevant or material to the claims remaining in

this proceeding, and not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Plaintiff Shearer's claim for compensation is brought in this action only pursuant to section 120.

Defendants deny that plaintiff Shearer is entitled to compensation for a taking of the Pennsylvania Lode Claim under section 120. The consent to any such taking required by section 120 was never given, and plaintiff Shearer did not own a compensable interest in this property.

**Request 48**: Admit that USA did not hold a 100% right, title or interest in the Keystone Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

Response: Denied. The United States acquired full and complete interest in the Keystone Lode Claim by warranty deed dated August 11, 1994. See Declaration of Charles M. Gilbert, Exhibit 1 to Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) filed September 30, 2005, ¶ 8 and Attachment D thereto.

**Request 49**: Admit that Plaintiff did hold a right, title or interest in the Keystone Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

Response:  Denied. As set forth in the response to Request 48