above which is incorporated herein by reference, the United States held full title and interest in the Keystone Lode Claim as of February 12, 1998. Further, plaintiff Shearer, by the time the United States acquired title to the Keystone Lode Claim, had conveyed any interests he may have held in the Keystone Lode Claim to the grantors of this property to the United States. Second Declaration of Charles M. Gilbert ¶ 9 on pages 3-4 and Attachments D and E thereto, attached as Exhibit 1 to Reply in Support of Motion of the United States for Partial Summary Judgment and Opposition to Plaintiff's Cross Motion (Docket Entry No. 72) filed December 30, 2005.

**Request 50**: Admit that no person or party other than USA and Plaintiff held a right, title or interest in the Keystone Lode Claim (U.S.M.S. 1702) as of February 12, 1998.

Response: Denied as written. It is admitted that the United States owned full title and interest in the Keystone Lode Claim as of February 12, 1998. It is also admitted that plaintiff Shearer now claims to have owned an interest in the Keystone Lode Claim on that same date, and that the defendants are not aware that any other person or entity claims to own an interest in the Keystone Lode Claim on February 12, 1998.

**Request 51**: Admit that Plaintiff consented to USA any of Plaintiff's right, title or interest in the Keystone Lode Claim (U.S.M.S. 1702) as of February 12, 1998, with a Section 120 consent.

Response: Denied. Plaintiff Shearer's consent did not include the Pennsylvania Lode Claim.

**Request 52:** Admit that USA sent to Plaintiff the letters and Warranty Deed from Plaintiff to USA marked as document number 180b in Plaintiff's Responses to USA First Discovery Request. Also admit that this Warranty Deed included in the subject property the Keystone Lode Claim (U.S.M.S. 1702).

Response: Denied as written. It is admitted that the National Park Service sent to plaintiff Shearer the following letters and that copies of these have been included by plaintiff Shearer as Document Number 180b:

    a. Letter dated June 7, 1993, from Charles M. Gilbert,
    b. Letter of June 24, 1993, from Boyd L. Sponaugle, Jr.,
    c. Letter dated July 22, 1993, from Boyd L. Sponaugle, Jr.
    d. Letter of February 28, 1194, from Charles M. Gilbert, and
    e. Letter of April 5, 1994, from Boyd L. Sponaugle, Jr.

It is also admitted that the Letter of April 5, 1994, from Boyd L. Sponaugle, Jr., enclosed a proposed Warranty Deed from Paul G. Shearer as grantor and the United States as grantee, which would have conveyed to the United States any interest held by Shearer in the Keystone, Pennsylvania and Pittsburg Lode Mining Claims.

**Request 53:** Admit that Plaintiff in *Paul G. Shearer v. United States,* No. A03-0263-CV(JKS) is owed just compensation for a taking of the Keystone Lode Claim (U.S.M.S. 1702).

Response: Defendant objects to this request to the extent it may seek an admission of liability for any alleged taking under any statute other than section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, as unduly burdensome, not relevant or material to the claims remaining in this proceeding, and not reasonably calculated to lead to the discovery of relevant or material evidence. Plaintiff Shearer's claim for compensation is brought in this action only pursuant to section 120.

Defendants deny that plaintiff Shearer is entitled to compensation for a taking of the Pennsylvania Lode Claim under section 120. The consent to any such taking required by section 120 was never given, and plaintiff Shearer did not own a compensable interest in this property on February 12, 1998.

**Request 54**: Admit that NPS requested Plaintiff to convey quitclaim marked as document number 184 in Plaintiff Responses to USA First Request For Production.

Response: Objection. This requests relates to the claim set forth in paragraphs 197 through 223 of the First Amended Complaint (Docket Entry No. 21) filed in *Paul G. Shearer v. United States, et al.*, Case No. A03-0263 CV (JKS)(D. Alaska). That claim has been dismissed. Order (Docket Entry No. 76) filed April 3, 2006. Therefore, this request is unduly burdensome, not relevant or material to the claims remaining in this proceeding, and not reasonably calculated to lead to the discovery of relevant, material or admissible evidence.

not plan to have testify as a witness in this proceeding any such chain would be privileged work product and also not required to be produced under Fed. R. Civ. P. 26(b)(4).

