DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C. 20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL G. SHEARER | ) | |
|         Plaintiff, | ) | No. 3:03-cv-00263-JKS |
| | ) | (CONSOLIDATED) |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| P. LYNN SCARLETT, Acting | ) | |
| Secretary of the | | |
| Interior, the DEPARTMENT OF | ) | |
| THE INTERIOR, the NATIONAL | ) | |
| PARK SERVICE. | ) | |
| | ) | |
|         Defendants. | ) | |
| | ) | |

DEFENDANTS' RESPONSES TO PLAINTIFF PAUL G. SHEARER'S SECOND
SET OF INTERROGATORIES, SECOND REQUEST FOR PRODUCTION AND
SECOND REQUESTS FOR ADMISSIONS TO UNITED STATES OF AMERICA

the information sought by plaintiff Shearer in this interrogatory can be ascertained from the documents held by the Park Service, plaintiff Shearer will be provided access to the documents from which he can derive this information. The availability of these documents forms a proper response to this interrogatory. Fed. R. Civ. P. 33(d).

**Interrogatory 3**: If the response to any of the Requests for Admission that follow is anything other than an unqualified affirmative, for each such Request for Admission state the basis for failure to so admit, and identify the documents that support the basis for failure to so admit, and identify the persons that can provide evidence to collaborate the basis for failure to so admit.

Response: The General Objection stated at 2-4, *supra*, is incorporated herein by reference.

## RESPONSES TO SECOND REQUESTS FOR PRODUCTION

**Objection to manner and place of requested production.** Plaintiff Shearer requests that copies of all the documents and materials he has requested be produced to him by mail and sent to an address in Lake Oswego, Oregon, or that they be physically made available for his examination and copying in Lake Oswego, Oregon.

Defendants duty under the Federal Rules of Civil Procedure is (1) to state whether the requested materials will be produced, and (2) to make those materials available to plaintiff Shearer for his inspection and copying. Fed. R. Civ. P. 34. Any copying, however, is at the requestor's expenses. There is no duty on the defendants to actually copy of materials and deliver them to plaintiff Shearer. That may be done as a matter of courtesy or convenience, but is not required. If the United States deems that it is not unduly burdensome, the United States expects that as a general matter it will copy and send materials to plaintiff Shearer.

Producing the requested materials for physical inspection in Lake Oswego, Oregon, would be unduly burdensome to the defendants. The Park Service has a substantial amount of documentary materials that is subject to the plaintiff Shearer's production requests that are held in the offices of the National Park Service, at the offices of the National Park Service, Alaska Region, 240 West 5th Avenue, Anchorage, Alaska 99501. It would be unduly burdensome for the Park Service to transport documents to any location outside of Anchorage, Alaska.

**GENERAL OBJECTION:** Plaintiff Shearer's requests for production seek in part information with respect to the properties identified as Parcels 1 through and including Parcel 21 described in paragraphs 41-61 of the First Amended Complaint (Docket Entry No. 21) filed in *Paul G. Shearer v. United States, et al.*, Case No.

lists of documents that plaintiff Shearer prepared and provided in his responses to this discovery. It would be unduly burdensome and necessary to require defendants to produce for plaintiff Shearer the documents he himself produced and provided to defendants.

**Request 2.** Any and all title abstracts, title reports, title insurance materials, lawyer's title opinions or other documents concerning whether or not USA, Plaintiff, or any other party had any right, title or interest in the Claims for which Plaintiff seeks an award of compensation in this consolidated action. These documents to include any such documents not produced as a response to Plaintiff Shearer's First Request For Production. These documents to include all such title documents, regardless of date. These documents to include all such title documents regardless if they were considered preliminary and regardless if they were superceded by a later updated title document.

Response: The objection to manner and place of production and the general objection stated at 7-10, *supra*, are incorporated herein by reference. Defendants object to the request to produce "title insurance materials" as that term is not defined and is so broad that defendants cannot determine the materials that are sought.

To the extent that the materials sought in this request exist with respect to plaintiff's claims regarding properties that have

not been dismissed from this action, as stated in Defendants' Responses to Plaintiff Paul G. Shearer's First Set of Interrogatories, First Request for Production and First Requests for Admissions to the United States of America, dated June 16, 2006, at 8-9, 21, defendants, consistent with their obligations under to Fed. R. Civ. P. 34(b), will produce during regular business hours and on a date or dates mutually agreeable to the parties all documents held by the National Park Service, at the offices of the National Park Service, Alaska Region, 240 West 5th Avenue, Anchorage, Alaska 99501, in the manner in which these documents are kept in the usual course of business, except for the documents listed in Exhibit 1 to that response. The documents generally sought in this request would in the ordinary course of business be included within the documents defendants will so produce. Defendants will also cooperate with plaintiff Shearer to enable him to obtain copies of any of the materials so produced. This fulfills defendants' duty in response to this request. Any further production would be unduly burdensome.

Except, the United States has recently come into possession of copies of materials held by its title insurer that are not contained within the records of the National Park Service. A copy of those materials is being made, and will be provided to plaintiff Shearer.

Defendants have not yet completed or received any specific

analysis with respect to any of the properties for which plaintiff Shearer's claims have not been dismissed for use in this litigation. Should such an analysis be completed and any such additional materials be received, defendants will supplement their response to this request and state whether any such document will or will not be produced.

Defendants object to the production of any lawyer's title opinions or analysis prepared by persons whom defendants do not intend to call to testify in this action prepared for this litigation as constituting privileged attorney work product. However, as of this date, no such title opinions have been prepared. Subject to this objection, defendants will not later produce any such opinions and analysis that might be prepared.

**Request 3.** Any and all correspondence, including but not limited to letters, memoranda, electronic mail, that was prepared by or for USA or their agents, representatives, or contractors that concerns the ownership, title, right, interests, or communication for the purpose of acquisition by USA of any of the subject property identified in or in any other way related to the Individual Consent Declaration of Taking documents identified as Plaintiff Documents 228 through 232 and the Transfer of Property Ownership documents identified as Plaintiff Documents 236 through 240.

First Amended Complaint (Docket Entry No. 21) ¶¶ 43, 51, 52, 53, 54, 59, and 60 that Shearer describes as Parcels 3, 11, 12, 13, 14, 15, 19, and 20, this request is denied. The documents do not establish plaintiff "Shearer's ownership interests in mining claims in the Kantishna area of Denali National Park as of February 12, 1998."

Dated this 16th day of June 2006

_____
DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827)
Email: dean.dunsmore@usdoj.gov

PAUL HARRISON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
P.O. Box 561 - Ben Franklin Station
Washington, D. C. 20044
Telephone: (202) 305-0299
Facsimile: (202) 514-8865
Email: paul.harrison@usdoj.gov