Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034
(503) 697-4378



UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER, ) | |
| ) | Case No. A03-0263 CV (JKS) |
| Plaintiff, ) | (Consolidated) |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| GALE A. NORTON, Secretary of the ) | |
| Interior, DEPARTMENT OF INTERIOR, ) | |
| and, NATIONAL PARK SERVICE, ) | **PLAINTIFF'S OPPOSITION TO** |
| ) | **MOTION OF THE UNITED STATES** |
| Defendants. ) | **FOR PARTIAL SUMMARY** |
| ) | **JUDGMENT: Parcels 3, 14, 15, 20.** |

The United States has filed a Motion for Partial Summary Judgment Parcels 3, 14, 15, 20 (Docket 84) which presents two legal arguments: first, plaintiff Paul Shearer did not own an interest in Parcels 14, 20, defined in Shearer's First Amended Complaint (Docket 21) on the date of taking pursuant to Section 120 of Public Law No. 105-83 ("Section 120"), and second, the interest Shearer claims to have owned with regard to Parcels 3, 14, 15, 20 is not an interest that is encompassed within the scope of Section 120. Based on those two arguments the United States argues that Shearer's claims in this case should be dismissed as to the Parcels 3, 14, 15, 20.

### OPPOSITION BACKGROUND

The "Standards For Summary Judgment" were reviewed in Shearer's Opposition to Motion for Summary Judgment (Docket 65) page 2-3 and are included here by reference.

1

The arguments in Shearer's "Plaintiff's Opposition to Motion of the United States for Partial Summary Judgment" (Docket 65) which are relevant to this opposition will be included here by reference.

The "Points and Authorities In Support of the Motion of the United States For Partial Summary Judgment Parcels 3, 14, 15, 20" (Docket 85) includes a Statement with "A. Statutory Background" on page 2-5, which is relevant and will be included here by reference.

## OPPOSITION ARGUMENT

### I. SHEARER DID OWN RIGHTS OR INTERESTS IN MINING CLAIMS (Parcels 3, 14, 15, 20) ON THE DATE OF TAKING FOR SECTION 120 AND SHEARER CONSENTED ALL SUCH RIGHTS AND INTERESTS

**A.    Parcel 3: All interests in MS 1705 Sulphide Lode Claim.**

Shearer First Amended Complaint (Docket 21) defines the Parcel 3 interest consented on the date of taking as follows (page 12, paragraph 43.):

43. Shearer consented to the taking of the following interest, referred to as Parcel 3:

| | | |
|---|---|---|
| Parcel 3 | MS 1705 | Sulphide Lode Claim |
| Interest | | Ownership of placer mining rights. |

Note: Shearer consented all rights conveyed from Quigley heirs.
Note: Originally also consented by Michael Mark-Anthony on or before February 12, 1998, who subsequently assigned all condemnation and/or inverse condemnation right, proceeds, distributions, and/or awards to Shearer.

Section 120 included a provision for one owner to join the other owners in the Section 120 consent for the purpose of resolving any ownership disputes and consenting 100% of any owned interest in a mining claim to the United States. Shearer did this for Parcel 3 by joining owner Michael Mark-Anthony in a settlement that quieted all interest of Parcel 3 to Shearer so that there would be no cloud or dispute regarding the interest of Parcel 3 that Shearer consented

2

to the United States on the date of taking pursuant to Section 120.

Shearer has produced, in response to United States discovery requests, all of the recorded title documents to prove his interest in Parcel 3 at the date of taking pursuant to Section 120. Shearer will provide those title documents as Trial exhibits. Shearer also produced a complete index to title documents describing the title chain to Parcel 3, showing Shearer's title interest, and attaches that to this motion as Exhibit A: Title Chain Notes For Parcel 3.

