DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for United States


            IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF ALASKA

PAUL G. SHEARER              )
                             )
              Plaintiff,     )    No. 3:03-cv-00263-JKS
                             )    (CONSOLIDATED)
      V.                     )
                             )
UNITED STATES OF AMERICA,    )
DIRK KEMPTHORNE,             )    RESPONSE OF THE UNITED
Secretary of the            )    STATES IN OPPOSITION
Interior, the DEPARTMENT OF  )    TO SHEARER'S MOTION FOR
THE INTERIOR, the NATIONAL   )    PARTIAL SUMMARY JUDGMENT
PARK SERVICE.                )
                             )
              Defendants.    )
                             )

     On November 20, 2006, Paul G. Shearer, plaintiff in Case No.

3:03-cv-00263-JKS and defendant in Case No. 3:03-00269-JKS, filed

a combined "Plaintiff's Cross Motion for Partial Summary Judgment

Re: Parcels 3, 14, 15, 20, and Request to Amend Complaint to

Include Jurisdiction for Mining in the Parks Act, 16 U.S.C."[1]/ To

the extent that this motion was a motion for partial summary

judgment, it has been docketed as Docket Entry No. 102. To the

---

[1]/    In support of his motion Shearer incorporates by reference
Plaintiff's Opposition to Motion of the United States for Partial
Summary Judgment: Parcels 3, 14, 15, 20 (Docket Entry No. 104)
filed November 20, 2006, (hereinafter referred to as Plf's Opp).
Docket Entry No. 102 at 2.

extent it is a motion for leave to amend his complaint, it has been docketed as Docket Entry No. 103. The United States responds herein to Shearer's motion for partial summary judgment (Docket Entry No. 102).

Shearer moves for partial summary judgment "on the issue of the validity of his consent executed on February 12, 1998 with regards to Parcels 3, 14, 15, and 20 identified in his First Amended Complaint."[2]/ Plaintiff's Cross Motion for Partial Summary Judgment Re: Parcels 3, 14, 15, 20, and Request to Amend Complaint to Include Jurisdiction for Mining in the Parks Act, 16 U.S.C. at 1. He contends that his consent:

> for those parcels is valid as a matter of law since there is nothing in Public No. 105-83 Section 120 ("Section 120") that precluded Shearer from being able to consent the interests claimed by Shearer in mining claims defined by Parcels 3, 14, 15, 20.

*Id.* The United States responds herein in opposition to Shearer's limited motion.

The United States notes that Shearer's motion does not seek to determine liability, but only to establish a prerequisite for potential liability. Therefore, it does not technically seek a

---

[2]/    Shearer's consent was the subject of the Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) filed September 30, 2005; Reply in Support of Motion of the United States for Partial Summary Judgment (Docket Entry No. 72) filed December 30, 2005; and the Order (Docket Entry No. 78) filed April 4, 2006, at 1-3. A copy of Shearer's consent is Exhibit 1 at 6-7 to Docket Entry No. 39. The issue at that time was whether a general consent that does not specifically name the property may still be effective. The Court in its order recognized that a later amendment of Shearer's complaint could remedy this defect. The United States notes that it does not agree or acquiesce in that ruling. However, as that ruling is not controlling on the issue now before the court, the United States does not re-address that issue.

judgment.

Section 120 referred to in Shearer's motion is section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66. The consent provision to which Shearer refers is a consent to a legislative taking of patented and valid unpatented mining claims located in the Kantishna Mining District and within the boundaries of the Denali National Park and Preserve. The relevant provision of the statute is as follows:

> Notwithstanding any other provision of law, 90 days after enactment of this section there is hereby vested in the United States all right, title and interest in and to, and the right of immediate possession of, all patented mining claims and valid unpatented mining claims (including any unpatented claim whose validity is in dispute, so long as such validity is later established in accordance with applicable agency procedures) in the area known as the Kantishna Mining District within Denali National Park and Preserve, for which all current owners (or the bankruptcy trustee as provided hereafter) of each such claim (for unpatented claims, ownership as identified in recordations under the mining laws and regulations) consent to such vesting in writing to the Secretary of the Interior within said 90-day period:

111 Stat at 1564-65:[3]/

If the prerequisite consent was given, then jurisdiction is granted to this Court to determine and award any just compensation that may be due. 111 Stat. 1565:

---

[3]/   Separate consent approval provisions were made for mining claims involved in bankruptcy proceedings. 111 Stat. 1565. Since none of the properties at issue in this case were at the times relevant herein involved in Bankruptcy Court proceedings, the Section 120 consent provisions for mining claims involved in bankruptcy are not applicable to this action.

