DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL G. SHEARER | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:03-cv-00263-JKS |
| | ) | (CONSOLIDATED) |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DIRK KEMPTHORNE, | ) | REPLY IN SUPPORT OF |
| Secretary of the | ) | MOTION OF THE UNITED STATES |
| Interior, the DEPARTMENT OF | ) | FOR PARTIAL SUMMARY JUDGMENT |
| THE INTERIOR, the NATIONAL | ) | PARCELS 3, 14, 15 and 20 |
| PARK SERVICE. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 28, 2006, the United States filed the Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15 and 20 (Docket Entry No. 84). This motion seeks dismissal of Shearer's claims for compensation pursuant to section 120 of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, (hereinafter referred to as Section 120) for an alleged taking of Parcels 3 and 15, on the grounds that the Court has not been granted jurisdiction over these claim. As shown in the Points and Authorities in Support of Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15 and 20 (Docket Entry No. 6-9, 11-13), Shearer's alleged interests in Parcels 3

and 15 were not "patented mining claims or valid unpatented mining claims."[1]/ Section 120 111 Stat. at 1564-66, under which Shearer has brought his claims in this Court, is specific. It provides for the legislative taking of and thus of jurisdiction in this Court only for "patented **mining claims** and valid unpatented **mining claims**." 111 Stat. at 1564 (emphasis added).

The United States also seeks dismissal of Shearer's claim under Section 120 for just compensation for an alleged taking of Parcels 14 and 20[2]/ on the grounds that it is undisputed that Shearer did not own any interest in these claims on February 12, 1998. The law is well established. A claim for just compensation for the taking of property by the United States may only be brought by a person or entity holding an interest in that property on the date of the alleged taking. *United States v. Dow*, 357 U.S. 17, 20 (1958); *Danforth v. United States*, 308 U.S. 271, 284 (1939).

Shearer has responded to the Government's motion. Plaintiff's Opposition to Motion of the United States for Partial Summary Judgment: Parcels 3, 14, 15, 20 (Docket Entry No. 104) filed November 20, 2006, which shall hereinafter be referred to as Plf's Opp. As the United States will show below, Plf's Opp

---

[1]/   The United States has also shown that the interest Shearer alleges he held in Parcel 15 expired by its express terms prior to 1998. Points and Authorities in Support of Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15 and 20 at 12-13.

[2]/   Parcels 14 and 20 are partial interests in the same patented lode mining claims: the Pittsburg, Pennsylvania and Keystone Lode Claims (hereinafter referred to as the "PPK claims"). First Amended Complaint(Docket Entry No. 21) ¶¶ 54 & 60.

does not actually address the contentions in the motion of the United States, and does not offer any evidence that shows the existence of any genuine dispute as to the material facts presented in support of the Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15 and 20 (Docket Entry No. 84). Therefore, that motion should be granted, Fed. R. Civ. P. 56( c), and Shearer's claims for compensation for Parcels 3, 14, 15 and 20 should be dismissed.[3]/

### I. THE CLAIM FOR COMPENSATION FOR PARCEL 3 MUST BE DISMISSED

Shearer's claim for Parcel 3 is described in the First

---

[3]/   Shearer contends, Plf's Opp at 6-8, relying on the following emphasized language of Section 120 that an owner of interests other than patented or valid unpatented mining claims could consent to takings of such interests under that statute:

> Notwithstanding any other provision of law, 90 days after enactment of this section there is hereby vested in the United States **all right, title and interest in and to**, and the right of immediate possession of all patented and valid unpatented mining claims...for which all current owners of each such claim...consent to such vesting writing to the Secretary of the Interior within said 90-day period:....(Emphasis added)

111 Stat. At 1564-65. In the context of the statute, the phrase "all right, title and interest in and to" refers to the interest the United States acquires **if** "all current owners" of "patented and valid unpatented mining claims" submitted the required written consent. It is all current owners of "each such claim," meaning patented and valid patented and unpatented mining claims;  not all owners of any other right, title or interest in such claims, that may consent.

