IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER<br><br>              Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, DIRK KEMPTHORNE, Secretary of the Interior, the DEPARTMENT OF THE INTERIOR, the NATIONAL PARK SERVICE,<br><br>              Defendants. | Case No. 3:03-cv-00263- JKS<br><br>O R D E R |

      The United States has moved for partial summary judgment pursuant to Section 120 of the Alaska National Interest Lands Conservation Act ("ANILCA") regarding some of the parcels for which Shearer seeks compensation. Docket No. 84. Shearer, who is appearing pro se, opposes and cross-moves for summary judgment. Docket Nos. 104 (opp'n); 102 (cross-motion). Alternatively, Shearer seeks to amend his complaint to add a claim for inverse condemnation pursuant to 16 U.S.C. § 1910. *See KLK v. United States*, 35 F.3d 454 (9th Cir. 1994). Docket No. 103. Shearer also seems to want to quiet title to certain interests but has not specifically moved to amend to add a claim to quiet title and join others allegedly claiming an interest conflicting with the interest he wishes to claim.

      In his First Amended Complaint at Docket No. 21, Shearer invokes the jurisdiction of Section 120 to receive just compensation for certain enumerated mining claims within the Kantishna Hills area of the Denali National Park and Preserve. The Government now moves to dismiss Shearer's claims for compensation of Parcels 3, 14, 15, and 20, as identified in the First

Amended Complaint.  First, the Government contends that Shearer's interest in Parcel 3 is not within the jurisdictional scope of Section 120.  Shearer states that he owns "placer mining rights," Docket No. 21, ¶ 12 at 12, while the compensation allowed by Section 120 is only for "patented mining claims and valid unpatented mining claims."  Shearer, in his opposition, does not dispute that his interest in Parcel 3 is "ownership of placer mining rights."  *See* Docket No. 104 at 2.

As to Parcels 14 and 20, the Government contends that Shearer did not own any interest in them on February 12, 1998, the date of taking under section 120.  Parcels 14 and 20 are two parts of the same property, MS 1702, known as the PPK claims.  *See* Docket No. 85, Exhibits 3 and 4.  The Government points to statutory quitclaim deeds executed by Shearer on April 23, 1994, and April 27, 1994.  Docket No. 85, Exhibits 7 and 8.  In the first deed, *id.* at Exhibit 7, Shearer quitclaims an "undivided 2/3 interest" in the PPK claim to Viola and Larry Gross, Viva Smith, Viola Gross as Trustee of the Vivian E. Calhoun revokable trust, and Richard Savell.  In the second, *id.* at Exhibit 8, Shearer quitclaims an "undivided 1/3 interest" in the PPK claim to Viola Gross.  Shearer confirms that these conveyances are accurately identified by the Government, and points to spreadsheets prepared by him and cited by the Government at Docket No. 85, Exhibits 3 and 4.  Docket No. 104.  Shearer's main objection appears to be that he conveyed his interest in MS 1702, the PPK claim, at the request of the United States and, accordingly, the United States "owes" him just compensation.  Docket No. 104 at 4.  However, even if Shearer could establish facts supporting this objection, he does not dispute that he did not own any interest in the PPK claims on February 12, 1998, which is required in order to bring a claim for compensation under section 120

The final Parcel at issue in these motions is Parcel 15.  Parcel 15 is a claim for royalty rights allegedly retained in an option agreement by Joseph B. and Fannie Quigley, to which Shearer claims to be the sole successor-in-interest.  A copy of this option, which dates from 1937, is Exhibit 10 at Docket No. 85.  The option was "for a period of thirty (30) years . . . ."  *Id*. at 5.  Shearer does not seem to dispute that it would have expired in 1967.  Shearer does contend that fact issues remain regarding whether or not government actions in 1942 constituted interference resulting in a taking to which he, as a successor-in-interest to the royalty rights, is entitled to compensation.  Docket No. 104 at 3.  Again, as above, the material fact that Shearer did not own any interest in

ORDER

Parcel 15 on February 12, 1998 remains undisputed; therefore, his claim for compensation under section 120 for this parcel must be dismissed.

The Government is correct that under Section 120 this Court lacks jurisdiction over the interests that Shearer claims and which the government has identified in its motion as Parcels 3, 14, 15, and 20. The Court may only decide issues and grant relief as to matters properly plead and since no claim is currently pending to quiet title, the Court cannot grant Shearer relief on the existing pleadings.

Therefore, the Government's motion at **Docket No. 84** is **GRANTED** for the reasons set out in its memoranda at Dockets No. 85 and 108. Shearer's cross- motion at **Docket No. 102** is **DENIED**. Shearer's motion to amend at **Docket No. 103** to plead a claim for inverse condemnation is **GRANTED**. Shearer may have until **Friday, April 6, 2007,** to file an amended complaint. The Government may present any objections it has in a motion to dismiss. In addition, the motion for extension of time to file a reply at **Docket No. 105** is **DENIED AS MOOT** since the reply was subsequently filed at Docket No. 108 and considered.

Dated at Anchorage, Alaska, this 23rd day of March 2007.

       /s/ James K. Singleton, Jr.
       **JAMES K. SINGLETON, JR.**
       United States District Judge