DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL G. SHEARER | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:03-cv-00263-CV-JKS |
| | ) | (CONSOLIDATED) |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | PROPOSED ORDER |
| DIRK KEMPTHORNE, Secretary of | ) | |
| of Interior, the DEPARTMENT | ) | |
| OF THE INTERIOR, the NATIONAL | ) | |
| PARK SERVICE. | ) | |
| | ) | |
| Defendants. | ) | |

    Upon consideration of the Motion of the United States to Dismiss and to Strike - Second Amended Complaint (Docket Entry No. \_\_) and the response (Docket Entry No. \_\_\_) of Paul G. Shearer (Shearer) thereto,

    IT IS HEREBY ORDERED THAT the motion of the United States is granted, and

    IT IS FURTHER ORDERED THAT

    1. That the allegations of jurisdiction and venue pursuant to 28 U.S.C. § 2409a in paragraphs 2 and 3, and the allegations of a purported action to quiet title pursuant to 28 U.S.C. § 2409a in paragraphs 235-242 are stricken from the Second Amended

Complaint (Docket Entry No. 114). Shearer has not previously presented a quiet title action in this proceeding, and he has neither moved for nor been granted leave to amend his complaint to state a quiet title action.

2. Any and all claims, including Shearer's claims for compensation for the properties he has designated as Parcels 2 through 21 and the claims set forth in paragraphs 232 through 234, in the Second Amended Complaint for compensation for the taking of any property or any interests in any property pursuant to the Mining in the Parks Act, 16 U.S.C. § 1910, are dismissed for lack of jurisdiction. The Second Amended Complaint is facially defective in that if fails to allege that any proposed plans of operation were ever submitted for any of the properties at issue in this action, and does not allege that any such proposed plans of operation were denied. No action under 16 U.S.C. § 1910 is ripe until these events have occurred. *United States v. Vogler*, 859 F.2d 638 (9th Cir. 1988), *cert. denied* 488 U.S. 1006 (1989); *Northwest Exploration Joint Venture v. Bruce Babbitt et al.*, No. A99-0643 CV (JWS), Order From Chambers filed on September 7, 2000, at 11-18.

3. All claims for a compensation in the Second Amended Complaint pursuant to Section 120 of the Act of November 14, 1997, Pub. L. N. 105-83, 111 Stat. 1543, 1564-66, for an alleged taking of the properties or interests designated in the Second Amended Complaint as Parcels 2, 3, 4, 5, 6, 8, 9, 10, 14, 15, 16, 17, 18, 20 and 21 are dismissed. Shearer's claims for compensation for these properties are identical to claims which were previously stated in the First Amended Complaint (Docket

Entry No. 21). This Court on motions of the United States previously dismissed those claims. Order (Docket Entry No. 78) and Order (Docket Entry No. 110). The prior dismissals are now law of the case and will not be revisited by this Court.

    4. The claims set forth in paragraphs 180 through 193 of the Second Amended Complaint regarding access rights are dismissed. This Court previously dismissed this identical claim presented in the First Amended Complaint under Section 120 of the Act of November 14, 1997. Order (Docket Entry No. 78). That dismissal is now law of the case and will not be revisited by this Court. To the extent this claim is presented in the Second Amended Complaint pursuant to 16 U.S.C. § 1910, that claim is dismissed for want of jurisdiction. The alleged access rights are not a patented or unpatented mining claim. Further, the Second Amended Complaint does not allege any actual injury, or a case or controversy with respect to any access rights claimed by Shearer.

    5. The claims set forth in paragraphs 197 through 223 of the Second Amended Complaint regarding National Park Service acquisition policies are dismissed. This Court previously dismissed this identical claim presented in the First Amended Complaint under Section 120 of the Act of November 14, 1997. Order (Docket Entry No. 78). That dismissal is now law of the case and will not be revisited by this Court. To the extent this claim is presented in the Second Amended Complaint pursuant to 16 U.S.C. § 1910, that claim is dismissed for want of jurisdiction. The allegations regarding Park Service acquisition policies do not present a claim for compensation for the taking

of a patented or unpatented mining claim.

    6. The claims set forth in paragraphs 194 through 196 of the Second Amended Complaint are dismissed. The allegations of paragraphs 194 and 195 fail to state a claim upon which relief can be granted. The allegations of paragraph 196 pertain to the Banjo and Pass unpatented mining claims. The validity of those claims has not been finally determined by the Department of the Interior. Therefore, this Court lacks jurisdiction to review any action of the Department of the Interior regarding the validity of the Banjo and Pass unpatented mining claims. To the extent, Shearer seeks in paragraph 196 a determination that the National Park Service is bound by a prior administrative mineral report concluding that the Banjo and Pass are valid, the allegations of paragraph 196 fail to state a claim upon which relief can be granted.

    7. The claims set forth in paragraphs 224 through 231 of the Second Amended Complaint are dismissed. The allegations of paragraphs 224-231 fail to state any actual case or controversy.

    8. The claims set forth in paragraphs 63 and 64 of the Second Amended Complaint are dismissed. These allegations seek to preserve in Shearer an alleged right to withdraw his Section 120 consent to the legislative taking of any property, and in particular his consent to the taking of the Banjo and Pass unpatented mining claims. A timely consent under Section 120 of the Act of November 14, 1997, for the taking of any patented or valid unpatented mining claim operates to vest the full title and interest in those mining claims in the United States. Once title has vested in the United States, the United States can be

divested of that title only with congressional authorization. *Higginson v. United States*, 384 F.2d 504, 507 (6th Cir. 1967), *cert. denied* 390 U.S. 947, *rehearing denied* 391 U.S. 961 (1968); *United States v. Sunset Cemetery Co.*, 132 F.2d 163, 164 (7th Cir. 1943). *See United States v. Three Parcels of Land*, 224 F. Supp. 873, 876 (D. Alaska 1963). There is no authority that grants this Court jurisdiction to divest the United States of title it acquires by operation of Section 120.

      Dated this _____ day of _____ 2007.

                                  _____
                                  JAMES K. SINGLETON, Jr.
                                  United States District Judge