DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL G. SHEARER | ) | |
| | ) | No. 3:03-cv-00263-JKS |
| Plaintiff, | ) | (CONSOLIDATED) |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DIRK KEMPTHORNE, Secretary | ) | |
| of the Interior et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF UNITED STATES TO

DISMISS AND TO STRIKE - SECOND AMENDED COMPLAINT

TABLE OF CONTENTS

STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

STATUTORY BACKGROUND . . . . . . . . . . . . . . . . . - 2 -

     A. Section 120. . . . . . . . . . . . . . . . . . . - 2 -

     B. Mining in the Parks Act. . . . . . . . . . . . - 4 -

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . - 5 -

I. THE ALLEGATION OF JURISDICTION UNDER THE QUIET TITLE ACT
    SHOULD BE STRICKEN . . . . . . . . . . . . . . . - 5 -

    A.   Leave Was Not Granted To State A Quiet Title Action.
       . . . . . . . . . . . . . . . . . . . . - 5 -

    B.   The Complaint Fails To State A Quiet Title Action.
       . . . . . . . . . . . . . . . . . . . . - 7 -

II. SHEARER'S MINING IN THE PARKS ACT CLAIMS SHOULD BE DISMISSED
    . . . . . . . . . . . . . . . . . . . . . . . - 8 -

III. JURISDICTION UNDER SECTION 120 AND THE MINING IN THE
    PARKS ACT IS LIMITED TO PATENTED AND UNPATENTED MINING
    CLAIMS. . . . . . . . . . . . . . . . . . . . . - 13 -

IV. THE COURT'S PRIOR DISMISSALS OF SECTION 120 CLAIMS ARE LAW
    OF THE CASE . . . . . . . . . . . . . . . . . . - 15 -

V. THE CLAIMS FOR PARCEL 2 SHOULD BE DISMISSED . . . . . - 17 -

VI. THE CLAIMS FOR PARCEL 3 SHOULD BE DISMISSED . . . . . - 19 -

VII. THE CLAIMS FOR PARCELS 4, 5, AND 6 SHOULD BE DISMISSED
    . . . . . . . . . . . . . . . . . . . . . . . - 20 -

VIII. THE MINING IN THE PARKS ACT CLAIM FOR PARCEL 7 SHOULD BE
    DISMISSED . . . . . . . . . . . . . . . . . . . - 23 -

IX. THE CLAIM FOR PARCEL 8 SHOULD BE DISMISSED . . . . . - 25 -

X. THE CLAIMS FOR PARCELS 9 & 10 SHOULD BE DISMISSED . . - 26 -

XI. THE MINING IN THE PARKS ACT CLAIM FOR PARCEL 11 SHOULD BE
    DISMISSED . . . . . . . . . . . . . . . . . . . - 27 -

XII. THE MINING IN THE PARKS ACT CLAIM FOR PARCEL 12 SHOULD BE
    DISMISSED . . . . . . . . . . . . . . . . . . . - 28 -

XIII. THE MINING IN THE PARKS ACT CLAIM FOR PARCELS 13 and 19
    SHOULD BE DISMISSED . . . . . . . . . . . . . . - 28 -

XIV. THE CLAIMS FOR PARCELS 14 AND 20 SHOULD BE DISMISSED   - 28 -

XV. THE CLAIM FOR PARCEL 15 SHOULD BE DISMISSED . . . . .  - 31 -

XVI. THE CLAIMS FOR PARCELS 16, 17 and 18 SHOULD BE DISMISSED
     . . . . . . . . . . . . . . . . . . . . . . . . . .  - 33 -

XVII. THE CLAIM FOR PARCEL 21 SHOULD BE DISMISSED . . . .  - 34 -

XVIII.  THE CLAIMS SET FORTH IN PARAGRAPHS 197-223 MUST BE
     DISMISSED . . . . . . . . . . . . . . . . . . . . .  - 35 -

     A. Law Of The Case Bars Relitigation Of This Claim Under
        Section 120. . . . . . . . . . . . . . . . . . .  - 35 -

     B. Shearer's Attempt to State A Claim Under The Mining In
        The Parks Act Must Be Dismissed For Lack Of
        Jurisdiction. . . . . . . . . . . . . . . . . . .  - 35 -

     C. The Court Lacks Jurisdiction To Award Damages For Any
        Failure Of The Park Service To Follow Its Own
        Procedures. . . . . . . . . . . . . . . . . . . .  - 38 -

XIX. SHEARER'S CLAIMS REGARDING ACCESS RIGHTS (¶¶ 180-193)
     SHOULD BE DISMISSED . . . . . . . . . . . . . . . .  - 39 -

XX. SHEARER'S CLAIMS (¶¶ 194-196) REGARDING RIGHTS TO PATENT
     MINING CLAIMS SHOULD BE DISMISSED . . . . . . . . .  - 42 -

XXI. THE ALLEGATIONS OF PARAGRAPHS 224-231 AND 232-234 SHOULD BE
     DISMISSED OR STRICKEN . . . . . . . . . . . . . . .  - 46 -

XXII. THE ALLEGATIONS OF PARAGRAPHS 63 and 64 SHOULD BE
     DISMISSED . . . . . . . . . . . . . . . . . . . . .  - 47 -

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . .  - 48 -

TABLE OF EXHIBITS

Exhibit          Document Description

   1             KLK, Inc., v. USA, et al., Case No. F92-006-CV,
                 Order from Chambers, Filed July 2, 1993.

   2             Northwest Explorations Joint Venture, v. Babbitt,
                 et al., Case No. A99-0643-CV, Order from Chambers
                 Re: Motion to Dismiss Docket 6, filed September 7,
                 2000.

   3             Kantishna Mining Co., et al. v. Babbitt, et al.,
                 Case No. F98-0007-CV, Order, filed May 11, 2000.

   4             Arnold Howard, et al. v. USA, Case No. F98-0006-CV,
                 Order, filed January 25, 2000.

   5             Paul G. Shearer, v. USA, et al., Case No. A03-0263-
                 CV (JKS), Declaration of Diane C. Wohlwend dated
                 July 13, 2005.

   6             Paul G. Shearer, v. USA, et al., Case No. A03-0263-
                 CV (JKS), Declaration of Evalyn E. Garis, dated
                 July 21, 2005.

   7             Northwest Explorations, Inc., v. US, et al., Case
                 No. A98-0086-CV (JKS), Order Granting Motion to
                 Amend Pleadings and Extending Stay of Counts Two
                 Through Four of Amended Complaint, filed December
                 23, 1998.

   8             Northwest Explorations, Inc., v. US, et al., Case
                 No. A98-0086-CV (JKS), Order from chambers filed
                 January 26, 1999.

STATEMENT

In its Order (Docket Entry No. 110) filed March 23, 2007, at 3, the Court granted Paul G. Shearer's motion (Docket Entry No. 103) to amend his complaint "to plead a claim for inverse condemnation." Shearer had sought:

> the court's permission to file a Second Amended Complaint for the purposes of expanding the Jurisdiction section of the complaint to include the jurisdiction established in the "Mining in the Parks Act, 16 U.S.C. § 1901, et seq. including the provision in 16 U.S.C. Section 1910" that allows a mining claimant whose property is located within a unit of the National Park System to bring a takings action against the federal government and confers jurisdiction for such takings of mining claims in Alaska on the U.S. District Court for the District of Alaska.

Plaintiff's Cross Motion for Partial Summary Judgment Re; Parcels 3, 14, 15, 20, and Request to Amend Complaint to Include Jurisdiction for Mining in the Parks Act, 16 U.S.C. (Docket Entry No. 103) filed November 20, 2006. at 1-2. Responding in opposition to this request, the United States showed in part that Shearer's request did not comply with the rules of this court as it was not accompanied by his proposed amended complaint. Response of the United States in Opposition to Shearer's Motion to Amend (Docket Entry No. 106) filed December 7, 2006, at 2. In apparent recognition of this failure, the Court provided that "[t]he Government may present any objections it has in a motion to dismiss." Accordingly, the United States presents herein its objections to the Second Amended Complaint.

The United States will show that Shearer's claims under the

Mining in the Parks Act must be dismissed as a matter of law on several grounds, including lack of subject matter jurisdiction and barred by statute of limitations. The Second Amended Complaint also restates all of Shearer's claims that had been previously stated in the First Amended Complaint (Docket Entry No. 21) under Section 120 of the Act of November 14, 1997, Pub. L. N. 105-83, 111 Stat. 1543, 1564-66 (hereinafter referred to as Section 120). The United States will also show that most of the Section 120 claims in the First Amended Complaint were previously dismissed by the Court, and that the same claims must once again be dismissed.

STATUTORY BACKGROUND

A. <u>Section 120</u>. Pursuant to Section 202(3) of the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. § 410hh-1, Mount McKinley National Park was expanded and established as the Denali National Park and Preserve on December 2, 1980. This expansion placed within the boundaries of the Denali National Park and Preserve various patented and unpatented mining claims.

In part to solve some of the problems created by the inclusion of mining claims within the Denali National Park and Preserve, Section 120 was enacted. This section created a system by which "all current owners" of patented and valid unpatented mining claims within the Kantishna Mining District could consent to the legislative taking of their mining claims by the United States. 111 Stat at 1564-65:[1]/

---

[1]/    Separate consent approval provisions were made for mining claims involved in bankruptcy proceedings. 111 Stat. 1565. Since none of the properties that are the subject of Shearer's First
(continued...)

> Notwithstanding any other provision of law, 90 days after enactment of this section there is hereby vested in the United States all right, title and interest in and to, and the right of immediate possession of, **all patented mining claims and valid unpatented mining claims** (including any unpatented claim whose validity is in dispute, so long as such validity is later established in accordance with applicable agency procedures) in the area known as the Kantishna Mining District within Denali National Park and Preserve, for which all current owners (or the bankruptcy trustee as provided hereafter) of each such claim (for unpatented claims, ownership as identified in recordations under the mining laws and regulations) consent to such vesting in writing to the Secretary of the Interior within said 90-day period: (Emphasis added)

Section 120 also provided for payment of just compensation. 111 Stat. 1565:

> Provided further, That the United States shall pay just compensation to the aforesaid owners of any valid claims to which title has vested in the United States pursuant to this section, determined as of the date of taking: Provided further, That payment shall be in the amount of a negotiated settlement of the value of such claim or the valuation of such claim awarded by judgment, and such payment, including any deposits in the registry of the court, shall be made solely from the permanent judgment appropriation established pursuant to section 1304 of title 31, United States Code, and shall include accrued interest on the amount of the agreed settlement value or the final judgment from the date of taking to the date of payment, calculated in accordance with section 258a of title 40, United States Code:....

