FILED

MAY 11 2000

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KANTISHNA MINING CO., *et al.*,

    Plaintiffs,

vs.

BABBITT, *et al.*,

    Defendants.

Case No. F98-0007 CV (JKS)

<u>ORDER</u>

## INTRODUCTION

Currently ripe is the Government's motion for partial summary judgment at Docket No. 172, in which the Government seeks a ruling that Plaintiffs (collectively, "Kantishna") are not eligible for a jury trial on the valuation of their mining claims. *See* Docket Nos. 172 (motion); 178 (opposition); 203 (reply). The Court granted the Government's motion to shorten time for consideration the motion. *See* Docket Nos. 230 (motion seeking expedited consideration); 232 (order shortening time).

## DISCUSSION

The central issue here is the nature of the Court's jurisdiction to determine the valuation of Kantishna's mining claims. The Government argues that the Court's sole jurisdiction to award just compensation for the taking of the mining claims comes through section 11 of the Mining in the Parks Act, ("MPA"), 16 U.S.C. § 1910. Kantishna contends that the Department of the Interior and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-83, § 120, 111 Stat. 1543, 1564-66 (1997) ("section 120") provides the Court with jurisdiction independent of the MPA. The purpose of this debate revolves around whether Kantishna may present its valuation claims to a jury.

1

EXHIBIT 3
Page 1 of 6

249

As an initial matter, the parties agree that Kantishna has no right to a jury trial if the Court's sole jurisdiction to determine just compensation comes as a result of the MPA. Actions for just compensation brought pursuant to 16 U.S.C. § 1910 must be tried to the court. According to the Ninth Circuit, nothing in either the language of § 1910 or the rest of the statute indicates that Congress intended a jury to determine the amount of just compensation due. *See KLK, Inc. v. United States Dep't of the Interior*, 35 F.3d 454, 456-57 (9th Cir. 1994). "Section 1910 simply allows a plaintiff to bring an inverse condemnation action in the district court and states that just compensation 'shall be awarded' if the court finds that a compensable taking occurred." *Id.* Unless section 120 grants the Court jurisdiction to hear Kantishna's claim for just compensation, and unless section 120 allows a jury to determine the value of the claim at issue, the upcoming trial would be to the Court rather than to a jury. As set forth below, the Court concludes that it does not need to reach the second question. Because the claims at issue this action were not taken by operation of section 120 but rather through inverse condemnation, the Court need not resolve whether section 120 allows a jury to determine the value of property taken through operation of the statute.

The Government claims that section 120 provides a framework only for the resolution of claims that were legislatively taken by operation of section 120. Contending that the claims at issue here were taken through a process of inverse condemnation rather than a legislative taking pursuant to section 120, the Government argues that the Court's sole source of jurisdiction comes through the MPA. Therefore, according to the Government, the action should be tried to the Court because the MPA does not provide for a jury trial. Kantishna, which appears to agree that the claims were not legislatively taken, rejects the Government's construction of section 120. Instead, Kantishna contends that the statute provides this Court with jurisdiction to consider the just compensation due for all Denali mining claims for which the owners have consented to the transfer of title, irrespective of whether they were "taken" pursuant to section 120 or through some other means such as inverse condemnation. *See* Docket No. 178 at 5-6. To determine whether the statute provides this Court with jurisdiction to consider claims which were not taken pursuant to the statute the Court's analysis must begin with the text of section 120.

ORDER

According to the relevant provisions of section 120, ninety days after enactment of the section

> there is hereby vested in the United States all right, title and interest in and to, and the right of immediate possession of, all patented mining claims and valid unpatented mining claims ... in the area known as the Kantishna Mining District within Denali National Park and Preserve, for which all current owners ... of each such claim (for unpatented claims, ownership as identified in recordations under the mining laws and regulations) consent to such vesting in writing to the Secretary of the Interior within said 90-day period

111 State. at 1564-65. Section 120 further requires the Unite States to "pay just compensation to the aforesaid owners of any valid claim to which title has vested in the United States pursuant to this section, determined as of the date of taking...." *See id.* at 1566. The portion of the statute directly relevant to this Court's jurisdiction over the present action provides that:

> a claim owner ... may initiate proceedings after said 90-day period, but no later than six years after the date of the enactment of this section, seeking a determination of just compensation in the District Court for the District of Alaska pursuant to the Declaration of Taking Act, sections 258a-e of title 40, United States Code (except where inconsistent with this section), and joining all owners of the claim....

*Id.* at 1565. It is the effect of this portion of section 120 that the parties dispute.

The structure of section 120 suggests that the jurisdictional provision applies only to those claims discussed in the first two clauses of the statute, thereby excluding claims taken through inverse condemnation. The introductory clause creates a system whereby title to all patented and valid unpatented mining claims vests in the United States ninety days after enactment of the section once all owners "consent to such vesting" within the specified time period. *See* Section 120, 111 Stat. at 1564-65. The second clause, not relevant here, addresses the proper procedure for the taking of claims involved in bankruptcy. The third clause provides that the United States "shall pay just compensation" where title has vested in the United States "pursuant to this section." *See id.* at 1565. The fourth clause discusses the nature and source of payments and, and by the use of the phrase "that payment" in its introduction, appears specifically to refer to the payment discussed in the third clause, which specifically refers to claims taken pursuant to section 120. *See id.* The fifth clause addresses claims which may be brought in this Court. While the fifth clause does not specifically distinguish between claims which vested in the United States pursuant to section 120 and claims taken prior to the effective date of section 120, each of the preceding clauses discuss

ORDER

only claims taken pursuant to section 120. Were the clause discussing this Court's jurisdiction read in isolation without reference to the rest of the statute, Kantishna might have the better argument. Nothing in the clause itself expressly limits the Court's jurisdiction to hear suits seeking determinations of just compensation for prior takings. Read in context of the rest of section 120, however, it appears that the clause confers jurisdiction only over actions where the landowner consented to a taking pursuant to section 120.

