FILED
RECEIVED          JAN 2 5 2000
Office of
United States Attorney          UNITED STATES DISTRICT COURT
Anchorage, AK                   DISTRICT OF ALASKA
                                By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARNOLD HOWARD, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. F98-0006 CV (JKS)<br>(Consolidated)<br><br><br>O R D E R |

  Howard and the other miners (collectively, "Howard" or "the miners") moved to amend the complaint in one of the cases at issue in this consolidated action, Case No. F99-0023 CV (JKS). *See* Docket No. 163. This court denied the motion at Docket No. 184. The miners have moved for reconsideration. *See* Docket No. 186. The Court will deny the motion and set out its reasons in this order.

  Howard and other miners are seeking just compensation for the taking of their unpatented mining claims within Denali National Park. This Court understood the issue presented by the motion to amend to be whether a party seeking compensation for the taking of his property pursuant to Fifth Amendment of the United States Constitution has one claim for relief or multiple claims based upon his legal theories of recovery or causes of action. *See* Fed. R. Civ. P. 8. *See generally* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1215 (2d ed. 1990). The parties seem content to try this case on the theory that there are at least two claims, one for "straight" or "traditional condemnation" and one for "inverse condemnation." Their dispute turns on whether Howard and by extension the other miners in these consolidated cases can plead more than one claim for "inverse" condemnation based upon

different theories of recovery. If Howard only has one claim then the motion to amend is unnecessary and should be denied. If Howard has multiple claims he should be allowed to plead them and the motion should be granted. This Court concluded that the miners have only one claim, *i.e.* a claim that the government has taken their property for public use entitling them to compensation.[1] This single claim will permit the miners to argue whatever theories they have regarding the taking of their claims as a matter of pleading. Whether this Court or the United States Court of Federal Claims has jurisdiction to decide a given claim in inverse condemnation is a question of law not of pleading. The choice between this Court's jurisdiction over inverse condemnation claims and that of the Court of Claims will not be affected by any decision this Court might make on Howard's motion to amend the complaint.[2] The parties delayed filing their joint statement of facts and the court has not had an opportunity to address the issues to be resolved at the trial to determine date of taking in light of those now stipulated facts either at a hearing or in a written order. The Court will do that at the first day of trial.

This Court's order at Docket No. 184 addressed a second issue, which is does the Court have discretion to allow a jury trial in any action where a right to just compensation is predicated

---

[1]  It is true that this Court denied a motion to dismiss in related litigation arguably aimed at multiple theories of inverse condemnation finding questions of fact to be determined. The questions of fact the Court had in mind was whether an inverse condemnation had taken place. The Court understood the motion to dismiss as asserting that no inverse condemnation occurred as a matter of law. This Court did not think it was separately addressing the various theories since the Court was prepared to deny the motion if a miner had a viable claim of inverse condemnation without regard to the merits of the legal theories or causes of action he was attempting to argue. If this was not the issue the parties thought they were litigating, then the Court misunderstood them.

[2]  The Court recognizes that a claim for inverse condemnation might be viewed, as the parties appear to view it, as a claim separate from a claim (or response) prompted by the Government's institution of condemnation proceedings under 40 U.S.C. §§ 427 and 428a. Howard has already plead one inverse condemnation claim, however, and the issue posed by his motion to amend is does he have more than one inverse condemnation claim. Finally, Howard is no worse off than the other miners where multiple claims of inverse condemnation were earlier plead since the Court is going to treat all such claims as a single claim for inverse condemnation under its authority to supersede the pleadings at the Pretrial Conference.

ORDER

on a finding of inverse condemnation, where the landowner is not relying on § 1910 for jurisdiction? The Court answered this question in the negative. It reasoned that the Ninth Circuit Court of Appeals has held that any action for inverse condemnation, regardless of the court's basis for asserting jurisdiction, as opposed to traditional or straight condemnation, must be to the court and not to a jury. *See* Docket No. 184 at 1 (citing *KLK Inc., v. United States*, 35 F.3d 454, 458 (9th Cir. 1994)). Implicit in this Court's order was the conclusion that in any case in which a landowner was asserting a date of taking different from the date established by law for a straight or traditional condemnation, he was asserting a claim for inverse condemnation which, if sustained, would result in just compensation being determined in a trial to the court. Straight and inverse condemnation exhaust the categories of judicial proceedings to determine just compensation under the Fifth Amendment. *See Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 3-7 (1984).

These conclusions dictate the answers to the questions of law which the parties identified in their pre-trial submissions. Plaintiff's "acquisition otherwise pursuant to ANILCA" does not state a separate claim. If the Government acquired the miners' interests it did so either by a straight or traditional condemnation or through inverse condemnation. This Court assumes that any "taking" pursuant to ANILCA would collapse into § 1910 and be within the jurisdiction of this Court.

*United States v. Dow*, 357 U.S. 17 (1958) holds that the landowner of property taken through an earlier inverse condemnation rather than the landowner of the property at the time of a later declaration of taking is entitled to the total just compensation for the interest taken. From this it can be inferred that a straight or traditional condemnation by the government does not trump or prevent a landowner from arguing that the government acquired the property by taking possession, *i.e.* by inverse condemnation prior to the institution of the formal proceedings. Thus the Government's use of the declaration of taking procedure, 40 U.S.C. § 258a, or the more traditional proceeding under 40 U.S.C. § 257 and Federal Rule of Civil Procedure 71A, do not deprive the landowner of the right to argue that the property was taken through "possession" at an earlier time. However, if the miners prevail by establishing that the property was taken at an

ORDER

earlier time, just compensation will be determined by the Court in conformity with the views expressed in *KLK*, 35 F.2d 454.

Section 120 fixes a date of taking at February 12, 1998 and the declaration of taking filed in this case fix a date of taking at March 10, 1998. These dates will govern the determination of just compensation unless the miners are successful in proving that an inverse condemnation took place at an earlier date. Neither the existence of the statute nor the filing of the declaration of taking preclude the miners from attempting to show an "earlier" date of taking under a theory of inverse condemnation. *See United States v. Dow*, 357 U.S. 17 (1958).

## CONCLUSION

Howard and the other miners have only one "claim" for just compensation based upon an alleged inverse condemnation. They may assert that claim despite §120 and the declaration of taking filed by the government in some of these cases. The trial to establish a date of taking will provide the miners a forum in which to litigate their inverse condemnation claims. If they succeed then the Court will determine just compensation after a separate hearing to be scheduled as soon as possible after completion of this phase of the litigation. *See* § 1910. If the miners fail to establish an earlier inverse condemnation, then just compensation will be determined in a proceeding governed by 40 U.S.C. §§ 257 and 258a and Federal Rule of Civil Procedure 71A. Whether just compensation should be determined by a jury or commissioners has yet to be decided, although this Court is leaning toward a jury trial.

**IT IS THEREFORE ORDERED:**

The motion for reconsideration at Docket No. 186 is **DENIED**.

Dated at Anchorage, Alaska, this 25 day of January, 2000.

JAMES K. SINGLETON, JR.
United States District Judge

ORDER

P98-0006--CV (JKS)
L. ALBERT
D. DUNSMORE (AUSA)

4

EXHIBIT 4
Page 4 of 4