

RECEIVED
DEC 23 1998
Office of
United States Attorney
Anchorage, AK

FILED
DEC 23 1998
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| NORTHWEST EXPLORATIONS, INC., | |
|---|---|
| Plaintiff, | Case No. A98-0086 CV (JKS) |
| vs. | ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT |
| UNITED STATES, *et al.*, | |
| Defendants. | |

INTRODUCTION

Northwest Explorations, Inc. ("Northwest") brought this action pursuant to the Department of the Interior and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-83, § 120, 111 Stat. 1543, 1564-66 (1997), seeking just compensation for patented mining claims taken by the United States, acting through the National Park Service and the Department of Interior (collectively, "the United States"). The action was stayed pursuant to the Court's order. *See* Docket No. 11 (order granting stay), *reconsideration denied*, Docket No. 14. Northwest has moved the Court to amend the pleadings and lift the stay, which the United States opposes, *see* Docket Nos. 17 (motion), 18 (opposition), 20 (reply), and the United States has moved to extend the stay, which Northwest opposes, *see* Docket Nos. 19 (motion), 22 (opposition), 23 (reply). As set forth below,

Northwest's motion to amend is granted and the United States' motion to extend the stay is granted in part and denied in part.

## BACKGROUND

Northwest filed suit in March, 1998, alleging that it was the owner of patented mining claims within the boundary of Denali National Park and Preserve ("Denali"). *See* Docket No. 1. In its lawsuit, Northwest sought prompt payment of the just compensation it believes it is due under the Department of the Interior and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-83, § 120, 111 Stat. 1543, 1564-66 (1997), which provides a system by which landowners could consent to the legislative taking of mining claims within Denali. In May, 1998, Northwest filed the First Amended Complaint, attempting to add Valerie Mundt -- against whom Northwest had been litigating in Alaska State courts -- as a defendant to the action. Northwest also added allegations related to its state court legal conflicts with Mundt regarding the ownership of the claims at issue. The United States moved for a stay of all proceedings in this case pending the final outcome of litigation between Northwest and Mundt, which the Court granted. *See* Docket No. 11. The case was stayed "until sixty days after the Alaska Supreme Court has entered a final judgment in the case of *Mundt v. Northwest Explorations, Inc.*, No. S-08614. . . ." *See* Docket No. 11 at 3.

Alaska Supreme Court case no. S-08614 between Northwest and Mundt was recently completed. Mundt had appealed a Superior Court decision quieting title to the claims at issue in Northwest, which the Alaska Supreme Court dismissed for failure to prosecute on August 28, 1998. *See* Docket No. 18, Exh. 5 (Alaska Supreme Court Order dismissing Case No. S-08614 for want of prosecution). Northwest's motion to lift the stay in the present case is therefore moot, as the stay

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

AO 72A
(Rev.8/82)

expired sixty days after the Supreme Court dismissed the appeal, or on November 7, 1998. However, title in the parcels at issue does not appear to be quieted.

It appears that Northwest and Mundt have litigated the title issue in another Alaska Superior Court case, number 4FA-95-714 Civil, *Northwest Explorations, Inc. v. Daniel E. Ashbrook, et al.*, a decision in which judgment was pending when Northwest submitted its opposition brief to the United States' motion to extend the stay, and which Northwest expects will be appealed to the Alaska Supreme Court. *See* Docket No. 22 at 3. On November 12, 1998, the Superior Court reached a decision in the case, entering judgment in favor of Northwest. *See* Docket No. 25, Exh 1. at 43 (slip opinion, *Northwest Explorations, Inc. v. Daniel E. Ashbrook, et al.*, No. 4FA-95-714 Civil, slip op. at 43 (Alaska Sup. Ct. Nov. 12, 1998)). One party has already filed a motion for reconsideration. *See id.*, Exh. 2. Moreover, before Mundt's appeal to the Alaska Supreme Court was dismissed, an interlocutory motion she filed challenging the Superior Court's refusal to allow her to recuse the judge was granted and the action remanded to the superior court. Under Alaska law, the adverse judgment quieting title in Northwest in Case No. S-08614 may have to be retried.[1] Northwest moved to consolidate the remanded case and the then-pending trial, which Mundt

---

[1] In granting Mundt's motion to recuse the trial court judge, the Alaska Supreme Commented that Northwest would not necessarily have to relitigate its case against Mundt. According to the court

> To the extent that Northwest fears having to relitigate issues already decided, its recourse is to show the new judge that Judge Savell has already decided any issues that Mundt tries to reopen. The court can readily dismiss any attempt to relitigate issues as barred by the law of the case, or beyond the scope of Mundt's intervention. Any change of judge may cause delay as a new judge learns a case, but the legislature and this court have promulgated clear directives requiring that delay.

