Paul G. Shearer
1532 Meadows Drive
Lake Oswego, OR 97034
(503) 697-4378

RECEIVED
MAR 04 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

United States DISTRICT COURT
DISTRICT OF ALASKA

PAUL G. SHEARER, )
 )
 )
Plaintiff, )
 )
v. )
 )
United States OF AMERICA, )
DIRK KEMPTHORNE, Secretary of the Interior, )
the DEPARTMENT of the INTERIOR, )
the NATIONAL PARK SERVICE. )
 )
Defendants. ) **Case No. A03-0263 CV (JKS)**
 ) (CONSOLIDATED)

### PLAINTIFF'S MOTION FOR ENLARGMENT OF TIME

Plaintiff Paul G. Shearer moves the Court for an order granting him an enlargement of time in which to file a response to United States' Motion to Dismiss and to Strike Second Amended Complaint (Docket Entry No. 123). On November 23, 2007, Shearer requested and was granted an enlargement until February 28, 2008, only if a partial Settlement Agreement reached November 21, 2007 is disapproved by the appropriate officials in the Department of Justice. Otherwise if the partial Settlement Agreement is approved then the settled issues in the Motion to Dismiss will become mute.

Shearer has been informed in writing by Dean Dunsmore, attorney for U.S. Department of Justice, that as of Friday February 29, 2008, he "fully expects approval" of the partial

Plaintiff Motion For Enlargement Of Time        1

Settlement Agreement and that the "settlement recommendation has made it to the desk of the approving official." (See attached Exhibits A and B)

Therefore although there has been positive progress toward obtaining final approval of the partial Settlement Agreement, there has been a delay from the original approximate schedule proposed in Shearer's "Plaintiff's Motion for Enlargement of Time" dated November 23, 2007.

Due to these delays, Shearer now requests an enlargement of time in which to file a response to United States' Motion to Dismiss and to Strike Second Amended Complaint (Docket Entry No. 123) until April 28, 2008, only if a partial Settlement Agreement reached November 21, 2007 is disapproved by the appropriate officials in the Department of Justice. Otherwise if the partial Settlement Agreement is approved then the settled issues in the Motion to Dismiss will become mute.

Again both parties fully expect that the partial Settlement Agreement will be approved and filed and therefore the settled issues in the Motion to Dismiss will become mute.

Shearer requests this enlargement for the reasons stated below.

In support of the above motion, plaintiff shows:

1. On November 21, 2007, Shearer and Mr. Dunsmore spoke by phone and agreed that they had a final draft of the partial Settlement Agreement. Mr. Dunsmore communicated to Shearer by phone and by email that he would forward the partial Settlement Agreement exchanged on November 21 to the appropriate officials within United States Department of Justice and recommend it for approval. (See Plaintiff's Motion for Enlargement of Time filed November 23, 2007, Exhibit A: Email from Dean Dunsmore to Paul Shearer dated November 21, 2007.)

2. On November 23, 2007, Shearer requested and was granted an enlargement until February 28, 2008, to file a response to United States' Motion to Dismiss and to Strike Second Amended Complaint (Docket Entry No. 123)., only if a partial Settlement Agreement reached November 21, 2007 is disapproved by the appropriate officials in the Department of Justice. At that time Dean Dunsmore, attorney for U.S. Department of Justice, was preparing the necessary paperwork to submit the partial Settlement Agreement for approval. Dean Dunsmore proposed the approximate schedule for filing settlement and Shearer documented that proposed schedule and timeline for the Court in Shearer's Nov 23, 2007, Plaintiff's Motion for Enlargement of Time. That original proposed schedule assumed the approved partial Settlement Agreement would be filed by "end of January".

3. On February 29, 2008, Shearer received and read the two emails sent that week from Mr. Dunsmore (see Exhibits A and B): Mr. Dunsmore communicated that he "fully expect approval this week" (email dated February 25, 2008), and in a second email stated that "settlement recommendation has made it to the desk of the approving official." (email dated February 29, 2005). Therefore as of February 29, 2008, we had not received confirmation of approval from the appropriate officials within the United States Department of Justice. However the parties are still confident that it will be approved soon.

4. On February 29, 2008, Shearer also received for the first time the final written partial Settlement Agreement to be signed for filing with the Court, sent by Mr. Dunsmore attached to the email dated February 25, 2008.

5. On February 29, 2008, Paul G. Shearer and Kathryn A. McCready have signed the final written partial Settlement Agreement in anticipation of final approval and have returned the

signed document to Mr. Dunsmore by U.S. Priority Mail to be filed with the Court when final approval is received from the appropriate officials within the United States Department of Justice.

6. Mr. Dunsmore also stated in the email dated February 29, 2008, that he had informed the U.S. District Court Clerk that "settlement was still likely, and that US had no objection to extending the time for the brief".

