DEAN K. DUNSMORE
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907-271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER<br><br>        Plaintiff,<br><br>  V.<br><br>UNITED STATES OF AMERICA,<br>DIRK KEMPTHORNE, Secretary<br>of the Interior et al.<br><br>        Defendants. | No. 3:03-cv-00263-JKS<br>(CONSOLIDATED)<br><br>SETTLEMENT AGREEMENT |

Whereas, the United States in *United States v. 3.05 Acres of Land et al.*, No. 3:03-cv-000269-JKS (D. Alaska) commenced an action pursuant to Section 120 of the of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, to determine the amount of just compensation due to the owners of 3.05 Acres of the patented Doherty Mining Claim in the Kantishna Mining District within the boundaries of the Denali National Park and Preserve. Paul G. Shearer and his spouse, Kathryn A. McCready, were joined as defendants in that action.

    Whereas, Paul G. Shearer filed a separate action, *Paul G. Shearer v. United States et al.*, No. 3:03-cv-00263-JKS(D. Alaska), seeking just compensation for various properties that

lie within the boundaries of the Denali National Park and Preserve. These properties included the 3.05 Acres of the patented Doherty Mining Claim in the Kantishna Mining District that is the subject of *United States v. 3.05 Acres of Land et al.*, No. 3:03-cv-000269-JKS, and other properties. Shearer, in *Paul G. Shearer v. United States et al.*, initially sought compensation for these properties pursuant to Section 120 of the of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66, but was granted leave to file a Second Amended Complaint (Docket Entry No. 114) to also seek compensation for the same properties under the Mining in the Parks Act, 16 U.S.C. § 1910. The United States denied that it has taken any property owned by Paul G. Shearer or that it was required to pay any compensation to Paul G. Shearer other than compensation for a taking of 3.05 Acres of the patented Doherty Mining Claim.

Whereas Paul G. Shearer desires to include in this settlement any claim he has to the Fannie Quigley cabin [identified as Parcel 9 in the Second Amended Complaint (Docket Entry No. 114) filed on April 16, 2007, ¶ 49] and wishes to transfer any interest he holds in the Fannie Quigley Cabin to the United States so that the National Park Service can have the opportunity to maintain the cabin as a historic structure and with the desire that access be provided, if possible, to Park Visitors without charging any fee.

Whereas Paul G. Shearer has been informed that the United States and the Park Service cannot make any commitments regarding the future maintenance and public access to the Fannie

Quigley cabin.

Whereas Paul G. Shearer claims to retain ownership to other properties within the boundaries of the Denali National Park and Preserve and agrees to enter into this settlement provided that this settlement does not impact any of his rights to access to any of these retained properties and does not forfeit or convey any of Shearer's access rights to the retained properties;

Whereas Paul G. Shearer, Kathryn A. McCready, and the United States, in compromise and settlement, wish to resolve a portion of the claims presented by Shearer in *Paul G. Shearer v. United States et al.*, and to finally resolve the claim for determination of just compensation in *United States v. 3.05 Acres of Land et al.*, enter into the Settlement Agreement that follows.

SETTLEMENT AGREEMENT

Paul G. Shearer, Kathryn A. McCready, and the United States, in compromise and settlement, do agree as follows:

1. The United States will pay to Paul G. Shearer the amount of Two Hundred Thousand Dollars ($200,000.00) which payment shall be in addition to the amount of $136,030.61 previously deposited into the registry of the court in *United States v. 3.05 Acres of Land et al.* and withdrawn by Paul G. Shearer.

