IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL G. SHEARER,<br><br>        Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, SECRETARY OF THE INTERIOR SALLY JEWELL, THE DEPARTMENT OF THE INTERIOR, THE NATIONAL PARK SERVICE,<br><br>        Defendants. | Case No. 3:03-cv-00263-TMB<br><br>**ORDER** |

**I.    Introduction**

This is an action by Plaintiff Paul G. Shearer ("Shearer" or "Plaintiff") against Defendants United States of America, Secretary of the Interior Sally Jewel, the Department of the Interior, and the National Park Service ("Defendants") to determine the amount of just compensation owed to Plaintiff for mining claims within the Kantishna Mining District taken by the Government in 1998. Before the Court is a motion for partial summary judgment by Plaintiff.[1] Defendants opposed the motion.[2] For the reasons discussed below, Plaintiff's motion **(Dkt. 211)** is **DENIED as moot** and Plaintiff's claim is **DISMISSED without prejudice**.

---

[1] Dkt. 211.

[2] Dkt. 224.

## II. Background

In 1998, Plaintiff consented to the acquisition of two mining properties,[3] the Banjo and Pass lode mining claims, under Section 120 of Public Law 105-83 ("Section 120").[4] Section 120 allows owners of "patented mining claims and valid unpatented mining claims (including any unpatented claim whose validity is in dispute, so long as such validity is later established in accordance with applicable agency procedures)" within the Kantishna Mining District in the boundaries of Denali National Park to consent to a taking of their claims by the Government.[5] Section 120 also provides for the payment of "just compensation . . . of any valid claims to which title has vested in the United States pursuant to [Section 120], determined as of the date of taking."[6] The amount of the payment is to be subsequently determined either by negotiated settlement "or the valuation of such claim awarded by judgment."[7]

Shearer brought this action seeking determination of just compensation from the Government for the alleged taking of patented and unpatented mining claims under Section 120 in November 2003.[8] In July 2003, the government initiated an administrative adjudication of the

---

[3] The original action sought compensation for 21 parcels of property or, in the alternative, for the Court to quiet title to Shearer for any parcels claimed by Shearer for which the United States was not required to pay compensation pursuant to Section 120. Dkt. 60 at 2. Following a settlement by the parties and dismissal of two additional claims, Shearer's remaining claim is for just compensation for the alleged taking of the Banjo and Pass claims under Section 120. Dkt. 181 at 3-5; Dkt. 224 at 2.

[4] The parties agree that the Court's finding that Shearer submitted a timely consent to the taking of the Banjo and Pass lode claims pursuant to Section 120 is law of the case. *See* Dkt. 197 at 3.

[5] Public Law No. 105-83 § 120.

[6] Public Law No. 105-83 § 120.

[7] Public Law No. 105-83 § 120.

[8] Dkt 212 at 2; Dkt. 53 at 1.

validity of the Banjo and Pass mining claims.[9] The Department of the Interior ("the Department") determined that discovery of a valuable mineral deposit had been made on the Banjo and Pass Lode Claims prior to the withdrawal of the lands from mineral entry.[10] The Administrative Law Judge then denied a motion by the Bureau of Land Management ("BLM") to add a claim for failure to comply with section 314 of the Federal Land Policy and Management Act of 1976 (FLPMA) to the pending contest.[11] On April 15, 2009, the Interior Board of Land Appeals ("IBLA") denied Defendant's motion for partial remand on the grounds that the IBLA lacked jurisdiction to address validity of Shearer's title because the FHFC for the Banjo and Pass claims had been signed and issued by Secretary Babbitt, and only the Secretary may review that decision.[12] On January 12, 2011, the IBLA issued its final decision upholding the validity of the Banjo and Pass mining claims.[13]

On February 9, 2012, DOI Secretary Ken Salazar canceled the FHFC that was issued by Secretary Babbit in 1995.[14] On March 3, 2012, this Court denied Defendants' motion to stay

---

[9] Dkt. 191 at 1-2.

[10] *United States v. Michael R. Mark Anthony* (Paul G. Shearer, Intervenor), 180 IBLA 308, 318, 2011 WL 1405215, at *8 (I.B.L.A.) (Jan. 12, 2012).

[11] Dkt. 212-1. The OHA denied the Department of the Interior's motion to amend, stating that its request to reopen the issue of title was "untimely," "without merit," and "would not allow adequate time for response in advance of the [administrative] hearing as would meet basic requirements for fairness and for due process." Dkt. 212-1 at 2.

[12] 177 IBLA 110, 117 (2009) ("BLM has no authority to determine that Mark Anthony did not have title to the subject claims contrary to Secretary Babbit's acceptance of Mark Anthony's chain of title. Only the Secretary may make such a determination.")