**Request 92:** Admit that the individual title chain and supporting documents for Parcel 14 (provided by Plaintiff in his response to USA first discovery request) identifies an interest conveyed from Joseph Quigley and Fannie Quigley to the Plaintiff, and subsequently consented by the Plaintiff to USA. If the response to this Request for Admission is anything other than an unqualified affirmative, then identify which document in Plaintiff's title chain USA believes did not convey any interest in the subject property of that parcel to the grantees and state why. Also if the response to this Request for Admission is anything other than an unqualified affirmative, then produce the USA version of the title chain and identify and produce the documents listed in that USA title chain that represent the conveyances from Joseph Quigley and Fannie Quigley to the current owners.

   Request for Admission: "Admit that the individual title chain and supporting documents for Parcel 14 (provided by Plaintiff in his response to USA first discovery request) identifies an interest conveyed from Joseph Quigley and Fannie Quigley to the Plaintiff, and subsequently consented by the Plaintiff to USA."

   Response: Denied. There is no conveyance from Joseph and Fannie

DEFS' RESPONSE FIRST
SHEARER DISCOVERY

- 100 -

EXHIBIT 2
Page 14 of 20

Further, the title chain provided by plaintiff Shearer and the documents he has provided do not show that there was any interest conveyed from Joseph and Fannie Quigley to plaintiff Shearer. At best, this title chain shows only that if certain prerequisite conditions had or had not been met, then plaintiff Shearer may have acquired through this chain of title an interest held by Joseph and Fannie Quigley. Plaintiff's "title chain" does not show whether the prerequisite conditions for Shearer to acquire any title had been met. Defendants deny that plaintiff Shearer filed any proper and effective consent under section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, for a taking of Parcel 14.

   Interrogatory: "If the response to this Request for Admission is anything other than an unqualified affirmative, then identify which document in Plaintiff's title chain USA believes did not convey any interest in the subject property of that parcel to the grantees and state why."

   Response: Objection. As drafted, this interrogatory is unclear and ambiguous. Further, it assumes that any failure to affirmatively admit the requested admission is because of some defect in the title chain submitted by plaintiff. Therefore, defendants cannot respond to this interrogatory.

   However, even if the interrogatory were clear, defendants would be unable to respond to it at this time. Defendants have not completed an analysis of the title issues with respect to Parcel 14.

Therefore, defendants lack knowledge sufficient to respond at this time to the interrogatory, or to identify any errors or omissions (other than the one note below) in "Plaintiff's title chain."

Defendants note that the "Plaintiff's title chain" as provided to defendants for Parcel 14 omits the quitclaim deed dated April 23, 1994, from Paul G. Shearer as grantor to Viola Gross et al. as grantees of a two-thirds interest in the mining claims plaintiff Shearer describes as Parcel 14 [the Keystone, Pennsylvania, and Pittsburg patented lode claims (U.S.M.S 1702)] as a document that "Convey Interest." Shearer's title chain includes only the listing of a deed dated April 27, 1994 of a one-third interest from Paul G. Shearer, grantor, to Viola Gross, grantee, of the same claims, as a document that "do not convey interest." Therefore, plaintiff Shearer's "title chain" is inaccurate in that it does not recognize that plaintiff Shearer had by April 27, 1994, conveyed his entire interest in Parcel 14 to other persons.

Request for Production: "Also if the response to this Request for Admission is anything other than an unqualified affirmative, then produce the USA version of the title chain and identify and produce the documents listed in that USA title chain that represent the conveyances from Joseph Quigley and Fannie Quigley to the current owners."

Response: Defendants currently have no such document to produce. Defendants have not completed a title analysis, and have not determined whether a "title chain" will or will not be prepared. Plaintiff Shearer is reminded that the burden of proof lies with him, not with the United States. Defendants have no obligation to prepare a "title chain."

If a title analysis is completed and if that analysis includes the preparation of a title chain that is not privileged, then the United States will supplement its response to this request.