**B.      Parcel 15: All interests in mineral royalties to consented properties.**

Shearer First Amended Complaint (Docket 21) defines the Parcel 15 interest consented on the date of taking as follows (page 14, paragraph 55.):

55. Shearer consented to the taking of the following interest, referred to as Parcel 15:

| | |
|---|---|
| Parcel 15 | Mining interests in the subject property of the Quigley 1937 Option Agreement. |
| Interest | 2 % mineral rights held originally by Joseph B. Quigley and Fannie Quigley.  The taking of rights or property values in the form of income from mineral rights owned by Joseph B. Quigley and Fannie Quigley or their assignees:  Government Defendants interference with mining resulted in the taking of mining income. |

There are a substantial number of issues of fact regarding the claim for lost mineral royalties due to the Government interference with mining in Kantishna, starting with the Government shut down of mining in 1942 which resulted in the lost 25 years of royalties on the original 1937 Option, and continuing with Government interference with mining in Kantishna that resulted in further losses of mineral royalties by Quigley heirs, of which Shearer is the final successor-in-interest who was conveyed all rights of his Quigley predecessors-in-interest. Therefore the Government's Motion for Partial Summary Judgment has not shown that there are

3

no issues of material fact with regard to Parcel 15.

  **C.**  **Parcel 14, 20: All interests in MS 1702 undivided interests in mining claims.**

Shearer First Amended Complaint (Docket 21) defines the Parcel 14, 20 interest consented on the date of taking as follows (page 14, paragraph 54, and page 15, paragraph 60.):

54. Shearer consented to the taking of the following interest, referred to as Parcel 14:

| Parcel 14 | MS 1702 | Pittsburg Lode Claim |
| | MS 1702 | Pennsylvania Lode Claim |
| | MS 1702 | Keystone Lode Claim |
| Interest | (1/3 undivided interest) | |

Consent of all interest in claim of taking without compensation for: Ownership of rights, title, and interest vested in Joseph B. Quigley on or after patent issue date of 09/09/1926.

60. Shearer consented to the taking of the following interest, referred to as Parcel 20:

| Parcel 14 | MS 1702 | Pittsburg Lode Claim |
| | MS 1702 | Pennsylvania Lode Claim |
| | MS 1702 | Keystone Lode Claim |
| Interest | (1/6 undivided interest – part of the 1937 optioned 2/3 undivided interest) | |

Consent of all interest in claim of taking without compensation for: Ownership of rights, title, and interest vested in Joseph B. Quigley on or after patent issue date of 09/09/1926, and retained by Joseph B. Quigley as "Optionor".
Conveyed from Quigley heirs to Shearer.
Conveyed from Shearer at the demand of NPS for earlier taking by NPS.

Shearer's interest in Parcels 14 and 20 which was conveyed at the request of and to the benefit of United States, but for which the United States has not paid any just compensation, is accurately identified in the title documents listed in the Index to Title Chain for Parcel 14, 20, produced by Shearer and included in the United States Exhibit 3 and 4.

The United States Motion For Partial Summary Judgment Parcels 3, 14, 15, 20: correctly represents that the following two Facts are not disputed by United States and Shearer:

4

FACT that Shearer informed the United States of his interest in Parcels 14, 20. (See United States "Second Declaration of Charles M. Gilbert" Exhibit 6, page 3, paragraph 7.)

FACT that the United States solicited from Shearer deeds to convey Shearer'interest in Parcel 14, 20 for the benefit of United States. (See United States "Second Declaration of Charles M. Gilbert" Exhibit 6, page 3, paragraph 9.)

However the United States Motion For Partial Summary Judgment Parcels 3, 14, 15, 20: does not address the following genuine issues of material fact that Shearer will address at Trial with exhibits and witness testimony:

FACT that United States demanded a Warranty Deed for Shearer's interest in Parcels 14, 20.

FACT that United States demanded two deeds from Shearer which shows that United States understood that Shearer was claiming two separate interests represented by Parcel 14, 20.

FACT that United States offered Shearer just compensation in return for any real property interest that Shearer was to convey in the deeds they solicited for Parcel 14, 20.