> Provided further, That the United States or a
> claim owner or bankruptcy trustee may
> initiate proceedings after said 90-day
> period, but no later than six years after the
> date of enactment of this section, seeking a
> determination of just compensation in the
> District Court for the District of Alaska
> pursuant to the Declaration of Taking Act,
> sections 258a-e of title 40, United States
> Code (except where inconsistent with this
> section), and joining all owners of the
> claim:....

The consent referenced in Shearer's motion; therefore, does not establish liability. Liability would arise only if other conditions were met. These include whether the property is property subject to section 120. It must be a patented or valid unpatented mining claim. The consent would also have to be given by all current owners of the property. If either of these conditions are not met, then there is no liability.

Significantly, Shearer's motion does not seek a determination that these conditions were met. Therefore, his motion does not seek to determine or establish the liability of the United States to pay to him any compensation for Parcels 3, 14, 15 and 20. The United States responds herein to Shearer's motion as he has so limited it.

### I. PARCELS 3, 14, 15, AND 20

The Parcels to which Shearer's motion refers are identified in paragraphs 43, 54, 55, and 60 of the First Amended Complaint (Docket Entry No. 21) filed May 19, 2005. Parcel 3 is described in the First Amended Complaint ¶ 12 at 12, as "MS 1705 Sulphide Lode."[4]/ Shearer does not, however, claim to own the Sulphide

---

[4]/ "MS" refers to the United States Mineral Survey Number (U.S.M.S.).

Lode Claim, but instead he alleges the "[o]wnership of placer mining rights." *Id.*

Parcels 14 and 20 are the same patented lode mining claims: the Pittsburg, Pennsylvania and Keystone Lode Claims (hereinafter referred to as the "PPK claims"). First Amended Complaint(Docket Entry No. 21) ¶¶ 14 & 20. The only difference is that Shearer defines Parcel 14 as a one-third interest in the PPK claims, and Parcel 20 as another one-sixth interest in the same claims. *Id.*

Parcel 15 is described by Shearer as the "2% mineral rights held by Joseph B. Quigley and Fannie Quigley" pursuant to an "1937 Option Agreement." First Amended Complaint (Docket Entry No. 21) ¶ 55. Shearer alleges a "taking of rights or property values in the form of income from mineral rights owned by Joseph B. And Fannie Quigley or their assignees." *Id.*

## II. A VALID CONSENT HAS NOT BEEN SUBMITTED FOR PARCELS 3 AND 15

Neither Parcel 3, nor Parcel 15 is a patented or valid unpatented mining claim. Nor does Shearer contend that they are. Plf's Opp at 2-4. Therefore, Parcels 3 and 15 are not subject to the provisions of Section 120. Section 120 is limited to "patented mining claims and valid unpatented mining claims" 111 Stat. at 1564. Therefore, any consent submitted for Parcels 3 and 15 is not authorized by the statute, and is not valid for purposes of Section 120.

In Plf's Opp at 6-8, Shearer relies on the following emphasized language of Section 120 that an owner of interests other than patented or valid unpatented mining claims could consent to takings of such interests under that statute:

> Notwithstanding any other provision of law,
> 90 days after enactment of this section there
> is hereby vested in the United States **all
> right, title and interest in and to,** and the
> right of immediate possession of all patented
> and valid unpatented mining claims...for
> which all current owners of each such
> claim...consent to such vesting writing to
> the Secretary of the Interior within said 90-
> day period:....(Emphasis added)

111 Stat. At 1564-65. In the context of the statute, the phrase "all right, title and interest in and to" refers to the interest the United States acquires **if** "all current owners" of "patented and valid unpatented mining claims" timely submit the required written consent. It is all current owners of "each such [patented and unpatented mining] claim,"; not all owners of some right, title or interest in such claims who may consent to a taking under section 120.[5]/