Amended Complaint ¶ 12 at 12, as "MS 1705 Sulphide Lode."[4]/ However, as shown in the Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15 and 20 (Docket Entry No. 85)(hereinafter referred to as US P&A), at 6, Shearer does not claim to own the Sulphide Lode Claim. He alleges only a claim of "[o]wnership of placer mining rights." *Id*. Shearer, in Plf's Opp at 2-3, does not dispute that his claim is so limited. Nor does Shearer dispute that his alleged interest in Parcel 3 is not a patented or an unpatented mining claim.

   The Motion of the United States is based on the fact that Shearer's alleged interest in Parcel 3 is not an interest covered by the limited waiver of sovereign immunity set forth in Section 120.[5]/ Therefore, Shearer's claim for compensation for Parcel 3 must be dismissed for want of jurisdiction. US P&A at 7-9.

   Instead of addressing the issue presented in the Government's motion, Shearer contends only that he holds an interest in Parcel 3 by reason of a post-February 12, 1998 assignment of rights to any claim for or award of compensation for any condemnation of Parcel 3. Plf's Opp at 2-3. This response is not relevant to the motion and showing of the United States.

---

[4]/   "MS" refers to the United States Mineral Survey Number (U.S.M.S.).

[5]/   There is no dispute that Section 120 is a waiver of sovereign immunity. As such a waiver, Section 120 must be strictly construed in favor of the government. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 687 (1983); *Lehman v. Nakshian*, 453 U.S. at 160-61; *Campbell v. United States*, 835 F.2d 193, 195 (9th Cir. 1987).

Further, it shows that even if Parcel 3 were property within the scope of the court's jurisdiction under Section 120, Shearer would still not be entitled to bring suit for compensation for Parcel 3. Not only must a claim for compensation be brought by the owner of the property on the date of taking, but any claim for such compensation may not be assigned. *United States v. Dow*, 357 U.S. 17, 20 (1958). Therefore, Shearer has only confirmed that his claim for compensation for Parcel 3 must be dismissed.

## II. THE CLAIMS FOR COMPENSATION FOR PARCELS 14 AND 20 MUST BE DISMISSED

The United States has shown that Shearer in April 1994 conveyed by quit claim deeds whatever interest he may have held in Parcels 14 and 20 (the PPK claims) to third parties who in turn subsequently conveyed the PPK claims to the United States, and that Shearer does not claim to have acquired any interest in the PPK claims between the time of his 1994 conveyances and February 12, 1998. US P&A at 9-11. Shearer does not dispute, but in fact confirms these facts. Plf's Opp at 4-6.

Shearer contends that he is entitled to compensation for the PPK claims because the United States through the National Park Service solicited and induced him to make the 1994 conveyances. Assuming for purposes of argument only that these facts are true, Shearer's claims for compensation for Parcels 14 and 20 must still be dismissed because there is no dispute that Shearer did not own any interest in the PPK claims in 1998. Shearer's claim for compensation is brought under Section 120 of the Act of November 14, 1997. That statute is clear. The prerequisite consent for any taking under that statute must by "all current

owners...of each such claim...." 111 Stat. 1564. Since there is no dispute that Shearer did now own any interest in the PPK claims on February 12, 1998, Shearer may not bring a claim for compensation for the PPK claims under section 120.[6]/

Since there is no dispute that Shearer did not own an interest in the PPK claims in 1998 to which he could consent to a taking, Shearer's claims for compensation for the PPK claims under Section 120 must be dismissed both for failure to state a claim upon which relief can be granted and for want of jurisdiction.