---

[1]/   (...continued)
Amended Complaint were at the times relevant herein involved in Bankruptcy Court proceedings, the Section 120 consent provisions for mining claims involved in bankruptcy are not applicable to this action.

If the parties could not agree to a settlement of the amount of just compensation due, Section 120 provided this Court with jurisdiction to determine and award just compensation for this legislative taking. *Id*:

> Provided further, That the United States or a claim owner or bankruptcy trustee may initiate proceedings after said 90-day period, but no later than six years after the date of enactment of this section, seeking a determination of just compensation in the District Court for the District of Alaska pursuant to the Declaration of Taking Act, sections 258a-e of title 40, United States Code (except where inconsistent with this section), and joining all owners of the claim:....

In his First Amended Complaint (Docket Entry No. 21) ¶ 2, Shearer only invoked this Court's jurisdiction under Section 120.

B. <u>Mining in the Parks Act</u>. Shearer now also invokes the Court's jurisdiction under the Mining in the Parks Act, 16 U.S.C. § 1910. The Mining in the Parks Act was enacted as the Act of September 28, 1976, Pub. L. No. 94-429, 90 Stat. 1342, and codified commencing at 16 U.S.C. § 1901.[2]/ In this act Congress recognized that the level of mining technology had changed in recent years so that mining now conflicted with purposes for which units of the National Park System had been created. 16 U.S.C. § 1901. Congress also declared the policy that all mining operations in areas of the National Park System "should be conducted so as to prevent or minimize damage to the environment and other resources values." *Id*.

The Mining in the Parks Act also provided that:

---

[2]/   Sections 4-7 of that act that were originally codified at 16 U.S.C. §§ 1903 to 1906, contained specific time deadlines that expired and have since been omitted from the U.S. Code.

> all activities resulting from the exercise of valid existing mineral rights on patented or unpatented mining claims within any area of the National Park System shall be subject to such regulations prescribed by the Secretary of the Interior as he deems necessary or desirable for the preservation and management of those areas.

16 U.S.C. § 1902. The regulations promulgated pursuant to this provision are codified at 36 C.F.R. §§ 9.1-9.18. These regulations provide that no mining operations may be conducted within a unit of the National Park System until the a plan of proposed operations had been submitted and approved by the Park Service. 36 C.F.R. §§ 9.9, 9.10.

The Mining in the Parks Act further provides:

> The holder of any **patented or unpatented mining claim** subject to this chapter who believes he has suffered a loss by operation of this chapter, or by orders or regulations issued pursuant thereto, may bring an action in the United States district court to recover just compensation which shall be awarded if the court finds that such loss constitutes a taking of property compensable under the Constitution. (Emphasis added)

16 U.S.C. § 1910.[3]/ In the Second Amended Complaint Shearer has for the first time invoked the Court's jurisdiction under this statute.

ARGUMENT

I. THE ALLEGATION OF JURISDICTION UNDER THE QUIET TITLE ACT SHOULD BE STRICKEN

A.    Leave Was Not Granted To State A Quiet Title Action. As the Court noted in its Order (Docket Entry No. 110) at 1, the First

---

[3]/    As was recognized in *KLK, Inc. v. United States Department of the Interior*, 35 F.3d 454, 456 (9th Cir. 1994), this provision allowed suits for compensation when the claim exceeded $10,000 in the district courts and not just in the Court of Federal Claims.

Amended Complaint only alleged an action under Section 120. The Court also recognized that Shearer was only seeking, and the Court was only granting, Shearer leave to amend his complaint to add an inverse condemnation action under the jurisdiction of the Mining in the Parks Act, 16 U.S.C. § 1910. *Id.* However, the Second Amended Complaint actually filed by Shearer goes beyond that which he was granted leave to file.

Shearer does not limit his jurisdictional allegations to only Section 120 and 16 U.S.C. § 1910. The Second Amended Complaint, ¶ 2 at 2, as filed by Shearer also pleads the Quiet Title Act, 28 U.S.C. § 2409a, as a source of jurisdiction. The Second Amended Complaint ¶ 3, also adds 28 U.S.C. § 2409a as a source of venue over this action, and in ¶¶ 235-242 at 44-45, purports to an add an alternative claim to quiet title to specific properties. No such claim or allegations appeared in the First Amended Complaint.

As already shown at 1-2, *supra*, Shearer did not seek leave to amend his complaint to state a quiet title action or to invoke jurisdiction under the Quiet Title Act. Further, the Court in its Order (Docket Entry No. 110) at 1, specifically recognized that Shearer was not seeking leave to amend his complaint to state a quiet title action:

> Shearer also seems to want to quiet title to certain interests **but has not specifically moved to amend** to add a claim to quiet title and join others allegedly claiming an interest conflicting with the interests he wishes to claim. (Emphasis added)

Then the Court only granted Shearer leave to amend his complaint to add an inverse condemnation claim. Order (Docket Entry No. 110) at 3: "Shearer's motion to Amend at **Docket No. 103** to plead a claim

for inverse condemnation is **GRANTED.**"

As Shearer has not been given leave to amend his complaint to state a quiet title action, the Court should strike the allegation of jurisdiction and venue pursuant to 28 U.S.C. § 2409a from paragraphs 2 and 3, and the allegations of paragraphs 235-242 from the Second Amended Complaint.[4]/

B.    The Complaint Fails To State A Quiet Title Action. Even if Shearer had been granted leave to state a quiet title action, that claim would have to be dismissed for failure to properly state that claim as required by 28 U.S.C. § 2409a(d). That statute requires that the:

> The complaint shall set forth specifically the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right title or interest claimed by the United States.

The Second Amended Complaint does plead the required elements.

With respect to any right, title, and interest claimed by the United States, Shearer pleads only: "The United States has allegedly claimed an interest conflicting with Plaintiff Shearer's interest to some of Parcels 2 through 21." Second Amended Complaint ¶ 239 at 44. This certainly does not specifically set forth any right, title, or interest claimed by the United States.[5]/

---

[4]/  To the extent the allegations of ¶¶ 194 and 195 of the Second Amended Complaint may seek to quiet title, those allegations too should be stricken. See 42-43, *infra*.

[5]/  The requirements of 28 U.S.C. §2409a(d) are like other requirements of the Quiet Title Act conditions on the waiver of the sovereign immunity of the United States, and must be strictly
(continued...)

The allegations of the nature of Shearer's claimed right, title or interest in Parcels 2 through 21 are not much more specific. Shearer alleges only that he has recorded proof of his ownership in the Fairbanks Recording District and has already produced the recorded documents and chains of title for these parcels. *Id*. ¶¶ 237-238. The nature of this title is neither set forth in the Second Amended Complaint, nor are the referenced documents attached to the Second Amended Complaint. The allegations in paragraphs 85 through 179 at 21-33, are similarly unspecific as to either the title, right or interest claimed by Shearer or the United States. Therefore, Shearer's purported quiet title action fails to state a claim within the jurisdiction of the court.

## II. SHEARER'S MINING IN THE PARKS ACT
## CLAIMS SHOULD BE DISMISSED

Jurisdiction in the Court under the Mining in the Parks Act is specifically to determine any just compensation due for the taking of patented or unpatented mining claims that occurs by operation of that act or by orders or regulations issued pursuant thereto. 16 U.S.C. § 1910. See 5, *supra*. The Ninth Circuit established in *United States v. Vogler*, 859 F.2d 638 (9th Cir. 1988), *cert. denied,* 488 U.S. 1006 (1989), two prerequisites for a regulatory taking under the Mining in the Parks Act: (1) the submission of an application for approval to mine and (2) a final agency decision denying the application. *Vogler*, 859 F.2d at 642.

---

[5]/    (...continued)
construed in favor of the Government. *Schultz v. Department of Army*, 886 F.2d 1157, 1159 (9th Cir. 1989); *State of California ex rel. State Land Comm'n v. Yuba Goldfields*, 752 F.2d 393, 395 (9th Cir. 1985). *See also* 14-15, *infra*.

The Court stated:

> The very existence of a permit system implies that permission may be granted; therefore, it is only after a permit has been denied and the denial's effect prevents the "economically viable" use of the land that it can be said that a "taking" has occurred.

*Id.*

The *Vogler* decision is binding on this court, as it has not been overruled or otherwise modified by any subsequent decision of the Ninth Circuit or the Supreme Court.[6]/ *United States v. Bagley*, 659 F. Supp. 223, 227 (W.D. WA 1987), *affirmed in part, reversed in part on other grounds*, 837 F.2d 371 (9th Cir. 1988), *cert. denied sub nom.*, 488 U.S. 924 (1988). *See also Rybachek v. United States E.P.A.*, 904 F.2d 1276 (9th Cir. 1990) (following *Vogler* and holding that a takings claim is not ripe for judicial resolution until regulations are actually applied to particular property).

Reiterating the first prerequisite set forth in *Vogler* for a regulatory taking claim, this Court found that absent a plan of operations, no regulatory taking claim can be asserted. *KLK, Inc. v. United States, et al.*, No. F92-0006-CV (D. Alaska) Order from Chambers filed July 2, 1993 at 9 (holding that no taking occurred for claims which were not even covered by the plan of operations at issue).[7]/ In *KLK, Inc.* this Court held that since the Park Service had not decided to prohibit all mining within Denali, the

---

[6]/     Indeed, the decision is binding on any panel of the Ninth Circuit. *State of Alaska v. Babbitt*, 75 F.3d 449, 454 (9th Cir. 1996), *cert. denied*, 519 U.S. 818 (1996); *United States v. State of Washington*, 872 F.2d 874, 880 (9th Cir. 1989).

[7]/     Copy attached as Exhibit 1 hereto.