Kantishna argues that the statute distinguishes between vesting of title and taking of claims and contends that section 120 provides the Court with jurisdiction to determine just compensation for all claims where title has passed under the statute. This argument improperly separates the relevant clauses. While Kantishna is correct first clauses of section 120 speaks to title vesting and that the third clause states that "the United States shall pay just compensation to the aforesaid owners of any claim to which title has vested in the United States pursuant to this section, *determined as of the date of taking*," see Docket No. 178 at 7-8 (construing section 120), reading section 120 as equating the date of vesting and the date of taking does not make the emphasized phrase surplusage. Kantishna is correct that the third clause of the statute distinguishes between the date of vesting and the date of taking. *See* 111 Stat. at 1565. However, that distinction appears to be explained by the fact that the statute also explicitly recognizes that where the bankruptcy trustee holds an interest in a Kantishna mining claim, the mining claim cannot vest in the United States until ten days after the bankruptcy or other appropriate court approves the trustee's application. *See id.* Under circumstances involving a claim involved in a bankruptcy proceeding, therefore, the statute must draw a distinction between the date of vesting and the date of taking. Stated differently, except where a bankruptcy is involved the statute does not support reading the date of taking and the vesting of title as separate events.

The Court concludes, therefore, that the Government's interpretation of the statutory language is correct. Under the circumstances, if the mining claim is not involved in bankruptcy proceedings and all owners consent to the taking within the statutory time period, "all right, title and interest in and to, and the right of immediate possession of" the mining claims vests in the United States ninety days after enactment of the statute, or on February 12, 1998. *See id.* at 1565-66. If the

ORDER

mining claim is involved in bankruptcy proceedings and the trustee holds an interest in a claim, consent to vesting of title requires a timely application by the trustee to an appropriate court: title in the mining claim will then vest in the United States ten days "after entry of an unstayed, final order or judgment approving the trustee's application." *See id.* at 1566. In either case, just compensation will be based on the date of taking, whether the date is February 12, 1998, if all landowners consent to the taking, or ten days after an appropriate court approves the application of the bankruptcy trustee if the bankruptcy trustee is the holder of a claim. Section 120 provides this Court jurisdiction to determine the amount of just compensation due under either circumstance, if the parties cannot agree.

Because the statute does not explicitly confer jurisdiction on this Court to consider any other claims, and because Kantishna did not consent to a taking pursuant to section 120, the section does not confer jurisdiction on this Court to hear Kantishna's claims. Instead, because this case is essentially based on a theory of inverse condemnation, Kantishna must proceed under the MPA. As discussed above, the parties agree that a jury trial is not available under those circumstances. Because the issue is moot, the Court declines to reach the issue of whether section 120 authorizes a jury trial for claims taken pursuant to the statute.

## CONCLUSION

Congress has provided a means by statute whereby holders of mining claims in the Kantishna area may obtain just compensation for the "taking" of their mining claims by the Park Service. *See generally* Pub. L. No. 105-83. The statute establishes a "date of taking" and a procedure for determining just compensation. Arguably, the statute provides for a jury trial to determine just compensation. A claim owner faced with a "taking" pursuant to section 120 is not obligated to accept the legislatively determined "date of taking." The Supreme Court has assured us that the landowner faced with an eminent domain proceeding of any kind may argue for an earlier date of taking. *See United States v. Dow*, 357 U.S. 17 (1958). If he does and is successful, then he has transformed a legislative taking into an earlier taking by inverse condemnation. However, by making the argument he forfeits any legislatively-granted right to jury trial. *See KLK, Inc. v. United States*, 35 F.3d 454, 458 (9th Cir. 1994) (treating all condemnation proceedings not in strict

ORDER

conformity with a statute authorizing jury trial as an inverse condemnation proceeding for which no jury trial was available). Plaintiffs could have proceeded in strict conformity with section 120 and accepted the statutory date of taking, in which case it is arguable that they would have been entitled to a jury determination of just compensation. They elected not to do so, however, and instead argued for an earlier date of taking, to which the Government eventually agreed in a compromise. By choosing the earlier date of taking this case passed out of section 120 and became an inverse condemnation proceeding for which no jury trial is available.[1]

**IT IS THEREFORE ORDERED:**

The motion for partial summary judgment at **Docket No. 172** is **GRANTED.**

Dated at Anchorage, Alaska, this ___11___ day of May 2000.

                        JAMES K. SINGLETON, JR.
                        United States District Judge

```
F98-0007--CV (JKS)
-----------------------------------
J. MCCOLLUM
D. DUNSMORE (AUSA)
K. PARKER
T. HOLTON
G. DONALD
A. HAND
```

T/C cnml 5/11/00.
      hg

---

[1] The Court has discretion to empanel an advisory jury and seriously considered doing so but on reflection and in the exercise of its discretion has chosen no to use an advisory jury.

ORDER