*Mundt v. Northwest Explorations, Inc.*, 936 P.2d 265, 270 (Alaska 1998).

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

contested. Apparently no decision has been reached on the motion to consolidate. Presently, Northwest's motion for leave to amend its First Amended Complaint is before the Court. The United States opposes the motion, and seeks to extend the stay until title in the parcels at issue finally is quieted. Northwest opposes the United States' motion to extend the stay.

## ANALYSIS

The controlling statute, the Department of the Interior and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-83, § 120, 111 Stat. 1543, 1564-66 (1997), provides a mechanism for the United States to take title to patented and unpatented mining claims held within Denali by private landowners. Specifically,

> there is hereby vested in the United States all right, title and interest in and to, and the right of immediate possession of, all patented mining claims . . . for which all current owners . . . of each such claim . . . consent to such vesting in writing to the Secretary of the Interior. . . . [T]he United States shall pay just compensation to the aforesaid owners of any valid claims to which title has vested in the United States pursuant to this section. . . .

111 Stat. 1543, 1564-66. Northwest argues that the United States can either "return the property to Northwest free of all claims or it can acquire the property pursuant to § 120." *See* Docket No. 22 at 4. According to the United States, however, title cannot vest, and it does not have to pay just compensation, until "all current owners" consent to the taking. Because title to the parcels at issue is currently undecided and the subject of ongoing litigation between Northwest and Mundt, the Untied States argues that the current lawsuit between it and Northwest should remain stayed until ownership of the parcels is decided. It further contends that amending the First Amended Complaint would be futile.

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

Motion to amend the First Amended Complaint

Northwest has moved to amend the First Amended Complaint, which the United States opposes as futile. *See* Docket Nos. 17 (motion), 18 (opposition) & 20 (reply). In the proposed Second Amended Complaint, Northwest seeks to add Mundt as a defendant and replaces its single cause of action to enforce its agreement with the United States with four causes of action. Under the liberal standard that governs the court's analysis of motion to amend the pleadings and allegations that amendment might be futile, the Court concludes that the motion to amend should be granted on the basis of the proposed First Cause of Action. Because it would not be futile to add the First Cause of Action, the Court concludes that the most efficient resolution of the remaining issues is to allow Northwest to amend the complaint to add the remaining proposed causes of action, but stay them pending the outcome of the remainder of the Mundt-Northwest litigation. The Court takes no position on the strength of the claims asserted in the First Cause of Action, or in the rest of the Second Amended Complaint, other than determining that Northwest could likely defend successfully a motion to dismiss the Second Amended Complaint.

Leave to amend the complaint under Federal Rule of Civil Procedure 15 "shall be freely given when justice so requires." *See* FED. R. CIV. P. 15(a). Leave to amend should be granted with "extreme liberality." *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). *See also Foman v. Davis*, 371 U.S. 178 (1962) (holding that "spirit of the Federal Rules" requires liberality of amendment). Despite the liberal standard, a finding of any of the following factors suggest that a motion to amend should be denied: undue delay, bad faith, futility of amendment, and prejudice to the opposing party. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

(9th Cir.), *cert. denied*, 118 S. Ct. 559 (1997); *Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). However, each is not given equal weight. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *cert. denied*, 516 U.S. 1051 (1996). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* Amendment would be futile if a claim could not survive a motion to dismiss. *See Partington v. Bugliosi*, 56 F.3d 1147 (9th Cir. 1995). *See also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 6 FEDERAL PRACTICE AND PROCEDURE § 1487 at 643 (2d ed. 1990).