7. Based on the fact we now have had a significant delay from the original approximate schedule to file the approved partial Settlement Agreement by "end of January", and because the parties are not in control of when the appropriate officials in the U.S. Department of Justice will approve the submitted settlement recommendation, Shearer now proposes adding 8 weeks to the original approximate schedule with the goal of filing the approved partial Settlement Agreement by "end of March". These new approximate schedule and timeline for filing partial Settlement Agreement is outlined in the next paragraphs 8 to 16. Based on this delay Shearer will request an enlargement of time until April 28, 2008. Again both parties fully expect that the partial Settlement Agreement will be approved and filed and therefore the settled issues in the Motion to Dismiss will become mute.

8. On about the end of March the partial Settlement Agreement, if approved by the appropriate officials within the United States Department of Justice, can be ready to be filed. This approximate date is based on the delay described above and fact that the parties do not know the exact date in March the settlement will be approved by U.S. Department of Justice.

9. On about the end of March is therefore also the approximate date that the parties would know if the partial Settlement Agreement had been disapproved by the appropriate officials within the United States Department of Justice, and therefore could not be filed.

10. On about the end of April (allowing about 30 days after the parties might first learn that the Settlement Agreement was disapproved by Department of Justice) is the next deadline that Shearer would need to file a response to the otherwise mute United States' Motion to Dismiss and to Strike Second Amended Complaint (Docket No. 123). Mr. Dunsmore has represented by email (see Exhibit B) that the United States does not have an objection to extending the time for this response. Again as documented in the previous Motion for Enlargement the response will only be needed in the event that the partial Settlement Agreement is disapproved. If alternatively the partial Settlement Agreement is approved, then the United States Motion to Dismiss will be mute for all issues resolved by the approved partial Settlement Agreement. Shearer therefore requests an enlargement of time until April 28, 2008 to file a response based on the estimate that the parties would know by end of March if the Justice Department disapproves the proposed partial Settlement Agreement.

11. If the partial Settlement Agreement is approved by the by end of March (new updated estimate) then the following approximate updated schedule would be needed to complete this first partial Settlement Agreement.

12. On about the end of April (30 days after the approved partial Settlement Agreement is filed) is the agreed deadline for the parties to prepare and for Shearer and McCready to sign all of the additional settlement documents to include Quitclaim Deeds, Bill of Sale, and Affidavits.

13. On about the end of May (within 30 days after the Department of Justice receives the additional settlement documents) is the agreed deadline for the United States Justice Department to transmit a request to the United States Department of the Treasury to pay Shearer the settlement payment which will complete the terms of the first partial Settlement Agreement. When Shearer receives the settlement payment a Notice will be filed with the Court to indicate the terms of the first partial Settlement Agreement have been completed.

14. The completed partial Settlement Agreement will resolve all claims with the consented property in Shearer's Second Amended Complaint identified as Parcels 1, 3, 4, 5, 6, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21.

15. The completed partial Settlement Agreement will make those settled claims mute in the United States' Motion to Dismiss and to Strike Second Amended Complaint (Docket Entry No. 123).

16. The completed partial Settlement Agreement will therefore result in a Shearer Motion to file a Third Amended Complaint. The amended Complaint would show the claims resolved by the partial settlement agreement, show the claims the parties settled to be dismissed with prejudice, show the claims the parties settled to be dismissed without prejudice, and be updated to show the only remaining issues that have not been settled.

For the reasons stated above, plaintiff Shearer requests additional time for the submitted partial Settlement Agreement to be approved by the appropriate officials in the Department of Justice, and only if that Partial Settlement Agreement is returned as disapproved, for additional time needed to prepare and file a response to United States' Motion to Dismiss and to Strike Second Amended Complaint (Docket Entry No. 123).

For the reasons stated above, plaintiff Shearer requests an enlargement of time to file a response to United States' Motion to Dismiss and to Strike Second Amended Complaint (Docket Entry No. 123) until April 28, 2008.

Dated February 29, 2008

_____
Plaintiff
Paul G. Shearer
1532 Meadows Drive
Lake Oswego, OR  97034

# CERTIFICATE OF SERVICE

I certify that a copy of the above documents was mailed, by first class mail addressed to the persons at the addresses stated below on ~~February 29~~, 2008.

*MARCH 2*

/s/ *Paul Shearer*

Paul G. Shearer

Addressee(s):

US District Court
Clerk of Court
222 W. 7th Ave #4
Anchorage, AK 99513-7564
907-677-6100


Paul Harrison (his successor) (copy)
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 561 – Ben Franklin Station
Washington, D.C. 20044
Email: -@usdoj.gov
202-305-0299
202-514-8865 FAX


Dean K. Dunsmore (copy)
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, AK 99501-3657
Email: dean.dunsmore@usdoj.gov
907-271-5452
907-271-5827 FAX


Plaintiff Motion For Enlargement Of Time – Certificate of Service