2. Paul G. Shearer and Kathryn A. McCready (hereinafter referred to as Shearer and McCready) agree that payment to Paul G. Shearer of the additional Two Hundred Thousand Dollars ($200,000.00) set forth in paragraph 1 shall, except as provided in paragraphs 4 through 7, *infra*, constitute a full and final

resolution of all claims for compensation for the alleged taking or to quiet title to properties within the boundaries of the Denali National Park and Preserve that were or could have been presented against the United States by Shearer and McCready in this consolidated action, and any and all claims against the United States related to the Individual Consent Declaration of Taking dated February 12, 1998, and signed by Paul G. Shearer; and all claims for compensation or additional compensation for any of the properties identified as Parcels 1, 3 through and including 6, 9 through and including 21, in the Second Amended Complaint (Docket Entry No. 114); except for those claims that are specifically excepted from this settlement in paragraphs 4 through 7, *infra*:

    3. The parties agree that Paul G. Shearer's claim in this consolidated action for compensation for the property identified as Parcel 2 (a 3% net smelter royalty in the Galena patented lode claim), in the Second Amended Complaint, ¶ 42, presents a claim for property that is not subject to the provisions of Section 120 of the of the Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543, 1564-66; therefore, this claim is dismissed without prejudice, except that Shearer and McCready agree that they will present no further claims against the United States for compensation for any alleged taking of or to quiet title to Parcel 2 that may have occurred prior to the date of the filing of this Settlement Agreement.

    4. The claims regarding property or interests that were or could have been presented by Shearer and McCready in these

consolidated actions that are excepted from this Settlement Agreement and which will remain in litigation are the following:

   a. All claims regarding the property identified as Parcel 7 in the Second Amended Complaint (Docket Entry No. 114) ¶ 47: BLM No FF-54240, the unpatented Banjo Lode Claim; BLM No. FF-54241 the unpatented Pass Lode Claim; and any personal or other property that may be within the boundaries of the Banjo and Pass mining claims identified as Parcel 7, U.S. Mineral Survey (MS) 2510; and any access rights to the Banjo and Pass mining claims.

   b. All claims regarding the property identified as Parcel 8 in the Second Amended Complaint (Docket Entry No. 114) ¶ 8, the Banjo Mill and personal property and salvage rights associated with the Banjo Mill.

   5. The parties agree that all proceedings with respect to Parcels 7 and 8 that are excluded from this Settlement Agreement shall remain stayed pending a final decision by the Department of the Interior in the ongoing mining contest in *United States v. Michael R. Mark Anthony*, No. AA-71472, before the Hearings Division, Office of Hearings and Appeals, Department of the Interior. Nothing in this Settlement Agreement is intended to or is to be interpreted as affecting any rights to or contentions of Shearer or the United States or the Department of the Interior regarding those contest proceedings or any claims regarding the validity or ownership of Parcels 7 and 8.

   6. Excluded from this settlement are any claims for compensation for the taking of the properties or interests

therein that were specifically excluded from the Individual Consent Declaration of Taking dated February 12, 1998, a copy of which is attached as Exhibit 1 hereto. Nothing in this agreement is intended to affect, alter or transfer any rights or interests Shearer and McCready may hold or own to the properties or interests that were excluded from the attached Individual Consent Declaration of Taking.

7. Nothing in this Settlement Agreement is intended to nor does it affect, restrict or alter any legal rights of access held by Shearer and McCready and their assignees and successors-in-interest to any properties that may still be retained or held by Shearer that lie within the boundaries of the Denali National Park and Preserve including, but not limited to, the adequate and feasible access for economic and other purposes recognized and provided for in 16 U.S.C. § 3170(b) and 43 C.F.R. § 36.10. This settlement does not alter those rights or any other rights of access that Shearer has under federal law in addition to the rights in the Alaska National Interest Lands Conservation Act (ANILCA) Pub. L. No. 96-487, 94 Stat. 2371 (1980). To the extent that the allegations of paragraphs 180 through 193 of the Second Amended Complaint (Docket Entry No. 114) pertain to alleged legal rights of access to properties that may still be retained or held by Shearer and McCready, the allegations of paragraphs 180 through 193 are dismissed without prejudice.