[13] Dkt. 154-1; *United States v. Michael R. Mark Anthony*, 180 IBLA 308 (2011).

[14] Dkt. 185-1.

proceedings while they again challenged Shearer's claims administratively.[15] On April 5, 2012, Acting Assistant Secretary Marcilynn A. Burke issued a decision declaring the Banjo and Pass mining claims abandoned and void and rejecting the patent application.[16]

On May 31, 2013, Plaintiff filed a motion for partial summary judgment asking the Court to (1) confirm that the value of the Banjo and Pass mining claims is to be determined based on their value as patented mining claims, and (2) determine that the "Decisions" of the U.S. Department of the Interior dated February 9, 2012 and April 5, 2012 are void.[17] In response, Defendants argue that the Department had the authority to determine that the Banjo and Pass mining claims were not valid,[18] and contend that the Court lacks subject matter jurisdiction over this action because Plaintiff's mining claims were abandoned prior to the enactment of Section 120 and thus not taken by operation of Section 120.[19]

### III.   Legal Standard

Summary judgment is appropriate where, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any

---

[15] Dkt. 191 at 2-3 (finding that "further delay in this case would greatly prejudice Mr. Shearer" and noting that the Secretary's decision to cancel Shearer's FHFC came "fully seventeen years after the FHFC was originally tendered . . . eight years since the Government filed an administrative challenge to the claims, almost three years since the IBLA relied on the original FHFC to uphold Shearer's chain of title, and over a year since the IBLA issued its final decision finding that the claims were themselves valid").

[16] Dkt. 192-1.

[17] Dkt. 211 at 1-2.

[18] Dkt. 224 at 1.

[19] Defendants contend that Plaintiff must amend his complaint to assert a claim under the Administrative Procedure Act before the Court may review the Secretary's decision and assert that the Court must dismiss this action for lack of subject matter jurisdiction. Dkt. 224 at 11-13.

material fact and the movant is entitled to judgment as a matter of law."[20]  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[21]  The initial burden is on the moving party to demonstrate that it is entitled to summary judgment.  When the non-moving party would bear the burden of proof at trial, the moving party may satisfy its burden "by showing . . . that there is an absence of evidence to support the non-moving party's case."[22]  The burden then shifts to the non-moving party, which must "respond . . . by setting out specific facts showing a genuine issue for trial."[23]  If the non-moving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law."[24]

Under Federal Rule of Civil Procedure 12(h)(3), if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**IV.  Discussion**

In his motion for partial summary judgment, Plaintiff asks the Court to rule:  (1) that the value of the Banjo and Pass mining claims is to be determined based on their value as patented mining claims,[25] and (2) that the "Decisions" of the U.S. Department of the Interior dated February 9, 2012 and April 5, 2012 are void.[26]  Before the Court may reach the substance of

---

[20] Fed. R. Civ. Proc. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

[21] *Anderson*, 477 U.S. at 248 (internal citation omitted).

[22] *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 325 (1986).

[23] *Id.* at 324.

[24] *Id.* at 323-24.

[25] Plaintiff argues that the value of should be the "highest and best use of the Banjo and Pass mining claims," which was as patented mining claims.  Dkt. 212 at 6.

[26] Dkt. 211 at 1-2.

Plaintiff's motion, however, the Court must determine whether it has jurisdiction over Plaintiff's claim following the 2012 decisions by the Secretary and Acting Assistant Secretary of the Interior.

The only matter currently before the Court is Plaintiff's claim to determine "just compensation" for the government's 1998 acquisition of the Banjo and Pass mining claims under Section 120 of Public Law 105-83 ("Section 120"). Pursuant to Section 120, this Court has exclusive jurisdiction to determine just compensation for takings of valid claims under Section 120 in accordance with the Declaration of Taking Act.[27] In its order at Docket 210, the Court asked Plaintiff to address in his motion for partial summary judgment "whether the Court maintains jurisdiction over this matter in light of the Department of the Interior's April 5, 2012 decision, and the fact that the complaint does not include a claim under the Administrative Procedure Act."[28]

In Plaintiff's motion, Plaintiff argues, in essence, that the Court maintains jurisdiction over Plaintiff's claim because the 2012 decisions of the Department of the Interior were improper and void, and therefore did not invalidate Plaintiff's mining claims.[29] Plaintiff has not, however, amended his complaint to seek review of the Department's 2012 decisions under the Administrative Procedure Act—the exclusive means for obtaining judicial review of a final agency decision.[30]

---

[27] 40 U.S.C.A. § 3114.