Defendants note that if any such title chain is prepared by attorneys for the United States or by persons with whom the United States may consult but not plan to have testify as a witness in this proceeding any such chain would be privileged work product and not required to be produced under Fed. R. Civ. P. 26(b)(4).

Request 93: Admit that the individual title chain and supporting documents for Parcel 19 (provided by Plaintiff in his response to USA first discovery request) identifies an interest conveyed from Joseph Quigley and Fannie Quigley to the Plaintiff, and subsequently consented by the Plaintiff to USA. If the response to this Request for Admission is anything other than an unqualified affirmative, then identify which document in Plaintiff's title chain USA believes did not convey any interest in the subject property of that parcel to the grantees

and state why. Also if the response to this Request for Admission is anything other than an unqualified affirmative, then produce the USA version of the title chain and identify and produce the documents listed in that USA title chain that represent the conveyances from Joseph Quigley and Fannie Quigley to the current owners.

Response: Parcel 19 is the same as Parcel 13; it is the Polly Wonder Lode Claim. Therefore, the response to Request for Admission 91 at 97-100, *supra.*, is incorporated herein by reference.

Request 94: Admit that the individual title chain and supporting documents for Parcel 20 (provided by Plaintiff in his response to USA first discovery request) identifies an interest conveyed from Joseph Quigley and Fannie Quigley to the Plaintiff, and subsequently consented by the Plaintiff to USA. If the response to this Request for Admission is anything other than an unqualified affirmative, then identify which document in Plaintiff's title chain USA believes did not convey any interest in the subject property of that parcel to the grantees and state why. Also if the response to this Request for Admission is anything other than an unqualified affirmative, then produce the USA version of the title chain and identify and produce the documents listed in that USA title chain that represent the conveyances from Joseph Quigley and Fannie Quigley to the current owners.

Response: Parcel 20 is the same as Parcel 14. It is the Pittsburg, Pennsylvania and Keystone Lode Mining claims. Therefore, the response to Request for Admission 92 at 100-103, *supra*, is incorporated herein by reference, with the following exception. "Plaintiff's title chain" for Parcel 20 lists the quitclaim deed dated April 23, 1994, from Paul G. Shearer as grantor to Viola Gross et al. as grantees of a two-thirds interest in the mining claims plaintiff Shearer describes as Parcel 14 [the Keystone, Pennsylvania, and Pittsburg patented lode claims (U.S.M.S 1702)] among the documents that "Convey Interest" and includes the deed dated April 27, 1994 of a one-third interest from Paul G. Shearer, grantor, to Viola Gross, grantee, of the same claims, among the documents denominated "deed - other." Therefore, this title chain does not recognize that by April 27, 1994, plaintiff Shearer had conveyed his entire interest, if any, in the Keystone, Pennsylvania, and Pittsburg patented lode claims (U.S.M.S 1702) to other persons.

**Request 95**: Admit that USA has not paid any of the lien, debt or obligation represented by Parcel 15.

Response: It is admitted that the Department of the Interior has no records of any payments made since December 1, 1980, for the purpose of paying any said liens, debts or obligations. Parcel 15 pertains to a 1937 option and a 1942 promissory note. Defendants object to this request to the extent it seeks information prior to December 1, 1990, as unduly burdensome, and not reasonably calculated to lead to the discovery of

as identified in the First Amended Complaint (Docket Entry No. 21) ¶ 58, have been dismissed. Order (Docket Entry No. 78) filed April 3, 2006. Therefore, this request is unduly burdensome, not relevant or material to the claims remaining in this proceeding, and not reasonably calculated to lead to the discovery of relevant, material or admissible evidence.

I declare subject to penalty of perjury that the response to Interrogatory 1 at 4-7, *supra*, is true and correct.

Executed this 16th day of June 2006.

_____
CHARLES M. GILBERT

The remainder of the interrogatories are in the nature of contention interrogatories; not interrogatories seeking factual information. Therefore, undersigned counsel for the United States has responded to those interrogatories to the extent answers are provided, and have also responded to the requests for production and admissions.

Dated this 16th day of June 2006.

_____
DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
    Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
    Division