FACT that Shearer provided the deeds as requested by the United States.

FACT that United States as of the date of taking for Section 120, had not paid Shearer any just compensation for interest Shearer conveyed at the request and benefit of the United States with regard to Parcels 14, 20.

FACT that the right to collect compensation owed for Parcels 14, 20 is the rights and interest in Parcels 14, 20 that Shearer was consenting on the date of taking of Section 120 with regard to those Parcels 14, 20.

The second set of facts above constitute "genuine issues of material fact" that the United

5

States did not address and did not resolve disputes with regard to these facts in the Motion for Partial Summary Judgment Parcel 3, 14, 15, 20. Therefore the motion should be denied for that reason.

## II. SHEARER CONSENTED RIGHTS OR INTERESTS IN MINING CLAIMS (Parcels 3, 14, 15, 20) ARE ENCOMPASSED WITHIN THE SCOPE OF SECTION 120.

The United States attempts to argue that the rights to a mining claim that Shearer held in Parcel 3, 14, 15, 20 are not "encompassed within the scope of section 120" and are therefore somehow not transferable under Section 120.

Shearer argues that these rights and interests in mining claims are transferable within the scope of section 120 for the following reasons:

1. Section 120 language explicitly included "**all right, title, and interest in and to, ... patented mining claims**"

2. Section 120 recognized that there may be multiple "owners" of interests in the mining claims, and therefore recognized that there would be different divided and undivided interests owned by separate "owners".

3. Section 120 language did not include any explicit reference that excluded the type of interests defined by Shearer in Parcels 3, 14, 15, 20.

4. Section 120 recognizes the "owner" of an interest in a patented mining claim as the Grantee named in conveyances recorded with the Alaska State Recorder's Office.

5. Section 120 property descriptions would include all of the property descriptions of "mining claims" in conveyances recorded in the Alaska State Recorder's

6

Office. These property descriptions include divided and undivided rights and interests to "surface value", "placer mining rights", "lode mining rights", "mineral royalties" and any other rights whatsoever in "mining claims". Any property description of a "mining claim" recorded should therefore be included in the "<u>all right, title, and interest in and to, … patented mining claims</u>" that can be consented and conveyed pursuant to Section 120.

6. Section 120 objective as described in the background in this and previous motions, (Docket 65, 84) emphasize that the goal of Section 120 was to get all rights and interests of a mining claim (100%) conveyed to the United States. Therefore if the United States only held a partial interest, Section 120 would provide a means for the United States to obtain all of the "remaining interests" whatsoever from all of the current owners of those "remaining interests".

For additional argument for using property definitions allowed by recordations under Alaska Statute, refer to the discussion in Shearer's "Plaintiff's Opposition to Motion of the United States for Partial Summary Judgment" (Docket 65) page 11 under the heading: "D.  The Common Law Allows Extrinsic Evidence to Determine Property Descriptions in Order that Conveyances Be Given Effect."

The purpose of Section 120 was to give all owners of portions of mining claims the ability to jointly consent to convey all of their divided or undivided rights to a mining claim so the resulting transfers would enable the United States to obtain 100% interest in the "mining claim". With regard to Parcel 3, 14, 15, 20, Shearer was the only owner that held a partial undivided claim to those mining claims, and therefore Shearer was the only owner that the

7

United States needed to obtain an interest from in order to own 100% fee simple interest to mining claim with no reservations or liens by other owners. (Any potential ownership dispute of Parcel 3 was quieted by Shearer by way of conveyances pursuant to a Settlement Agreement.)

The goal of Section 120 would have been severely limited if, as United States attempts to argue, all remaining partial interests and rights to mining claims were not allowed to be consented and conveyed to United States within the scope of Section 120. This would have resulted in failure to convey any undivided rights to patented mining claims recorded in conveyances in the Alaska State Recorders Office, such as "placer mining rights", "lode mining rights", "mineral royalties", or any other rights or interests.