In any event, Shearer has failed for other reasons to show that any consent for Parcels 3 and 15 is valid. As shown in Plf's Opp at 2, Shearer relies not on his consent, but on the alleged consent of third party, "Mike Mark-Anthony" and subsequent assignment of rights to Shearer by Mr. Mark Anthony.[6]/ Thus, Shearer concedes he was not the owner of Parcel 3 on February 12, 1998. Therefore, his consent with respect to Parcel 3 is not

---

[5]/    There is no dispute that Section 120 is a waiver of sovereign immunity. As a waiver of immunity, Section 120 must be strictly construed in favor of the government. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 687 (1983); *Lehman v. Nakshian*, 453 U.S. at 160-61; *Campbell v. United States*, 835 F.2d 193, 195 (9th Cir. 1987).

[6]/    It is the understanding of the United States that "Mark Anthony" without a hyphen is the correct form of the surname.

valid.[7]/

Shearer agrees that the property interest he describes as Parcel 15 is also not a patented or valid unpatented mining claim, but a retained mineral or royalty right. Plf's Opp at 3-4. Therefore, Parcel 15 is not a property interest to which consent can be given under Section 120.

A copy of the 1937 Option Agreement reserving this royalty right, is attached as Exhibit 10 to the Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15 and 20 (Docket Entry No. 85) filed June 28, 2006. The rights for which Shearer seeks compensation as Parcel 15 are the rights set forth on page 4 of the 1937 option (Exhibit 10 at 5):

> It is mutually agreed by and between the parties hereto that said Optionees **shall pay** to Optionors **for a period of thirty (30) years from the date hereof**, in addition to the original option price hereinabove set forth, two per cent. (2%) of the gross amount of all gold and other precious metals extracted as the result of mining operations upon said lode claims and interests therein hereinabove described, provided, however, that said Optionees shall have the right, privilege, and option at anytime within said period to pay to said Optionors, in lieu of said two per cent. (2%) of the gross amount produced from said properties, a lump sum of Fifty Thousand Dollars ($50,000.00) in cash, lawful money of the United States of America. (Emphasis added)

This 2% right, by its express terms, was only for thirty years.

---

[7]/   Further, any claim for just compensation may not be assigned. *United States v. Dow*, 357 U.S. 17, 20 (1958). Therefore, Shearer may not rely on any consent given by Mr. Mark Anthony or any assignment by Mr. Mark Anthony of any rights he might have held to such compensation.

As this option was dated August 19, 1937, this right expired on August 19, 1967.[8]/ This right no longer existed on the Section 120 consent date of February 12, 1998. With respect to Parcel 15 there was nothing owned by anyone to be taken by the United States on that date. Therefore, any consent for a taking of Parcel 15 is not valid under Section 120.

II. A VALID CONSENT HAS NOT BEEN SUBMITTED FOR
PARCELS 14 AND 20

Parcels 14 and 20 are patented mining claims. Therefore, they could be the subject of consents filed pursuant to Section 120. Shearer's consent for these claims is, however, not valid because he was not an owner of these claims on February 12, 1998. As Shearer concedes in Plf's Opp at 4-6, he had conveyed any interest he had in the PPK claims prior to February 12, 1998. *Accord* Exhibit 6-9 to the Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15 and 20 (Docket Entry No. 85). He was not a current owner of any interest in Parcels 14 and 20 on February 12, 1998. Therefore, his consent of that date is not valid with respect to Parcels 14 and 20 (the PPK claims).

---

[8]/    Further, plaintiff Shearer also pleads that this 1937 option terminated no later than November 24, 1979. First Amended Complaint ¶¶ 36, 66. Thus, even under Shearer's theory, this right to 2% also expired on that date.

CONCLUSION

For the foregoing reasons, Shearer's cross motion for partial summary judgment (Docket Entry No. 102) must be denied. Shearer has clearly not submitted a valid Section 120 consent with respect to Parcels 3, 14, 15 and 20.

Dated this 7th day of December, 2006.

s/ Dean K. Dunsmore _____
DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for the United States


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of December, 2006, a copy of the foregoing Response of the United States in Opposition to Shearer's Motion for Partial Summary Judgment was served on the following by placing copies in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Anchorage, Alaska.

    Paul G. Shearer
    Kathryn A. McCready
    1532 Meadows Drive
    Lake Oswego, Oregon 97034



 s/ Dean K. Dunsmore
Dean K. Dunsmore