### III. THE CLAIMS FOR COMPENSATION FOR PARCEL 15 MUST BE DISMISSED

The United States has shown that Parcel 15 is a claim for royalty rights allegedly retained in an option agreement by Joseph B. and Fannie Quigley. US P&A at 11-13. The United States has also shown that this royalty right was only for thirty years, and expired by its very terms on August 19, 1967. *Id*. at 12-13. Again, Shearer does not dispute any of these facts or the description of his alleged interest in Parcel 15.

Shearer contends only that there are issues regarding claims for:

> lost mineral royalties due to the Government
> interference with mining in Kantishna,
> starting with the Government shut down of

---

[6]/   Section 120 provides that the United States "shall pay just compensation to the aforesaid owners..." 111 Stat. 1565. Within the context of the statute this clearly refers to the owners who held an interest in 1998 and could consent under that statute. Similarly, a claim owner could bring suit under that statute. *Id*. Again, within the context of the statute, that also clearly refers to owners who held an interest in 1998.

>     mining in 1942 which resulted in the lost 25
>     years of royalties on the original 1937
>     Option, and continuing with Government
>     interference with mining in Kantishna that
>     resulted in further losses of mineral
>     royalties by Quigley heirs, of which Shearer
>     is the final successor-in-interest....

Shearer's claim as he so describes it, is clearly not a claim pursuant to Section 120 for compensation for the taking of a patented or valid unpatented mining claim. Therefore, with respect to Parcel 15, Shearer both fails to state a claim upon which relief can be granted or over which the Court has jurisdiction pursuant to Section 120 of the Act of November 14, 1997.[7]/

## IV. SHEARER DOES NOT SEEK TO QUIET TITLE

Finally, Shearer requests that the Government's motion be denied because he allegedly seeks to quiet title to the property at issue. That requests overlooks the motion filed by the United States. The United States has moved for partial summary judgment "dismissing plaintiff Shearer's claims for compensation for Parcels 3, 14, 15 and 20." Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15, and 20, at 1. Assuming Shearer did have claims before Court to quiet title to this property, the dismissal of his claim (which presumably would be in the alternative) for compensation for a taking of the same properties would not affect a proper claim for quiet title.

In any event, Shearer has never invoked this Court's

---

[7]/   Even if this claim could some how be heard in this Court, it would be barred by the six-year statute of limitations in 28 U.S.C. § 2401(a). It would also run afoul of the prohibition on the assignment of claims for just compensation. *United States v. Dow*, 357 U.S. 17, 20 (1958).

jurisdiction to quiet title. Complaint (Docket Entry No. 1) ¶ 2, filed on November 11, 2003, in Case No. A03-0263 Civil; First Amended Complaint (Docket Entry No. 21) filed on May 19, 2005, ¶ 2. Shearer has never alleged jurisdiction pursuant to 28 U.S.C. § 1346(f) and 28 U.S.C. § 2409a.

Shearer relies, Plf's Opp at 10, on paragraph 9 of his prayer for relief on page 44 of the First Amended Complaint as alleging a quiet title claim. The prayer for relief is not, however, part of the pleading (complaint). Shearer, therefore, has not presented a claim before this Court to quiet title.

CONCLUSION

For the foregoing reasons, and for those previously stated in the Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15 and 20 (Docket Entry No. 85), plaintiff Shearer's claims for compensation in the First Amended Complaint (Docket Entry No. 21) for Parcels 3, 14, 15 and 20 must be dismissed.

Dated this 7th day of December, 2006.

>s/ Dean K. Dunsmore
DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for the United States

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 7th day of December 2006 a copy of the foregoing REPLY IN SUPPORT OF MOTION OF THE UNITED STATES FOR PARTIAL SUMMARY JUDGMENT - PARCELS 3, 14, 15, AND 20 in Opposition to Shearer's Motion to Amend was served on the following by placing copies in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Anchorage, Alaska.

    Paul G. Shearer
    Kathryn A. McCready
    1532 Meadows Drive
    Lake Oswego, Oregon 97034


 s/ Dean K. Dunsmore
Dean K. Dunsmore