Court could not determine if the Park Service would deny a plan of operations for claims where no such plan had been submitted. *Id.*

With respect to claims for which an application to mine has been made in the form of the submission of a plan of operations, this Court in *KLK, Inc.* also found that a taking does not occur until that plan had been denied and all administrative appeals exhausted. *Id.* at 7-8. This Court noted, citing *Williamson County*, that the *Vogler* decision is consistent with the standards established by the United States Supreme Court, and stated that a takings claim:

> is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulation to the property at issue.

*Id.* at 6.

The recognized need in *Vogler* and *KLK, Inc.* for a final agency decision is consistent with long-standing principles applied by the United States Supreme Court which underscore the necessity of a final agency decision before a takings claim is ripe for judicial resolution. *Williamson County Regional Planning Comm'n. v. Hamilton Bank*, 473 U.S. 172, 186 (1985); *see also Agins v. Tiburon*, 447 U.S. 255 (1980); *Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264 (1981).

A final agency decision is required in order to determine the "nature and extent" of activities the government will allow to determine "just how far a regulation goes" – that is, the type and intensity of activities the government will allow on the subject property, so that a court can evaluate whether the regulation at issue is excessive. *MacDonald, Sommer & Frates v. County of Yolo*,

477 U.S. 340, 351 (1986); *see also Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978); *Del Monte Dunes v. City of Monterey*, 920 F.2d 1496, 1501 (9th Cir. 1990) *aff'd* 526 U.S. 687 (1999); *Lai v. City and County of Honolulu*, 841 F.2d 301, 303 (9th Cir. 1988) *cert. denied* 488 U.S. 944 (1988).

This Court also recognized and applied the *United States v. Vogler* ripeness rule in the Order From Chambers filed on September 7, 2000, in *Northwest Exploration Joint Venture v. Bruce Babbitt et al.*, No. A99-0643 CV (JWS), at 11-18, and dismissed that action for failure to plead both the required submission of a plan and the denial of a proposed plan of operations.[8]/ As will be shown below, the limited allegations of Shearer's Second Amended Complaint are indistinguishable from the allegations of the complaint in *Northwest Exploration Joint Venture.*

Nowhere in the Second Amended Complaint does Shearer plead that any proposed plan for mining operations was ever submitted for any of the mining claims for which Shearer seeks compensation. Further, Shearer does not allege that the Secretary of the Interior or the Park Service took any action that denied any proposal to conduct any mining operations or that the Park Service otherwise precluded any mining operation on any of the mining claims at issue in this action. Shearer alleges only that if the Court finds that any of the properties he identifies as Parcels 2 through 21[9]/ are determined not to have been taken by operation of Section 120,

---

[8]/    Copy attached as Exhibit 2 hereto.

[9]/    Parcels 2 through 21 will be described in subsequent portions of this document.

then:

> 233. Without forfeiting his right to appeal, Plaintiff Shearer claims that for all Parcels 2 through 21 that this Court finds were not subject to taking under the Public Law 105-83 Section 120, either because of an earlier date of taking or because the Parcel does not meet the definition of property that could be taken pursuant to Section 120, Shearer brings a claim of taking for all such Parcels 2 though 21 pursuant to the Mining in the Parks Act, 16 U.S.C. § 1901, et seq."

> 234. Plaintiff Shearer claims that Parcels 14, 15, 16, 17, 18, 20, and 21; if not taken pursuant to Law No. 105-83 Section 120, were taken pursuant to the Mining in the Parks Act, 16 U.S.C. Secs. 1901. et seq.

Second Amended Complaint at 43. This is the extent of Shearer's allegations regarding his Mining in the Parks Act claim.

Shearer's allegations are comparable to the allegations of the plaintiff in *Northwest Exploration Joint Venture v. Bruce Babbitt et al.*, No. A99-0643 CV (JWS). As is shown in the Order From Chambers filed on September 7, 2000, in *Northwest Explorations Joint Venture*, the complaint in that action did not allege that a proposed plan of mining operations had been submitted and denied. This Court, accordingly, found that the claim for compensation presented in that action under 16 U.S.C. § 1910 was facially defective and dismissed that action. The Court noted in *Northwest Explorations Joint Venture*, at pages 11 and 16-18, that a complaint under 16 U.S.C. § 1910 is defective if that complaint does not allege both the submission of at least one meaningful proposed plan of operations and a denial thereof. Since Shearer's Second Amended Complaint fails to allege that any such plans were submitted and disapproved for any of the properties for which Shearer seeks

compensation under 16 U.S.C. § 1910, all of those claims must be dismissed just as the Mining in the Parks Act claim was dismissed in *Northwest Exploration Joint Venture*.

   III. JURISDICTION UNDER SECTION 120 AND THE MINING IN THE
 PARKS ACT IS LIMITED TO PATENTED AND UNPATENTED MINING CLAIMS.

   Shearer's Second Amended Complaint alleges claims for compensation under either Section 120 or the Mining in the Parks Act, 16 U.S.C. § 1910. The Court's jurisdiction under those statutes is specifically limited. In particular, this jurisdiction extends only to claims for compensation for the taking of patented and unpatented mining claims.

   The language of Section 120 quoted at, 3, *supra*, is clear and specific. It provides for the legislative taking of patented and valid unpatented mining claims within the Kantishna Mining District for which all owners of those claims have timely consented to the taking, and grants this Court jurisdiction to determine (if the parties cannot agree on an amount) the amount of just compensation due for that taking. As recognized in *Kantishna Mining Co. et al. v. Babbitt et al.*, No. F98-0007-CV(JKS)(D. Alaska), Order filed May 11, 2000,[10]/ the Court's jurisdiction under Section 120 is only to determine the amount of compensation due for property that is taken by operation of Section 120. Jurisdiction is not granted under Section 120 for takings that may have occurred other than by operation of section 120.

   Jurisdiction under the Mining in the Parks Act is similarly limited. The language of 16 U.S.C. § 1910 quoted at 5, *supra*, is

---

[10]/   Copy attached as Exhibit 3 hereto.

also specific with jurisdiction limited only to claims for compensation for the taking of "patented or unpatented mining claims." The difference between Section 120 and the Mining in the Parks Act is the manner of the takings for which these statutes grant jurisdiction. Section 120 is limited to the takings of patented and unpatented mining claims for which the required consent has been given by the claim owners. 111 Stat at 1564-65 (quoted in relevant part at 3, *supra*). The Mining in the Parks Act is limited to any loss suffered by the holder of any patented or unpatented mining claim "by operation of this Chapter" [Chapter 39 of the United States Code, 16 U.S.C. § 1901-1912, the Mining in the Parks Act] or by order or regulations issued pursuant thereto...." 16 U.S.C. § 1910 (quoted in full at 5, *supra*).

The limitation of both Section 120 and 16 U.S.C. § 1910 to patented and unpatented mining claims must be strictly construed and applied. There is no question that both Section 120 and 16 U.S.C. § 1910 constitute waivers of sovereign immunity. It is well established that the government's waiver of immunity may not be implied, but must be express and unequivocal. *United States v. Nordic Village*, 503 U.S. 30, 33-34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied sub nom.*, 466 U.S. 958 (1984). Any waiver of sovereign immunity and any limitations on that waiver are to be strictly construed in favor of the government. *Lane v. Pena*, 518 U.S. 187, 190(1996); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 687 (1983); *Lehman v. Nakshian*, 453 U.S. at 160-61; *Campbell v. United States*, 835 F.2d 193, 195 (9th Cir.

1987). When Congress attaches conditions to legislation waiving sovereign immunity, those conditions must be strictly observed, and exceptions thereto are not to be implied. *Lane v. Pena; Block v. North Dakota*, 461 U.S. 273, 287 (1983); *Wildman v. United States*, 827 F.2d 1306, 1309 (9th Cir. 1987).

Since both Section 120 and 16 U.S.C. § 1910 are limited only to the taking of a patented or unpatented mining claim, neither Section 120, nor 16 U.S.C. § 1910 may be interpreted as conferring jurisdiction in this court to determine and award compensation for the taking of property other than for the taking of a patented or unpatented mining claim. As the United States will show throughout this memorandum, many of Shearer's claims are for compensation for property or interests that are neither a patented nor unpatented mining claim.

### IV. THE COURT'S PRIOR DISMISSALS OF SECTION 120 CLAIMS ARE LAW OF THE CASE

The United States previously moved for dismissal of most of Shearer's Section 120 claims as presented in the First Amended Complaint. Motion of the United States for Partial Summary Judgment (Docket Entry No. 39) filed September 30, 2005; Motion of the United States for Partial Judgment on the Pleadings (Docket Entry No. 71) filed December 30, 2005; Motion of the United States for Partial Summary Judgment - Parcels 3, 14, 15, and 20 (Docket Entry No. 84) filed June 28, 2006. With one exception, the motions of the United States were granted. Order (Docket Entry No. 78) filed April

3, 2006; Order (Docket Entry No. 110) filed March 23, 2007).[11]/

Under the doctrine of law of the case, a court is generally precluded from reconsidering and re-deciding an issue previously decided by that court or by a higher court. *Minidoka Irrigation Dist. v. Department of the Interior*, 406 F.3d 567, 573 (9th Cir. 2005); *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002). The Court of Appeals sitting *en banc* has stated that under law of the case a prior decision "should be followed unless" that decision is (1) clearly erroneous, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial. *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997). None of these exceptions apply to this action.

As will be shown in the arguments that will follow, this Court's previous dismissals were either because the property interest was one that is not subject to the provisions of Section 120, or because the evidence showed that Shearer no longer held the interest he claimed in the property on the Section 120 date of taking; February 12, 1998. None of the prior decisions are clearly erroneous, and there is no intervening controlling authority that

---

[11]/   The exception was the Government's motion to dismiss Shearer's claims for compensation for Parcels 2 through 21 as not being within the scope of the Section 120 consent to taking that he filed. Order (Docket Entry No. 78) at 1-3. Since, as the United States shows herein, the Court's prior decisions are law of the case, the United States does not specifically renew that motion in this Rule 12 motion to dismiss. The United States does not, however, acquiesce in that decision, and may appeal that determination at the appropriate time, or seek reconsideration of that decision should the exceptions to law of the case become applicable.

makes reconsideration of those prior decisions appropriate. Further, as Shearer's relevant allegations in the Second Amended Complaint are virtually identical to the allegations in the First Amended Complaint, no substantially different evidence is present. Therefore, the Court's prior dismissals of Shearer's Section 120 claims must be deemed to be subject to law of the case.