The proposed First Cause of Action seeks the Court's declaration that Northwest's "purported consent" was not binding consent under § 120. *See* Docket No. 17, Second Amended Complaint at 8. In the alternative, Northwest seeks a declaration that the consent was null and void because the United States failed to perform its obligations" under § 120. *See id.* The United States opposes Northwest, first by arguing that Northwest's February 9, 1998, letter to the United States binds it to the taking because § 120 provides no specific means of signifying consent. The United States opposes Northwest's alternative argument by contending that the Court would not have the power to divest the United States of the property if the consent was valid. While the Court agrees with the United States' position with regard to Northwest's alternative argument, the Court concludes that contract principles provide appropriate guidance by which to measure the validity of Northwest's purported consent. The court concludes that Northwest's Second Amended Complaint can be read to state a non-futile claim.

First, the Court rejects the United States' argument that any form of consent constitutes valid consent under § 120. *See* Docket No. 23 at 2 (arguing that § 120 "provided no specific form

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

for the giving of consent to the legislative taking [so that] [a]ll it required was that consent be given."). By adopting the United States' position the Court would approve a standardless process whereby the government would determine what is and is not valid consent without any oversight. It appears to the Court that the United States is essentially seeking specific performance on the agreement it alleges it reached with Northwest.[2] The Court concludes federal common law as it relates to contracts for the transfer of interests in real property should serve as its guide.

The validity, interpretation and construction of contracts with the federal government, including the rights and obligations of the parties, should be governed by principles of general Federal contract law. *See Priebe & Sons v. United States*, 332 U.S. 407 (1947); *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir.) (applying general federal contract law because the federal government was party to contract), *cert. denied*, 474 U.S. 931 (1985). Here, the United States and Northwest are alleged to have entered into an agreement for the transfer of an interest in various parcels of real property. Federal contract common law as it applies to the transfer of realty will therefore control the Court's interpretation of Northwest's purported consent under § 120. *See Kennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1032 (9th

---

[2] *See generally* Docket No. 23. The United States is correct that the statute "provides no specific form for the giving of consent to the legislative taking. However, contract law principles provide standards by which to gauge the validity of Northwest's consent. The document by which Northwest purportedly gave consent has all the essentials of required of an acceptance of an offer to sell an interest in land, and the United States argues that Northwest should be bound to perform specifically on the purported agreement. In the absence of other governing standards, the Court concludes that the adequacy of Northwest's consent should be interpreted based on contract terms.

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

Cir. 1989) (holding that federal law controls where contract entered pursuant to federal law and United States a party).[3]

The Court believes that Northwest has stated a claim that, if properly defended, could withstand a motion to dismiss. While Northwest's defense of its proposed Second Amended Complaint was seriously wanting in analysis, *see* Docket No. 20 (Northwest's entire defense against United States' futility argument is that Northwest's motion "is not futile"), the Court concludes that a fair reading of the First Cause of Action states potentially non-futile claims. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (holding that complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief"); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (holding that all material allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff). On the strength of the First Cause of Action, the Court grants the motion to amend.

As an alternative to the Court declaring Northwest's purported consent inadequate to constitute a consent to taking under § 120, Northwest asks the Court to declare the taking null and void on the grounds that the United States has failed to perform its obligations under the law. The

---

[3]   Given Alaska courts' reliance on the common law, unless there is a conflict between Ninth Circuit precedent and Alaska law, the Court will use Alaska contract law as its basis for determining federal common law. *See Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 457 (1957) (holding that where federal common law applies but no federal statute or regulation provides rule, federal courts may look to law of the states to develop federal common law). *Accord* 19 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4518 566-67 (2d ed. 1996).

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

AO 72A
(Rev.8/82)

Court does not have the power to grant this portion of the First Cause of Action. As the United States notes, if the consent was valid and Northwest was finally adjudged to be the sole owner of the property, then the property vested in the United States at the time consent was given. *See* 111 Stat. at 1564-65 (emphasis added) ("there is hereby vested in the United States all right, title and interest in and to, and the right of *immediate possession* of, all patented mining claims . . . for which all current owners . . . consent to such vesting in writing to the Secretary of the Interior. . . ."). Once property is vested in the United States, Congressional action is required to divest the United States of title. *See United States v. Hayes*, 172 F.2d 677, 679 (9th Cir. 1949) ("upon the filing of the declaration of taking, title passes to the Government, and the District Court is powerless to dismiss the proceeding"). The Court would therefore be without power to grant the alternative relief requested by Northwest.