8. Within thirty (30) days of the filing of this Settlement Agreement, Shearer and McCready will execute and deliver to the United States quit claim deeds in a form agreeable to the United

States and recordable under Alaska law conveying any and all right, title and interest held by Paul G. Shearer and/or Kathryn A. McCready in the properties identified in the Second Amended Complaint (Docket Entry No. 114) ¶¶ 41, 43-46, 49, 51-55, and 59-61 as Parcels 1, 3, 4, 5, 6, 9, 11, 12, 13, 14, 15, 19, 20, and 21 and more particularly described as follows:

    a. 3.05 acres of the Doherty Lode Claim, U.S. Mineral Survey (MS) 1702,

    b. Placer mining rights in the Sulphide Lode Claim, MS 1705,

    c. Lucky Gulch No. 1 Placer Claim,

    d. Trail Lode Claim and four Associated Placer Claims,

    e. Broken Bow No. 1 mining claim,

    f. Broken Bow No. 2 mining claim,

    g. Friday Creek Discovery mining claim,

    h. Fannie Quigley Cabin, structures and homestead rights,

    I. Silver King Lode Claim, MS 360,

    j. Merry Widow Lode Claim, MS 360,

    k. Jupiter-Mars Lode Claim, MS 361,

    l. Chloride Lode Claim, MS 361,

    m. Waterloo Lode Claim, MS 361,

    n. Chlorine Lode Claim, MS 362,

    o. Friday Lode Claim, MS 1706,

    p. Star Lode Claim, MS 1706,

    q. Polly Wonder Lode Claim, MS 1703,

    r. Pittsburg Lode Claim, MS 1702,

   s. Pennsylvania Lode Claim, MS 1702,

   t. Keystone Lode Claim, MS 1702,

   u. Two percent mineral rights derived from the 1937 Quigley Option and originally held by Joseph B. Quigley and Fannie Quigley or their assignees, and

   v. Three percent mineral rights derived from the 1937 Quigley Option and originally held by Red Top Mining Company (RTMC) or their assignees.

 The United States agrees that it will hold the foregoing deeds and not record any of them until defendants have paid the $200,000.00 as provided in paragraph 13, *infra*.

 9. Within thirty (30) days of the filing of this Settlement Agreement, Shearer and McCready will execute and deliver to the United States sworn affidavits warranting that they have not conveyed, assigned or otherwise transferred any right, title and interest in the property identified in the Second Amended Complaint (Docket Entry No. 114) ¶¶ 41, 43-46, 49, 51-55, and 59-61, as Parcels 1, 3, 4, 5, 6, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 and more particularly described as follows:

   a. 3.05 acres of the Doherty Lode Claim, MS 1702,

   b. Placer mining rights in the Sulphide Lode Claim, MS 1705,

   c. Lucky Gulch No. 1 Placer Claim,

   d. Trail Lode Claim and four Associated Placer Claims,

   e. Broken Bow No. 1 mining claim,

   f. Broken Bow No. 2 mining claim,

   g. Friday Creek Discovery mining claim,

h. Fannie Quigley Cabin, structures and homestead rights,

I. Silver King Lode Claim, MS 360,

j. Merry Widow Lode Claim, MS 360,

k. Jupiter-Mars Lode Claim, MS 361,

l. Chloride Lode Claim, MS 361,

m. Waterloo Lode Claim, MS 361,

n. Chlorine Lode Claim, MS 362,

o. Friday Lode Claim, MS 1706,

p. Star Lode Claim, MS 1706,

q. Polly Wonder Lode Claim, MS 1703,

r. Pittsburg Lode Claim, MS 1702,

s. Pennsylvania Lode Claim, MS 1702,

t. Keystone Lode Claim, MS 1702,

u. Two percent mineral rights derived from the 1937 Quigley Option and originally held by Joseph B. Quigley and Fannie Quigley or their assignees,

v. Three percent mineral rights originally held by Red Top Mining Company (RTMC) or their assignees,

w. Liens documented by Creditors Claim in Probate No. 1014, State of Alaska,

x. Lien in the subject property for promissory note of the Red Top Mining Company (RTMC) dated September 11, 1942, and

y. Lien in the subject property for promissory note of D. R. Gustafson, President of RTMC, dated May 13, 1942.