[28] Dkt. 210 at 1.

[29] *See* Dkt. 211 at 1-2.

[30] *See W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1122 (9th Cir. 2009) ("The APA's comprehensive provisions ... allow any person 'adversely affected or aggrieved' by agency action to obtain judicial review thereof, so long as the decision challenged represents a

The undisputed facts show that Secretary of the Interior Babbit issued the First Half Final Certificate ("FHFC") for the Banjo and Pass mining claims on January 5, 1995,[31] BLM approved issuance of the Second Half Final Certificate ("SHFC") on March 3, 1995,[32] and the IBLA issued its final decision upholding the validity of the Banjo and Pass mining claims on January 12, 2011.[33] But on February 9, 2012, Secretary Salazar canceled the FHFC issued by Secretary Babbit,[34] and on April 5, 2012, Acting Assistant Secretary Burke determined that the Banjo and Pass mining claims were "abandoned and void" no later than December 30, 1980 and rejected Plaintiff's patent application.[35]

As a result of the February and April 2012 actions by Secretary Salazar and Assistant Secretary Burke, Shearer no longer holds a valid mining claim for which he can be compensated pursuant to Section 120, and the basis for the Court's jurisdiction in this action no longer exists. The Court recognizes that Shearer's mining claims have been deemed void through an administrative proceeding filed seventeen years after the FHFC was originally tendered by the Department,[36] eight years after the Government initially attempted to challenge Shearer's claims

---

'final agency action for which there is no other adequate remedy in a court.'") (quoting *Webster v. Doe*, 486 U.S. 592, 599 (1988) (quoting 5 U.S.C. §§ 701-06)).

5 U.S.C. § 702.

[31] Dkt. 212 at 4; Dkt. 32, Ex. 1; *U.S. v. Michael R. Mark Anthony*, 177 IBLA 113 (2009).

[32] Dkt. 212 at 4. A BLM memorandum dated May 23, 1996 also confirmed that "all established policies and procedures [had] been complied with and there [were] no issues needing Bureau or Department resolution." Dkt. 212 at 4-5; Dkt. 32 Ex. 8.

[33] Dkt. 154-1; *United States v. Michael R. Mark Anthony*, 180 IBLA 308 (2011).

[34] Dkt. 185-1.

[35] Dkt. 192-1.

[36] Dkt. 212 at 4; Dkt. 32, Ex. 1; *U.S. v. Michael R. Mark Anthony*, 177 IBLA 113 (2009).

through an administrative adjudication,[37] almost three years after the IBLA relied on the original FHFC to uphold Shearer's chain of title,[38] and over a year after the IBLA issued its final decision finding that Plaintiff's mining claims were valid.[39] In order for the Court to review the Department's 2012 decisions invalidating his mining claims, however, Plaintiff must file a claim under the Administrative Procedure Act.[40]

## V. Conclusion

Secretary Salazar's February 9, 2012 cancelation of Shearer's FHFC[41] and Acting Assistant Secretary Burke's April 5, 2012 decision declaring the Banjo and Pass mining claims abandoned and void and rejecting the patent application[42] revoked this Court of jurisdiction over Plaintiff's claim for compensation under Section 120. The Court therefore **DISMISSES without prejudice**[43] Plaintiff's claim for compensation under Section 120 for lack of subject matter jurisdiction and **DENIES as moot** Plaintiff's motion for partial summary judgment at **Docket 211**. If Plaintiff wishes to challenge the decisions of Secretary Salazar and Acting

---

[37] In July 2003, the government initiated an administrative adjudication of the validity of the Banjo and Pass mining claims. Dkt. 191 at 1-2.

[38] On April 15, 2009, the Interior Board of Land Appeals ("IBLA") denied Defendant's motion for partial remand on the grounds that it lacked jurisdiction to address the validity of Plaintiff's mining claims because the FHFC for the Banjo and Pass claims had been signed and issued by Secretary Babbitt, and only the Secretary had authority to review validity of mining claims before a patent has issued. 177 IBLA 110 (2009).

[39] On January 12, 2011, the IBLA issued its final decision upholding the validity of the Banjo and Pass mining claims. Dkt. 154-1; *United States v. Michael R. Mark Anthony*, 180 IBLA 308 (2011).

[40] 5 U.S.C.§§ 701-06.

[41] Dkt. 185-1.

[42] Dkt. 192-1.

[43] *See* Fed. R. Civ. P. 12(h)(3).

Assistant Secretary Burke, Plaintiff may file a complaint to assert a claim under the Administrative Procedure Act.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2014.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
U.S. DISTRICT COURT JUDGE