Section 120 defines the property to be consented as "<u>all right, title, and interest in and to, … patented mining claims</u>". This language certainly did not restrict the rights being conveyed to only those owners who had 100% of all rights to all 20 acres of a patented mining claim. Therefore the United States attempts to restrict the rights and interests of a "mining claim" that could be conveyed pursuant to Section 120 are without merit. The Motion for Partial Summary Judgment Parcels 3, 14, 15, 20 (Docket 84) should therefore be denied.

### III.   SHEARER REQUESTS TO AMEND COMPLAINT TO ADD JURSIDICTION FOR <u>Mining in the Parks Act, 16 U.S.C</u>

The United States attempts to argue that any of the Parcels identified by Shearer or any of the issues raised by Shearer that cannot be defined as within the scope or jurisdiction of Section 120 should be dismissed.

Shearer has argued that Shearer owned interests on the date of taking pursuant to Section 120, and that those interests are defined within the scope and jurisdiction of Section 120. If the

8

court agrees, then the United States Motion for Partial Summary Judgment Parcel 3, 14, 15, 20 can be denied for the above reasons.

Alternately, if the Court decides that some of Shearer's parcels have a different date of taking outside the scope of Section 120, or that the defined rights and interests taken are outside the scope or jurisdiction of Section 120, then Shearer moves for the court's permission to file a Second Amended Complaint for the purpose of expanding the Jurisdiction section of the complaint to include the jurisdiction established in the "Mining in the Parks Act, 16 U.S.C. Secs 1901, et seq. including the provision in 16 U.S.C. Section 1910". Claims brought under that act allows a mining claimant whose property is located within a unit of the National Park System to bring a takings action against the federal government and confers jurisdiction for such takings of mining claims in Alaska on the U.S. District Court for the District of Alaska.

### IV.     ALTERNATIVELY, SHEARER REQUESTS MOTION BE DENIED BASED ON SHEARER'S FIRST AMENDED COMPLAINT Prayer For Recovery REQUESTING COURT TO QUIET TITLE TO SHEARER FOR ALL MINING CLAIM INTERESTS NOT CONVEYED BY SECTION 120

The United States attempts to argue that Parcels identified by Shearer that cannot be defined as within the scope or jurisdiction of Section 120 were interests which were not conveyed by Section 120 consent, and therefore should be dismissed.

Shearer has argued that Shearer owned interests on the date of taking pursuant to Section 120, and that those interests are defined within the scope and jurisdiction of Section 120. If the court agrees, then the United States Motion for Partial Summary Judgment Parcel 3, 14, 15, 20 can be denied for the above reasons.

Alternately, if the Court decides that some of Shearer's parcels have defined rights and interests outside the scope or jurisdiction of Section 120, then the court should still deny the United States Motion to dismiss those claims, because the claims should remain an issue in this law suit until the court addresses Shearer's Prayer For Relief.  Shearer's First Amended Complaint, Prayer For Relief, page 43 paragraph 9, makes the alternative request that for any parcel not accepted as being consented for just compensation pursuant to Section 120; "Plaintiff requests the Court to enter a judgment declaring that the Plaintiff, to the exclusion of all other parties to this action, is the owner of the Claims and nullifying any claim of the United States to said Claims.".  Therefore even if the court does conclude that an interest of a Parcel was not within the scope of Section 120, there is still the request to quiet title that interest back to the Plaintiff, and for that reason the Parcels cannot be dismissed and therefore the United States Motion for Partial Summary Judgment (Docket 84) should be denied.

## CONCLUSION

For all of the above reasons, then plaintiff Paul Shearer respectfully requests that the Court deny the Motion of the United States for Partial Summary Judgment Parcel 3, 14, 15, 20.

DATED at Lake Oswego Oregon, this 19 day of November, 2006.

*Paul Shearer*

Plaintiff
Paul G. Shearer
1532 Meadows Drive
Lake Oswego, Oregon 97034