Even if law of the case was not applicable, for the reasons previously set forth in the Points and Authorities in Support of Motion of the United States for Partial Summary Judgment (Docket Entry No. 39); Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings (Docket Entry No. 71); and Points and Authorities in Support of Motion of the United States for Partial Summary Judgment - Parcels 3, 14,15 and 20 (Docket Entry No. 85) as referenced in this document and incorporated by reference, Shearer's identical claims as stated in the Second Amended Complaint must be dismissed.

## V. THE CLAIMS FOR PARCEL 2 SHOULD BE DISMISSED

The Second Amended Complaint alleges that the United States has pursuant to either Section 120 or 16 U.S.C. § 1910 taken twenty-one different property interests that Shearer has denominated in the Second Amended Complaint ¶¶ as Parcels 1 through 21. Parcel 2 as identified by Shearer is a claim for compensation for the alleged taking of an "ownership of 3% mineral rights" in the Galena Lode claim. Second Amended Complaint ¶ 42 at 12-13.

The United States previously moved for the dismissal of Shearer's claim in the First Amended Complaint ¶ 42 at 11-12, for compensation for this same Parcel 2 under Section 120. Motion of

the United States for Partial Summary Judgment at 2, and Points and
Authorities in Support of Motion of the United States for Partial
Summary Judgment at 12-14 (Docket Entry No. 39) filed September 30,
2005. The United States showed therein that Parcel 2 was not a
patented or unpatented mining claim, and that Section 120 conferred
jurisdiction in this Court only over claims for compensation for
the taking of patented and unpatented mining claims. Points and
Authorities in Support of Motion of the United States for Partial
Summary Judgment at 13-14. The United States also showed at pages
12-13, that Shearer was not the owner of this 3% mineral interest
on February 12, 1998;[12]/ therefore, he could not bring suit for
compensation for any taking of this interest under Section 120.
*United States v. Dow*, 357 U.S. 17, 20 (1958); *Danforth v. United
States*, 308 U.S. 271, 284 (1939). The Government's motion was
granted and Shearer's claim for Compensation for Parcel 2 was
dismissed. Order (Docket Entry No. 78) filed April 3, 2006, at 3,
5. That dismissal of Shearer's Section 120 claim is law of the
case, and requires dismissal of Shearer's attempt to reinstate the
same claim in the Second Amended Complaint. *See* 15-17, *supra*.

　　　Dismissal of Shearer's claim for compensation for Parcel 2
under the Mining in the Parks Act is also required. As shown at 13-
15, *supra*., the Court's jurisdiction under 16 U.S.C. § 1910 is
limited only to claims for compensation for the taking of "patented

---

[12]/   February 12, 1998, is the date of any taking under Section
120. Order (Docket Entry No. 78) filed April 3, 2006, at 2;
*Kantishna Mining Co. v. Babbitt*, No. F98-0007 CV (JKS) (D. Alaska),
Order filed May 11, 2000 (Exhibit 3 hereto), at 4-5; *Arnold Howard
et al v. United States*, No. F98-0006 CV (JKS)(D. Alaska), Order
filed January 25, 2000, (Exhibit 4 hereto) at 4.

or unpatented mining claim."[13]/ Since Parcel 2, is not a patented or unpatented mining claim, Shearer's claim for compensation for an alleged taking of this interest is not within the jurisdiction of this Court under 16 U.S.C. § 1910, and must be dismissed for want of jurisdiction. Further, as Shearer has not alleged that any application to conduct mining operations on the Galena mining claim has been filed and denied, his claim for compensation for Parcel 2 must also be dismissed for the reasons set forth commencing at 8-13, *supra*.

### VI. THE CLAIMS FOR PARCEL 3 SHOULD BE DISMISSED

The Second Amended Complaint alleges that the United States has taken pursuant to either Section 120 or 16 U.S.C. § 1910 property identified as Parcel 3. Second Amended Complaint ¶ 43 at 13. Parcel 3 is described as an "ownership of placer mining rights" in the Sulphide Lode claim. *Id*.

The United States previously moved for the dismissal of the claim in the First Amended Complaint ¶ 42 at 11-12, for compensation for Parcel 3 under Section 120. Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 (Docket Entry No. 84), and Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 (Docket Entry No. 85) at 6-9, filed June 28, 2007. The United States showed that Parcel 3 was not a patented or unpatented mining claim; therefore, Section 120 did not confer jurisdiction in this Court over a claim for compensation for the taking of Parcel 3. Points and Authorities in Support of Motion of

---

[13]/   16 U.S.C. § 1910 is quoted in full at 5, *supra*.

the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 at 6-9.

The Government's motion was granted and Shearer's claim for Compensation for Parcel 3 was dismissed. Order (Docket Entry No. 110) filed March 23, 2007, at 3. That dismissal of Shearer's Section 120 claim is law of the case, and requires dismissal of Shearer's attempt to reinstate the same claim in the Second Amended Complaint. *See* 15-17, *supra*.

Dismissal of Shearer's claim for compensation for Parcel 3 under the Mining in the Parks Act is also required. Parcel 3, "ownership of placer mining rights" is not a patented or unpatented mining claim, Shearer's claim for compensation for an alleged taking of that interest is, therefore, not within the jurisdiction of this Court under 16 U.S.C. § 1910, and must be dismissed for want of jurisdiction. See, 13-15, *supra*. Further, as Shearer has not alleged that any application to conduct mining operations on the Sulphide mining claim has been filed and denied, his claim for compensation for Parcel 3 must also be dismissed for the reasons set forth commencing at, 8-13 *supra*.

## VII. THE CLAIMS FOR PARCELS 4, 5, AND 6 SHOULD BE DISMISSED.

The Second Amended Complaint ¶¶ 44-46, at 13, alleges that the United States has taken either pursuant to Section 120 or 16 U.S.C. § 1910 property designated as Parcels 4, 5 and 6. These parcels are described as the Lucky Gulch No. 1 Placer Claim, Trail Lode Claim, Four (4) Association Placer Claims, Broken "No. 1" mining claim, Broken Bow "No. 2" mining claim and the Friday Creek Discovery mining claims. *Id.*

The United States previously moved for the dismissal of Shearer's claims for compensation for Parcels 4, 5, and 6 under Section 120 in the First Amended Complaint ¶¶ 45-46 at 12. Motion of the United States for Partial Summary Judgment at 2, and Points and Authorities in Support of Motion of the United States for Partial Summary Judgment at 10-12 (Docket Entry No. 39) filed September 30, 2005. As shown therein, the Park Service searched its records, and found no record that any of these claims identified by Shearer were within the Kantishna Mining District of the Denali National Park and Preserve. Declaration of Diane C. Wohlwend (Exhibit 5 hereto) ¶¶ 3-6 at 2-4. The Bureau of Land Management (BLM) has also searched its records and found no such claims. Declaration of Evalyn E. Garis (Exhibit 6 hereto) ¶ 5 at 2-3.[14]/ If any of the claims in Parcels 4, 5 or 6 were existing unpatented mining claims, they would be shown in BLM's records. *Id.* ¶ 4 at 2. BLM has no record of any of the mining claims identified as Parcels 4, 5 or 6. *Id.* ¶ 6 at 3. Therefore, if they had ever existed, they were subsequently abandoned by operation of 43 U.S.C. § 1744(c). *Id.* ¶ 7 at 3.

In order for Shearer to be entitled to compensation for the taking of any property, that property must have existed at the time of the alleged taking. As shown in the Wohlwend and Garis declarations, the mining claims in Parcels 4, 5, and 6 for which Shearer seeks compensation do not exist, and did not exist on

---

[14]/ The originals of the Wohlwend and Garis declarations accompanied the Motion of the United States for Partial Summary Judgment(Docket Entry No. 39).

February 12, 1998, the date of any Section 120 taking.

Based on the lack of any record of the Parcel 4, 5 and 6 properties, the Government moved (Docket Entry No. 39) for dismissal of Shearer's Section 120 claims for compensation for Parcels 4, 5 and 6. That motion was granted. Order (Docket Entry No. 78) filed April 3, 2006 (Docket Entry No. 78), at 3, 5. That dismissal is law of the case, and requires dismissal of Shearer's attempt to reinstate the same Section 120 claim in the Second Amended Complaint. *See* 15-17, *supra*.

Shearer's claim for compensation for the same Parcels 4, 5 and 6 properties under 16 U.S.C. § 1910 must also be dismissed. As shown in the Declaration of Evalyn E. Garis (Exhibit 6 hereto), the BLM has no record of any of the unpatented mining claims identified by Shearer as Parcels 4, 5, and 6. As stated by Ms. Garis, ¶ 7 at 3, if these claims were not timely recorded as required by 43 U.S.C. § 1744, they were abandoned by October 2, 1979. The owner of any upatented mining claim was required to file a record of those claims by October 22, 1979. 43 U.S.C. § 1744(a). If these documents were not timely filed, they were deemed to be abandoned by operation of law. 43 U.S.C. § 1744(c). *United States v. Locke*, 471 U.S. 84, 87-88 (1985).

Further, as shown in the Diane C. Wohlwend (Exhibit 5 hereto) ¶ 4-5 at 2-3, the Park Service has no records of any of the mining claims that Shearer identifies as Parcels 4, 5, and 6 as either patented or unpatented claims. The Kantishna Mining District in which these claims are alleged to be located, Second Amended Complaint ¶ 9 at 4, has also been withdrawn and therefore

unavailable for the entry of new mining claims since March 16, 1972. Diane C. Wohlwend ¶ 2 at 3; Declaration of Evalyn E. Garis ¶ 8 at 3-4.