Northwest has also proposed a Second Cause of Action in which is seeks an injunction against the United States, "enjoining it from either refusing to pay for the [parcels at issue] or from asserting an ownership interest in the property;" a Third Cause of Action seeking the Court's declaration quieting title in the property at issue in it against both the United States and Mundt; and a Fourth Cause of Action in which it requests the Court to enforce § 120 by compelling the United States to deposit payment for the parcels at issue into the Court's registry and releasing it to Northwest. *See* Docket No. 17, Second Amended Complaint at 9. While the Court concludes that each of the remaining three causes of action are presently futile, there is no reason to deny Northwest's motion to add them given that the Court will allow Northwest to add the proposed First Cause of Action. The United States will suffer no harm because the Court stays litigation of the

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

Second, Third and Fourth causes of action until Northwest either prevails on proving that it did not give consent under the proposed First Cause of Action or completes the litigation with Mundt.

The United States contends that there are two possible outcomes of the litigation between Northwest and Mundt, and amending the First Amended Complaint currently would be futile under either outcome. Essentially, the United States argues that depending on the outcome of the litigation between Northwest and Mundt, it either already owns the parcels at issue, or cannot own the parcels at issue and would therefore have no claim to title. *See* Docket No. 18 at 13. If Northwest is declared the sole owner of the property as between Mundt and Northwest, then the United States contends that it will be found to own the parcels at issue as an operation of law and the Court will not have to power to grant an injunction divesting the United States of title. On the other hand, if Northwest is found not to be the sole owner of the property, then the United States contends that it cannot own the parcels at issue since neither Mundt nor any of the other parties to the litigation have consented to the taking. If Northwest is found not to be the sole owner of the parcels at issue, then amendment is irrelevant through operation of the statute. In either case, the United States contends, amending the complaint to state new claims against the United States will be futile until the litigation between Northwest and Mundt is resolved. Northwest has not responded to the allegations of futility other than to conclude that its motion "is not futile." *See* Docket No. 20. Were the Court to grant the injunction requiring the United States to pay Northwest for the property at issue and Mundt was later determined to be a partial owner, the payment mandated by such an order would be improper because Mundt has not consented to the taking. On the other hand, if the Court enjoined the United States from asserting a property interest in the

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

parcels at issue and Northwest was subsequently found to be the sole owner of the property, the Court essentially would have divested the United States of property that, under § 120, it did not have the power to do. *See supra.* The Court cannot act under § 120 until the litigation between Mundt and Northwest is resolved.

Northwest's proposed Second Cause of Action seeks an injunction against the United States enjoining it from either refusing to pay for the parcels at issue or from asserting an ownership interest in the property. In essence, Northwest seeks immediate resolution of its lawsuit against the United States. This request is premature until the ownership of the parcels at issue is resolved. If Northwest is determined to be the sole owner of the property, the Court does not have the power to stop operation of § 120. If Northwest is not the sole owner of the property, then the United States cannot take the parcels at issue since it has not received consent from all owners. Therefore, the Court cannot act without knowing who owns the parcels at issue.

Northwest's proposed Third Cause of Action seeks this Court's declaration quieting title to the parcels at issue in Northwest as to both the United States and Mundt. Northwest does not state by what power the Court would accomplish the Third Cause of Action. The Court interprets this proposed Cause of Action as an attempt to bring Mundt into the lawsuit in order to settle title to the parcels at issue, perhaps in an attempt to comply with the Court's suggestion in the Order at Docket No. 14 that, "if Northwest amended its complaint to join Mundt as a party to this action and requested that this Court life the stay to permit litigation of Mundt's rights in this process, perhaps aided by the doctrines of *res judicata* and *collateral estoppel*, based upon the Alaska Superior Court's adverse judgment in Mundt's prior litigation, the Court would certainly consider such a

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

request." *See* Docket No. 14 at 2. However, because litigation between Mundt and Northwest as to title to the parcels at issue is presently still active in the state courts neither the doctrine of claim preclusion nor issue preclusion would currently assist Northwest quiet title. Moreover, Northwest's attempts to join Mundt to this action are procedurally deficient.