10. Within thirty (30) days of the filing of this Settlement Agreement, Shearer and McCready will execute and

deliver to the United States a bill of sale in a form agreeable to the United States conveying any and all rights, title and interest held by Shearer and McCready in any improvements, fixtures, and personal property located on the properties identified in the Second Amended Complaint (Docket Entry No. 114) ¶¶ 41, 43-46, 49, 51-55, and 59-61, as Parcels 1, 3, 4, 5, 6, 9, 11, 12, 13, 14, 19, and 20 and more particularly described as follows:

    a. 3.05 acres of the Doherty Lode Claim, U.S. Mineral Survey (MS) 1702,

    b. Placer mining rights in the Sulphide Lode Claim, MS 1705,

    c. Lucky Gulch No. 1 Placer Claim,

    d. Trail Lode Claim and four Associated Placer Claims,

    e. Broken Bow No. 1 mining claim,

    f. Broken Bow No. 2 mining claim,

    g. Friday Creek Discovery mining claim,

    h. Fannie Quigley Cabin, structures and homestead rights,

    I. Silver King Lode Claim, MS 360,

    j. Merry Widow Lode Claim, MS 360,

    k. Jupiter-Mars Lode Claim, MS 361,

    l. Chloride Lode Claim, MS 361,

    m. Waterloo Lode Claim, MS 361,

    n. Chlorine Lode Claim, MS 362,

    o. Friday Lode Claim, MS 1706,

    p. Star Lode Claim, MS 1706,

   q. Polly Wonder Lode Claim, MS 1703,

   r. Pittsburg Lode Claim, MS 1702,

   s. Pennsylvania Lode Claim, MS 1702, and

   t. Keystone Lode Claim, MS 1702, and

 11. Within thirty (30) days of the filing of this Settlement Agreement, Shearer and McCready will execute and deliver to the United States, in a form agreeable to the United States and recordable under Alaska law, a release and discharge of any and all liens that have been identified in the Second Amended Complaint (Docket Entry No. 114) ¶¶ 56-58 as Parcels 16, 17, and 18, and conveying any and all rights, title and interest held by Shearer and/or McCready in Parcels 16, 17, and 18, and more particularly described as follows:

  a. Liens on property purchased by the National Park Service and documented by Creditors Claim in Probate No. 1014, State of Alaska,

  b. Lien in the subject property on mining interests in subject to the Quigley 1937 Option Agreement for the promissory note of the Red Top Mining Company (RTMC) dated September 11, 1942, and

  c. Lien in the subject property on mining interests in property subject to the Quigley 1937 Option Agreement for the promissory note of D. R. Gustafson, President of RTMC, dated May 13, 1942.

 The United States agrees that it will hold the foregoing releases and not record any of them until defendants have paid the $200,000.00 as provided in paragraph 13, *infra*.

12. Any and all claims that were or could have been presented by Shearer and McCready in this consolidated action for compensation for the property identified as Parcel 10 (Joseph B. Quigley cabins, structures, homesteads, and homestead rights), in the Second Amended Complaint, ¶ 42, except to the extent any of these properties lie within the Banjo and Pass unpatented lode mining claims, MS 2510, are dismissed with prejudice.

13. The United States shall within thirty (30) days of delivery to the United States of the documents set forth in paragraphs 7, 8, and 9, *supra*, transmit a request to the United States Department of the Treasury to pay to Paul G. Shearer the sum of Two Hundred Thousand Dollars ($200,000.00).

14. Upon filing of proof by the United States of payment to Paul G. Shearer of Two Hundred Thousand Dollars ($200,000.00), the case of *United States v. 3.05 Acres of Land et al.*, No. 3:03-cv-00269-JKS, shall be dismissed with prejudice.

15. The parties shall be responsible for their own legal fees, costs and expenses including attorneys fees, consultant fees and other expenses.

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

Case 3:03-cv-00263-TMB   Document 137   Filed 03/12/2008   Page 13 of 13

16. This agreement is entered into in compromise and settlement and shall not serve as precedent for any other litigation or property valuation, and shall not be deemed to be an admission by any party hereto for any other purpose.

Date: 2-29-2008        _____
                       Paul G. Shearer
                       Pro Se

Date: 2-29-2008        _____
                       Kathryn A. McCready
                       Pro Se

Date: 12 March 2008    _____
                       Dean K. Dunsmore
                       Attorney for the United States

Case No. 3:03-cv-00263-JKS (Consolidated)
Shearer v. U.S.
Settlement Agreement                - 13 -