Therefore, if the mining claims identified as Parcels 4, 5, and 6 ever existed, by operation of 43 U.S.C. § 1744(c) they no longer existed after October 22, 1979. Accordingly, any taking of the claims would have to have occurred by no later than October 22, 1979. Even if Shearer were the owner of any of the claims he identifies as Parcels 4, 5, and 6 prior to October 22, 1979,[15]/ and if they had been taken by that date, any claim for compensation for that taking is barred by the six-year statute of limitations in 28 U.S.C. § 2401(a). That six years would have run at the very latest on October 22, 1985. Shearer did not commence his action in 3:03-cv-00263, until almost 18 years later on October 11, 2003.[16]/

For the foregoing reasons, Shearer's claim under 16 U.S.C. § 1910 for compensation for the alleged taking of Parcels 4, 5 and 6 must be dismissed.

### VIII. THE MINING IN THE PARKS ACT CLAIM FOR PARCEL 7 SHOULD BE DISMISSED

The Second Amended Complaint alleges that the United States has taken either pursuant to Section 120 or 16 U.S.C. § 1910 property designated as Parcel 7. Second Amended Complaint ¶ 47 at 13-14. Parcel 7 is described by Shearer as the Banjo and Pass

---

[15]/ To date, Shearer has not claimed to have acquired any interests in Parcels 2 through 21 prior to February 1994.

[16]/ In any event, Shearer's Mining in the Parks Act claim would also have to be dismissed as shown at 8-13, *supra,* for the failure to allege that any proposed plan of operations had been submitted and denied for any of these mining claims.

unpatented lode claims. *Id*.

Prior to the commencement of Shearer's action, BLM filed an administrative complaint which alleged that the Banjo and Pass claims were invalid. Motion to Stay Validity Contest Hearing Before U.S. Bureau of Land Management Scheduled For August 8, 2005 (Docket Entry No. 32) filed August 1, 2005, at 1-2, and Exhibit 10 thereto. If the Banjo and Pass are found to be invalid, Shearer would not have a compensable property interest in those claims. *United States v. Bagwell*, 961 F.2d 1450, 1456 (9th Cir. 1992):

> It is well established that a mining claim is a form of property protected by the Fifth Amendment. [Citations Omitted] However, the Fifth Amendment does not require compensation to be paid for the divestment of an invalid mining claim.

As stated in *Cameron v. United States,* 252 U.S. 450, 460 (1920): "[N]o right arises from an invalid mining claims of any kind." Accordingly, the Court stayed proceedings on the original Section 120 claim stated in the First Amended Complaint with respect to the Banjo and Pass claims pending completion of the administrative contest proceeding.[17]/ Order (Docket Entry No. 57) filed December 2, 2005, *reconsideration denied* Order From Chambers (Docket Entry No. 63).

A stay of proceeding on Shearer's claim for compensation under the Mining in the Parks act is also appropriate, **if that claim were to remain in this action**. However, as already shown at 8-13, *supra*, all of Shearer's claims under the Mining in the Parks Act must be

---

[17]/   The hearing before the Administrative Law Judge("ALJ") has been held and the post-hearing briefing has been concluded. The parties are now waiting on the decision of the ALJ.

dismissed for failure to allege that any proposed plan of operations had been submitted and denied for any of the mining claims. That includes his claim for compensation under that Act for the Banjo and Pass claims.

IX. THE CLAIM FOR PARCEL 8 SHOULD BE DISMISSED

The Second Amended Complaint alleges that the United States has, pursuant to Section 120 or 16 U.S.C. § 1910, taken the property designated as Parcel 8. Second Amended Complaint ¶ 48 at 14. Parcel 8 is described by Shearer as "the Banjo Mill and personal property," and "ownership of salvage and other rights associated with personal property." *Id.*

The United States previously moved for dismissal of Shearer's claim advanced in the First Amended Complaint ¶ 42 at 11-12, for compensation for Parcel 8 under Section 120. Motion of the United States for a Partial Judgment on the Pleadings, and Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings (Docket Entry No. 71) at 17-18, filed December 30, 2005. The United States showed therein that Parcel 8 did not constitute a patented or unpatented mining claim, and therefore the Court did not have jurisdiction over the claims for compensation for what Shearer designates as Parcel 8. Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings, at 17-18.

The Government's motion was granted and Shearer's claim for Compensation for Parcel 8 was dismissed. Order (Docket Entry No. 78) filed April 3, 2006, at 3, 5. The dismissal of Shearer's Section 120 claim is now law of the case, and requires the

dismissal of Shearer's current attempt to reinstate the same Section 120 claim in the Second Amended Complaint. *See* 15-17, *supra*.

Dismissal of Shearer's claim for compensation for Parcel 8 under the Mining in the Parks Act is also required. Parcel 8 is not a patented or unpatented mining claim. Therefore, as shown at 13-15, *supra*, Shearer's claim for compensation for an alleged taking of Parcel 8 is not within the jurisdiction of this Court under 16 U.S.C. § 1910.

## X. THE CLAIMS FOR PARCELS 9 & 10 SHOULD BE DISMISSED

The Second Amended Complaint alleges that the United States has taken pursuant to either Section 120 or 16 U.S.C. § 1910 property designated as Parcels 9 and 10. Second Amended Complaint ¶¶ 49-50 at 14. Parcel 9 is described by Shearer as the "Fannie Quigley Cabin, summer cabin, other structures, homestead and homestead rights." *Id.* ¶ 49. Parcel 10 is described as the "Joseph B. Quigley cabins, other structures, homestead and homestead rights." *Id.* ¶ 50.

The United States previously moved for dismissal under Section 120 as set forth in the First Amended Complaint ¶¶ 49-50 at 13, of Shearer's claims for compensation for Parcels 9 and 10. Motion of the United States for a Partial Judgment on the Pleadings, and Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings (Docket Entry No. 71) at 18, filed December 30, 2005. The United States showed therein that Parcels 9 and 10 were not patented or unpatented mining claims and that, therefore Section 120 did confer jurisdiction in this Court

over claims for the taking of Parcels 9 and 10. Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings at 18.

The Government's motion was granted and Shearer's claim for Compensation for Parcels 9 and 10 were dismissed. Order (Docket Entry No. 78) filed April 3, 2006, at 3, 5. That dismissal of Shearer's Section 120 claim is now law of the case, and requires dismissal of Shearer's attempt to reinstate the same Section 120 claim for Parcels 9 and 10 in the Second Amended Complaint. *See* 15-17, *supra*.

Dismissal of Shearer's claim for compensation for Parcels 9 and 10 under the Mining in the Parks Act is also required. Shearer's Parcels 9 and 10 are not patented or unpatented mining claims. Shearer's claim for compensation for an alleged taking of Parcels 9 and 10 is, therefore, not within the jurisdiction of this Court under 16 U.S.C. § 1910. See 13-15, *supra*.

## XI. THE MINING IN THE PARKS ACT CLAIM FOR PARCEL 11 SHOULD BE DISMISSED

Parcel 11 is described in the Second Amended Complaint ¶ 51 at 14-15, as a one-sixth interest in the Silver King, Merry Widow, Jupiter-Mars, Chloride, Waterloo and Chlorine patented lode claims. Shearer seeks compensation for an alleged taking of his interest in these claims under both Section 120 and the Mining in the Parks Act. However, as already shown at 8-13, *supra*, all of Shearer's claims under the Mining in the Parks Act must be dismissed for failure to allege that any proposed plan of operations had been submitted and denied for any of these mining claims, and that includes his claim for compensation under that Act for Parcel 11.

## XII. THE MINING IN THE PARKS ACT CLAIM
## FOR PARCEL 12 SHOULD BE DISMISSED

Parcel 12 is described in the Second Amended Complaint ¶ 51 at 14-15, as the ownership in all rights, title and interest in the Friday and Star patented lode claims. Shearer seeks compensation for an alleged taking of his interest in these claims under both Section 120 and the Mining in the Parks Act. However, as already shown at 8-13, *supra*, all of Shearer's claims under the Mining in the Parks Act must be dismissed for failure to allege that any proposed plan of operations had been submitted and denied for any of these mining claims, and that includes his claim for compensation under that Act for Parcel 12.

## XIII. THE MINING IN THE PARKS ACT CLAIM
## FOR PARCELS 13 and 19 SHOULD BE DISMISSED

Parcel 13 is described in the Second Amended Complaint ¶ 53 at 15, as a one-sixth ownership in all rights, title and interest in the Polly Wonder patented lode claim. Parcel 19 is described as a further one-sixth ownership in all rights, title and interest in the same mining claim. *Id*. ¶ 59 at 16. Shearer seeks compensation for an alleged taking of his interests in the Polly Wonder claim under both Section 120 and the Mining in the Parks Act. However, as already shown at 8-13, *supra*, all of Shearer's claims under the Mining in the Parks Act must be dismissed for failure to allege that any proposed plan of operations had been submitted and denied for any of these mining claims, and that includes his claim for compensation under that Act for Parcels 13 and 19.

## XIV. THE CLAIMS FOR PARCELS 14 AND 20
## SHOULD BE DISMISSED

Parcels 14 and 20 are the same patented lode mining claims:

the Pittsburg, Pennsylvania and Keystone Lode Claims (hereinafter referred to as the "PPK claims"). Second Amended Complaint ¶ 54 at 15, ¶ 60 at 16-17. The only difference is that plaintiff Shearer defines Parcel 14 as a one-third interest in the PPK claims, and Parcel 20 as another one-sixth interest in the same claims. *Id*.

The United States previously moved for the dismissal of Shearer's claim in the First Amended Complaint ¶ 54 at 14 and ¶ 60 at 15-16, for compensation for Parcels 14 and 20 under Section 120. Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 (Docket Entry No. 84), and Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 (Docket Entry No. 85) at 9-11, filed June 28, 2007. The United States showed therein that Shearer did not own any interest in the PPK claims on February 12, 1998 (the date of any taking by operation of Section 120); therefore, Shearer could not bring an action for any taking of the PPK claims under Section 120. Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 at 9-11.

Shearer did not dispute any of these facts, the Government's motion was granted, and Shearer's claim for Compensation for Parcels 14 and 20 were dismissed. Order (Docket Entry No. 110) filed March 23, 2007, at 2,3. That dismissal of Shearer's Section 120 claim is now law of the case, and requires dismissal of Shearer's attempt to present the very same Section 120 claim in the Second Amended Complaint. *See* 15-17, *supra*.