The doctrine of collateral estoppel is an aspect of the broader principle of res judicata. *See United States v. Marakar*, 300 F.2d 513 (3d Cir.), *vacated on other grounds*, 370 U.S. 723 (1962). The doctrine is frequently described as providing a conclusive determination between the parties in a subsequent action on a different cause of action, where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment. *See Hoag v. New Jersey*, 356 U.S. 464, 470 (1958). Here, there has been no valid final judgment in the litigation between Mundt and Northwest, so the facts that Northwest would seek to have established through application of issue preclusion have not been determined. Moreover, the doctrines would not apply where the United States was not a party to the previous litigation. Until there is resolution of the Northwest-Mundt lawsuit at the state court level, the Court cannot apply the doctrines of *collateral estoppel* or *res judicata*.

Furthermore, Mundt is presently not a party to this lawsuit, Northwest's attempt to name her as a defendant notwithstanding. The parties have not discussed, and so the Court does not address, whether the Court should -- or even could -- exercise jurisdiction over Northwest's state law claims against Mundt. Northwest's contention that 18 U.S.C. §§ 1331, 1346(a)(2) and (f) would allow the Court jurisdiction, presented as a one-sentence response devoid of any analysis, is not correct. Northwest's claim against Mundt does not state a federal question as is required for § 1331 to

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

AO 72A
(Rev.8/82)

confer jurisdiction, nor does it implicate the provisions of § 1346, which relates to suits where the United States is a defendant. Nowhere has Northwest sought to invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367. *See* Docket Nos. 3 (First Amended Complaint); 17 (Second Amended Complaint). Briefing by Northwest and Mundt is necessary before resolving this point, and it does not appear that Mundt has been served with either the First Amended Complaint or the Second Amended Complaint.

The proposed Fourth Cause of Action seeks to enforce § 120. It essentially restates the claim sought in the First and First Amended Complaints. As discussed above, this claim will remain futile until the litigation between Mundt and Northwest is complete.

**Motion to extend the stay**

The United States argues that the Court should extend the stay in the present case until the underlying litigation between Northwest and Mundt is resolved. Northwest opposes the motion, arguing that the United States has shown no probability of success on three of the causes in the Second Amended Complaint. A federal district court "possesses the inherent power to control its own docket and calendar." *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). At its discretion, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir.) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)), *cert. denied*, 444 U.S. 827 (1979). Where a stay is contested, the Court normally applies the standards that govern the issuance of a preliminary injunction: has the party opposing the stay shown a

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

probability of success on the merits plus irreparable injury? If a probability of success cannot be shown, has the moving party shown debatable issues and established that the balance of hardships tops the scale in its favor? *See Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998) (injunction considerations). *See also* Docket Nos. 11 (staying this case); 14 (denying reconsideration).

The considerations present when the Court granted the initial stay are still present. Other than its claim that its purported consent was inadequate to bind it, Northwest has advanced no arguments that differ in substance from those it advanced when it challenged the United States' initial motion and sought reconsideration of the initial stay. The Court granted the initial stay after finding that Mundt contested Northwest's ownership of the property in question and concluding that the United States would suffer irreparable injury if the Court forced it to deposit money with the Court or pay Northwest. *See* Docket No. 11 at 2. Mundt still contests the ownership, the case is proceeding through the state courts and the United States is in no different position with regard to the harm is would suffer by the deposit of money. *See* Docket Nos. 11, 14. As to all claims asserted in the Second Amended Complaint except the First Cause of Action, the United States' motion to extend the stay be granted until the litigation between Northwest and Mundt is concluded.

IT IS THEREFORE ORDERED:

1. Northwest's motion to lift the stay at **Docket No. 16** is **DENIED AS MOOT**.

2. Northwest's motion to amend the complaint at **Docket No. 17** is **GRANTED**.

3. The United States' motion to extend the stay at **Docket No. 19** is **GRANTED IN PART AND DENIED IN PART**. Counts 2, 3 and 4 of the Second Amended Complaint are **STAYED**

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

until sixty days after title in the parcels at issue has been determined. **Count 1** of the Second Amended Complaint is **NOT STAYED**.

Dated at Anchorage, Alaska, this 27 day of December, 1998.

                                                **JAMES K. SINGLETON, JR.**
                                                United States District Judge

ORDER GRANTING MOTION TO AMEND PLEADINGS AND EXTENDING STAY OF COUNTS TWO THROUGH FOUR OF AMENDED COMPLAINT

A98-0086--CV (JKS)                15                EXHIBIT 7
E. DENNIS (PLETCHER)                              Page 15 of 15
D. DUNSMORE (AUSA)

AO 72
(Rev.8/..)