Shearer's attempt to now bring a claim for compensation for

the PPK claims under the Mining in the Parks Act should also be dismissed. First, as already shown at 8-13, *supra*, all of Shearer's claims under the Mining in the Parks Act must be dismissed for failure to allege that any proposed plan of operations had been submitted and denied for any of these mining claims, and that includes his claim for compensation under that Act for Parcels 14 and 20.

Second, any claim for compensation under the Mining in the Parks Act for Parcels 14 and 20 would be barred by the six-year statute of limitations in 28 U.S.C. § 2401(a). Among the facts regarding the PPK claims which this Court found to be undisputed, Order (Docket Entry No. 110) at 2, are: (1) that by April 27, 1994, Shearer had conveyed 100% of any interest he held in the PPK claims to parties who in turn conveyed the PPK claims to the United States by deed dated August 11, 1994, and (2) that Shearer did not own any interest in the PPK claims after April 27, 1994. Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 at 9-11. Therefore, if any taking of the PPK claims occurred over which the Court could have jurisdiction pursuant to 16 U.S.C. § 1910, that taking would have to have occurred by no later than April 27, 1994.

Shearer did not commence his action in 3:03-cv-00263, until over nine years later on October 11, 2003. Therefore, any possible claim by Shearer under 16 U.S.C. § 1910 for compensation for the alleged taking of Parcels 14 and 20 would be barred by 28 U.S.C. § 2401(a).

XV. THE CLAIM FOR PARCEL 15 SHOULD BE DISMISSED

Parcel 15 is described by plaintiff Shearer as the "2% mineral rights held by Joseph B. Quigley and Fannie Quigley." Second Amended Complaint ¶ 55 at 15. This alleged interest is claimed for the "subject property of the Quigley 1937 Option Agreement." *Id*. Shearer alleges a "taking of rights or property values in the form of income from mineral rights owned by Joseph B. and Fannie Quigley or their assignees." *Id*. Shearer seeks compensation for an alleged taking of this interest under both Section 120 and the Mining in the Parks Act.

The same claim was alleged in the First Amended Complaint ¶ 55 at 14, and compensation sought pursuant to Section 120. The United States moved to dismiss that claim on two grounds. Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 (Docket Entry No. 84), and Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 (Docket Entry No. 85) at 11-13, filed June 28, 2007. First, the interest for which Shearer sought compensation expired by its terms on August 19, 1967, and did not exist on the Section 120 taking date of February 12, 1998. Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 at 12-13. Shearer did not dispute these facts, and the Court dismissed his Section 120 claim on the grounds "that Shearer did not own any interest Parcel 15 on February 12, 1998." Order (Docket Entry No. 110) filed March 3, 2007, at 2-3. That dismissal of Shearer's Section 120 claim is now law of the case, and requires dismissal

of Shearer's attempt to present the very same Section 120 claim in the Second Amended Complaint. *See* 15-17, *supra*.

Second, the Government also showed that Parcel 15 is not a patented or unpatented mining claim. Points and Authorities in Support of Motion of the United States for Partial Summary Judgment Parcels 3, 14, 15, and 20 at 13. The Court did not address that contention, and did not need to do so given its determination that Shearer did not own the alleged interest in 1998. However, even if that interest had not expired, it clearly was not an interest in an patented or unpatented mining claim. Therefore, it was not an interest subject to the provisions of Section 120.

Shearer's claim for compensation of Parcel 15 under the Mining in the Parks Act must also be dismissed for the reasons already shown at 13-15, *supra*. Parcel 15 is not a patented or unpatented mining claim; and therefore, is also not within this Court's jurisdiction under 16 U.S.C. § 1910. However, even if Parcel 15 were within the Court's jurisdiction under the Mining in the Parks Act, Shearer's claim for compensation for any taking of Parcel 15 would be barred by 28 U.S.C. § 2401(a).

The royalty right described as Parcel 15 expired in 1967. Order (Docket Entry 110) at 2. Therefore, any taking of that interest would have to have occurred prior to the expiration of that interest. Shearer's action was not commenced until 2003. That is over twenty-six years after the expiration of the Parcel 15 royalty right. Thus, the six-year, 28 U.S.C. § 2401(a), statute of limitations expired long before Shearer commenced this action.

### XVI. THE CLAIMS FOR PARCELS 16, 17 and 18 SHOULD BE DISMISSED

Shearer identifies the interests in Parcels 16, 17, and 18 for which he seeks compensation under Section 120 or 16 U.S.C. § 1910 as an "Ownership interest in liens....," Second Amended Complaint ¶ 56 at 15-16, or "Ownership interest of a lien on subject property....," *id*. ¶¶ 57-58, at 167. These same claims were brought in the First Amended Complaint ¶¶ 56-58 at 14-15, under Section 120. The United States moved for dismissal of those claims on the grounds that liens were not unpatented or patented mining claims within the jurisdiction of the Court under Section 120. Motion of the United States for a Partial Judgment on the Pleadings, and Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings  Docket Entry No. 71) at 17, filed December 30, 2005. That motion was granted. Order (Docket Entry No. 78) filed April 3, 2006, at 3, 5. That dismissal of Shearer's Section 120 claim is now law of the case, and requires dismissal of Shearer's attempt to present the very same Section 120 claim for Parcels 16, 17 and 18 in the Second Amended Complaint. *See* 15-17, *supra*.

Dismissal of Shearer's claim for compensation for Parcels 16, 17, and 18 under the Mining in the Parks Act is also required. Parcels 16, 17, and 18 are not a patented or unpatented mining claim. Shearer's claim for compensation for an alleged taking of these interests is, therefore, not within the jurisdiction of this Court under 16 U.S.C. § 1910, and must be dismissed for want of jurisdiction. See 13-15, *supra*.

XVII. THE CLAIM FOR PARCEL 21 SHOULD BE DISMISSED

Parcel 21 is described in the Second Amended Complaint ¶ 61 at 17, as "[m]ining interests in the subject property of the Quigley 1937 Option Agreement" and the interest that is alleged to have been taken is the "3% mineral rights held originally by RTMC."[18]/ This interest is then further described as:

> The taking of rights or property values in the form of income from mineral rights owned by RTMC or their assignees: Government Defendants interference with mining resulted in the taking of mining income.

*Id.*

Shearer stated the identical claim for compensation for Parcel 21 under Section 120 in the First Amended Complaint ¶ 61 at 16. The United States moved for the dismissal of that claim on the grounds that the claimed property interest was not an unpatented or patented mining claims within the jurisdiction of the Court under Section 120. Motion of the United States for a Partial Judgment on the Pleadings, and Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings  Docket Entry No. 71) at 18, filed December 30, 2005. That motion was granted. Order (Docket Entry No. 78) filed April 3, 2006, at 3, 5. That dismissal of Shearer's Section 120 claim is now law of the case, and requires dismissal of Shearer's attempt to present the very same Section 120 claim in the Second Amended Complaint. *See* 15-17, *supra*.

Since Shearer's claim for Parcel 21 does not present a claim

---

[18]/  RTMC refers to the Red Top Mining Company. Second Amended Complaint ¶ 15 at 6.

for compensation for the taking of a patented or unpatented mining claim, any claim for compensation for Parcel 21 under 16 U.S.C. § 1910 must also be dismissed. See, 13-15, *supra*.

XVIII.  THE CLAIMS SET FORTH IN PARAGRAPHS 197-223
MUST BE DISMISSED

On page 38 of the Second Amended Complaint (Docket No. 114), Shearer starts new allegations under the heading: "(Claim Continued) Claims of Taking Involving National Park Service Land Acquisition Procedures." This claim is then set forth in paragraphs 197 through 223 of the Second Amended Complaint at 38-41. For the reasons that follow, the allegations of paragraphs 197 through 223 do not set forth any claim within the jurisdiction of the court.

A. <u>Law Of The Case Bars Relitigation Of This Claim Under Section 120</u>. The identical allegations were presented as paragraphs 197 through 223 of the First Amended Complaint at 37-40. The United States moved for dismissal of Shearer's claim brought under Section 120 as stated in the First Amended Complaint. Motion of the United States for a Partial Judgment on the Pleadings at 1-2, and Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings Docket Entry No. 71) at 9-13, filed December 30, 2005. That motion was granted. Order (Docket Entry No. 78) filed April 3, 2006, at 3, 5. That dismissal of Shearer's Section 120 claim is now law of the case, and requires dismissal of Shearer's attempt to present the very same Section 120 claim in the Second Amended Complaint. *See* 15-17, *supra*.

B. <u>Shearer's Attempt to State A Claim Under The Mining In The Parks Act Must Be Dismissed For Lack Of Jurisdiction</u>. It is clear from the nature of the allegations that Shearer is not alleging in

this section of the Second Amended Complaint a claim for compensation for the taking of patented or unpatented mining claims. Instead, Shearer is seeking compensation for an alleged failure of the Park Service to follow its own land acquisition procedures. That is evident from both the heading (quoted in full at 35, *supra*) under which these allegations are found but also in paragraph 3 of the "Prayer for Recovery," Second Amended Complaint at 45-46.

That this is so, is also shown in the events upon which Shearer relies to constitute the alleged taking, or to create any liability in the United States to pay compensation. First, it is alleged that the Park Service "did not follow all of the National Park Service Land Acquisition Procedures as defined by that agency." Second Amended Complaint ¶ 199. Shearer alleges that these procedures include those set forth in "paragraphs 200-217." *Id*.

In paragraphs 200 through 217, Shearer alleges that while "on or about February 7, 1994," he notified the Park Service that he had acquired an interest "in certain Claims," id . ¶ 200-203; the Park Service did not "obtain" proper "Preliminary Title Evidence," *id*. ¶ 204; "did not follow standard procedures for handling Title Exceptions," *id*. ¶ 205; "did not follow standard procedures for conduct of negotiations, *id*. ¶ 206; "did not establish early contact with Plaintiff or Plaintiff's predecessors," *id*. ¶ 207; "did not follow the standard procedure of providing at initial contact the pamphlet entitled 'Progress, Property, and Just Compensation,'" *id*. 208; "did not send to Plaintiff or Plaintiff's predecessors all of the required contact notices, including but not

limited to....," *id*. ¶ 209; "did not present to Plaintiff or attempt to obtain an Individual Offer to Sell Real Property or obtain Plaintiff's agreement to sell prior to delivering to Plaintiff a Warranty Deed and instructing Plaintiff to sign and return the Warranty Deed," *id*. ¶ 210; "did not prepare Warranty Deeds in compliance with" established requirements, *id*. ¶ 211; "did not prepare as part of the Warranty Deed which was sent to the Plaintiff the required citation of true consideration and the receipt thereof," *id*. ¶ 212; "NPS requested Plaintiff to convey his interest...to the United States," *id*. ¶ 213; "NPS employees, NPS agents, and others conspired to take Plaintiff's interest for the benefit of NPS without paying any compensation," *id*. ¶ 214; "NPS requested Plaintiff to convey certain deeds to third parties to facilitate conveyance to NPS, but did not pay Plaintiff compensation after Plaintiff conveyed the deeds as requested by NPS," *id*. ¶ 215; "NPS and NPS agents made multiple requests for the Plaintiff to convey interests which the Plaintiff then conveyed for the benefit of NPS," and "did not pay Plaintiff compensation for the conveyance of these interests...." *id*. ¶ 216; and "NPS did not retain specific records in the files on land tracts purchased which NPS knew, or should have known, might be requested during discovery in court actions involving takings cases, *id. ¶ 217.*

Shearer also alleges that the "NPS removed, or allowed to be removed, historic "No Trespassing' signs which had been identified as physical evidence in prior Alaska State Superior Court cases...." *Id*. ¶ 218. Shearer also alleges that with respect to

Parcels 11, 12 and 13,[19]/ that the Park Service knew or should have known who the owners ("including Shearer's predecessors") of these properties were, how to contact those persons, and that the persons representing themselves to the Park Service as owning these properties and with whom the Park Service negotiated did not own these properties. *Id*. ¶¶ 219-222.

Shearer then concludes with the allegation that "evidence for and the accumulative damages resulting from...the failure to follow National Park Service Procedures will be presented at trial." *Id.* ¶ 223.

It is, therefore, clear that any claim or claims presented by Shearer in paragraphs 197 through 223 of the Second Amended Complaint is not a claim for a taking of patented or unpatented mining claims. Therefore, for the reasons already shown at 13-15, supra, the Court should dismiss the purported claim contained in allegations of the Second Amended Complaint in paragraphs 197 through and including paragraph 223 following the heading "(Claim Continued) Claims of Taking Involving National Park Service Land Acquisition Procedures" for lack of jurisdiction.

C. The Court Lacks Jurisdiction To Award Damages For Any Failure Of The Park Service To Follow Its Own Procedures. In any event, the Court does not have jurisdiction to award damages for any failure of the Park Service to follow its procedures. Any jurisdiction the court would have to review agency actions is found in the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. The only remedies authorized by the APA, which in any event Shearer

---

[19]/     Identified in the Second Amended Complaint ¶¶ 51-53 at 14-15.

does not plead, do not include the awarding of any monetary compensation. 5 U.S.C. § 706.

For the foregoing reasons, the court clearly lacks jurisdiction over the claims stated in paragraphs 197 through 223 of the Second Amended Complaint, and must dismiss those allegations.

### XIX. SHEARER'S CLAIMS REGARDING ACCESS RIGHTS (¶¶ 180-193) SHOULD BE DISMISSED

On page 33 of the Second Amended Complaint (Docket No. 114), Shearer starts a new allegation under the heading: "(Claim Continued) Mining Claims and Access Rights Not Subject to Individual Consent Declaration of Taking." This claim is then set forth in paragraphs 180 through 193 of the Second Amended Complaint at 33-36. In these allegations, Shearer is neither contending that any interest in property has been taken from him, nor presenting a claim for compensation.

Instead, Shearer alleges that he has certain access rights to property for which he did not consent to any taking or forfeiture. Second Amended Complaint ¶¶ 180, 182, 185, 187-190. Shearer further alleges that he did not consent to the taking or forfeiture of any access rights guaranteed by the Alaska National Interest Lands Conservation Act (ANILCA). *Id.* ¶ 191. Shearer also claims the "right to receive the same quality and quantity of access to property he retained in his" Section 120 consent and which he has under law. *Id.* ¶¶ 192-193.

The identical allegations were presented as a claim under Section 120 in paragraphs 180 through 193 of the First Amended Complaint at 32-35. The United States moved for dismissal of that

claim. Motion of the United States for a Partial Judgment on the Pleadings at 2, and Points and Authorities in Support of Motion of the United States for a Partial Judgment on the Pleadings Docket Entry No. 71) at 13-16, filed December 30, 2005. That motion was granted. Order (Docket Entry No. 78) filed April 3, 2006, at 3, 5. That dismissal of Shearer's claim regarding access rights is now law of the case, and requires dismissal of Shearer's attempt to present the very same Section 120 claim in the Second Amended Complaint. *See* 15-17, *supra*.

The Court should similarly dismiss Shearer's access claim under 16 U.S.C. § 1910. As already shown at 13-15, *supra*, jurisdiction under this statute is limited only to claims for the taking of patented and unpatented mining claims. This jurisdiction does not include jurisdiction over Shearer's claim for alleged retained access rights. As Shearer's claims are brought only under Section 120 or 16 U.S.C. § 1910, the Court should dismiss the claims stated in paragraphs 197 through 223 of the Second Amended Complaint for lack of jurisdiction.

Even if Section 120 or 16 U.S.C. § 1910 granted the court jurisdiction to address these alleged retained access rights, jurisdiction would still be absent for lack of an active case or controversy regarding these alleged rights.[20]/ Shearer does not

---

[20]/ It is a plaintiff's burden to show that the court has subject matter jurisdiction; not the burden of a defendant to show that the court does not have jurisdiction. *FW/PBS, Inc. v. Dallas*, 493 U.S. 213, 231 (1990); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Scott v. Breeland*, 792 F.2d 925, 927 (9th cir. 1986); *Aleut League v. Atomic Energy Comm'n*, 337 F. Supp. 534, 536 (continued...)

allege that federal defendants have in any way refused to recognize or denied Shearer any right to use the access he alleges he has retained. Further, to the extent Shearer contends he has access rights under ANILCA, these rights are subject to the regulations in 36 C.F.R. part 36 and in particular 36 C.F.R. § 36.10 *et seq.* Shearer does not allege that he ever applied for or was denied access under these regulations.

It is elemental that an actual or threatened injury to Shearer is a prerequisite to standing and to jurisdiction of the Court to entertain plaintiff's action. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A party invoking the Court's jurisdiction must show that he or she has suffered an actual or threatened injury as a result of the actions of a defendant. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-72 (1982); *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 39 (1976); *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975).

Therefore, even if Section 120 or 16 U.S.C. § 1910 granted

---

[20]/   (...continued)
(D. Alaska, 1971). Once jurisdiction is challenged the presumption, until proven otherwise by a plaintiff, is that the court lacks subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994); *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 969 (9th Cir. 1981), *cert. denied*, 455 U.S. 968, *rehearing denied*, 456 U.S. 939 (1982); *People of the State of California ex rel. Younger v. Andrus,* 608 F.2d 1247, 1249 (9th Cir. 1979).

jurisdiction over Shearer's claims regarding access rights, since the Second Amended Complaint fails to allege any actual or threatened injury to Shearer, or to show the existence of any actual case or controversy between Shearer and the federal defendants with respect to his alleged access rights, the allegations of the Second Amended Complaint ¶¶ 180 through 193 would have to be dismissed for failure to allege an actual case or controversy.

### XX. SHEARER'S CLAIMS (¶¶ 194-196) REGARDING RIGHTS TO PATENTED MINING CLAIMS SHOULD BE DISMISSED

On page 36 of the Second Amended Complaint (Docket No. 114), Shearer starts a new allegation under the heading: "(Claim Continued) Claims Of Taking Involving Rights To Patented and Unpatented Mining Claims." This "claim" is then set forth in paragraphs 194 through and including paragraph 196 of the Second Amended Complaint at 36-37. The allegations (¶¶ 195, 196) either do not actually set forth any separate claims or present a claim (¶ 194) properly before the Court.

Paragraphs 194 and 195 pertain only to patented mining claims; therefore, only to the properties Shearer designates in the Second Amended Complaint as Parcels 11, 12, 13, 14, 19 and 20. With respect to these parcels, Shearer alleges that he is the successor to or assignee of the of the original patentee of these claims,[21]/ and then offers a purported quote from the patents as to what is

---

[21]/ Paragraph 194 actually alleges that he is the "predecessor(assignee)" In context of the allegation, the word "predecessor" appears to be an editorial mistake. Shearer is clearly only claiming rights subsequent to the issuance of the patents, and presumably meant to say successor not predecessor.

granted in patent. Then in paragraph 195, Shearer alleges that with respect to these patented parcels that he "received a conveyed interest" in these patent rights.

These allegations do not, however, state a claim presently before the Court. Any relevance they might have would appear to be in a quiet title action. As already shown at 5-8, *supra*, Shearer has not been granted leave to present a quiet title action. Therefore, the allegations of paragraphs 194 and 195 should be stricken.

The allegations of paragraph 196 are entirely different in character. In paragraph 196 Shearer alleges that with respect to the Banjo and Pass unpatented mining claims,[22]/ the Park Service prepared a Mineral Report in 1995 that concluded that the Banjo and Pass claims were supported by a mineral discovery at the time (1972) of the withdrawal of the lands from entry and recommending that these claims qualified for a patent. Shearer also alleges in that paragraph that he held on February 12, 1998, the rights to the Banjo and Pass claims as determined by this Mineral Report. To the extent Shearer is seeking a determination herein that the Banjo and Pass claims were valid mining claims and for which a patent should issue, that claim must be dismissed for lack of jurisdiction.

Primary jurisdiction lies with the Department of the Interior to determine in the first instance the validity of mining claims and of other entitlements to public lands. *Best v. Humboldt Placer Mining Co.*, 371 U.S. at 338-40; *Hoefler v. Babbitt*, 139 F.3d 726,

---

[22]/    These properties are designated by Shearer as Parcel 7, Second Amended Complaint ¶ 47 at 13-14.

728 (9th Cir. 1998). As already shown at 24, *supra*, subsequent to the 1995 Mineral Report referenced in paragraph 196, the Bureau of Land Management filed an administrative contest to validity of the Banjo and Pass claims alleging that a valid discovery had not been made on the Banjo and Pass claims by 1972. That contest proceeding has not been concluded. Therefore, there has been no final agency determination regarding the validity of the Banjo and Pass claims. Until such time as there has been final agency action, the Court lacks jurisdiction to determine the validity of the Banjo and Pass claims.

To the extent that Shearer contends that the conclusions of the 1985 reports are conclusive and establish validity as of February 1998, he is incorrect. The law is well established that, until a patent has been issued, the Secretary of the Interior has the authority to revisit any prior determinations regarding entitlement to public lands. In *Knight v. United Land Ass'n*, 412 U.S. 161, 178 (1891), *quoting*, *Pueblo of San Francisco*, 5 Land Dec. 483, 494 (March 12, 1897), the Supreme Court stated:

> The statutes in placing the whole business of the Department under the supervision of the Secretary, invest him with authority to review, reverse, amend, annul or affirm al proceedings in the Department having for their ultimate object to secure the alienation of any portion of the public lands,....

This review power may be exercised in a manner of the Secretary's own choosing. *Id*.

The Supreme Court reasoned that this is so because:

> The Secretary is the guardian of the people of the United States over the public lands. The obligations of his oath of office oblige him to see that the law is carried out, and that

> none of the public domain is wasted or is
> disposed of to a party not entitled to it. He
> represents the government, which is a party in
> interest in every case involving surveying and
> disposal of the public lands.

*Id.* at 181. This power of review may also be exercised at any time prior to issuance of a patent. *Id.* at 178.

The Supreme Court in *Orchard v. Alexander*, 157 U.S. 372, 381-82 (1895), relying on *Knight v. United Land Ass'n*, reaffirmed the "power of the general offices of the Land Department to review and correct actions of subordinate officials in all matters relating to the sale and disposal of public lands."

This power to correct prior decisions regarding the public lands was recognized in the Ninth Circuit in *Ideal Basic Industries, Inc. v. Morton*, 542 F.2d 1364, 1367 (9th Cir. 1976). As the Court of Appeals stated therein:

> Recognition of the IBLA's power to
> reconsider under the circumstances of this
> case is consistent with the fact that it has
> long been recognized that the Secretary of
> Interior has broad plenary powers over the
> disposition of public lands. He has continuing
> jurisdiction with respect to these lands until
> a patent issues, and he is not estopped by the
> principles of res judicata or finality of
> administrative action from correcting or
> reversing an erroneous decision by his
> subordinates or predecessors in interest. So
> long as legal title remains in the Government,
> the Secretary has the power and the duty upon
> proper notice and hearing to determine whether
> the claims is valid. (Citations omitted)

*Id.* The *Ideal Basis Industries* case is particularly applicable to this case, for that case too involved issue of the power of the agency to reconsider a prior decision that the unpatented mining claims at issue in that case were valid.

For the foregoing reasons, the allegations of ¶¶ 194-196 of the Second Amended Complaint fail to state any claim upon which relief can be granted or within the jurisdiction of the court, and should be dismissed.

### XXI. THE ALLEGATIONS OF PARAGRAPHS 224-231 AND 232-234 SHOULD BE DISMISSED OR STRICKEN

On page 42 of the Second Amended Complaint (Docket No. 114), Shearer starts a new allegation under the heading: "Claims for Valuation of Consented Mining Claims and Parcels 1 through 21." This "claim" is then set forth in paragraphs 224 - 231 of the Second Amended Complaint at 42-43. These allegations do not actually set forth any separate claim before the court, but are merely arguments regarding how Parcels 1 through 21 should be valued, and object to the valuation assigned by the United States to Parcel 1. Therefore, these allegations should be dismissed or stricken.

On page 43 of the Second Amended Complaint (Docket No. 114) ¶¶ 232- 234, Shearer under the heading: "(Claim Continued - Second Amended Complaint) Claims for Takings of one or more of the Parcels 2 through 21 pursuant to Mining in the Parks Act, 16 U.S.C., Secs 1901 et seq," alleges that if Parcels 2 through 21 are found not to have been taken by operation of Section 120, then the same properties were taken pursuant to the Mining in the Parks Act. For the reasons set forth at 8-13, *supra*, all of Shearer's claims under the Mining in the Parks Act should be dismissed for failure to allege that any proposed plans of operation had been submitted or denied for any mining claims. Therefore, dismissal of the allegations of paragraph 232-234 is required.

Alternatively, the United States has shown at 30-31 and 32, *supra*, that Shearer's claims under the Mining in the Parks Act for Parcels 14, 15 and 20, should be dismissed as barred by statute of limitations. Therefore, the allegations of paragraphs 232-234 should also be dismissed as barred by 28 U.S.C. § 2401(a) to the extent they seek recovery for Parcels 14, 15 and 20.

### XXII. THE ALLEGATIONS OF PARAGRAPHS 63 and 64 SHOULD BE DISMISSED

In paragraphs 64 of the Second Amended Complaint at 17, Shearer purports to reserve:

> the right to amend this Complaint to remove the Banjo and Pass mining claims (parcels 7 and 8) from the list of claims consented to [under Section 120] and proceed to complete the current patent application which is in progress on those mining claims.

Paragraph 63, alleges a broader potential right to remove from the list of the properties for which Shearer has consented to the taking pursuant to Section 120. These allegations fail to recognize the nature and effect of the consent to the taking.

The language of Section 120 quoted at 3, *supra*, is very specific. If a claim owner timely consents under Section 120 to the taking of patented or unpatented mining claims, then the full right, title and interest in those claims becomes vested in the United States. However, what Shearer proposes in paragraphs 63 and 64 is to retain an election to delete mining claims from any list of mining claims that are encompassed within his Section 120 consent and return those claims to his ownership.

If title has been vested in the United States by operation of Section 120, Shearer cannot now divest the United States of the

title so acquired. Once title has vested in the United States, the Government can be divested of that title only by virtue of appropriate congressional authorization. *United States v. Sunset Cemetery Co.*, 132 F.2d 163, 164 (7th Cir. 1943). *See United States v. Three Parcels of Land*, 224 F. Supp. 873, 876 (D. Alaska 1963). As stated in *Higginson v. United States,*384 F.2D 504, 507 (6th Cir. 1967), *cert. denied* 390 U.S. 947, *rehearing denied* 391 U.S. 961 (1968): "title to the property which is vested in the United States government cannot be returned to the original land owners without Congressional authorization." Nothing in Section 120 provides any jurisdiction or authority in this Court to so divest the United States of title, *Northwest Explorations, Inc. v. United States, et al.*, No. A98-0086-CV (JKS)(D. Alaska) Order Granting Motion to Amend Pleadings and Extending Stay of Counts Two through Four of Amended Complaint, filed December 23, 1998, at 6 motion for clarification denied, Order From Chambers, filed January 26, 1999;[23]/ and no such authority or jurisdiction can be found elsewhere. The allegations of paragraphs 63 and 64 must, therefore, be dismissed or stricken.

### CONCLUSION

For the foregoing reasons the Motion of the UNITED STATES TO DISMISS AND TO STRIKE - SECOND AMENDED COMPLAINT should be granted as follows:

1. The jurisdictional and venue allegations, in the Second Amended Complaint ¶¶ 2-3, and the claim to quiet title under the Quiet Title Act, 28 U.S.C. § 2409a, Second Amended Complaint ¶¶ 235

---

[23]/   Copies attached as Exhibits 7 and 8 hereto.

- 242, should be stricken.

2. All claims for a taking of any properties under the Mining in the Parks Act, 16 U.S.C. § 1910, should be dismissed.

3. All claims for a compensation pursuant to Section 120 and 16 U.S.C. § 1910 for a taking of the properties or interests designated in the Second Amended Complaint as Parcels 2, 3, 4, 5, 6, 8, 9, 10, 14, 15, 16, 17, 18, 20 and 21 should be dismissed.

4. The claims for compensation pursuant to 16 U.S.C. § 1910, for the properties or interests designated in the Second Amended Complaint as Parcels 11, 12, 13, and 19 should be dismissed.

5. The claims set forth in paragraphs 63, 64, 180-193, 194-196, 197-223, and 224-231 of the Second Amended Complaint should be dismissed.

Dated this 24th day of August, 2007.

<div style="margin-left:40%">

s/Dean K. Dunsmore
DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of August 2007 a copy of the foregoing POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF UNITED STATES TO DISMISS AND TO STRIKE - SECOND AMENDED COMPLAINT together with attached exhibits were served by placing said copy in a postage prepaid envelope, addressed to that person at the place and address stated below, and by depositing said envelope and contents in the United States mail at Anchorage, Alaska.

        Paul G. Shearer
        Kathryn A. McCready
        1532 Meadows Drive
        Lake Oswego, Oregon 97034


s/Dean K. Dunsmore
Dean K. Dunsmore

TABLE OF EXHIBITS

Exhibit          Document Description

1          KLK, Inc., v. USA, et al., Case No. F92-006-CV, Order from Chambers, Filed July 2, 1993.

2          Northwest Explorations Joint Venture, v. Babbitt, et al., Case No. A99-0643-CV, Order from Chambers Re: Motion to Dismiss Docket 6, filed September 7, 2000.

3          Kantishna Mining Co., et al. v. Babbitt, et al., Case No. F98-0007-CV, Order, filed May 11, 2000.

4          Arnold Howard, et al. v. USA, Case No. F98-0006-CV, Order, filed January 25, 2000.

5          Paul G. Shearer, v. USA, et al., Case No. A03-0263-CV (JKS), Declaration of Diane C. Wohlwend dated July 13, 2005.

6          Paul G. Shearer, v. USA, et al., Case No. A03-0263-CV (JKS), Declaration of Evalyn E. Garis, dated July 21, 2005.

7          Northwest Explorations, Inc., v. US, et al., Case No. A98-0086-CV (JKS), Order Granting Motion to Amend Pleadings and Extending Stay of Counts Two Through Four of Amended Complaint, filed December 23, 1998.

8          Northwest Explorations, Inc., v. US, et al., Case No. A98-0086-CV (JKS), Order from chambers filed January 26, 1999.